E-filing

ORIGINAL
FILED
AUG - 2 2007
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

1  Sanford Shatz      State Bar No. 127229
2  David A. Brooks    State Bar No. 179716
   5220 Las Virgenes Road, MS:  AC-11
3  Calabasas, California 91302
   Telephone: (818) 871-6073
4  Fax: (818) 871-4669

5  Attorneys for Defendant Countrywide Bank, N.A.

6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  ROSA GALINDO, MARIA GALINDO,      )  Case No.:
                                      )
12              Plaintiffs,           )  C07-03991      EMC
                                      )
13                                    )
    vs.                               )  NOTICE OF REMOVAL OF CIVIL ACTION
14                                    )  UNDER 28 U.S.C. § 1441(a)
    FINANCO FINANCIAL, INC.; PATRICK  )  (Federal Question)
15  PATCHIN; AHMED YAMA ASEFI,        )
    AAROON SADAT, NAZIA NAWABZADA,    )
16  COUNTRYWIDE BANK, N.A.; JOSEPH    )
17  ESQUIVEL, PAMELA SPIKES AND DOES  )      BY FAX
    1-100,                            )
18                                    )
19              Defendants.           )
                                      )
20  _____)

21       TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

22  NORTHERN DISTRICT OF CALIFORNIA:

23       PLEASE TAKE NOTICE that defendant Countrywide Bank, N.A. ("Countrywide")

24  removes to this court the state court action described below.

25       On June 29, 2007, plaintiffs Rosa and Maria Galindo (the "Galindos") filed an action in

26  the Superior Court in the State of California for the County of Alameda entitled "Rosa Galindo,

27  Maria Galindo, plaintiffs, v. Financo Financial, Inc., Patrick Patchin, Ahmed Yama Asefi,

28  Aaroon Sadat, Nazia Nawabzada, Countrywide Bank, N.A., Joseph Esquivel, Pamela Spikes, and

1  Sanford Shatz        State Bar No. 127229
2  David A. Brooks      State Bar No. 179716
   5220 Las Virgenes Road, MS: AC-11
3  Calabasas, California 91302
   Telephone: (818) 871-6073
4  Fax: (818) 871-4669

5  Attorneys for Defendant Countrywide Bank, N.A.

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  ROSA GALINDO, MARIA GALINDO,        )  Case No.:
                                        )
12              Plaintiffs,             )
                                        )
13                                      )
14       vs.                            )  NOTICE OF REMOVAL OF CIVIL ACTION
                                        )  UNDER 28 U.S.C. § 1441(a)
15  FINANCO FINANCIAL, INC.; PATRICK    )  (Federal Question)
    PATCHIN; AHMED YAMA ASEFI,          )
16  AAROON SADAT, NAZIA NAWABZADA, )
    COUNTRYWIDE BANK, N.A.; JOSEPH      )
17  ESQUIVEL, PAMELA SPIKES AND DOES    )
    1-100,                              )
18                                      )
19              Defendants.             )
                                        )
20  _____)

21       TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

22  NORTHERN DISTRICT OF CALIFORNIA:

23       PLEASE TAKE NOTICE that defendant Countrywide Bank, N.A. ("Countrywide")

24  removes to this court the state court action described below.

25       On June 29, 2007, plaintiffs Rosa and Maria Galindo (the "Galindos") filed an action in

26  the Superior Court in the State of California for the County of Alameda entitled "Rosa Galindo,

27  Maria Galindo, plaintiffs, v. Financo Financial, Inc., Patrick Patchin, Ahmed Yama Asefi,

28  Aaroon Sadat, Nazia Nawabzada, Countrywide Bank, N.A., Joseph Esquivel, Pamela Spikes, and

1  Does 1 through 100, inclusive, defendants" under case no. RG07333344.  A true and correct

2  copy of the complaint and the notice of acknowledgement is attached to this notice of removal as

3  Exhibit "A."

4       The complaint was served via mail on July 9, 2007, with a request for notice and

5  acknowledgement and received no earlier than July 11, 2007.  Without waiving its right to

6  contest service, and assuming for purposes of this Notice that the complaint was received no

7  earlier than July 11, 2007, the last day to file a notice of removal under 28 U.S.C. § 1446 is

8  August 8, 2007.

9       This court has subject matter jurisdiction over this action because the complaint asserts

10  causes of action against Countrywide alleging violations of the Truth In Lending Act, 15 U.S.C.

11  § 1601, et seq. (the third cause of action), the Real Estate Settlement Procedures Act, 12 U.S.C.

12  §§ 2602 et seq., and Federal Reserve Regulation X, 24 CFR §§ 3500 et seq. (the fourth cause of

13  action).  By virtue of this removal petition, Countrywide does not waive its right to assert any

14  claims or other motions permitted by the Federal Rules of Civil Procedure, including, but not

15  limited to, Rule 11 and 12 motions.  The complaint is the only process, pleadings or other orders

16  which Countrywide has received in this action to date.

17       Countrywide confirmed on the Alameda County Superior Court's website

18  (http://www.alameda.courts.ca.gov/courts/) on August 2, 2007, that other than the Galindos, no

19  other party has appeared.  Countrywide confirmed with defendant Nazia Nawabzada that she

20  joins in Countrywide's notice of removal.  Because the other named defendants have not yet

21  appeared in the state court action, Countrywide was unable to locate them and obtain their

22  joinder to this notice of removal.

23       Pursuant to 12 U.S.C. § 1446(d), Countrywide shall give written notice of the filing of

24  this notice of removal to all adverse parties and a copy of this notice is also being filed with the

25  clerk of the state court in which this case was originally filed.

26  //

27  //

28  //

1    WHEREFORE, defendant Countrywide removes this action now pending in the Superior

2    Court of the State of California, County of Alameda, Case No. RG07333344, to the United States

3    District Court for the Northern District of California.

4

5    DATED:  August 2, 2007                    By: _____

6                                                  DAVID A. BROOKS
                                                  Attorneys for Defendant
7                                                 Countrywide Bank, N.A.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION

1    Philip R. Weltin, Esq. SBN 46141
2    Daniel R. Weltin, Esq. SBN 226600
     WELTIN LAW OFFICE, P.C.
3    1432 Martin Luther King Jr. Way
     Oakland, California  94612
4    Telephone (510) 251-6060
     Facsimile  (510) 251-6040
5
     Attorneys for Plaintiff
6    Rosa Galindo; Maria Galindo

7

8

9              IN THE SUPERIOR COURT OF CALIFORNIA

10               FOR THE COUNTY OF ALAMEDA

11   Rosa Galindo, Maria Galindo,        Case No.  PG 07 3 3 3 3 4 4

12                    Plaintiff,
                                         COMPLAINT FOR DAMAGES AND
13            v.                         INJUNCTIVE RELIEF

14   Financo Financial, Inc.; Patrick Patchin;
15   Ahmed Yama Asefi, Aaroon Sadat, Nazia
     Nawabzada, Countrywide Bank, N.A.;
16   Joseph Esquivel, Pamela Spikes and
17   Does 1-100,

18                    Defendant.

19

20       Plaintiffs Rosa Galindo and Maria Galindo allege causes of action as follows:

21                      GENERAL ALLEGATIONS

22
     1. Plaintiffs Rosa Galindo and Maria Galindo are residents of Alameda County, California.
23
     2. At all relevant times, Defendants Financo Financial, Inc. (hereinafter "Financo")
24
25   Countrywide Bank, N.A. (hereinafter "Countrywide") and Does 1-10 were corporations or

26   other business entities organized under the laws of a State unknown to plaintiffs and are and

27   were doing business as licensed finance lenders and/or mortgage brokers and/or financial
28

                                    EXHIBIT A

Complaint for Damages and Injunctive Relief

ENDORSED
ALAMEDA COUNTY

JUN 2 9 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

institutions in California, including sub prime mortgage lending or otherwise extending credit to persons in residential real estate transactions. Plaintiffs are informed and believe and thereon allege that defendant Financo was and is licensed by the California Department of Real Estate as a real estate broker by designating an officer, Ahmed Yama Asefi, who held a valid real estate broker license, and that its business included the brokerage of residential real estate mortgage loans and the representation of parties in residential real estate transactions.

3. Plaintiffs are informed and believe and on that basis allege that Defendants Ahmed Yama Asefi, Aaroon Sadat and Nazia Nawabzada are officers and/or agents of Financo Financial, Inc. Plaintiffs are informed and believe and thereon allege that these Defendants performed and failed to perform such acts, including but not limited to, being inadequately capitalized, commingling assets, and failing to observe formalities such that at all times there existed a unity of interest and assets between these Defendants and their shareholders, officers, partners, and/or directors who are named herein either by name or fictitiously, and that any separateness between the individual and business entities may have ceased to exist. Therefore, adherence to the fiction of the separation between these corporate or partnership Defendants and their officer and/or shareholder Defendants could lead to an abuse of corporate privilege, sanction fraud, and promote injustice.

4. Plaintiffs are informed and believe and on that basis allege that Defendant Joseph Esquivel, Pamela Spikes and Does 11-15 are notaries public for the State of California, whose commissions were active during all relevant times in this Complaint.

5. Plaintiffs do not know the true names and capacities of the Defendants sued herein as Does 1 through 100 inclusive, and therefore sues said Defendants by fictitious names. Plaintiffs will amend this complaint to allege the Doe Defendants' true names and capacities

when they have been ascertained.  Plaintiffs are informed and believe, and therefore allege, that each of the fictitiously named Defendants is responsible in some manner for the events alleged below, and that Plaintiffs' damages were proximately caused by the Doe Defendants' conduct.

6. At all times herein mentioned Patrick Patchin was an employee of Financo Financial, and was not licensed to arrange or procure real property loans, but that Financo Financial held him out to be a licensed agent on their website and issued him a business card.

7. Plaintiffs are informed and believe and on that basis allege that Defendants Financo Financial, Patrick Patchin, Ahmed Yama Asefi, Aaroon Sadat and Nazia Nawabzada and DOES 21-40 were the principal or were acting as the agent, servant, and/or employee of each other, and in connection with the matters alleged herein were acting in the course and scope of such agency, service, or employment relationship. Plaintiffs are further informed and believe and thereon allege that Defendants Financo Financial and Does 1-40 consented to, ratified, encouraged, approved, adopted, commenced, and/or participated in the acts, transactions or other matters herein alleged.  Jurisdiction and venue are proper in Alameda County because this action concerns real property located in Alameda County, California, agreements and contracts entered into in California, and tortious and other wrongful acts which took place in Alameda County, California.

8. Plaintiff Rosa Galindo had no formal education, is unable to read English, and was not sophisticated in real property loans or related business matters at the time of the activities described herein.

9. Plaintiff Rosa Galindo owned a fourplex at 464 Sheppard, Hayward, California (Parcel No. 453-0060-010-02, legal description attached as Exhibit A and incorporated herein) and a

3    EXHIBIT A

Complaint for Damages and Injunctive Relief

house at 27590 Manon Avenue, Hayward, California (Parcel No. 453-0045-022-03, legal description attached as Exhibit B and incorporated herein) amongst other properties. In or about April or May, 2006, she contacted her bank about refinancing some of her houses to obtain money to build a house in Tracy. She then began getting phone calls from various brokers and agents, including Patrick Patchin. Plaintiff Rosa Galindo told Patchin what she was looking for and that she wanted a fixed rate loan. He told her that he worked for Financo Financial and could obtain loans with fixed rates between 1.5 to 2.0 per cent for the first five years, that the next five years would be fixed at 3.0%, the next five years at 4.5%, and that after 15 years the loans would be an adjustable rate that would never exceed 5.5 or 6%.

10.    On or about May 16, 2006 Patrick Patchin came to the house of plaintiff Rosa Galindo with defendant Esquivel, a notary, and with papers to procure loans to refinance the Manon and Sheppard properties. Defendant Patchin told plaintiff Rosa Galindo that the notary had to leave soon, rushed her into signing the papers, and left without giving her copies of what she had signed. He did not explain the fees and charges being made and misrepresented the terms of the loans. He did not disclose that the loan application stated she earned $18,000 per month. The loan papers went into escrow on or about May 17, 2006 and escrow closed on or about May 23, 2006. Plaintiff has never received copies of the signed documents from defendants. She did receive a lump sum distribution of the proceeds of the refinanced loans. In connection with the new loan on Manon Avenue, Financo Financial received from the proceeds $8,262 in loan origination fees and $1,330 in administrative and processing fees. Financo Financial also received $12,937.59 from the lender, Homecomings Financial Network, as a "broker fee". In connection with the Sheppard property, Financo received $10,000 in loan origination fees and $1,300 in administrative fees from the proceeds of the

Complaint for Damages and Injunctive Relief

new loan. Financo also received $11,250 as a "broker fee" from the lender Homecomings Financial. Plaintiff Rosa Galindo was never informed of the nature and amount of the fees that were incurred or that would be charged to her and taken from the proceeds of the new loans, or that the broker fees would result in a higher interest rate on the loans. Contrary to the representations of Patrick Patchin, the new loans were not loans with the initial five years on a fixed rate, but were adjustable rate balloon loans, with an initial "teaser" rate of 1.75% which could be adjusted on a monthly basis beginning on July 1, 2006, up to a maximum rate of 9.95%.

11.     Rosa Galindo, believing she had obtained favorable financing on her properties, introduced Patrick Patchin to her daughter Maria Galindo, who resided in a house at 27935 Mandarin Ave, Hayward, CA (Parcel No. 464-0010-003, legal description "All that certain real property situate in the County of Alameda, State of California, described as follows: (City of Hayward) Lot 15, Block 5, 'Tract 1424', filed September 3, 1954, in Book 34 of Maps, Pages 98 and 99, Alameda County Records"). On or about July 2, 2006 defendants Financo Financial and Patrick Patchin had Maria Galindo and Rosa Galindo sign documents including loan documents. They signed these documents at the offices of Financo Financial in Hayward. The documents resulted in a loan that refinanced the property, with the loan in the names of Maria Galindo and Rosa Galindo. As a result of refinancing the property, plaintiffs paid from the proceeds of the new loan $13,381.78 in prepayment penalties for the prior loan, and $6,888 in loan origination fees plus $1,300 in broker processing fees and administrative fees to Financo Financial. Financo Financial also received a payment for a yield spread premium from the lender, defendant Countrywide Bank, N.A., in the amount of $13,776.00. Financo also received an "underwriting" fee of $750. Plaintiffs were not informed of these costs and

Complaint for Damages and Injunctive Relief

1  fees at the time the papers were signed by Maria Galindo and Rosa Galindo, or that they

2  would have to pay prepayment fees to refinance the existing loan, or that the yield spread

3  premium would result in a higher interest rate. The prior loan was in the amount of

4  $478,883.52, and the payoff of that loan was $502,549.90. In order to refinance it Defendant

5

6  Countrywide Bank issued a new loan in the amount of $459,200 and a second mortgage in

7  the amount of $57,400.  Plaintiffs were required to provide an additional $4,130 to complete

8  the transaction.  As with the other loan documents, Patchin and Esquivel did not provide the

9  Galindos with copies of the loan documents, including the Notice of Right to Cancel.

10  Approximately, three weeks later Patchin provided the Galindos with an incomplete and

11  unsigned copy of these loan documents.

12

13      12.    Rosa Galindo, believing that Patrick Patchin was working as an agent of Financo

14  Financial, was directed by Patchin to some real property for sale in Petaluma, and initially

15  transferred $150,000 to Patchin. Patchin then informed Rosa Galindo that that deal had

16  soured, and had her sign papers for the purchase of an alleged 40-acre parcel in Colusa. That

17  parcel does not exist. Further, Rosa Galindo, believing that Patrick Patchin was working as an

18  agent of Financo Financial, was sold a "promissory note" as an investment that Patchin told her

19  was backed by Financo in that Financo loaned money to others to pay their property taxes and

20

21  earned a profitable return and that she could invest in this program with a "promissory note"

22  for which she gave him $50,000.

23

24                        **FIRST CAUSE OF ACTION**
                              Negligence

25

26      13.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as

27  though set forth fully herein.

28

---

Complaint for Damages and Injunctive Relief

14.    Plaintiffs are informed and believe and thereon allege that prior to his employment by Financo Financial defendant Patrick Patchin had been convicted and incarcerated for crimes involving, among other things, fraud.

15.    Defendants Financo Financial represented to the community that it maintained the highest standards of professionalism, and that everything they did was backed by solid business sense and integrity, and that people could trust their business with Financo.

16.    Defendants Financo, Patchin, Ahmed Yama Asefi, Aaroon Sadat and Nazia Nawabzada owed a duty of care to plaintiffs and owed a further special duty of care as specialists with respect to mortgage brokering services. Plaintiffs are informed and believe and thereon allege that defendants Financo Financial and Ahmed Yama Asefi, Aaroon Sadat and Nazia Nawabzada, and Does 1 to 50, negligently and carelessly hired Patrick Patchin, without an adequate background check, failed to properly supervise Patchin and his activities and methods of doing business, failed to ensure that he was competent and trustworthy before placing him in a position requiring those qualities, and failed to ensure that he was not making misrepresentations to his clients. Defendants further breached their duties of care by failing to thoroughly explain the terms of the loan agreements, ensuring that plaintiffs understood the terms of the agreements and the total amount and character of the fees being charged in connection with the loans.

17.    As a proximate result of said defendants' negligence, plaintiffs entered into loans the terms of which they did not understand and which contained undisclosed fees and terms, as a consequence of which they incurred substantial prepayment penalties and increased interest rates and payments and purchased property that does not exist. Plaintiffs have suffered damages for excessive fees and costs, increased interest expenses and other damages in an

amount within the jurisdiction of this court, and will continue to suffer damages for increased

interest payments in the future, and Rosa Galindo has lost in excess of $170,000 in connection

the purchase of the non-existent lot, and $50,000 in connection with the purchase of the

promissory note.

### SECOND CAUSE OF ACTION
#### Breach of Fiduciary Duty

18.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as

though set forth fully herein.

19.    Defendants Financo, Ahmed Yama Asefi  and Does 1-50, as mortgage brokers

and finance lenders, and Patchin as their agent, owed plaintiffs a fiduciary duty to disclose all

the material terms of the loans and to act in good faith  and in the best interests of the

plaintiffs.

20.    Defendants breached their duty by, amongst other things: falsifying information

on Rosa Galindo's loan application; failing to explain the terms of the loan transactions to

Plaintiffs; providing Plaintiffs with loan products which carried higher rates of interest than was

necessary purely to increase their own profits on the transaction; not providing Plaintiffs with

copies of the loan documents including the right to cancel; and, failing to comply with TILA,

RESPA and other consumer protectionary statutes and regulations intended to benefit and

protect consumers such as Plaintiffs.

21.    In making the misrepresentations alleged above, and by their actions in failing

to disclose the terms of the loans and that the loans were not loans with the initial five years

on a fixed rate, said defendants breached their fiduciary duty.

Complaint for Damages and Injunctive Relief

22.     As a result of defendants' breach of their fiduciary duty, plaintiffs have been damaged in an amount within the jurisdiction of this court.

### THIRD CAUSE OF ACTION
### Violation of Truth in Lending Act

23.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as though set forth fully herein.

24.     Defendants Countrywide and Financo are creditors within the meaning of the Truth in Lending Act (TILA) as implemented by Regulation Z.

25.     Said defendants violated TILA and Regulation Z by failing to provide the plaintiffs with the material disclosures required by TILA.

26.     Any statutes of limitations relating to disclosures and notices required under TILA were tolled due to defendants' failure to provide all of the required disclosures and notices.

27.     As a direct result of these violations, Plaintiffs were and are being damaged in an amount within the jurisdiction of this court including, without limitation, statutory damages and all amounts paid or to be paid in connection with the Mandarin Avenue transaction, excluding principal payments, if any.

28.     Said defendants were unjustly enriched at the expense of plaintiffs who are entitled to equitable restitution and disgorgement of profits obtained by said defendants.

29.     Plaintiffs believe the acts of defendants were willful, wanton and in conscious disregard of the rights of plaintiffs and plaintiffs are entitled to recover punitive damages.

///

Complaint for Damages and Injunctive Relief

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FOURTH CAUSE OF ACTION
**Violation of RESPA, 12 U.S.C. §§2602 et seq., and Federal Reserve Regulation X, 24 CFR §§ 3500 et seq.**

30.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as though set forth fully herein.

31.     The loan agreement between plaintiffs and defendants Countrywide and Financo is a federally related mortgage under the Real Estate Settlement Procedures Act, 12 U.S.C. §2602 (RESPA).

32.     Countrywide's home loans are federally related mortgages under the Real Estate Settlement Procedures Act, 12 U.S.C. §2602 as implemented by Federal Reserve Regulation X, 24 CFR §§3500 et seq.

33.     RESPA prohibits any person from paying or accepting a kickback or an excessive or unearned fee. In connection with the Mandarin transaction Financo received $6,888 in loan origination fees plus $1,300 in broker processing fees and administrative fees, which should be part of the origination fee. Financo Financial also received a payment for a yield spread premium from the lender, defendant Countrywide Bank, N.A., in the amount of $13,776.00. Plaintiffs were also charged "email" fees of $100 and an underwriting fee of $750. Plaintiffs may also have been charged excessive fee for title insurance for which defendants received an unlawful kickback or fee.

34.     Plaintiffs are informed and believe and thereon allege that the above fees were unlawful and duplicative and not reasonably related to the services performed by defendants as required by RESPA.

Complaint for Damages and Injunctive Relief

35.    Countrywide's payment of such fees, and Financo's and its officers and employees acceptance of such charges and payments violated RESPA's prohibitions against unlawful kickbacks and/or unearned fees.

36.    Countrywide knew or should have known that Financo did not earn the fees.

37.    Plaintiffs are informed and believe and thereon allege that defendants failed to provide the disclosures required by RESPA in an accurate and timely manner.

38.    As a result of defendants' conduct, plaintiffs have suffered and will continue to suffer damages in an amount within the jurisdiction of this court.

### FIFTH CAUSE OF ACTION
### Violation of Unfair Competition Act

39.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though set forth fully herein.

40.    Plaintiffs trusted their broker to act in their best interests, giving rise to a confidential relationship of trust between plaintiffs and Financo, Patchin, Ahmed Yama Asefi, Aaroon Sadat and Nazia Nawabzada.

41.    Plaintiffs are informed and believe and thereon allege that said defendants and defendants Does 1 to 50 have been engaged in and continue to be engaged in acts and/or a pattern and practice of unfair competition in violation of Business and Professions Code §§17200 et seq, including but not limited to the use of high pressure sales tactics, failing to inform and explain to plaintiffs the loan products available to them and the effects of fees on the interest rate available to them, misrepresenting the terms of the loans and the character of fees being charge, engaging in self-dealing at the expense of borrowers by charging both loan origination fees and paying and accepting a yield spread premium or broker fees, by

misrepresenting the prepayment fees and other fees charged in connection with loan transactions, and including but not limited to violating Penal Code 532(a) in that Financo misrepresented Rosa Galindo's ability to service debt, and the Consumers Legal Remedies Act, Civil Code § 1750 et seq., and in particular §1770(a)(13)(14) and (19) in that defendants misrepresented that the loan had a different rate than it actually had, and Business and Professions Code §10137.

## SIXTH CAUSE OF ACTION
### Fraud (Intentional Misrepresentation)

42.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as though set forth fully herein.

43.     Defendant Patrick Patchin, acting in the course and scope of his employment with Financo, and Financo Financial (hereafter "Defendants") represented to Plaintiffs 1) that important facts were true; 2) that Plaintiffs would receive interest rates of 1.5% to 2.0% on 5 year fixed rate loans; 3) that Defendants would not change the terms of the loan without Plaintiffs' knowing consent; 4) that Defendants would not cause Plaintiffs to incur prepayment penalties; 5) that Patchin was selling Rosa Galindo real property in Colusa.

44.     Defendants' representations were false.

45.     Defendants knew that the representations were false when they made them.

46.     Defendants intended that Plaintiffs rely on the representations.

47.     Plaintiffs reasonably relied on Defendants' representations.  Defendants further promised that they would take care of everything and that Plaintiffs need not worry about the terms provided for in the loan documents, and prevented plaintiffs from having an opportunity to read the loan papers and learning the actual terms of the loans and the costs they would incur, and preventing them from canceling the transactions by not giving them copies of the

signed documents and notice of cancellation, or advising them of their right to cancel. Plaintiffs relied on Defendants' representations because Plaintiffs trusted Defendants as experts in their business, and trusted that Defendants would not take advantage of Plaintiffs; at no time did Defendants state that they would not uphold the terms of the agreement or that they were going to commit other deceitful acts toward Plaintiffs.

48.    That Plaintiffs were harmed because they are now liable for loans at higher interest rates. They declined other loan options that would have given them lower rates and fees than the present loans.  Plaintiffs are further harmed because they have had to pay excessive closing costs and a pre-payment penalty for refinancing the Mandarin property.

49.    Plaintiffs' reliance on all Defendants' representation was a substantial factor in causing their harm.

50.    In doing the acts alleged herein, Defendants acted with oppression, fraud and malice and Plaintiffs are entitled to punitive damages pursuant to California Civil Code Section 3294.

### SEVENTH CAUSE OF ACTION
### Fraud (Concealment)

51.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though set forth fully herein.

52.    Defendants and Plaintiffs were in a fiduciary relationship as a result of the real estate or broker relationship with Plaintiffs as clients.

53.    Defendants concealed important facts from Plaintiffs: 1) Plaintiffs were agreeing to adjustable rate loans of 30 to 40 years duration with rates up to 10 to 12%, not loans where the first five years was fixed at a low interest rate; 2) that refinancing the Mandarin property

would result in a substantial prepayment penalty; and 3) that Defendants would falsely sign and notarize documents.

54.    Defendants knew that they concealed the above referenced facts.

55.    Defendants intended that their concealment of the true facts would cause Plaintiffs to sign the loan agreements because of Plaintiffs ignorance of those facts;

56.    Plaintiffs did not know of the concealed fact because defendants concealed the loan documents by flipping to the pages for signatures while covering up or not disclosing the important information, and failed to leave copies of the signed documents or providing copies later. Defendants also knew that Rosa Galindo could not read.

57.    Defendants intended to deceive Plaintiffs by concealing the facts and thereby induce plaintiffs to sign the documents.

58.    Plaintiffs reasonably and actually relied on all Defendants' statements because Plaintiffs and defendants were in a relationship of trust as professional agents to Plaintiffs.

59.    Plaintiffs were justified in relying on Defendants' statements because the Defendants were in the business of processing loan applications and were supposedly working for the Plaintiffs.

60.    Plaintiffs were harmed because they are required to pay a higher interest rate and incurred excessive fees and costs in obtaining the loans.

61.    Defendants' concealment was a substantial factor in causing Plaintiffs' harm.

62.    Plaintiffs are informed and believe, and on that basis allege, that the conduct of defendant was willful and intentional. The directors, officers, and managing agents of defendant Financo authorized the fraudulent conduct of its employees before the fact and ratified the conduct after the fact by accepting the benefits of the contract and failing to

discharge or discipline responsible employees.  In doing the acts alleged herein, Defendants acted with oppression, fraud and malice and Plaintiffs are entitled to punitive damages pursuant to California Civil Code Section 3294.

## EIGHTH CAUSE OF ACTION
### Fraud (Negligent Misrepresentation)

63.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though set forth fully herein.

64.    Defendants represented the following to Plaintiffs: 1.) Plaintiffs would receive interest rates of 1.5% to 2.0 % for 5 years at a fixed rate; 2) that Defendants would not change the terms of the loan without Plaintiffs' knowing consent; 3) that Defendants would not cause Plaintiffs to incur prepayment penalties.

65.    When the defendants made these representations, they had no reasonable grounds for believing them to be true in that in that Defendants could have not have obtained such good financing and terms for the Plaintiffs at that time.

66.    The defendants made these representations with the intention of inducing the plaintiffs to act in reliance on these representations, or with the expectation that the plaintiffs would so act.

67.    The Plaintiffs did reasonably rely on the misrepresentations from Defendants.

68.    The Plaintiffs were damaged by such misrepresentations and reliance thereof by becoming liable for higher interest rates, for having prepayment penalties and for paying for closing costs.

///

Complaint for Damages and Injunctive Relief

### NINTH CAUSE OF ACTION
**Breach of Contract and Implied Covenant of Good Faith and Fair Dealing**

69.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though set forth fully herein.

70.    On or about the dates alleged herein, Plaintiffs and Defendants entered into an oral contract and Defendants agreed to obtain a home-financing loan and refinancing loans for Plaintiffs according to the terms outlined above. Defendants breached these contracts by deceiving Plaintiffs into signing loan application papers on which resulted in a long term adjustable rate loans, rather than loans with a 5 year fixed low interest rate that had been promised.

71.    Plaintiffs performed all duties owed to Defendants, including signing all of the documents.

72.    Defendants have materially breached the contract by the actions herein, including, but not limited to, deceiving Plaintiffs into signing loan application papers for adjustable rate loans with a one month teaser rate, failing to obtain loans for the properties according to the terms of their agreement as outlined above; and for incurring penalties for Plaintiffs; and failing to reimburse Plaintiffs all fees and finance charges they had incurred in the transaction.

73.    As a result of Defendants' breach, Plaintiffs have been damaged in the amount within the jurisdiction of this court.

74.    California law implies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of California.

Complaint for Damages and Injunctive Relief

75.    As a result of the actions of Defendants, set forth herein, Defendants have breached the parties' contract and have violated the implied covenant of good faith and fair dealing contained in the agreements and contracts between the parties, and as a result thereof, Plaintiffs are entitled to damages as more fully set forth below.

## TENTH CAUSE OF ACTION
### Negligence of the Notary Public and Damages Pursuant To Government Code Section 8214

76.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though set forth fully herein.

77.    Defendants Joseph Esquivel and Pamela Spikes and Does 11-15 owed a professional duty to Plaintiffs.

78.    Defendants breached that duty when they notarized the signatures of Plaintiffs.

79.    Government Code §8214 states, "For the official misconduct or neglect of a notary public, the notary public and the sureties on the notary public's official bond are liable in a civil action to the persons injured thereby for all the damages sustained."

80.    Plaintiffs suffered damages as a result of the notary's misconduct and negligence because the notary's seal allowed the documents signed by the Plaintiffs to be processed.

81.    Defendants caused damage to the Plaintiffs in an amount within the jurisdiction of the court, because but for notarizing Plaintiffs' signatures, the loan documents would not have been processed and all resulting damages herein alleged would not have occurred.

## ELEVENTH CAUSE OF ACTION
### Civil Conspiracy

82.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though set forth fully herein.

Complaint for Damages and Injunctive Relief

83.    Defendants conspired against Plaintiffs to accomplish by concerted action an unlawful purpose by misrepresenting the actual nature and terms of the loan documents.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs prays for judgment as follows:

1.    For a declaration by the Court that the refinances be cancelled, null, void and of no effect;

2.    For determination by the Court that the loan agreements purporting to authorize Defendants to obtain home-financing or home-refinancing loans on Plaintiffs' behalf are null and void.

3.    For an award of consequential, compensatory, general and special damages to Plaintiffs, according to proof at trial, as to all of Plaintiffs' claims and damages, together with pre-judgment interest against all Defendants jointly and severally;

For an order that Defendants were constructive trustees of Plaintiffs' property, payments, funds, and equity and place a constructive trust over such property, payments, funds, and equity that requires Defendants to pay to Plaintiffs all misappropriated property, payments, funds, and equity.

4.    For statutory damages;

5.    For treble damages where appropriate;

6.    For an order enjoining all unlawful practices complained of in this action and imposing affirmative injunctive relief requiring the defendants and all persons acting in concert with them to implement policies designed to ensure that all fees are disclosed as required by law, that training and supervision be provided regarding compliance with applicable law for

1    all defendants and their employees and agents, and implementing thorough screening of all

2    employees to ensure they are competent and trustworthy..

3        7.    For attorneys' fees and costs incurred pursuant to applicable law

4        8.    For exemplary and punitive damages against Defendants in an amount

5

6    according to proof at trial;

7        9.    For such other and further relief as the Court may deem just and proper.

8    Dated: June 28, 2007

9                                                    WELTIN LAW OFFICE

10

11

12                                                   Daniel R. Weltin
                                                     Attorneys for Plaintiff
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

EXHIBIT "A"

All that certain real property situated in the County of Alameda, State of California, described as follows:

(City of Hayward)

Portion of Block "P", as said Block is shown on the "Map of Annex to Meek Orchard Tract", filed March 11, 1918, in Book 17 of Maps, Page 59, in the Office of the County Recorder of Alameda County, described as follows:

Beginning at a point on the center line of Eden Road, distant thereon South 57 degrees 09 minutes West 145.56 feet from the center line of Manon Avenue, as said road and avenue, as said road and avenue are shown on said map; running thence South 57 degrees 09 minutes West along said center line of Eden Road 60.12 feet; thence parallel with said centerline of Manon Avenue South 42 degrees 01 minutes East 166 feet, thence parallel with said center line Eden Road North 57 degrees 09 minutes East 60.12 feet; thence parallel with said center line of Manon Avenue North 42 degrees 01 minutes West a distance of 166 feet to the point of beginning.

EXHIBIT A

EXHIBIT "B"

All that certain real property situated in the County of ALAMEDA, State of California, described as follows:

(CITY OF HAYWARD)

PORTION OF BLOCK "N" MAP OF ANNEX TO MEEK ORCHARD TRACT, FILED MARCH 11, 1918 MAP BOOK 16, PAGE 59, ALAMEDA COUNTY RECORDS, DESCRIBED AS FOLLOWS:

BEGIN AT A POINT ON THE CENTERLINE OF MANON AVENUE, DISTANT THEREON NORTH 42° 01' WEST 87.25 FEET FROM THE CENTERLINE OF SHEPHERD AVENUE, FORMERLY EDEN ROAD, AS SAID ROAD AND AVENUE ARE SHOWN ON SAID MAP; AND THEN RUN PARALLEL WITH SAID LINE OF SHEPHERD AVENUE, NORTH 57° 09' EAST 160 FEET TO THE MOST EASTERN CORNER OF THE LAND DESCRIBED IN THE DEED TO W. A. PLANT, ET UX, RECORDED JANUARY 23, 1959, BOOK 8910, OR, PAGE 416, (AQ/8427); THEN ALONG THE NORTHWESTERN LINE OF SAID LAST MENTIONED LAND, NORTH 39° 17' WEST 41.40 FEET: THEN NORTH 42° 01' WEST 70.33 FEET; THEN NORTH 52° 09' EAST 31.78 FEET TO THE SOUTHWESTERN LINE OF THE LAND DESCRIBED IN THE DEED TO EAST BAY CONSTRUCTION COMPANY INC., RECORDED SEPTEMBER 4, 1959, BOOK 9142, OR, PAGE 556 (AQ/105504), THEN ALONG THE LAST NAMED LINE, NORTH 32° 51' WEST 54.94 FEET TO THE MOST EASTERN CORNER OF THE LAND, DESCRIBED IN THE DEED TO W. A. PLANT, ET UX, RECORDED SEPTEMBER 4, 1959, BOOK 9142 OR, 557 (AQ/105505); THEN ALONG THE NORTHEASTERN LINE OF SAID LAST MENTIONED LAND, NORTH 32° 51' WEST 54.94 FEET; THEN SOUTH 57° 09' WEST 78.82 FEET TO THE NORTHEASTERN LINE OF THE LAND DESIGNATED AS PARCEL 2 IN THE DEED TO EAST BAY CONSTRUCTION COMPANY, INC. RECORDED JANUARY 20, 1959, BOOK 8906, OR, PAGE 376 (AQ/6668); THEN ALONG THE LAST NAMED LINE, SOUTH 57° 09' WEST 136.06 FEET TO SAID CENTERLINE OF MANON AVENUE; AND THEN ALONG THE LAST NAMED LINE, SOUTH 42° 01' EAST 112 FEET TO THE POINT OF BEGINNING. EXCEPTING THEREFROM THAT PORTION THEREOF CONVEYED TO THE CITY OF HAYWARD BY DEED RECORDED MARCH 23, 1971, SERIES NO. 32603, REEL 2811 OR, IMAGE 985.

*Galindo*

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Daniel R. Weltin SBN 226600<br>Weltin Law Office, P.C.<br>1432 Martin Luther King Jr. Way<br><br>Oakland, CA 94612<br>TELEPHONE NO.: 510-251-6060    FAX NO. *(Optional):* 510-251-6040<br>E-MAIL ADDRESS *(Optional):* drweltin@weltinlaw.com<br>ATTORNEY FOR *(Name):* Rosa Galindo; Maria Galindo | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS:
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: Rosa Galindo; Maria Galindo

DEFENDANT/RESPONDENT: Financo Financial, Inc.; Patrick Patchin;
Ahmed Yama Asefi, Aaroon Sadat, Nazia Nawabzada, Countrywide
Bank, N.A.; Joseph Esquivel, Pamela Spikes and DOES 1-100

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG07333344 |
|---|---|

TO *(insert name of party being served):* Countrywide Bank, N.A.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 9, 2007

Shontia Franklin
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* ADR Package

*(To be completed by recipient):*
Date this form is signed: 7/31/07

Jacqui Whitney
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *(signature)* Jacqui Whitney AVP
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

EXHIBIT A

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Legal    Code of Civil Procedure |

# **PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                          )  SS.
COUNTY OF LOS ANGELES  )

     I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 5220 Las Virgenes Road, MS: AC-11, Calabasas, California 91302.

     On August 2, 2007, I served NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a) (Federal Question) on all interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Daniel R. Weltin
Weltin Law Office, P.C.
1432 Martin Luther King Jr. Way
Oakland, CA  94612

[X]    **(BY MAIL)** On August 2, 2007, I placed said envelopes for collection and mailing, following ordinary business practices, at the business offices of Countrywide Home Loans, Inc., at the address set forth above, for deposit in the United States Postal Service.  I am readily familiar with the practice of Countrywide Home Loans, Inc. for collection and processing of correspondence for mailing with the United States Postal Service, and said envelopes will be deposited with the United States Postal Service on said date in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY OVERNIGHT DELIVERY)** On August ___, 2007, I placed said envelopes for collection and mailing, following ordinary business practices, at the business offices of Countrywide Home Loans, Inc., at the address set forth above, for deposit with Federal Express with delivery fees provided.  I am readily familiar with the practice of Countrywide Home Loans, Inc. for collection and processing of correspondence for mailing with Federal Express, and said envelopes will be deposited with Federal Express on said date in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY HAND DELIVERY)**

[ ]    **(BY FACSIMILE)** On August ___, 2007, by use of facsimile machine number 818-871-4669, I served a copy of the within document(s) on the above interested parties at the facsimile numbers as indicated.  The transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

     I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.  Executed on August 2, 2007, at Calabasas, California.

_____
Nicole Holieway

NOTICE OF REMOVAL OF CIVIL ACTION