Philip R. Weltin, Esq. SBN 46141
Daniel R. Weltin, Esq. SBN 226600
WELTIN LAW OFFICE, P.C.
1432 Martin Luther King Jr. Way
Oakland, California  94612
Telephone (510) 251-6060
Facsimile   (510) 251-6040

Attorneys for Plaintiffs
Rosa Galindo; Maria Galindo

BRYAN CAVE LLP
JOHN W. AMBERG (California SBN #108166)
HEATHER S. ORR (California SBN #239449)
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:    310-576-2233
Facsimile:    310-576-2200
jwamberg@bryancave.com
heather.orr@bryancave.com

Attorneys for Defendants
COUNTRYWIDE BANK, N.A., COUNTRYWIDE FINANCIAL CORP. and NAZIA NAWABZADA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rosa Galindo; Maria Galindo,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>Financo Financial, Inc.; Patrick Patchin; Ahmed Yama Asefi, Aaroon Sadat and Nazia Nawabzada; Countrywide Bank, N.A.; Countrywide Financial Corp.; Homecomings Financial Network; Commonwealth Land Title Company; Joseph Esquivel, Pamela Spikes, and Does 1-100,<br><br>　　　　　　Defendants. | Case No. 3:07-cv-3991 EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>N.D. Cal. Civ. L.R. 16-9 |

Joint Case Management Statement

1

1. **Jurisdiction and Service.**

Subject matter jurisdiction is vested in this court pursuant to 28 U.S.C. § 1331, based on plaintiffs' allegations based on the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Fair Housing Amendments Act.  Supplemental jurisdiction over Plaintiffs' state law claims exists pursuant to 28 U.S.C. § 1367.  This court has general personal jurisdiction over each defendant, or alternatively, specific jurisdiction, under the principles of personal jurisdiction elucidated in *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408 (1984).

Service has been effected upon defendants Countrywide Bank, N.A. and Countrywide Financial Corp. (the "Countrywide defendants").  Plaintiffs have agreed to dismiss Nazia Nawabzada.  The Countrywide defendants have not yet answered the pleading.  Plaintiff's counsel has been in communication with counsel for defendant Financo Financial, Inc., and has served a Notice and Request for Waiver on Financo Financial, Inc.; counsel for Financo Financial, Inc. has indicated that he will return the Waiver of Service to plaintiff's counsel shortly.  Plaintiff's counsel is informed and believes that counsel for Financo Financial, Inc. will also represent defendants Ahmed Yama Asefi and Aaroon Sadat.  Plaintiff's counsel has attempted to find and serve defendant Patrick Patchin without success to date.  Plaintiffs are undertaking to serve the remaining defendants.  Perhaps for the above reasons a short continuance of the conference is appropriate.

2. **Facts.**

Plaintiffs contend that between May and July 2006, plaintiffs Rosa Galindo and Maria Galindo refinanced three different properties in Hayward, California.  Plaintiffs contend that Defendant Patrick Patchin, acting as a mortgage broker and employee of

2
Joint Case Management Statement

defendant Financo Financial, Inc., induced plaintiffs to refinance their homes by misrepresenting the terms of the new loans into which plaintiffs were entering.  Plaintiffs contend that at the time of refinancing each property, plaintiffs were not given any of the loan documents and disclosures required by law.  As a result, plaintiffs contend that they paid significant transaction fees and entered into adjustable-rate loans with increasingly higher rates.  The notary defendants were present at and facilitated these transactions. Plaintiff Rosa Galindo was also defrauded of over $200,000 by defendant Patchin in connection with the purchase of non-existent property.

**3.    Legal Issues.**

Plaintiffs have alleged seventeen causes of action.  Plaintiffs contend that they were defrauded by defendant Patrick Patchin in the course of his employment with defendant Financo Financial, Inc.; that the notary defendants facilitated the defrauding of plaintiffs; that defendant Commonwealth Title Co. was negligent towards plaintiffs, breached its fiduciary duty to plaintiffs, and breached its contractual duties towards plaintiffs; that defendants Countrywide Bank, N.A., Countrywide Financial Corp., and Homecomings Financial Network failed to provide plaintiffs with the disclosures required by law, violated Cal. Civ. Code §§ 1632, 1750 et seq. and 1921, sold loan products with unconscionable terms to plaintiffs, paid kickbacks to plaintiffs' brokers for services not reasonably related to the services performed, and targeted plaintiffs due to their race and/or ethnicity and/or national origin.

**4.    Motions.**

There are no prior or pending motions.  Plaintiffs do not anticipate filing any motions; however, if plaintiffs remain unable to locate and serve defendant Patrick Patchin, plaintiffs

may attempt to serve him by publication and subsequently seek a default judgment. The Countrywide Defendants contemplate filing motions for summary judgment.

**5.   Amendment of Pleadings.**

Plaintiffs filed a stipulation and proposed order on October 29, 2007 seeking to file a second amended complaint, adding a seventeenth cause of action for violation of Cal. Civ. Code § 1921. Based upon the representations of counsel for defendants Countrywide Bank, N.A. and Countrywide Financial Corp., plaintiffs have agreed to dismiss all claims without prejudice as to defendant Nazia Nawabzada and said defendants have agreed they will toll the statute of limitations and accept service on her behalf in the event she becomes a necessary party in the future.

**6.   Evidence Preservation.**

Plaintiffs have preserved copies of all documents in their possession that are relevant to this action. Plaintiffs do not possess any electronically-recorded material relevant to this action.

**7.   Disclosures.**

Both parties anticipate a compliance with the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1).

**8.   Discovery.**

No discovery has been taken to date. The parties' proposed discovery plan pursuant to Fed. R. Civ. P. 26(f) is filed with the court concurrently with this statement.

**9.   Class Actions.**

This case is not a class action at this juncture.

**10.  Related Cases.**

There are no related cases known to plaintiffs.

**11.    Relief.**

Plaintiffs seek recovery of actual damages, rescission of the subject loans, recovery of costs and attorneys' fees, an order enjoining the practices complained of, and punitive damages.  Plaintiffs' investigation into this matter is incomplete and further, given plaintiffs' ongoing loan payments and ongoing adjustments in the rates of plaintiffs' loans, plaintiffs' damages cannot be presently ascertained with precision.  Plaintiffs' damages are estimated based upon the incomplete loan documents plaintiffs possess.  Plaintiffs' costs, attorneys' fees, any punitive damages, and the cost of rescission of each of the three loans at issue are inherently speculative at present.  Based on plaintiffs' knowledge, plaintiffs estimate their damages for purposes of this initial disclosure as follows.

| | |
|---|---|
| Total settlement fees for Mandarin Ave. property: | $18,106.90 |
| Total settlement fees for Manon Ave. property: | $12,323.18 |
| Total settlement fees for Shepherd Ave. property: | $15,691.73 |
| Prepayment penalties for Mandarin Ave. property: | $13,381.78 |
| Payment for non-existent Colusa property: | $150,000.00 |
| Additional payments to defendant Patrick Patchin: | $70,000.00 |

Plaintiffs also seek to recover for the interest paid on the subject loans, the amount of which changes daily.  Plaintiffs contend that they have also suffered damages, and continue to suffer damages, in that plaintiffs had three loans at reasonable fixed rates, and now have three loans that continue to adjust upwards towards a maximum rate of 9.95%.  Plaintiffs' investigation and discovery continues.

**12.    Settlement and ADR.**

5

Joint Case Management Statement

The parties have engaged in no ADR efforts to date, but have jointly stipulated to mediation. Plaintiffs anticipate engaging in written discovery and deposing witnesses prior to mediation.

**13.    Consent to Magistrate Judge For All Purposes.**

Plaintiffs have consented to proceed before a magistrate for all purposes. The Countrywide defendants have not stipulated to proceed before a magistrate. It is unknown whether the remaining defendants will consent to proceed before a magistrate.

**14.    Other References.**

This case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues.**

Plaintiffs do not anticipate the presentation of voluminous evidence at trial at this point; however plaintiffs' investigation is incomplete at this point.

**16.    Expedited Schedule.**

Plaintiffs seek to rescind the subject loans as quickly as possible.

**17.    Scheduling.**

Please see the parties' proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), which is filed with the court concurrently with this statement.

**18.    Trial.**

The case will be tried to a jury. Plaintiffs anticipate a one-week trial.

**19.    Disclosure of Non-party Interested Entities or Persons.**

Plaintiffs have filed a Certification of Interested Entities or Persons. Plaintiffs certify that as of this date, other than the named plaintiffs, there is no such interest to report.

6
Joint Case Management Statement

**20.	Other matters.**

There are no other matters to address at this time.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

1  Dated: 10/31/07

WELTIN LAW OFFICE

*/s/ Daniel R. Weltin*

Daniel R. Weltin
Attorneys for Plaintiffs

Dated: 10/31/07

BRYAN CAVE LLP

*/s/ Heather S. Orr*

Heather S. Orr
Attorneys for Defendants
Countrywide Bank, N.A.,
Countrywide Financial Corp. and
Nazia Nawabzada