Helen V. Powers, Esq. (SB# 175164)
John V. Cavin, Esq. (SB# 88946)
BARDELLINI, STRAW, CAVIN & BUPP, LLP
2000 Crow Canyon Place, Suite 330
San Ramon, California 94583
Telephone: (925) 277-3580
Facsimile: (925) 277-3591

Attorneys for Defendant
COMMONWEALTH LAND TITLE
COMPANY, a California Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA GALINDO, MARIA GALINDO, <br><br> Plaintiffs, <br><br> vs. <br><br> FINANCO FINANCIAL, INC.; PATRICK PATCHIN; AHMED YAMA ASEFI, AAROON SADAT AND NAZIA NAWABZADA; COUNTRYWIDE BANK, N.A.; COUNTRYWIDE FINANCIAL CORP.; HOMECOMINGS FINANCIAL NETWORK; COMMONWEALTH LAND TITLE COMPANY; JOSEPH ESQUIVEL, PAMELA SPIKES, AND DOES 1 -100, <br><br> Defendants. | **Case No.: 3:07-cv-03991-EMC** <br><br> **ANSWER OF DEFENDANT COMMONWEALTH LAND TITLE COMPANY TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> Complaint Filed August 23, 2007 <br> Hon. Robert B. Freedman, Judge, Dept. 20 |

Defendant **COMMONWEALTH LAND TITLE COMPANY** ( "COMMONWEALTH") answers the second amended complaint for damages and injunctive relief ("SAC") of Plaintiffs ROSA GALINDO and MARIA GALINDO as follows:

**Answering Introduction, Jurisdiction and Venue,
and General Allegations of Second Amended Complaint**

1.  Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 1 through 4, and on that basis denies the allegations therein.

---

1

**ANSWER OF DEFENDANT COMMONWEALTH LAND TITLE COMPANY
TO SECOND AMENDED COMPLAINT**
Case No.: 3:07-cv-03991-EMC

2. Answering paragraph 5, Commonwealth admits that it is a corporation organized under the laws of the state of California and is doing business in California. Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 5 and, on that basis, denies the remaining allegations.

3. Answering paragraphs 6, 7, 8, 9, 10, 11, 12, and 13, Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in said paragraphs and, on that basis, denies the allegations.

4. Answering paragraph 14, Commonwealth admits that escrow closed on the refinance transactions for the Shepherd Avenue, Hayward property and Mannan Avenue, Hayward property on or about May 23, 2006. Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14 and, on that basis, denies the remaining allegations.

5. Answering paragraphs 15 and 16, Commonwealth lacks knowledge or information sufficient to form a belief about the truth of allegations contained in paragraphs 15 and 16 and, on that basis, denies the allegations contained therein.

## Answering the First Cause of Action

6. Answering paragraph 17, Commonwealth realleges and incorporates by reference its responses to paragraphs 1 through 16 as if set forth in full.

7. Answering paragraphs 18 and 19, Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in said paragraphs and on that basis, denies the allegations contained therein.

8. Answering paragraph 20, Commonwealth admits that as escrow holder for the transactions involving plaintiffs Galindo, it owed plaintiffs a duty to uphold its obligations as defined by California law and the escrow instructions. To the extent that paragraph 20 does not contain an accurate statement of the law, Commonwealth denies that it owed any duties or obligations beyond what is required by California law and the escrow instructions.

9. Answering paragraphs 21 and 22, Commonwealth admits that as escrow holder for the

transactions involving plaintiffs Galindo, it owed plaintiffs a duty to uphold its obligations as defined by California law and the escrow instructions. To the extent that paragraphs 21 through 23 do not contain an accurate statement of the law, Commonwealth denies that it owed any duties or obligations beyond what is required by California law and the escrow instructions. Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraphs 21 and 22 and, on that basis, denies the remaining allegations.

10. Answering paragraph 23, Commonwealth denies the allegations contained therein as to Commonwealth.

**Answering the Second Cause of Action**

11. Answering paragraph 24 of the SAC, Commonwealth realleges and incorporates by reference its responses to paragraphs 1 through 23 as if set forth in full.

12. Answering paragraphs 25, 26, 27, and 28, Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in said paragraphs and, on that basis, denies the allegations.

13. Answering paragraph 29, Commonwealth denies the allegations and legal conclusions contained in said paragraph to the extent that the allegations and conclusions misstate Commonwealth's duty as escrow holder and limited agent to the parties. As escrow holder, Commonwealth had a duty to follow the escrow instructions given to it by each party to the escrow and the escrow instructions constitute the full measure of the obligation owed to the parties by Commonwealth. As to the remaining allegations contained in paragraph 29, Commonwealth lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations and on that basis, denies the allegations.

14. Commonwealth denies each and every allegation contained in paragraph 30 as to Commonwealth.

**Answering the Third Cause of Action**

15. Answering paragraph 31 of the SAC, Commonwealth realleges and incorporates by reference its responses to paragraphs 1 through 30 as if set forth in full.

16. Answering paragraphs 32, 33, 34, 35, 36, and 37, Commonwealth lacks knowledge or

information sufficient to form a belief about the truth of the allegations contained in said paragraphs and, on that basis, denies the allegations.

**Answering the Fourth Cause of Action**

17. Answering paragraph 38, Commonwealth realleges and incorporates by reference its responses to paragraphs 1 through 37 as if set forth in full.

18. Answering paragraph 39, 40, 41, 42, 43, and 44, Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in said paragraphs and, on that basis, denies the allegations.

**Answering the Fifth Cause of Action**

19. Answering paragraph 45, Commonwealth realleges and incorporates by reference its responses to paragraphs 1 through 44 as if set forth in full.

20. Answering paragraphs 46, 47, 48, 49, 50, 51, 52, 53, and 54, Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in said paragraphs and, on that basis, denies the allegations.

**Answering the Sixth Cause of Action**

21. Answering paragraph 55, Commonwealth realleges and incorporates by reference its responses to paragraphs 1 through 54 as if set forth in full.

22. Answering paragraphs 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, and 66, Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in said paragraphs and, on that basis, denies the allegations.

**Answering the Seventh Cause of Action**

23. Answering paragraph 67, Commonwealth realleges and incorporates by reference its responses to paragraphs 1 through 66 as if set forth in full.

24. Answering paragraphs 68, 69, 70, 71, 72, and 73, Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in said paragraphs and, on that basis, denies the allegations.

**Answering the Eighth Cause of Action**

25. Answering paragraph 74, Commonwealth realleges and incorporates by reference its responses to paragraphs 1 through 73 as if set forth in full.

26. Answering paragraphs 75, 76, 77, 78, 79, and 80, Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in said paragraphs and, on that basis, denies the allegations.

**Answering the Ninth Cause of Action**

27. Answering paragraph 81, Commonwealth realleges and incorporates by reference its responses to paragraphs 1 through 80 as if set forth in full.

28. Answering paragraphs 82, 83, 84, 85, 86, 87, 88, 89, and 90, Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in said paragraphs and, on that basis, denies the allegations.

**Answering the Tenth Cause of Action**

29. Answering paragraph 91, Commonwealth realleges and incorporates by reference its responses to paragraphs 1 through 90 as if set forth in full.

30. Answering paragraphs 92, 93, 94, 95, and 96, Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in said paragraphs and, on that basis, denies the allegations.

**Answering the Eleventh Cause of Action**

31. Answering paragraph 97, Commonwealth realleges and incorporates by reference its responses to paragraphs 1 through 96 as if set forth in full.

32. Answering paragraphs 98 and 99, as escrow holder, Commonwealth had a duty to follow the escrow instructions given to it by each party to the escrow and the escrow instructions constitute the full measure of the obligation owed to the parties by Commonwealth. To the extend the allegations in paragraphs 98 and 99 misstate the obligations set forth in the escrow instructions, Commonwealth denies the allegations. Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in said paragraphs and, on that basis, denies the allegations.

33. Answering paragraph 100, Commonwealth lacks knowledge or information sufficient to

form a belief about the truth of the allegations contained in said paragraph and, on that basis, denies the allegations.

34. To the extend the allegations in paragraphs 101 and 102 misstate the obligations set forth in the escrow instructions, Commonwealth denies the allegations. Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in said paragraphs and, on that basis, denies the allegations.

### Answering the Twelfth Cause of Action

35. Answering paragraph 103, Commonwealth realleges and incorporates by reference its responses to paragraphs 1 through 102 as if set forth in full.

36. Answering paragraphs 104 and 105, Commonwealth denies each and every allegation contained in said paragraphs as related to Commonwealth. Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the remaining defendants and on that basis denies the remaining allegations.

### Answering the Thirteenth Cause of Action

37. Answering paragraph 106, Commonwealth realleges and incorporates by reference its responses to paragraphs 1 through 105 as if set forth in full.

38. Answering paragraphs 107 and 108, Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in said paragraphs and, on that basis, denies the allegations.

### Answering the Fourteenth Case of Action

39. Answering paragraph 109, Commonwealth realleges and incorporates by reference its responses to paragraphs 1 through 108 as if set forth in full.

40. Answering paragraphs 110, 111, and 112, Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in said paragraphs and, on that basis, denies the allegations.

### Answering the Fifteenth Cause of Action

41. Answering paragraph 113, Commonwealth realleges and incorporates by reference its

responses to paragraphs 1 through 112 as if set forth in full.

42. Answering paragraphs 114, 115, and 116, Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in said paragraphs and, on that basis, denies the allegations.

### Answering the Sixteenth Cause of Action

43. Answering paragraph 117, Commonwealth realleges and incorporates by reference its responses to paragraphs 1 through 116 as if set forth in full.

44. Answering paragraphs 118, 119, 120, and 121, Commonwealth denies each and every allegation contained in said paragraphs as related to Commonwealth. Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the remaining defendants and on that basis denies the allegations.

### Answering the Sixteenth Cause of Action

45. Answering paragraph 122, Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in said paragraphs and, on that basis, denies the allegations.

46. Answering paragraphs 123 and 124, Commonwealth lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in said paragraphs and, on that basis, denies the allegations.

### AFFIRMATIVE DEFENSES

47. As a first affirmative defense, Commonwealth alleges that Plaintiffs have waived any and all claims that they may have or have had against Commonwealth.

48. As a second affirmative defense, Commonwealth alleges that as a matter of law, Plaintiffs have misstated the role of an escrow holder and the duties owed to Plaintiffs by Commonwealth in the limited agency role of an escrow holder.

49. As a third affirmative defense, Commonwealth alleges Plaintiffs' damages, if any, were the result of the acts of Plaintiffs, other defendants or third parties. Any recovery by Plaintiffs should be reduced or eliminated accordingly. If Commonwealth is found to be liable, it requests an apportionment

of fault among all the parties and requests a judgment of partial indemnification of liability against all other defendants who may have caused or contributed to Plaintiffs' damages, if any.

50. As a fourth affirmative defense, Commonwealth alleges that to rescind the transaction, Plaintiffs must restore and return the monies received, to the extent that monies were paid to Plaintiffs, or on Plaintiffs' behalf.

51. As a fifth affirmative defense, Commonwealth alleges that Commonwealth performed all the obligations under the escrow agreement except for those obligations it was excused or prevented from performing.

52. As a sixth affirmative defense, Commonwealth is informed and believes and thereon alleges that Plaintiffs failed to mitigate their damages, if any.

53. As a seventh affirmative defense, Commonwealth alleges allege that the lenders are entitled to an equitable lien on the property to the extent that the lenders caused to be paid off existing liens and encumbrances against Plaintiffs' real property.

54. As a eighth affirmative defense, Commonwealth is informed and believes and thereon alleges that Plaintiffs' damages, if any, are barred by the doctrine of estoppel.

WHEREFORE, Commonwealth prays as follows:

**PRAYER**

1. That Plaintiffs take nothing by reason of the SAC and that judgment be entered in favor of Commonwealth;

2. For costs of suit incurred, including attorney's fees; and

3. For such other relief that the Court deems just and proper.

Dated: January 8, 2008                        BARDELLINI, STRAW, CAVIN & BUPP, LLP

*/s/ Helen V. Powers*

By: _____
John F. Cavin
Helen V. Powers
Attorneys for Defendant COMMONWEALTH
LAND TITLE COMPANY

## PROOF OF SERVICE

I declare that I am employed in San Ramon, California. I am over the age of 18 years and not a party to this action. My business address is 2000 Crow Canyon Place, Suite 330, San Ramon, CA 94583. On this date, with this Proof of Service, I caused to be served the attached document(s) entitled:

**Case No. 3:07-cv-03991-EMC - GALINDO v FINANCO FINANCIAL, ET AL:**
**ANSWER OF DEFENDANT COMMONWEALTH LAND TITLE COMPANY TO SECOND AMENDED COMPLAINT**

on the following party(ies), as listed below:

**SEE ATTACHED SERVICE LIST**

The following is the procedure in which service of this document(s) was effected:

\_xx\_  **By Mail:**  I caused such envelope to be deposited in the mail at San Ramon, California with postage thereon fully prepaid in the designated area for outgoing mail in accordance with this office's practice, whereby mail is deposited in a U.S. mailbox in San Ramon, California at the close of the business day.

\_\_\_\_  **By Fax:**  I caused a copy of the above named documents to be transmitted via facsimile to the facsimile number of the offices of the addressee(s) as indicated above. The facsimile machine used complied with California Rule of Court §2003, and no error was reported by the facsimile machine.

\_\_\_\_  **By Overnight Delivery:**  I enclosed the above listed documents in an envelope or package provided by an overnight delivery carrier and addressed to the person at the address listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

\_\_\_\_  **By Personal Service:**  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service.

I hereby declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 8, 2008 in San Ramon, California.

/s/ *Cheryl J. McAlice*

Cheryl J. McAlice

**SERVICE LIST**

| | |
|---|---|
| **Counsel for Plaintiffs Maria Galindo and Rosa Galindo** <br> Daniel R. Weltin, Esq. <br> Brian E. Kerss, Esq. <br> Philip R. Weltin, Esq. <br> Weltin Law Office, P.C. <br> 1432 Martin Luther King, Jr. Way <br> Oakland, CA 94612 <br> Tele: 510-251-6060 <br> Email: drweltin@weltinlaw.com <br>         bkerss@weltinlaw.com <br>         pweltin@weltinlaw.com | **Counsel for Defendant Homecomings Financial, LLC erroneously sued as Homecomings Financial Network** <br> Frederick A. Haist, Esq. <br> Palmer, Lombardi & Donohue LLP <br> 888 West 6th Street, 12th Floor <br> Los Angeles, CA 90017 <br> Tele: (213) 688-0430 <br> Fax:  (213) 688-0440 <br> Email: fhaist@pldlawyers.com |

**Counsel for Defendants Financo Financial Inc., Ahmed Yama Asefi, and Aaroon Sadat**
Scott Hammel, Esq.
Litigation Advocates Group
1990 N. California Blvd., Ste. 830
Walnut Creek, CA 94596
Tele: (925) 932-7038
Fax:  (925) 932-8043
Email: shammel@astound.net

**Counsel for Defendant Countrywide Bank, N.A.**
Heather S. Orr, Esq.
John W. Amberg, Esq.
Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, CA 90401
Tele: (310) 576-2100
Fax:  (310) 576-2200
Email: jwamberg@bryancave.com
Email: heather.orr@bryancave.com

---

10

**ANSWER OF DEFENDANT COMMONWEALTH LAND TITLE COMPANY**
**TO SECOND AMENDED COMPLAINT**
Case No.: 3:07-cv-03991-EMC