1  SCOTT HAMMEL, ESQ. (SBN: 114911)
   LITIGATION ADVOCATES GROUP
2  1990 N. California Blvd., Suite 830
   Walnut Creek, CA 94596
3  Telephone: (925) 932-7038
   Facsimile: (925) 932-8043
4
   Attorneys for Defendants
5  FINANCO FINANCIAL, INC.,
   AHMED YAMA ASEFI, and
6  AAROON SADAT

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | ROSA GALINDO, MARIA GALINDO, | **Case No. 3:07-cv-3991-MJJ** |
12 | Plaintiffs, | **NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
13 | vs. | |
14 | FINANCO FINANCIAL, INC.; PATRICK PATCHIN; AHMED YAMA ASEFI; AAROON SADAT; NAZIA NAWABZADA; COUNTRYWIDE BANK, N.A.; COUNTRYWIDE FINANCIAL CORP.; HOMECOMINGS FINANCIAL NETWORK; COMMONWEALTH LAND TITLE COMPANY; JOSEPH ESQUIVEL; PAMELA SPIKES; and DOES 1-100; | DATE: February 26, 2008<br>TIME: 9:30 a.m.<br>COURT: Courtroom 11, 19th Floor<br>450 Golden Gate Ave.<br>San Francisco, CA |
15 | | |
16 | | |
17 | | |
18 | | |
19 | Defendants. | |

20

**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................... ii

NOTICE OF MOTION AND MOTION ............................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................... 3

I.   INTRODUCTION ...................................................... 3

II.  ARGUMENT .......................................................... 4

     A.  LEGAL STANDARD ............................................... 4

     B.  THE COURT SHOULD DISMISS THE THIRD CAUSE OF ACTION FOR ALLEGED VIOLATION OF TILA BECAUSE FINANCO IS NOT A "CREDITOR" UNDER TILA ............................................. 5

     C.  THE COURT SHOULD DISMISS PLAINTIFFS' CLAIM BASED ON ALLEGED FAILURE TO PROVIDE DISCLOSURES TO PLAINTIFFS BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION UNDER SECTION 4 OF RESPA ..................................................... 6

     D.  THE COURT SHOULD DISMISS THE FRAUD CAUSES OF ACTION AGAINST SADAT AND ASEFI BECAUSE PLAINTIFFS HAVE FAILED TO ALLEGE ANY SPECIFIC CONDUCT BY SADAT OR ASEFI IN PATCHIN'S ALLEGED FRAUDULENT SCHEME ................................... 6

     E.  THE COURT SHOULD DISMISS ALL CLAIMS AGAINST SADAT AND ASEFI UNDER PLAINTIFFS' ALTER EGO THEORY BECAUSE PLAINTIFFS HAVE PLED ONLY CONCLUSORY ALLEGATIONS OF ALTER EGO ....................................................... 8

     F.  THE COURT SHOULD DISMISS PLAINTIFFS' NINTH CAUSE OF ACTION FOR ALLEGED VIOLATION OF THE CLRA FOR FAILURE TO STATE A VALID CLAIM .................................................... 8

         1.  The Court Should Dismiss Plaintiffs' Claim under the CLRA Because Plaintiffs Have Not Alleged Compliance with the Strict Pre-litigation Notice Requirements of the CLRA ........................ 8

         2.  The Court Should Dismiss Plaintiffs' Claim under the CLRA Because the CLRA Does Not Apply to Mortgage Loan Transactions ............. 9

     G.  PLAINTIFFS' CIVIL CONSPIRACY CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO ALLEGE FACTS SHOWING THAT DEFENDANTS KNEW OF PATCHIN'S PLANNED FRAUD OR THAT THEY INTENDED TO AID IN ITS COMMISSION .................... 11

     H.  THE COURT SHOULD DISMISS THE THIRTEENTH CAUSE OF ACTION AGAINST THE BROKER DEFENDANTS FOR ALLEGED VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1632 BECAUSE THE REMEDIES PLAINTIFFS SEEK DO NOT INVOLVE THE BROKER DEFENDANTS ... 12

III. CONCLUSION ....................................................... 12

# TABLE OF AUTHORITIES

**CASES**

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal. 4th 503 (1994) .................. 11

*Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955 (2007) ........................... 4

*Berry v. Am. Exp. Pub., Inc.*, 147 Cal. App. 4th 224 (2007) ............................ 9, 10

*Bloom v. Martin*, 865 F. Supp. 1377 (N.D. Cal. 1994) ................................... 6

*Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969 (9th Cir. 2004) ........................... 4

*Conley v. Gibson*, 355 U.S. 41 (1957) ................................................ 4

*Conrad v. Bank of America*, 45 Cal. App. 4th 133 (1996) ................................ 6

*Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1997) ....................................... 7

*Deerman v. Fed. Home Loan Mortg. Corp.*, 955 F. Supp. 1393 (N.D. Ala. 1997) ........... 10

*Haeger v. Johnson*, 25 Or. App. 131 (1976) .......................................... 10

*Hokama v. E.F. Hutton & Co.*, 566 F. Supp. 636 (N.D. Cal. 1983) ....................... 8

*Howard v. Am. Online Inc.*, 208 F.3d 741 (9th Cir. 2000) ........................ 4, 11 n.1

*Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181 (S.D. Cal. 2005) ..................... 9

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir. 1989) ................... 7

*NL Indus., Inc. v. Kaplan*, 792 F.2d 896 (9th Cir.1986) ................................. 4

*Noel v. Fleet Fin., Inc.*, 971 F. Supp. 1102 (E.D. Mich. 1997) ............................ 5

*Outboard Marine Corp. v. Superior Court,* 52 Cal. App. 3d 30 (1975) .................... 9

*Parks School of Bus., Inc. v. Symington*, 51 F.3d 1480 (9th Cir.1995) .................... 4

*Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169 (Tex. 1980) ............................ 10

*Robey-Harcourt v. Bencorp Fin. Co.*, 326 F.3d 1140 (10th Cir. 2003) ..................... 5

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ................................... 7

*Semegen v. Weidner*, 780 F.2d 727 (9th Cir. 1985) .................................... 7

*Sexton v. Barry*, 233 F.2d 220 (6th Cir. 1956) ........................................ 4

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ........................ 4

*Tuchman v. DSC Communications Corp.*, 14 F.3d 1061 (5th Cir. 1994) ................... 4

*United States v. Investors Diversified Serv.,* 102 F. Supp. 645 (D. Minn. 1951) ........... 10

1  *Viernes v. Executive Mort., Inc.*, 372 F. Supp. 2d 576 (D. Haw. 2004) . . . . . . . . . . . . . . . . . . . . . 5

2  *Von Grabe v. Sprint,* 312 F. Supp. 2d 1285 (S.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

3  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . 4

4  *Wyatt v. Union Mortg. Co.,* 24 Cal. 3d 773 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

5  **STATUTES AND RULES**

6  12 U.S.C. § 2603 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

7  15 U.S.C. § 1602(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

8  15 U.S.C. § 1602(aa) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

9  Federal Rule of Civil Procedure 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

10 Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

11 California Civil Code § 1632 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

12 California Civil Code § 1709 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

13 California Civil Code § 1761(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

14 California Civil Code § 1761(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15 California Civil Code § 1761(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

16 California Civil Code § 1782(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

17 **OTHER AUTHORITIES**

18 Witkin, 5 SUMMARY OF CALIFORNIA LAW 115 (2007), Knowledge and Intent § 47 . . . . . . . . . 11

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 26, 2008, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 11 of the above-captioned court, Honorable Martin J. Jenkins presiding, located at 450 Golden Gate Avenue, San Francisco, California, defendants FINANCO FINANCIAL, INC., AHMED YAMA ASEFI, and AAROON SADAT (collectively, "Defendants") will and hereby move the court for an order dismissing the following of plaintiffs' claims in the Second Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6):

1. The third cause of action for alleged violation of the Truth in Lending Act ("TILA") against FINANCO FINANCIAL, INC.
2. The fourth cause of action for alleged violation of the Real Estate Settlement Procedures Act ("RESPA") regarding Defendants' alleged failure to provide disclosures to Plaintiffs relating to Plaintiffs' loans.
3. The fifth cause of action for fraud (intentional misrepresentation) against defendants AHMED YAMA ASEFI and AAROON SADAT.
4. The sixth cause of action for fraud (concealment) against defendants AHMED YAMA ASEFI and AAROON SADAT.
5. The seventh cause of action for fraud (negligent misrepresentation) against defendants AHMED YAMA ASEFI and AAROON SADAT.
6. All causes of action against defendants AHMED YAMA ASEFI and AAROON SADAT based on an alter ego theory.
7. The ninth cause of action for alleged violation of the California Consumers Legal Remedies Act ("CLRA") against Defendants.
8. The twelfth cause of action for civil conspiracy against Defendants.
9. The thirteenth cause of action for alleged violation of California Civil Code Section 1632 against Defendants.

This motion is based upon this notice and motion, the accompanying memorandum of points

and authorities, the pleadings, files and records in this action, and on such further evidence and argument as may be submitted to the court in connection with the motion.

Dated:  January 11, 2008            LITIGATION ADVOCATES GROUP


                                    By:  _____
                                             SCOTT HAMMEL, ESQ.

                                    Attorneys for Defendants
                                    FINANCO FINANCIAL, INC., AHMED YAMA ASEFI,
                                    and AAROON SADAT

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants FINANCO FINANCIAL, INC. ("Financo"), AHMED YAMA ASEFI ("Asefi"), and AAROON SADAT ("Sadat") (collectively, "Defendants") submit this memorandum of points and authorities in support of their Rule 12(b)(6) motion to dismiss certain of Plaintiffs' claims in the Second Amended Complaint ("SAC") for failure to state a claim.

## I.    INTRODUCTION

This case arises out of Plaintiffs' mortgage loan transactions, allegedly brokered by Defendants. Plaintiffs allege that Patrick Patchin was employed by Financo and brokered three loans for Plaintiffs. SAC ¶¶ 14-15. Plaintiffs also allege that Patchin received $150,000 from plaintiff Rosa Galindo for the purchase of real property that allegedly does not exist. SAC ¶ 16. Plaintiffs allege that defendants Sadat and Asefi are liable under an alter ego theory. SAC ¶ 6.

Plaintiffs have filed a Second Amended Complaint, alleging 17 causes of action against 11 defendants, including 100 Does. Defendants Financo, Asefi and Sadat move the Court for an order dismissing the following causes of action:

1. The third cause of action for alleged violation of the Truth in Lending Act ("TILA") against Financo (SAC ¶¶ 31-37).

2. The fourth cause of action for alleged violation of the Real Estate Settlement Procedures Act ("RESPA") regarding Defendants' alleged failure to provide disclosures to Plaintiffs relating to Plaintiffs' loans (SAC ¶¶ 38-44).

3. The fifth cause of action for fraud (intentional misrepresentation) against defendants Asefi and Sadat (SAC ¶¶ 45-54).

4. The sixth cause of action for fraud (concealment) against defendants Asefi and Sadat (SAC ¶¶ 55-66).

5. The seventh cause of action for fraud (negligent misrepresentation) against defendants Asefi and Sadat (SAC ¶¶ 67-73).

6. All causes of action against defendants Asefi and Sadat based on an alter ego theory.

7. The ninth cause of action for alleged violation of the California Consumers Legal

Remedies Act ("CLRA") against Defendants (SAC ¶¶ 81-90).

8. The twelfth cause of action for civil conspiracy against Defendants (SAC ¶¶ 103-105).

9. The thirteenth cause of action for alleged violation of California Civil Code Section 1632 against Defendants (SAC ¶¶ 106-108).

For the following reasons, the Court should grant Defendants' motion to dismiss the foregoing causes of action in the Second Amended Complaint.

## II. ARGUMENT

### A. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986); *Parks School of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). However, courts should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In addition, to withstand a motion to dismiss, "a plaintiff must plead specific facts, not mere conclusory allegations." *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see also, e.g., Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (stating that a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (same); *Howard v. Am. Online Inc.*, 208 F.3d 741, 750 (9th Cir. 2000) ("conclusory allegations are insufficient to preclude dismissal"); and *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956) ("mere conclusions of the pleader are not accepted as true").

Moreover, a motion to dismiss should be granted if plaintiffs fail to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007); *see also id.* at 1969 (abrogating the "no set of facts" rule in *Conley v. Gibson*, 355 U.S. 41 (1957)).

**B.   THE COURT SHOULD DISMISS THE THIRD CAUSE OF ACTION FOR ALLEGED VIOLATION OF TILA BECAUSE FINANCO IS NOT A "CREDITOR" UNDER TILA**

The Court should dismiss Plaintiffs' third cause of action for alleged violation of TILA against Financo because Plaintiffs have failed to allege facts establishing the requisite elements that Financo is a "creditor" under TILA. Instead, Plaintiffs merely allege the legal conclusion that Financo is a creditor under TILA. *See* SAC ¶ 32 ("Defendants Countrywide, Homecomings and Financo are creditors within the meaning of the Trust in Lending Act (TILA), 15 U.S.C. § 1601, et seq., as implemented by Regulation Z.") Conclusory allegations are insufficient to withstand a motion to dismiss. *Howard v. Am. Online Inc.*, 208 F.3d 741, 750 (9th Cir. 2000).

The term "creditor" is defined in TILA (15 U.S.C. § 1602(f)) as follows:

> The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement. . . . Any person who originates 2 or more mortgages referred to in subsection (aa) of this section in any 12-month period or any person who originates 1 or more such mortgages through a mortgage broker shall be considered to be a creditor for purposes of this subchapter.

As to the first part of the definition of "creditor," federal courts have held that a mortgage loan broker is not a "creditor" under TILA because they generally (1) do not extend credit and (2) are not the persons to whom Plaintiffs' obligation is payable. *Noel v. Fleet Fin., Inc.*, 971 F. Supp. 1102, 1109 (E.D. Mich. 1997) (granting motion to dismiss TILA claim absent allegations that broker presented itself as a creditor or that it is a party to whom any obligation was initially payable), *Viernes v. Executive Mort., Inc.*, 372 F. Supp. 2d 576, 583 (D. Haw. 2004) (granting summary judgment on TILA claim in favor of mortgage broker); *Robey-Harcourt v. Bencorp Fin. Co.*, 326 F.3d 1140, 1142 (10th Cir. 2003) (same). Here, Plaintiffs have failed to allege that Financo (1) regularly extends credit and (2) was the person to whom Plaintiffs' obligation was payable.

As to the last part of the "creditor" definition, Plaintiffs have not alleged that Financo ever originated a mortgage of the kind referred to in 15 U.S.C. Section 1602(aa) (referring to "high-fee loans" where "the total points and fees payable by the consumer at or before closing will exceed the

1  greater of (i) 8 percent of the total loan amount, or (ii) $400"). Thus, Financo is not a "creditor" as
2  that term is defined in TILA.

3        The court should, therefore, grant Defendants' motion and dismiss Plaintiffs' third cause of
4  action for alleged violation of TILA against Financo.

**C.   THE COURT SHOULD DISMISS PLAINTIFFS' CLAIM BASED ON ALLEGED FAILURE TO PROVIDE DISCLOSURES TO PLAINTIFFS BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION UNDER SECTION 4 OF RESPA**

8        Plaintiffs allege in the fourth cause of action for alleged violation of RESPA that "Financo
9  failed to provide the disclosures required by RESPA in an accurate and timely manner, including the
10 HUD-1 form required under 12 U.S.C. § 2603 and Regulation X." *See* SAC ¶ 43. However, there
11 is no private right of action for failure to provide such disclosures to borrowers under Section 4 of
12 RESPA (12 U.S.C. § 2603). *See Bloom v. Martin*, 865 F. Supp. 1377, 1385 (N.D. Cal. 1994)
13 ("[T]he Court finds that there is no private right of action under 12 U.S.C. § 2603.") Accordingly,
14 the Court should dismiss Plaintiffs' RESPA claim against Financo regarding the alleged failure to
15 provide disclosures required by RESPA.

**D.   THE COURT SHOULD DISMISS THE FRAUD CAUSES OF ACTION AGAINST SADAT AND ASEFI BECAUSE PLAINTIFFS HAVE FAILED TO ALLEGE ANY SPECIFIC CONDUCT BY SADAT OR ASEFI IN PATCHIN'S ALLEGED FRAUDULENT SCHEME**

19       Plaintiffs generally allege causes of action for fraud against Sadat and Asefi for intentional
20 misrepresentation (fifth cause of action), concealment (sixth cause of action), and negligent
21 misrepresentation (seventh cause of action). Instead, Plaintiffs only allege specific conduct of fraud
22 by defendant Patchin. *See* SAC ¶¶ 13-16 (describing Patchin's dealings and alleged
23 misrepresentations to plaintiffs). There are no specific allegations which, at a minimum, would
24 identify the role of defendants Sadat and Asefi in Patchin's alleged fraudulent scheme.

25       California Civil Code Section 1709 imposes liability for fraud on "one who willfully deceives
26 another with intent to induce him to alter his position to his injury or risk." In order to establish a
27 cause of action for fraud, plaintiffs must plead and prove misrepresentation, knowledge of falsity,
28 intent to induce reliance, justifiable reliance, and resulting damage. *See Conrad v. Bank of America*,

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF      6

45 Cal. App. 4th 133,156 (1996). Fraud claims are subject to the additional Federal Rule of Civil Procedure 9(b) requirement that "the circumstances constituting fraud or mistake shall be stated with particularity." This rule requires that claims of fraud include the "who, what, when, where, and how" of the alleged misconduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). The averments must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

In *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007), the court affirmed the dismissal of a fraud claim against two of the defendants, Presidio and DB, because the plaintiffs failed to adequately plead that Presidio and DB made misrepresentations. The complaint alleged generally that the defendants engaged in fraudulent conduct and that two defendants, KPMG and B&W, made misrepresentations. *Id.* The complaint also alleged that Presidio and DB were part of a conspiracy with KPMG and B&W, and that Presidio and DB were the agents of KPMG and B&W. *Id.* Plaintiff therefore argued that Rule 9(b) was satisfied with respect to the fraud claims against Presidio and DB. *Id.* The court disagreed because in a fraud suit the plaintiffs must, at a minimum, "identify the role of each defendant in the alleged fraudulent scheme." *Id.* (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (internal brackets omitted)).

Here, as in *Swartz*, Plaintiffs generally allege fraud against all the "broker" defendants, but only allege that Patchin made certain misrepresentations to plaintiffs. Plaintiffs fail to allege that Sadat or Asefi made any misrepresentation to Plaintiffs. Further, Plaintiffs fail to allege with particularity any facts showing that either Sadat or Asefi were even aware of the loan transaction, let alone participated in any aspect of the brokering of the loan. Given Rule 9(b)'s requirement of particularity in pleading fraud, Plaintiffs' general allegations of agency, conspiracy and alter ego are not enough to sustain a claim of fraud against Sadat and Asefi. Because Plaintiffs have failed to allege with particularity any wrongful conduct by Asefi or Sadat, the Court should grant their motion to dismiss Plaintiffs' fifth, sixth and seventh causes of action against them for fraud.

**E. THE COURT SHOULD ALSO DISMISS ALL CLAIMS AGAINST SADAT AND ASEFI UNDER PLAINTIFFS' ALTER EGO THEORY BECAUSE PLAINTIFFS HAVE PLED ONLY CONCLUSORY ALLEGATIONS OF ALTER EGO**

Plaintiffs allege in legal conclusory terms that Sadat and Asefi, as "officers and/or agents of Financo," were the alter ego of Financo such that the corporate form should be disregarded *See* SAC ¶ 6. Conclusory allegations of alter ego status will not survive a motion to dismiss. *See Hokama v. E.F. Hutton & Co.*, 566 F. Supp. 636, 647 (N.D. Cal. 1983). Because Plaintiffs' generalized allegations are insufficient, the Court should dismiss all causes of action against Sadat and Asefi based on an alter ego theory.

**F. THE COURT SHOULD DISMISS PLAINTIFFS' NINTH CAUSE OF ACTION FOR ALLEGED VIOLATION OF THE CLRA FOR FAILURE TO STATE A VALID CLAIM**

The Court should dismiss Plaintiffs' ninth cause of action for alleged violation of the CLRA because (1) Plaintiffs have failed to comply with the strict pre-litigation notice requirements of the CLRA and (2) as a matter of California law, the loan transaction involved in this case does not give rise to any claim under the CLRA.

**1. The Court Should Dismiss Plaintiffs' Claim under the CLRA Because Plaintiffs Have Not Alleged Compliance with the Strict Pre-litigation Notice Requirements of the CLRA**

Plaintiffs' ninth cause of action for alleged violation of the CLRA fails to state a claim because Plaintiffs have not alleged compliance with the strict pre-litigation notice requirements of the CLRA. California Civil Code Section 1782(a) requires that:

> (a) Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:
>
> (1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770.
>
> (2) Demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770.
>
> The notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California.

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

8

California courts require "strict" compliance with Section 1782. *See Outboard Marine Corp. v. Superior Court,* 52 Cal. App. 3d 30, 40-41 (1975) (the notice requirements "may only be accomplished by a literal application of the notice provisions.") Failure of a plaintiff to serve a valid and timely notice under Section 1782 requires a dismissal of a plaintiff's CLRA claim ***with prejudice***. *See Von Grabe v. Sprint,* 312 F. Supp. 2d 1285, 1304-05 (S.D. Cal. 2003) (citing *Outboard Marine*); and *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1195-1196 (S.D. Cal. 2005) (Section 1782 "scrupulously prohibits any action for damages unless its notice provisions are met.")

Here, Plaintiffs allege that they "concurrently with the filing of the Complaint have served Financo . . . a Consumers Legal Remedies Act notification and demand letter via certified return receipt requested U.S. Mail" *See* SAC ¶ 88. Plaintiffs' alleged service of a CLRA notice ***concurrently*** with the filing of their complaint fails to comply with Section 1782 because it was not made "thirty days or more prior to the commencement of an action for damages pursuant to [the CLRA]." Civ. Code § 1782(a).

Because Plaintiffs' allegations show that they have failed to comply with the strict pre-litigation notice requirements of Section 1782, the Court should dismiss Plaintiffs' CLRA claim with prejudice.

### 2. The Court Should Dismiss Plaintiffs' Claim under the CLRA Because the CLRA Does Not Apply to Mortgage Loan Transactions

Plaintiffs' CLRA claim also fails to state a claim because the CLRA does not cover claims involving a credit transaction, such as a mortgage loan. *See Berry v. Am. Exp. Pub., Inc.*, 147 Cal. App. 4th 224 (2007), *review denied by California Supreme Court* (May 16, 2007). The court in *Berry* held that the express language of the CLRA does not apply to a credit transaction unless it is intended to result in sale or lease of goods or services to a consumer. *Id.* at 228. The CLRA defines "goods" to mean "tangible chattels" (Civ. Code § 1761(a)); "services" to mean "work, labor, and services" (Civ. Code § 1761(b)); and "consumer" to mean "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family or household purposes" (Civ. Code § 1761(d)). A loan is not "tangible chattels," nor is it "work, labor and services." *Berry*, 147 Cal.

1  App. 4th at 229-31.  Further, loans are not "sold or leased" to a borrower.  *See, e.g., United States*
2  *v. Investors Diversified Serv.,* 102 F. Supp. 645, 647 (D. Minn. 1951) ("It is difficult to conceive of
3  a transaction for a loan of money as being a lease, sale, or contract for sale of a commodity.
4  Certainly, a loan is not a sale in the usual business sense. . . . Nor is money "leased" in the usual
5  sense of that term.  When money is loaned, only its equivalent, not the article or thing loaned, is to
6  be returned.")  By its explicit terms, because loan transactions are not "goods" or "services" under
7  the CLRA, Plaintiffs cannot be considered "consumers" under the CLRA.

8        The court in *Berry* also reviewed the legislative history of the CLRA and concluded that
9  transactions involving "credit or money" were not intended to be covered by the CLRA.  *Id.* at 231
10 ("[T]he Legislature's deletion of the terms " money" and "credit" from CLRA's definition of
11 "consumer" strongly counsels us not to stretch the provision to include extensions of credit unrelated
12 to the purchase of any specific good or service.").  The *Berry* court found that its holding was
13 "consistent with a number of other courts in states with consumer protection statutes very similar
14 to CLRA, which have denied coverage to credit transactions which occur separately from any
15 specific purchase of goods or services." *Id.* at 233 n.3, citing *Riverside Nat'l Bank v. Lewis,* 603
16 S.W.2d 169, 174 (Tex. 1980) (a loan unconnected with any specific good or service is not covered
17 under the Texas Deceptive Trade Practices Act); *Deerman v. Fed. Home Loan Mortg. Corp.*, 955
18 F. Supp. 1393, 1399 (N.D. Ala. 1997) (a mortgage loan is not a "good" or "service" under Alabama
19 Deceptive Trade Practices Act); *Haeger v. Johnson*, 25 Or. App. 131, 135 (1976) (a loan is not a
20 sale of goods or services under Oregon's Unlawful Trade Practices Act).  Thus, the court in *Berry*
21 concluded that "neither the express text of CLRA nor its legislative history supports the notion that
22 credit transactions separate and apart from any sale or lease of goods or services are covered under
23 the act." *Id.* at 233.

24       Here, contrary to *Berry*, Plaintiffs allege that the "loans at issue constitute a service sold to
25 Plaintiffs primarily for personal, family or household purposes pursuant to California Civil Code §

1761(b)." *See* SAC ¶ 83.[1] However, under *Berry*, Plaintiffs' loans do not fall under the CLRA because they are credit transactions that are separate and apart from any sale or lease of goods or services." Further, Plaintiffs do not allege (because they cannot do so truthfully) that the loans were made in connection with the sale or lease of any goods or services. Because the CLRA does not apply to credit transactions such as the mortgage loans in this case, Plaintiffs' ninth cause of action for alleged violation of the CLRA fails to state a valid claim as a matter of law.

### G. PLAINTIFFS' CIVIL CONSPIRACY CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO ALLEGE FACTS SHOWING THAT DEFENDANTS KNEW OF PATCHIN'S PLANNED FRAUD OR THAT THEY INTENDED TO AID IN ITS COMMISSION

Plaintiffs allege a twelfth cause of action for civil conspiracy against all defendants. Conspiracy is a "a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Witkin, 5 SUMMARY OF CALIFORNIA LAW 115 (2007), Knowledge and Intent § 47, quoting *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal. 4th 503, 510 (1994). There must be a showing of knowledge of the planned tort and intent to aid in its commission. *Id.*, citing *Wyatt v. Union Mortg. Co.,* 24 Cal. 3d 773, 784 (1979).

Plaintiffs' conspiracy claim is based on defendants' "misrepresenting the actual nature and terms of the loan documents." *See* SAC ¶ 104. Thus, Plaintiffs' conspiracy claim is based on fraudulent conduct and, therefore, is subject to Rule 9(b)'s heightened standard of pleading. As shown above, Plaintiffs have failed to adequately allege fraud against Sadat and Asefi. Moreover, Plaintiffs have failed to allege any specific facts showing that either Sadat or Asefi had knowledge of Patchin's planned fraud or that they intended to aid in its commission. Accordingly, the Court should dismiss Plaintiffs' civil conspiracy claim against Sadat and Asefi.

---

[1] This is a legal conclusion which is not entitled to a presumption of truth for purposes of a motion to dismiss. *See Howard v. Am. Online Inc.*, 208 F.3d 741, 750 (9th Cir. 2000) ("conclusory allegations are insufficient to preclude dismissal").

**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** 11

1
2
3

**H. THE COURT SHOULD DISMISS THE THIRTEENTH CAUSE OF ACTION AGAINST THE BROKER DEFENDANTS FOR ALLEGED VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1632 BECAUSE THE REMEDIES PLAINTIFFS SEEK DO NOT INVOLVE THE BROKER DEFENDANTS**

Plaintiffs allege in the thirteenth cause of action under California Civil Code Section 1632 that the "Broker Defendants failed to provide any disclosures in the Spanish language despite the fact that the loans were negotiated primarily in Spanish." *See* SAC ¶ 107. In that cause of action, Plaintiffs seek a remedy against "said Defendants" to "allow plaintiffs to rescind such loans." *See* SAC ¶ 108. However, Plaintiffs allegations regarding "such loans" indicate that the Broker Defendants were not parties to any of the loans to Plaintiffs that are the subject of this lawsuit. *See* SAC ¶ 14 (identifying Homecomings as lender on two loans to Rosa Galindo); *id.* ¶ 15 (identifying Countrywide as lender on loan to Maria Galindo). Rather, the relief requested in the thirteenth cause of action appears to be sought against only the defendant lenders in this case. To the extent, Plaintiffs are seeking any relief against Financo, Sadat or Asefi in the thirteenth cause of action, the Court should grant Defendants' motion to dismiss.

**III. CONCLUSION**

For the reasons set forth herein, Defendants request the Court to grant their motion to dismiss and enter an order dismissing the causes of action against them as identified in their notice of motion of dismiss and this memorandum of points and authorities.

Dated: January 11, 2008                    LITIGATION ADVOCATES GROUP


                                           By: _____
                                                SCOTT HAMMEL, ESQ.

                                           Attorneys for Defendants
                                           FINANCO FINANCIAL, INC.;
                                           AHMED YAMA ASEFI;
                                           AAROON SADAT