E. Scott Palmer, Esq., SBN 155376
Email: spalmer@pldlawyers.com
Frederick A. Haist, Esq., SBN 211322
Email: fhaist@pldlawyers.com
PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017
Phone: (213) 688-0430
Fax: (213) 688-0440

Attorneys for Defendant Homecomings Financial, LLC erroneously sued as Homecomings Financial Network

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rosa Galindo; Maria Galindo,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>Financo Financial, Inc.; Patrick Patchin; Ahmed Yama Asefi; Aaroon Sadat and Nazia Nawabzada; Countrywide Bank, N.A.; Countrywide Financial Corp.; Homecomings Financial Network; Commonwealth Land Title Company; Joseph Esquivel; Pamela Spikes; and Does 1-100,<br><br>　　　　Defendants. | Case No. 3:07-CV-3991 MJJ<br><br>**DEFENDANT HOMECOMINGS FINANCIAL, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS CLAIMS FROM PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>[RULE 12(b)(6)]<br><br>DATE:　　February 26, 2008<br>TIME:　　9:30 a.m.<br>PLACE:　　Courtroom 11 |

///
///
///
///
///
///
///
///

## TABLE OF CONTENTS

I.  INTRODUCTION ...................................................................................................1

II. ALLEGATIONS SET FORTH IN THE SECOND AMENDED COMPLAINT ...................................................................................................1

III. THE SPECIFIED CLAIMS AGAINST HOMECOMINGS SHOULD BE DISMISSED BECAUSE THEY DO NOT STATE A BASIS FOR RELIEF ...................................................................................3

    A. Legal Standard for a Motion to Dismiss ..................................................3

    B. Rosa Galindo's Second Claim for Negligence Against Homecomings Is Not Allowed Under California Law ........................4

    C. Rosa Galindo's Third Claim for Violation of TILA is Invalid............6

        1. Rosa Galindo's TILA Claim is Barred by the Statute of Limitations ................................................................................6

        2. TILA Does Not Apply to Rosa Galindo's Loans .......................7

    D. RESPA Does Not Apply to Rosa Galindo's Loans so her Fourth Claim for Violation of RESPA Is Invalid ...............................8

    E. Rosa Galindo's Ninth Cause of Action for Violation of the CLRA Does Not Apply Because: 1) a Mortgage Loan is Not a Good or Service Under the Statute, 2) a Mortgage Loan is Not a Consumer Transaction and 3) a Mortgage Loan Is Not Obtained Through a Sale or Lease ......................................................8

        1. The CLRA Does Not Apply Because a Mortgage Loan Is Not a Good or Service ............................................................8

        2. The CLRA Does Not Apply Because a Mortgage Loan Is Not a Consumer Transaction ..................................................11

        3. The CLRA Does Not Apply Because a Mortgage Loan Is Not Obtained Through a Sale or Lease ...............................11

    F. Rosa Galindo Has Not Alleged Facts to State Her Twelfth Claim for Civil Conspiracy ........................................................................12

IV. CONCLUSION ...................................................................................................13

- i -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

# TABLE OF AUTHORITIES

**Cases**

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*,
  7 Cal.4th 503, 510, 28 Cal.Rptr.2d 475 (1994)..................................................5, 12, 13

*Bell Atlantic Corp. v. Twombly*,
  127 S.Ct. 1955, 1974 (2007) ................................................................................3, 4

*Berry v. American Exp. Publishing, Inc.*,
  147 Cal.App.4th 224, 228, 54 Cal.Rptr.3d 91 (2007)..................................8, 9, 10

*Brown v. California Pension Administration & Consultants, Inc.*,
  45 Cal.App.4th 333, 346, 52 Cal.Rptr.2d 788 (1996)..........................................4, 5

*Cholla Readimix, Inc. v. Civish*,
  382 F.3d 969, 973 (9th Cir. 2004)........................................................................4, 7

*Clegg v. The Clerk's Awareness Network*,
  18 F.3d 752, 754-755 (9th Cir. 1994) .................................................................4, 10

*Copesky v. Superior Court*,
  229 Cal.App.3d 678, 693, n.14 (Cal. Ct. App. 1991) ..............................................6

*Erlich v. Menezes*,
  21 Cal.4th 543, 551, 87 Cal.Rptr.2d 886 (1999).......................................................4

*Foley v. Interactive Data Corp.*,
  47 Cal.3d 654, 254 Cal.Rptr. 211 (1998)...............................................................4, 5

*Gombosi v. Carteret Mortg. Corp.*,
  894 F.Supp. 176, 180 (E.D. Penn. 1995) .................................................................7

*Ileto v. Glock Inc.*,
  349 F.3d 1191, 1199-1200 (9th Cir. 2003) ..............................................................3

*Kidron v. Movie Acquisition Corp.*,
  40 Cal.App.4th 1571, 1582, 47 Cal.Rptr.2d 752 (1995).................................12, 13

*Lupertino v. Carbahal*,
  35 Cal. App.3d 742, 747-748, 111 Cal.Rptr. 112 (1973) ......................................11

*McKell v. Washington Mut., Inc.*,
  142 Cal.App.4th 1457, 1488, 49 Cal.Rptr.3d 227 (2006).......................................10

*Monterey S. Partnership v. W.L. Bangham, Inc.*,
  49 Cal.3d 454, 460, 261 Cal. Rptr. 587 (1989)........................................................11

*Nymark v. Hart Federal Savings & Loan Assoc.*,
  231 Cal.App.3d 1089, 1092, n.1 (1991)....................................................................5

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

*Poe v. First Nat. Bank of DeKalb County*,
  597 F.2d 895, 896 (5th Cir. 1979) (*citing* 15 U.S.C §1603(1)
  and 12 C.F.R. §226.3(a)) .................................................................................. 7

*Price v. Wells Fargo Bank,*
  213 Cal.App.3d 465, 476 (1989) ...................................................................... 6

*Rich v. State Board of Optometry,*
  235 Cal.App.2d 591, 607, 45 Cal.Rptr. 512 (1965)) ........................................ 9

*Robinson Helicopter Co., Inc.,*
  34 Cal.4th 979, 988, 22 Cal.Rptr.3d 352 (2004) (*quoting Rich
  Products Corp. v. Kemutee, Inc.,* 66 F.Supp.2d 937, 969
  (E.D. Wis. 1999)) .............................................................................................. 4

*Santa Monica Rent Control Bd. v. Bluvshtein,*
  230 Cal. App. 3d 308, 316, 281 Cal.Rptr. 298 (1991) .................................... 12

*Sapenter v. Dreyco, Inc.,*
  326 F.Supp. 871, 873 -874 (D. La. 1971), *affirmed* 450 F.2d 941,
  *certiorari denied* 92 S.Ct. 1775, 406 U.S. 920, 32 L.Ed.2d 120 ..................... 7

*Taylor v. F.D.I.C.*,
  132 F.3d 753, 762 (D.C. Cir. 1997) .................................................................. 7

*U.S. v. Investors Diversified Services*,
  102 F.Supp. 645, 647 (D.C. Minn. 1952) ....................................................... 12

*Wilson v. City of Laguna Beach,*
  6 Cal.App.4th 543, 555, 7 Cal.Rptr.2d 848 (1992) .......................................... 9

**Statutes**

12 U.S.C. §2606(a) .................................................................................................. 8

12 U.S.C. §2606(b) .................................................................................................. 8

15 U.S.C. §1640(e) .................................................................................................. 6

Bus. and Prof. Code §17200 .................................................................................... 2

Civ. Code §1760 ...................................................................................................... 8

Civ. Code §1761(d) ............................................................................................ 9, 11

Civ. Code §1770(a) ................................................................................. 8, 9, 10, 11

Civ. Code §1921 ...................................................................................................... 2

Civ. Code §2888 .................................................................................................... 11

Com. Code §2106 .................................................................................................. 11

Govt. Code §12955 .................................................................................................. 3

- iii -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

**Rules**

FEDERAL RULE OF COURT, RULE 12(b)(6) ................................................................................. 3

## I. INTRODUCTION

Plaintiff Rosa Galindo[1] re-financed two investment properties in Hayward, California in 2006, extracted nearly $500,000 to build another investment property in Tracy, California, and has now sued Homecomings Financial, LLC ("Homecomings") under myriad theories relating to her mortgages. However, for five of her claims, she has not established that she is entitled to relief. Her: 1) Second Claim for Negligence; 2) Third Claim for violation of the Truth In Lending Act ("TILA"); 3) Fourth Claim for violation of the Real Estate Settlement Procedures Act ("RESPA"); 4) Ninth Claim for Violation of the Consumers Legal Remedies Act ("CLRA"); and 5) Twelfth Claim for Civil Conspiracy fail to state facts upon which relief can be granted. Her negligence claim fails because she cannot maintain a tort claim when the relationship between her and Homecomings is governed by a contract. Her TILA claim is barred by the statute of limitations. Her TILA and RESPA claims also fail because the loan transactions were for business purposes, not consumer transactions. Her CLRA claim fails because the statute does not cover mortgage loans. And finally, her civil conspiracy claim fails because no such independent claim exists and she has not alleged a tort or any wrongful act attributable to Homecomings. The above claims should be dismissed, without allowing her leave to amend.

## II. ALLEGATIONS SET FORTH IN THE SECOND AMENDED COMPLAINT

Plaintiffs allege 17 causes of action against various defendants. However, only a few have been alleged against Homecomings, and those claims only involve Rosa Galindo. (*See, e.g.,* SAC ¶¶13, 14.) Rosa Galindo has alleged the following

---

[1] Plaintiff Maria Galindo has not alleged she was involved in any transactions with Defendant Homecomings Financial, LLC and, therefore, has not sued Homecomings.

- 1 -

claims against Homecomings: 1) Second Claim for Negligence; 2) Third Claim for violation of TILA; 3) Fourth Claim for violation of RESPA; 4) Ninth Cause of Action for Violation of the CLRA; 5) Twelfth Claim for Civil Conspiracy; 6) Sixteenth Claim for violation of California BUSINESS AND PROFESSIONS CODE §17200; and 7) Seventeenth Claim for violation of California CIVIL CODE §1921.

Rosa Galindo owns both a fourplex at 4646 Sheppard Avenue and a house on 27590 Manon Avenue in Hayward, California. (SAC ¶13.) She allegedly began receiving solicitations from mortgage brokers and agents (not Homecomings) to refinance the two properties. (SAC ¶13.) She planned to refinance the properties to obtain money to build a house in Tracy. (SAC ¶13.) Allegedly, Defendant mortgage broker Patchin came to Rosa Galindo with loan papers, rushed her into signing them and misrepresented and failed to discuss the true terms of the loans. (SAC ¶14.) Escrow on the loans closed on May 23, 2006. (SAC ¶14.)

Like many real estate speculators in 2006, Rosa Galindo was eager to leverage her existing investment properties to buy/build more property. She intended to use the re-finance funds from the houses to build a house in Tracy, California. (SAC ¶13.) Now however, she includes Homecomings with a group of other defendants and alleges a whole host of wrongdoings such as she allegedly never received copies of certain signed documents from the Defendants. (SAC ¶14.) Allegedly, the loans Rosa Galindo received did not have the same terms Defendant Patchin had stated to her earlier. (SAC ¶14.) Homecomings allegedly owed a duty of care to Plaintiffs to refrain from maintaining abusive lending practices and marketing abusive loan products. (SAC ¶28.) Homecomings allegedly breached its duty by failing to verify the name and license of brokers that sold loan products for it. (SAC ¶28.) Homecomings allegedly is a creditor within meaning of the TILA and violated the statute by failing to provide Plaintiffs with the required disclosures. (SAC ¶34.) Allegedly, any statutes of limitations were tolled. (SAC ¶34.) The loans between Rosa Galindo and Homecomings allegedly are federally regulated

- 2 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

mortgages subject to RESPA.  (SAC ¶39.)  The fees Rosa Galindo paid to Homecomings were allegedly unlawful, were kickbacks and not related to the services performed by the Defendants as required by RESPA.  (SAC ¶¶40-41.)  The loans allegedly constitute a service sold to Rosa Galindo for personal, family or household purposes.  (SAC ¶83.)  Homecomings allegedly paid kickback fees to Financo so that Financo would sell the loan products.  (SAC ¶87.)  Homecomings allegedly conspired against Rosa Galindo to accomplish an unlawful action by misrepresenting the actual nature and terms of the loans.  (SAC ¶104.)  Homecomings allegedly violated Business and Professions Code §17200 by failing to inform Rosa Galindo of the loan product available to her, failing to meet the RESPA requirements, violating the CLRA, violating the Fair Employment and Housing Act (California GOVT. CODE §12955 *et seq.*), and other violations of law.  (SAC ¶118.)  Homecomings allegedly failed to provide Rosa Galindo with a copy of the "Consumer Handbook on Adjustable Rate Mortgages."  (SAC ¶122.)

## III. THE SPECIFIED CLAIMS AGAINST HOMECOMINGS SHOULD BE DISMISSED BECAUSE THEY DO NOT STATE A BASIS FOR RELIEF

Homecomings moves to dismiss the 1) Second Claim for Negligence; 2) Third Claim for violation of TILA; 3) Fourth Claim for violation of RESPA; 4) Ninth Cause of Action for Violation of the CLRA; and 5) Twelfth Claim for Civil Conspiracy.

### A. Legal Standard for a Motion to Dismiss

A motion to dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE ("FRCP"), RULE 12(b)(6) tests the sufficiency of the complaint.  *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  The standard of reviewing the sufficiency of a complaint under FRCP RULE 12(b)(6) is broader than it was previously thought to be.  A complaint must allege enough facts to state a claim that is plausible, not merely conceivable.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  Moreover, "the court is not required to accept legal conclusions

cast in the form of factual allegations if those allegations cannot reasonably be drawn from the facts alleged." *Clegg v. The Clerk's Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994); *Cholla Readimix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir. 2004); *see also Twombly*, 127 S.Ct. at 1964-65.

### B. Rosa Galindo's Second Claim for Negligence Against Homecomings Is Not Allowed Under California Law

Rosa Galindo has alleged that Homecomings is a lender on her loans. (SAC ¶¶5, 28.) The borrower/lender relationship is one of the purest examples of the relationship governed by contracts. Decidedly, Rosa Galindo alleges she entered into the loans via written contracts. (SAC ¶14.) It is well established under California law that, in an action involving contractual relationships between parties, tort damages are not recoverable. The California Supreme Court, in *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 254 Cal.Rptr. 211 (1998), held that where relationships between parties are fundamentally contractual, contract, and not tort, damages are the appropriate remedy.

The case law confirms this principle. "[T]he economic loss rule 'prevent[s] the law of contract and the law of tort from dissolving one into the other.'" *Robinson Helicopter Co., Inc.,* 34 Cal.4th 979, 988, 22 Cal.Rptr.3d 352 (2004) (*quoting Rich Products Corp. v. Kemutee, Inc.,* 66 F.Supp.2d 937, 969 (E.D. Wis. 1999)). The court in *Erlich v. Menezes,* 21 Cal.4th 543, 551, 87 Cal.Rptr.2d 886 (1999) held that "conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law." In another previous decision, the court in *Brown v. California Pension Administration & Consultants, Inc.,* 45 Cal.App.4th 333, 346, 52 Cal.Rptr.2d 788 (1996), held that "the Supreme Court has rejected the transmutation of contract actions into tort actions 'in favor of a general rule precluding tort recovery for non-insurance contract breach, at least in the absence of violation of an "independent duty arising from principles of tort law."'" *Brown,* 45 Cal.App.4th at 346 (quoting

- 4 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

in part *Freeman & Mills v. Belcher Oil Company,* 11 Cal.4th 85, 44 Cal.Rptr.2d 42 (1995)).

In *Freeman & Mills v. Belcher Oil Company,* 11 Cal.4th 85, 44 Cal.Rptr.2d 42 (1995), the California Supreme Court reaffirmed the principle and held that tort theories of recovery are allowed in breach of contract actions in very limited situations. The *Freeman & Mills* court essentially held that the only situation in which a tort theory is allowed in a breach of contract situation is in the insurance area.

> Our decisions in *Foley, Hunter* and *Applied Equipment* each contain language that strongly suggest courts should limit tort recovery in contract breach situations to the insurance area, at least in the absence of violation of an independent duty arising from principles of tort law …

*Freeman & Mills v. Belcher Oil Company,* 11 Cal.4th 85, 95, 44 Cal.Rptr.2d 42 (1995). The court in *Freeman & Mills* also noted the "special relationship" particular to insurance companies and their insureds was the basis for allowing tort recovery:

> In holding that a tort action is available for breach of the covenant in an insurance contract, we have emphasized the 'special relationship' between insurer and insured, characterized by elements of public interest, adhesion and fiduciary responsibility.

*Freeman & Mills,* 11 Cal.4th at 91.

Rosa Galindo has failed to allege a violation of an independent duty arising from principles of tort law. Homecomings and Rosa Galindo's relationship is governed by contract. Homecomings is not her insurer. Thus, the "special relationship" noted within *Freeman & Mills* is absent here.

Moreover, Homecomings has no other special relationship with her, such as a fiduciary relationship. Case law holds that no fiduciary relationship exists as between a debtor and a creditor—it is black letter law that a lender does not owe a fiduciary duty to its borrower. *See, e.g.*, *Nymark v. Hart Federal Savings & Loan Assoc.*, 231 Cal.App.3d 1089, 1092, n.1 (1991) ("The relationship between a lending

1 institution and its borrower–client is not fiduciary in nature."); *Copesky v. Superior Court,* 229 Cal.App.3d 678, 693, n.14 (Cal. Ct. App. 1991) (cautioning against the "loose characterization" of financial relationships as fiduciary, quasi-fiduciary or fiduciary-like because, ordinarily, in these relationships, the bank is in no sense a true fiduciary); *Price v. Wells Fargo Bank,* 213 Cal.App.3d 465, 476 (1989) ("[I]t has long been regarded as 'axiomatic' that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor. A debt is not a trust and there is not a fiduciary relationship between the debtor and the creditor as such."). There simply is no basis for a tort claim of negligence against Homecomings; no amendment will salvage this claim and this motion to dismiss should be granted without leave to amend.

**C.    Rosa Galindo's Third Claim for Violation of TILA is Invalid**

**1.    Rosa Galindo's TILA Claim is Barred by the Statute of Limitations**

The statute of limitations for a TILA claim is one year. (15 U.S.C. §1640(e).) Rosa Galindo alleges that she signed the loan papers for both loans on or about May 17, 2006 and the escrow closed on or about May 23, 2006. (SAC ¶14.) Rosa Galindo filed her original complaint in state court on June 29, 2007 and it was removed to this court on August 2, 2007. Rosa Galindo's TILA claim is premised on the idea that she failed to receive the disclosures required by the statute. Thus, her claim would accrue on May 17, 2006 (or at the latest, on May 23, 2006, the date escrow closed) when she did not receive the documents. Simply, Rosa Galindo has not brought her action within one year of the date she executed the loan documents or when the escrow closed, so it is time-barred.

Rosa Galindo cannot allege, with a straight face, that she was unaware she did not receive the documents by May 17, 2006 (or May 23, 2006). If Homecomings failed to deliver a required document at execution, she would know that she did not receive it. Rosa Galindo's allegation that the statute of limitation is tolled is of no

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

import. (SAC ¶34.) "'However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.'" *Cholla Ready Mix*, 382 F.3d at 973 (quoting *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)); *Taylor v. F.D.I.C.*, 132 F.3d 753, 762 (D.C. Cir. 1997) ("Courts accept plaintiffs' allegations of fact, not their conclusions of law"). Rosa Galindo's "tolling" allegations provide no basis for explaining why the statute of limitations should be tolled. Thus, her claim is time-barred, cannot be revised and should be dismissed without leave.

### 2. TILA Does Not Apply to Rosa Galindo's Loans

Rosa Galindo's TILA claim is also barred because the statute simply does not apply under the facts she has alleged. She alleges that the loans were obtained on investment properties—a fourplex and a rental house where she has not alleged she resides. (SAC ¶13.) Neither of those properties was her home. The two loans on the Manon and Sheppard properties were for business purposes, not personal consumer purposes. "The Truth-in-Lending Act specifically exempts from its scope extensions of credit for business or commercial purposes." *Poe v. First Nat. Bank of DeKalb County*, 597 F.2d 895, 896 (5th Cir. 1979) (*citing* 15 U.S.C §1603(1) and 12 C.F.R. §226.3(a)); *Gombosi v. Carteret Mortg. Corp.,* 894 F.Supp. 176, 180 (E.D. Penn. 1995). Loans for rental properties are business purposes under TILA: "Plaintiffs intended to rent the apartments and derive revenues therefrom. . . . Extensions of credit for such purposes were not intended by Congress to come within the purview of the Truth In Lending Act." *Sapenter v. Dreyco, Inc.*, 326 F.Supp. 871, 873-874 (D. La. 1971), *affirmed* 450 F.2d 941, *certiorari denied* 92 S.Ct. 1775, 406 U.S. 920, 32 L.Ed.2d 120. Thus, TILA does not apply.

///
///
///

**D.    RESPA Does Not Apply to Rosa Galindo's Loans so her Fourth Claim for Violation of RESPA Is Invalid**

Like TILA, RESPA "does not apply to credit transactions involving extensions of credit - (1) primarily for business, commercial, or agricultural purposes . . . ." 12 U.S.C. §2606(a). In fact, RESPA specifically provides that "the exemption for credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes . . . shall be the same as the exemption for such credit transactions under 1603(1) of Title 15 [TILA]." 12 U.S.C. §2606(b). Thus, for the same reasons Rosa Galindo's TILA claim is invalid (i.e., the loans were for business purposes), her RESPA claim is invalid. It should therefore be dismissed.

**E.    Rosa Galindo's Ninth Cause of Action for Violation of the CLRA Does Not Apply Because: 1) a Mortgage Loan is Not a Good or Service Under the Statute, 2) a Mortgage Loan is Not a Consumer Transaction and 3) a Mortgage Loan Is Not Obtained Through a Sale or Lease**

The CLRA protects "consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Cal. Civ. Code §1760. The CLRA is triggered only by "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer . . . ." Cal. Civ. Code §1770(a); *see also Berry v. American Exp. Publishing, Inc.*, 147 Cal.App.4th 224, 228, 54 Cal.Rptr.3d 91 (2007).

**1.    The CLRA Does Not Apply Because a Mortgage Loan Is Not a Good or Service**

First, a mortgage loan simply is not covered under the CLRA. In fact, "Early drafts of section 1761, subdivision (d), defined "Consumer" as "an individual who seeks or acquires, by purchase or lease, any goods, services, *money, or credit* for personal, family or household purposes." [Emphasis in original.] *Berry*, 147

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

Cal.App.4th at 230 (citing Assem. Bill No. 292 (1970 Reg. Sess.) Jan. 21, 1970). However, the references to money and credit were removed and are not in the current statute. *Berry*, 147 Cal.App.4th at 230; Cal. CIV. CODE §§1770(a) and 1761(d). In California law, if the Legislature rejects and does not adopt a specific statutory provision, the act should not be interpreted as to include the deleted provision. *Berry*, 147 Cal.App.4th at 230 (quoting and citing *Gikas v. Zolin,* 6 Cal.4th 841, 861, 25 Cal.Rptr.2d 500, (1993); *Wilson v. City of Laguna Beach,* 6 Cal.App.4th 543, 555, 7 Cal.Rptr.2d 848 (1992); *Rich v. State Board of Optometry,* 235 Cal.App.2d 591, 607, 45 Cal.Rptr. 512 (1965)). The removal of the words "money" and "credit show that the CLRA does not apply to mortgage loans and that a mortgage loan is not a "good or service."

Indeed, the *Berry* court held that "We conclude neither the express text of CLRA nor its legislative history supports the notion that credit transactions separate and apart from any sale or lease of goods or services are covered under the act." *Berry*, 147 Cal.App.4th at 233. Since the California legislature deleted "money" and "credit" from the proposed language of the CLRA it is conclusive that it intended to exclude loans from the CLRA. Rosa Galindo has only alleged she received a loan from Homecomings. Legally, a mortgage loan simply is not covered under the CLRA.

Further, the CLRA only applies to transactions involving "goods or services. . . ." Cal. CIV. CODE §1770(a). Also, a consumer is defined as "individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." Cal. CIV. CODE §1761(d). These statutory provisions do not include an extension of credit or the loaning of money. Rosa Galindo has not otherwise alleged any facts showing that she has engaged in a transaction involving the lease of goods or services that are covered under the statute; a mortgage loan is not a "good" or "service" under the CLRA statute. Her conclusory allegation that a loan is a service for personal or household purposes must be disregarded. *See, e.g.,*

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

*Clegg,* 18 F.3d at 754-755.  Indeed, under *McKell v. Washington Mut., Inc.,* 142 Cal.App.4th 1457, 1488, 49 Cal.Rptr.3d 227 (2006), a case directly on point, her claim is barred.

In *McKell*, the plaintiffs alleged they obtained federally related mortgages from the defendant lender to purchase their homes.  In connection with the loans, the lender charged fees for underwriting and wire transfers that were in excess of the lender's costs.  The lender demurred to the plaintiffs' complaint.  The trial court sustained the demurrers and the appellate court affirmed the decision.  The appellate court reasoned:

> Plaintiffs cite no authority or make no argument demonstrating that Washington Mutual's actions were undertaken "in a transaction intended to result or which results in the sale or lease of goods or services." (Civ.Code, § 1770, subd. (a), italics added.)  Rather, its actions were undertaken in transactions resulting in the sale of real property. The CLRA thus is inapplicable . . . .

*McKell*, 142 Cal.App.4th at 1488 [footnote omitted].  The court also noted that:

> The CLRA defines "goods" as "tangible chattels bought or leased for use primarily for personal, family, or household purposes" . . . [and] "services" as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods."

*McKell*, 142 Cal.App.4th at 1488 fn.11.

Rosa Galindo has only alleged that Homecomings was the lender on a loan she obtained to refinance her two properties.  Like in *McKell*, she has not alleged any facts which show that a good or service was involved.  Under *McKell*, merely lending money is not actionable under the CLRA.  Other cases involving the extension of credit under credit cards is in accord: "We conclude neither the express text of CLRA nor its legislative history supports the notion that credit transactions separate and apart from any sale or lease of goods or services are covered under the act." *Berry*, 147 Cal.App.4th at 233.

///

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

### 2. The CLRA Does Not Apply Because a Mortgage Loan Is Not a Consumer Transaction

Second, as set forth above, this was a business and not a consumer transaction. Again, a consumer is defined as "individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." Cal. CIV. CODE §1761(d). She alleges that the loans were obtained on investment properties—a fourplex and a rental house where she has not alleged she resides. (SAC ¶13.) The loan was not used to acquire something for "personal, family, or household purposes." Thus, the CLRA does not apply.

### 3. The CLRA Does Not Apply Because a Mortgage Loan Is Not Obtained Through a Sale or Lease

The CLRA only applies to a person who seeks a "good or service" through a "sale or lease." Cal. CIV. CODE §1770(a); CIV. CODE §1761(d) (applies to "purchase or lease"). A mortgage loan is not related to a sale or lease under the CLRA. A "sale" consists of the passing of title from the seller to the buyer for a price. *See, e.g.*, Cal. COM. CODE §2106. The lender does not acquire title to the property from a mortgage loan refinance:

> Generally, a deed of trust creates a triparte relationship between the trustor (debtor), the trustee, and the beneficiary (creditor). Under such an agreement, the ordinary trust deed conveys the legal title to the trustee only so far as may be necessary to the execution of the trust.

*Lupertino v. Carbahal*, 35 Cal. App.3d 742, 747-748, 111 Cal.Rptr. 112 (1973). The lender merely has a lien on the property that transfers no title. *Monterey S. Partnership v. W.L. Bangham, Inc.*, 49 Cal.3d 454, 460, 261 Cal. Rptr. 587 (1989) ("In practical effect, if not in legal parlance, a deed of trust is a lien on the property"); Cal. CIV. CODE §2888 ("a lien . . . transfers no title to the property subject to the lien"). Since legally, there was no transfer of title, there can be no sale

///

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

for purposes of the CLRA. Plaintiff has failed to allege any facts indicating otherwise.

Moreover, the mortgages are not obtained through leases. "Provisions for the payment of rent and a transfer of use and possession of property are essential elements of a lease. *Santa Monica Rent Control Bd. v. Bluvshtein*, 230 Cal. App. 3d 308, 316, 281 Cal.Rptr. 298 (1991). A mortgage ordinarily does not require payment of rent to obtain it and Rosa Galindo has not alleged that her loans are anything but normal mortgages. There also was not a transfer of use and possession relating the loan—Rosa Galindo had possession before the loan and still retains possession and title. A loan is not a lease or sale. *See, e.g., U.S. v. Investors Diversified Services*, 102 F.Supp. 645, 647 (D.C. Minn. 1952) ("It is difficult to conceive of a transaction for a loan of money as being a lease, sale, or contract for sale of a commodity"). Since the CLRA cannot apply to mortgage loans, this claim should be dismissed without leave to amend.

### F. Rosa Galindo Has Not Alleged Facts to State Her Twelfth Claim for Civil Conspiracy

There is no independent claim for conspiracy under California law. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510, 28 Cal.Rptr.2d 475 (1994). To be liable for conspiracy, Homecomings must participate with another who committed a tort; mere knowledge that another party committed a tort is insufficient. *Kidron v. Movie Acquisition Corp.*, 40 Cal.App.4th 1571, 1582, 47 Cal.Rptr.2d 752 (1995).

Rosa Galindo fails to allege that Homecomings participated in a tort with the other defendants. She has alleged that Financo and the individual defendants were the defendants that misrepresented the terms of the loans to her, but did not allege Homecomings participated in those actions. There has to be two parties conspiring with each other to state a claim. *Kidron*, 40 Cal.App.4th at 1582. Rosa Galindo simply has not alleged any interaction between Homecomings and any other

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

1 defendant to commit any wrongful action.  Rosa Galindo has alleged no agreements between Homecomings and any other defendant or that it performed any wrongful actions directly to her to meet the elements of the claim. *See Kidron*, 40 Cal.App.4th at 1581; *see also Applied Equipment*, 7 Cal.4th at 511.  Thus, this claim should be dismissed.

## IV. CONCLUSION

Rosa Galindo has not alleged valid claims against Homecomings for her: 1) Second Claim for Negligence; 2) Third Claim for violation of TILA; 3) Fourth Claim for violation of RESPA; 4) Ninth Cause of Action for Violation of the CLRA; and 5) Twelfth Claim for Civil Conspiracy.  Each of these claims has fatal legal or factual flaws that cannot be salvaged and these claims should be dismissed, without leave to amend.

DATED: January 15, 2008

By /s/ Frederick A. Haist
E. SCOTT PALMER
FREDERICK A. HAIST
PALMER, LOMBARDI & DONOHUE LLP
Attorneys for Homecomings Financial, LLC erroneously sued as Homecomings Financial Network

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017