PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rosa Galindo; Maria Galindo, <br><br>    Plaintiffs, <br><br>    vs. <br><br>Financo Financial, Inc.; Patrick Patchin; Ahmed Yama Asefi; Aaroon Sadat and Nazia Nawabzada; Countrywide Bank, N.A.; Countrywide Financial Corp.; Homecomings Financial Network; Commonwealth Land Title Company; Joseph Esquivel; Pamela Spikes; and Does 1-100, <br><br>    Defendants. | Case No. 3:07-CV-3991 <br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS CLAIMS FROM PLAINTIFFS' SECOND AMENDED COMPLAINT** <br><br>[RULE 12(b)(6)] |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 26, 2008 at 9:30 a.m., in the above court, Defendant Homecomings Financial, LLC's motion to dismiss Plaintiffs Rosa and Maria Galindo's Second Amended Complaint was heard.

After reviewing the papers, the pleadings and arguments of counsel, the court finds:

///

///

- 1 -
[PROPOSED] ORDER DISMISSING CLAIMS FROM SECOND AMENDED COMPLAINT

## I. BACKGROUND

### A. Summary of Action

Plaintiff Rosa Galindo[1] re-financed two investment properties in Hayward, California in 2006 and has now sued Homecomings Financial, LLC ("Homecomings") under myriad theories relating to her mortgages. Rosa Galindo has alleged seven claims against Homecomings. However, her: 1) Second Claim; 2) Third Claim; 3) Fourth Claim; 4) Ninth Claim; and 5) Twelfth Claim fail to state facts upon which relief can be granted.

### B. Allegations in the Complaint

Rosa Galindo has alleged the following claims against Homecomings: 1) Second Claim for Negligence; 2) Third Claim for violation of TILA; 3) Fourth Claim for violation of RESPA; 4) Ninth Cause of Action for Violation of the CLRA; 5) Twelfth Claim for Civil Conspiracy; 6) Sixteenth Claim for violation of California BUSINESS AND PROFESSIONS CODE §17200; and 7) Seventeenth Claim for violation of California CIVIL CODE §1921.

Rosa Galindo owns both a fourplex at 4646 Sheppard Avenue and a house on 27590 Manon Avenue in Hayward, California. (SAC ¶13.) Allegedly, Defendant mortgage broker Patchin came to Rosa Galindo with loan papers, rushed her into signing them and misrepresented and failed to discuss the true terms of the loans. (SAC ¶14.) Escrow on the loans closed on May 23, 2006. (SAC ¶14.)

Rosa Galindo alleges she never received copies of certain signed documents from the Defendants. (SAC ¶14.) Allegedly, the loans Rosa Galindo received did not have the same terms Defendant Patchin had stated to her earlier. (SAC ¶14.) Homecomings allegedly owed a duty of care to Plaintiffs to refrain from maintaining abusive lending practices and marketing abusive loan products. (SAC

---

[1] Plaintiff Maria Galindo has not alleged she was involved in any transactions with Defendant Homecomings Financial, LLC and, therefore, has not sued Homecomings.

¶28.) Homecomings allegedly breached its duty by failing to verify the name and license of brokers that sold loan products for it. (SAC ¶28.) Homecomings allegedly is a creditor within meaning of the TILA and violated the statute by failing to provide Plaintiffs with the required disclosures. (SAC ¶34.) Allegedly, any statutes of limitations were tolled. (SAC ¶34.) The loans between Rosa Galindo and Homecomings allegedly are federally regulated mortgages subject to RESPA. (SAC ¶39.) The loans allegedly constitute a service sold to Rosa Galindo for personal, family or household purposes. (SAC ¶83.) Homecomings allegedly conspired against Rosa Galindo to accomplish an unlawful action by misrepresenting the actual nature and terms of the loans. (SAC ¶104.) Homecomings allegedly violated Business and Professions Code §17200 by failing to inform Rosa Galindo of the loan product available to her, failing to meet the RESPA requirements, violating the CLRA, violating the Fair Employment and Housing Act (California GOVT. CODE §12955 *et seq.*), and other violations of law. (SAC ¶118.) Homecomings allegedly failed to provide Rosa Galindo with a copy of the "Consumer Handbook on Adjustable Rate Mortgages." (SAC ¶122.)

## II. **LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP"), Rule 12(b)(6) tests the sufficiency of the complaint. *Ileto v. Glock Inc*., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). The standard of reviewing the sufficiency of a complaint under FRCP Rule 12(b)(6) is broader than it was previously thought to be. A complaint must allege enough facts to state a claim that is plausible, not merely conceivable. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those allegations cannot reasonably be drawn from the facts alleged." *Clegg v. The Clerk's Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994); *Cholla Readimix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir. 2004); *see also Twombly*, 127 S.Ct. at 1964-65.

### III. ANALYSIS

#### A. Rosa Galindo's Second Claim for Negligence Against Homecomings Is Not Allowed Under California Law

Rosa Galindo has alleged that Homecomings is a lender on her loan pursuant to a written contract. (SAC ¶¶5, 14, 28.) The borrower/lender relationship is a relationship governed by contracts. It is well established under California law that in an action involving contractual relationships between parties, tort damages are not recoverable. *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 254 Cal.Rptr. 211 (1998).

The case law confirms this principle: "[T]he economic loss rule 'prevent[s] the law of contract and the law of tort from dissolving one into the other,'" *Robinson Helicopter Co., Inc.,* 34 Cal.4th 979, 988, 22 Cal.Rptr.3d 352 (2004) (*quoting Rich Products Corp. v. Kemutee, Inc.,* 66 F.Supp.2d 937, 969 (E.D. Wis. 1999)); "[C]onduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law," *Erlich v. Menezes,* 21 Cal.4th 543, 551, 87 Cal.Rptr.2d 886 (1999); "[T]he [California] Supreme Court has rejected the transmutation of contract actions into tort actions 'in favor of a general rule precluding tort recovery for non-insurance contract breach, at least in the absence of violation of an "independent duty arising from principles of tort law,"'" *Brown v. California Pension Administration & Consultants, Inc.,* 45 Cal.App.4th 333, 346, 52 Cal.Rptr.2d 788 (1996) (quoting in part *Freeman & Mills v. Belcher Oil Company,* 11 Cal.4th 85, 44 Cal.Rptr.2d 42 (1995)). The California Supreme Court specifically held that tort theories of recovery are allowed in breach of contract actions only in the insurance area. *Freeman & Mills v. Belcher Oil Company,* 11 Cal.4th 85, 95, 44 Cal.Rptr.2d 42 (1995).

Rosa Galindo has failed to allege a violation of an independent duty arising from principles of tort law. She does not allege that Homecomings damaged her in

any way outside of their contractual relationship.

Moreover, Rosa Galindo has failed to alleges that Homecomings has any other special relationship with her, such as a fiduciary relationship. Even if she had, there can be no fiduciary relationship between a debtor and a creditor. *See*, *e.g.*, *Nymark v. Hart Federal Savings & Loan Assoc.*, 231 Cal.App.3d 1089, 1092, n.1 (1991) ("The relationship between a lending institution and its borrower–client is not fiduciary in nature."); *Copesky v. Superior Court,* 229 Cal.App.3d 678, 693, n.14 (Cal. Ct. App. 1991) (cautioning against the "loose characterization" of financial relationships as fiduciary, quasi-fiduciary or fiduciary-like because, ordinarily, in these relationships, the bank is in no sense a true fiduciary); *Price v. Wells Fargo Bank,* 213 Cal.App.3d 465, 476 (Cal. Ct. App. 1989) ("[I]t has long been regarded as 'axiomatic' that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor. A debt is not a trust and there is not a fiduciary relationship between the debtor and the creditor as such."). There is no basis for a tort claim of negligence against Homecomings.

**B.      Rosa Galindo's Third Claim for Violation of TILA is Invalid**

**1.      Rosa Galindo's TILA Claim is Barred by the Statute of Limitations**

Rosa Galindo claims she did not receive all of the required TILA disclosures. The statute of limitations for a TILA claim is one year. (15 U.S.C. §1640(e).)

Rosa Galindo alleges that she signed the loan papers on or about May 17, 2006 and the escrow closed on or about May 23, 2006. (SAC ¶14.) Thus, her claim would accrue, at the latest, on May 23, 2006 when she did not receive the documents. Rosa Galindo filed her original complaint in state court on June 29, 2007. Rosa Galindo has not brought her action within one year from when the escrow closed so it is barred.

Rosa Galindo knew she did not receive all of the documents, at the latest, by the close of escrow on May 23, 2006. Rosa Galindo's conclusory allegation that the

statute of limitation is tolled is of no import. (SAC ¶34.) The "tolling" allegations provide no basis for explaining why the statute of limitations should be tolled. "'However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.'" *Cholla Ready Mix*, 382 F.3d at 973 (quoting *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)); *Taylor v. F.D.I.C.*, 132 F.3d 753, 762 (D.C. Cir. 1997) ("Courts accept plaintiffs' allegations of fact, not their conclusions of law"). The allegations are disregarded and the claim must be dismissed.

### 2. TILA Does Not Apply to Rosa Galindo's Loans

Rosa Galindo alleges that the loans were obtained on investment properties—a fourplex and a rental home where she has not alleged she resides. (SAC ¶13.) Thus, she has alleged facts showing that the loans were for business purposes. "The Truth-in-Lending Act specifically exempts from its scope extensions of credit for business or commercial purposes." *Poe v. First Nat. Bank of DeKalb County*, 597 F.2d 895, 896 (5th Cir. 1979) (*citing* 15 U.S.C §1603(1) and 12 C.F.R. §226.3(a)); *Gombosi v. Carteret Mortg. Corp.,* 894 F.Supp. 176, 180 (E.D. Penn. 1995).

Further, loans for rental properties are business purposes under TILA: "Plaintiffs intended to rent the apartments and derive revenues therefrom. . . . Extensions of credit for such purposes were not intended by Congress to come within the purview of the Truth In Lending Act." *Sapenter v. Dreyco, Inc.*, 326 F.Supp. 871, 873 -874 (D. La. 1971), *affirmed* 450 F.2d 941, *certiorari denied* 92 S.Ct. 1775, 406 U.S. 920, 32 L.Ed.2d 120. Since the loans were used for business purposes (i.e., refinancing business properties), Rosa Galindo has not alleged a valid claim.

### C. RESPA Does Not Apply to Rosa Galindo's Loans so her Fourth Claim Is Invalid

Like TILA, RESPA "does not apply to credit transactions involving

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

extensions of credit - (1) primarily for business, commercial, or agricultural purposes . . . ." 12 U.S.C. §2606(a). RESPA specifically provides that "the exemption for credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes . . . shall be the same as the exemption for such credit transactions under 1603(1) of Title 15 [TILA]." 12 U.S.C. §2606(b). Thus, for the same reasons Rosa Galindo's TILA claim is invalid (i.e., the loans were for business purposes), her RESPA claim is invalid.

### D. Rosa Galindo's Ninth Cause of Action for Violation of the CLRA Must Fail

The CLRA protects "consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Cal. Civ. Code §1760. The CLRA is triggered only by "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer . . . ." Cal. Civ. Code §1770(a); *see also Berry v. American Exp. Publishing, Inc.*, 147 Cal.App.4th 224, 228, 54 Cal.Rptr.3d 91 (2007).

#### 1. The CLRA Does Not Apply Because a Mortgage Loan Is Not a Good or Service

A mortgage loan simply is not covered under the CLRA. The legislative history indicates that the CLRA does not apply to money or credit transactions. *Berry*, 147 Cal.App.4th at 230 (citing Assem. Bill No. 292 (1970 Reg. Sess.) Jan. 21, 1970). Indeed, the Berry court held that "We conclude neither the express text of CLRA nor its legislative history supports the notion that credit transactions separate and apart from any sale or lease of goods or services are covered under the act." *Berry*, 147 Cal.App.4th at 233.

Further, the CLRA only applies to transactions involving "goods or services. . . ." Cal. Civ. Code §§1770(a); 1761(d). These statutory provisions ("goods" and "services") do not include an extension of credit or the loaning of money. The

operative case law in California holds that a mortgage loan is not a good or service for purposes of the CLRA. *McKell v. Washington Mut., Inc.,* 142 Cal.App.4th 1457, 1488, 49 Cal.Rptr.3d 227 (2006). Rosa Galindo has not otherwise alleged any facts showing that she has engaged in a transaction involving the lease of goods or services that are covered under the statute.

### 2. The CLRA Does Not Apply Because a Mortgage Loan Is Not a Consumer Transaction

Rosa Galindo's loan was a business and not a consumer transaction. A consumer is defined as "individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." Cal. CIV. CODE §1761(d). She alleges that the loans were obtained on investment properties—a fourplex and a rental house where she has not alleged she resides. (SAC ¶13.) The loan was not used to acquire something for "personal, family, or household purposes." Thus, the CLRA does not apply.

### 3. The CLRA Does Not Apply Because a Mortgage Loan Is Not Obtained Through a Sale or Lease

The CLRA only applies to a person who seeks a "good or service" through a "sale or lease." Cal. CIV. CODE §1770(a); CIV. CODE §1761(d) (applies to "purchase or lease"). A mortgage loan is not related to a sale or lease under the CLRA. A "sale" consists of the passing of title from the seller to the buyer for a price and a lender does not acquire title to the property from a mortgage loan refinance under California law. *Lupertino v. Carbahal*, 35 Cal. App.3d 742, 747-748, 111 Cal.Rptr. 112 (1973). Since legally, there was no transfer of title, there can be no sale for purposes of the CLRA. Plaintiff has failed to allege any facts indicating otherwise.

The mortgages also were not obtained through leases. A mortgage ordinarily does not require payment of rent to obtain it and Rosa Galindo has not alleged that her loans are anything but normal mortgages. There also was not a transfer of use and possession relating the loan—Rosa Galindo had possession before the loan and

- 8 -
[PROPOSED] ORDER DISMISSING CLAIMS FROM SECOND AMENDED COMPLAINT

still retains possession and title.  The CLRA does not encompass loan transactions.

### E. Plaintiff Has Not Alleged Facts to State Her Twelfth Claim for Civil Conspiracy

There is no independent claim for conspiracy under California law.  *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510, 28 Cal.Rptr.2d 475 (1994).  To be liable for conspiracy, Homecomings must participate with another who committed a tort; mere knowledge that another party committed a tort is insufficient.  *Kidron v. Movie Acquisition Corp.*, 40 Cal.App.4th 1571, 1582, 47 Cal.Rptr.2d 752 (1995).  Rosa Galindo fails to allege that Homecomings participated in a tort with the other defendants.  Plaintiff has alleged no agreements between Homecomings and any other defendant or that it performed any wrongful actions directly to her.  Thus, this claim should be dismissed.

## IV. CONCLUSION

Plaintiff Maria Galindo has not alleged any facts involving her and Homecomings, so to the extent she purports to allege claims against that defendant, the claims must fail.

As for Plaintiff Rosa Galindo's claims against Homecomings, the Second Claim for Negligence must be dismissed because Rosa Galindo cannot maintain a tort claim when a contract governs their relationship.  The Third Claim for violation of TILA is barred by the statute of limitations.  Also, TILA is not applicable because the loan transactions at issue were for business purposes.  The Fourth Claim for violation of RESPA must be dismissed.  RESPA is not applicable because the loan transactions at issue were for business purposes.  The Ninth Claim for Violation of the CLRA is barred under California law.  And finally, the Twelfth Claim for Civil Conspiracy fails because Plaintiffs have not alleged a conspiracy or any wrongful act.  These claims must be dismissed.  Based upon the facts and allegations, Plaintiffs will be unable to amend to correct the defects.

///

[PROPOSED] ORDER DISMISSING CLAIMS FROM SECOND AMENDED COMPLAINT

1     The court therefore ORDERS that the above specified claims alleged in
2 Plaintiffs' Second Amended Complaint be dismissed with prejudice, under FEDERAL
3 RULE OF CIVIL PROCEDURE RULE 12(b)(6).
4     IT IS SO ORDERED.

6 DATED:

_____
United States District Court Judge

Submitted By  /s/ Frederick A. Haist

E. Scott Palmer, Esq., SBN 155376
Frederick A. Haist, Esq. SBN 211322
PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017
Phone: (213) 688-0430
Fax: (213) 688-0440

Attorneys for Defendant Homecomings Financial, LLC

[PROPOSED] ORDER DISMISSING CLAIMS FROM SECOND AMENDED COMPLAINT