E. Scott Palmer, Esq., SBN 155376
Email: spalmer@pldlawyers.com
Frederick A. Haist, Esq., SBN 211322
Email: fhaist@pldlawyers.com
PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017
Phone: (213) 688-0430
Fax: (213) 688-0440

Attorneys for Defendant Homecomings Financial, LLC erroneously sued as Homecomings Financial Network

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rosa Galindo; Maria Galindo,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Financo Financial, Inc.; Patrick Patchin; Ahmed Yama Asefi; Aaroon Sadat and Nazia Nawabzada; Countrywide Bank, N.A.; Countrywide Financial Corp.; Homecomings Financial Network; Commonwealth Land Title Company; Joseph Esquivel; Pamela Spikes; and Does 1-100,<br><br>　　　　Defendants. | Case No. 3:07-CV-3991<br><br>**DEFENDANT HOMECOMINGS FINANCIAL, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>[RULE 12(f)]<br><br>DATE:　　February 26, 2008<br>TIME:　　9:30 a.m.<br>PLACE:　　Courtroom 11 |

///
///
///
///
///
///
///
///
///

# **TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................... 1

II. PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES AGAINST HOMECOMINGS SHOULD BE STRICKEN ................................................. 1

    A.  Legal Standard ..................................................................................... 1

    B.  Punitive Damages Are Not Available Under Plaintiff's TILA Claim .................................................................................................... 1

    C.  Punitive Damages Are Not Available under Any Other Claim ............ 2

III. CONCLUSION ............................................................................................... 4

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

# TABLE OF AUTHORITIES

**Cases**

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*,
  7 Cal.4th 503, 510, 28 Cal.Rptr.2d 475 (1994) .................................................................. 2

*Brousseau v. Jarrett,*
  73 Cal.App.3d 864, 872, 141 Cal.Rptr. 200 (1977) ............................................................ 4

*Bureerong v. Uvawas,*
  922 F.Supp. 1450, 1479, fn. 34 (C.D. Cal. 1986) ............................................................... 1

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
  20 Cal.4th 163, 179, 83 Cal.Rptr.2d 548 (1999) ................................................................ 3

*Cloud v. Casey,*
  76 Cal.App.4th 895, 912, 90 Cal.Rptr.2d 757 (1999) ........................................................ 3

*College Hospital Inc. v. Superior Court,*
  8 Cal.4th 704, 725, 34 Cal.Rptr.2d 898 (1994) .................................................................. 4

*Czechowski v. Tandy Corp.*,
  731 F.Supp. 406, 410 (N.D. Cal. 1990) .............................................................................. 2

*Dawes v. Superior Court*,
  111 Cal.App.3d 82, 85 (1980) ............................................................................................ 3

*G.D. Searle and Co. v. Superior Court,*
  49 Cal.App.3d 22, 122 Cal.Rptr. 218 (1974) ..................................................................... 3

*Gawara v. United States Brass Corp.,*
  63 Cal.App.4th 1341, 1361-62, 74 Cal.Rptr.2d 663 (1998) ............................................... 2

*Grieves v. Superior Court*,
  157 Cal.App.3d 159, 166-167, 203 Cal.Rptr. 556 (1984) .................................................. 3

*Henderson v. Security National Bank*,
  72 Cal.App.3d 764, 771-772, 140 Cal.Rptr. 388 (1977) .................................................... 4

*Jackson v. Johnson,*
  5 Cal.App.4th 1350, 1354-55, 7 Cal.Rptr.2d 482 (1992) ............................................... 1, 2

*Kasky v. Nike, Inc.*,
  27 Cal.4th 939, 950, 119 Cal.Rptr.2d 296 (2002) .............................................................. 3

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal.4th 1134, 1148, 131 Cal.Rptr.2d 29 (2003) ............................................................ 2

*Mullinax v. Radian Guar. Inc.*,
  199 F.Supp.2d 311, 319 (M.D. N.C. 2002) ........................................................................ 2

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

*Smith v. Capital Roofing Co. of Jackson, Inc.*,
  622 F.Supp. 191, 195-196 (D. Miss. 1985) ......................................................................... 2

*Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*,
  720 F.Supp. 805, 810 (N.D. Cal. 1990) ............................................................................. 3

## Statutes

15 U.S.C. § 1640(a) ............................................................................................................... 2

BUSINESS AND PROFESSIONS CODE §17200 ............................................................................. 2

BUSINESS AND PROFESSIONS CODE §17203 ............................................................................. 2

BUSINESS AND PROFESSIONS CODE §17204 ............................................................................. 2

BUSINESS AND PROFESSIONS CODE §17206 ............................................................................. 2

CIVIL CODE §1921(b) ............................................................................................................. 2

CIVIL CODE §3294(a) ............................................................................................................. 3

CIVIL CODE §3294(c)(1) ......................................................................................................... 3

## Rules

FEDERAL RULE OF CIVIL PROCEDURE RULE 8 ........................................................................... 1

FEDERAL RULE OF CIVIL PROCEDURE RULE 9 ........................................................................... 1

FEDERAL RULE OF CIVIL PROCEDURE RULE 12(f) ..................................................................... 1

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

## I. INTRODUCTION

Plaintiff Rosa Galindo[1] has sued Defendant Homecomings Financial, LLC ("Homecomings") in her Second Amended Complaint ("SAC"). She alleged she is entitled to punitive damages. However, she has failed to allege sufficient facts to maintain such a claim. Plaintiff's allegations do not show that Homecomings did anything that would support a request for punitive damages. Homecomings requests the court strike paragraph 37 and paragraph 9 of the Prayer, both of which contain allegations improperly requesting punitive damages.

## II. PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES AGAINST HOMECOMINGS SHOULD BE STRICKEN

Homecomings requests that the court strike the following portions of Plaintiff's complaint: paragraph 37 and the Prayer paragraph 9.

### A. Legal Standard

Under FEDERAL RULE OF CIVIL PROCEDURE RULE 12(f), the "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." A motion to strike may be used to strike a request for damages that are not recoverable as a matter of law. *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1479, fn. 34 (C.D. Cal. 1986). A request for punitive damages in a California law claim generally is substantively governed by California law, although the federal pleading standards of FEDERAL RULES OF CIVIL PROCEDURE, RULES 8 and 9 apply. *Jackson v. East Bay Hosp.*, 980 F.Supp. 1341, 1354 (N.D. Cal. 1997).

### B. Punitive Damages Are Not Available Under Plaintiff's TILA Claim

Plaintiff specifically requests punitive damages under TILA. (SAC ¶37.) This request should be stricken for a simple reason—punitive damages are not available under TILA. *See e.g., Smith v. Capital Roofing Co. of Jackson, Inc.*, 622

---

[1] Plaintiff Maria Galindo was not involved in any transactions with Defendant Homecomings Financial, LLC and so therefore has no claims against Homecomings.

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

F.Supp. 191, 195-196 (D. Miss. 1985); *see also,* 15 U.S.C. § 1640(a). The TILA statue provides for the full panoply of damages available to Plaintiff and punitive damages is not an option. 15 U.S.C. § 1640(a). Paragraph 37 should be stricken from the SAC.

### C. **Punitive Damages Are Not Available under Any Other Claim**

Plaintiff also requests punitive damages generally in the prayer to her SAC. However, punitive damages are not merited under any of her claims. As mentioned, she cannot request punitive damages against Homecomings on a TILA claim. She also cannot request punitive damages under her federal RESPA claim. Punitive damages are not available under RESPA. *Mullinax v. Radian Guar. Inc.*, 199 F.Supp.2d 311, 319 (M.D. N.C. 2002).

Likewise, Plaintiff is also not entitled to punitive damages under virtually all of her state law claims. Punitive damages are not merited for mere negligence. An award of punitive damages requires "[s]omething more than the mere commission of a tort." [internal quotations and citations omitted.] *Gawara v. United States Brass Corp.,* 63 Cal.App.4th 1341, 1361-62, 74 Cal.Rptr.2d 663 (1998). "Simple negligence cannot support an award of punitive damages." *Jackson v. Johnson,* 5 Cal.App.4th 1350, 1354-55, 7 Cal.Rptr.2d 482 (1992). Plaintiff has not alleged anything more than negligence. Conspiracy is not even an independent claim, so alone, it cannot serve as the basis for punitive damages. *See Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510, 28 Cal.Rptr.2d 475 (1994). California CIVIL CODE §1921(b) sets forth the allowable damages and relief for a violation; punitive damages are not specified. Finally, a claim for punitive damages under BUSINESS AND PROFESSIONS CODE §17200 must be stricken. Monetary damages, including punitive damages, are simply not available under BUSINESS AND PROFESSIONS CODE §17200. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1148, 131 Cal.Rptr.2d 29 (2003); BUS. AND PROF. CODE §§17203, 17204, 17206; *Czechowski v. Tandy Corp.*, 731 F.Supp. 406, 410 (N.D. Cal. 1990);

*Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F.Supp. 805, 810 (N.D. Cal. 1990); *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 179, 83 Cal.Rptr.2d 548 (1999); *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 950, 119 Cal.Rptr.2d 296 (2002).

Further, leaving aside the legal "bans" against punitive damages stated above, Plaintiff has not alleged sufficient facts to support a request for punitive damages against Homecomings under any claim. California law disfavors punitive damages and such claims are carefully scrutinized. *G.D. Searle and Co. v. Superior Court,* 49 Cal.App.3d 22, 122 Cal.Rptr. 218 (1974). Allegations demanding punitive damages are improper if they are unsupported by sufficient facts. *Dawes v. Superior Court*, 111 Cal.App.3d 82, 85 (1980). If the allegations are unsupported, the punitive damage request is irrelevant and improper and, therefore, subject to a motion to strike. Specific facts must be alleged from which malice can be inferred to support a claim for punitive damages. *G.D. Searle*, 49 Cal.App.3d at 32-33; *Grieves v. Superior Court*, 157 Cal.App.3d 159, 166-167, 203 Cal.Rptr. 556 (1984). Plaintiff has not done this.

Plaintiff also fails to allege any facts that meet the requirements for requesting punitive damages. Under California CIVIL CODE §3294(a), a plaintiff can only receive punitive or exemplary damages if she proves by "clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Malice is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." (CIV. CODE §3294(c)(1).) Oppression is "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Despicable means circumstances that are base, vile, or contemptible. *Cloud v. Casey,* 76 Cal.App.4th 895, 912, 90 Cal.Rptr.2d 757 (1999). The requirement of "despicable" conduct represents a "substantive limitation on punitive damage awards." *College Hospital*

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

*Inc. v. Superior Court,* 8 Cal.4th 704, 725, 34 Cal.Rptr.2d 898 (1994). The courts have set a high burden:

> Such damages are never awarded as a matter of right. They are not favored by the law and they should be granted with the greatest of caution; they will be allowed only in the clearest of cases. To justify their award, there must be proof of malice in fact; such malice will not be implied by law; and such malice will never be established by "mere speculation." The malice essential to an award of exemplary damages requires an evil motive or intent; it "denotes ill will on the part of the defendant, or his desire to do harm for the mere satisfaction of doing it." Essential to any award of exemplary damages is a finding that the plaintiff was subjected to "cruel and unjust hardship" by the defendant. And, in any case, the evil motive and desire to harm to plaintiff must be attended by "outrageous conduct."

*Henderson v. Security National Bank*, 72 Cal.App.3d 764, 771-772, 140 Cal.Rptr. 388 (1977).

Again, Plaintiff has not alleged any facts showing malice, despicable conduct or oppression. Moreover, Plaintiff's allegations for punitive damages are conclusory—she does not allege any reasons for the request. "[T]he second count's conclusory characterization of defendant's conduct as intentional, willful and fraudulent is a patently insufficient statement of 'oppression, fraud, or malice, express or implied,' within the meaning of section 3294." *Brousseau v. Jarrett,* 73 Cal.App.3d 864, 872, 141 Cal.Rptr. 200 (1977).

Thus, paragraph 37 and the Prayer paragraph 9 should be stricken.

### III. CONCLUSION

Plaintiff's requests for punitive damages in paragraph 37 and in the Prayer are

///
///
///
///
///

- 4 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

legally and factually barred and/or insufficient, and, as to Homecomings, paragraph 37 and the Prayer for punitive damages should be stricken.

DATED: January 15, 2008

By /s/ Frederick A. Haist
E. SCOTT PALMER
FREDERICK A. HAIST
PALMER, LOMBARDI & DONOHUE LLP
Attorneys for Homecomings Financial, LLC erroneously sued as Homecomings Financial Network