PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rosa Galindo; Maria Galindo, <br><br>　　　　Plaintiffs, <br><br>　　vs. <br><br>Financo Financial, Inc.; Patrick Patchin; Ahmed Yama Asefi; Aaroon Sadat and Nazia Nawabzada; Countrywide Bank, N.A.; Countrywide Financial Corp.; Homecomings Financial Network; Commonwealth Land Title Company; Joseph Esquivel; Pamela Spikes; and Does 1-100, <br><br>　　　　Defendants. | Case No. 3:07-CV-3991 <br><br>**[PROPOSED] ORDER STRIKING PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT** <br><br>[RULE 12(f)] |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 26, 2008 at 9:30 a.m., in the above court, Defendant Homecomings Financial, LLC's motion to strike portions of Plaintiffs Rosa and Maria Galindo's Second Amended Complaint was heard.

After reviewing the papers, the pleadings and arguments of counsel, the court finds:

///

///

- 1 -
[PROPOSED] ORDER STRIKING PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT

## I. BACKGROUND

### A. Summary of Action

Plaintiff Rosa Galindo[1] has sued Defendant Homecomings Financial, LLC ("Homecomings") in her Second Amended Complaint ("SAC"). She alleged she is entitled to punitive damages. Homecomings requested the court strike paragraph 37 and paragraph 9 of the Prayer. Homecomings maintains the two paragraphs improperly request punitive damages. Plaintiff's allegations do not show that Homecomings did anything that would support a request for punitive damages.

### B. Allegations in the Complaint

Plaintiff Rosa Galindo owns both a fourplex at 4646 Sheppard Avenue and a house at 27590 Manon Avenue in Hayward, California. (SAC ¶13.) She allegedly began receiving solicitations to refinance the two properties. (SAC ¶13.) Allegedly, Defendant Patchin came to Rosa Galindo with loan papers, rushed her into signing them and misrepresented and failed to discuss the true terms of the loans. (SAC ¶14.) Escrow on the loans closed on May 23, 2006. (SAC ¶14.) Rosa Galindo allegedly never received copies of certain signed documents from the Defendants. (SAC ¶14.) Allegedly, the loans Rosa Galindo received did not have the same terms Defendant Patchin had stated to her earlier. (SAC ¶14.) Defendants allegedly acted willful, wanton and in conscious disregard of the rights of Rosa Galindo so punitive damages are recoverable. (SAC ¶37.) Plaintiffs prayed for exemplary and punitive damages against all Defendants. (SAC Prayer ¶9.)

## II. LEGAL STANDARD

Under FEDERAL RULE OF CIVIL PROCEDURE RULE 12(f), the "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." A motion to strike may be used to strike a request for damages that are not

---

[1] Plaintiff Maria Galindo was not involved in any transactions with Defendant Homecomings Financial, LLC and so therefore has no claims against Homecomings.

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

recoverable as a matter of law. *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1479, fn. 34 (C.D. Cal. 1986). A request for punitive damages in a California law claim generally is substantively governed by California law, although the federal pleading standards of Federal Rules of Civil Procedure, Rules 8 and 9 apply. *Jackson v. East Bay Hosp.*, 980 F.Supp. 1341, 1354 (N.D. Cal. 1997).

## III. ANALYSIS

Plaintiff specifically alleged she is entitled to punitive damages in her TILA claim. Punitive damages are not available under TILA. *See e.g., Smith v. Capital Roofing Co. of Jackson, Inc.*, 622 F.Supp. 191, 195 -196 (D. Miss. 1985); *see also,* 15 U.S.C. §1640(a). The TILA statue provides for the full panoply of damages available to Plaintiff and punitive damages is not an option. 15 U.S.C. §1640(a).

Plaintiff also requests punitive damages generally in the prayer to her SAC. However, punitive damages are not merited under any of her claims. Punitive damages are not available on a TILA claim. She also cannot request punitive damages under her federal RESPA claim. *Mullinax v. Radian Guar. Inc.*, 199 F.Supp.2d 311, 319 (M.D. N.C. 2002).

Likewise, Plaintiff is legally not entitled to punitive damages under many of her state law claims. Punitive damages are not merited for mere negligence. *Gawara v. United States Brass Corp.,* 63 Cal.App.4th 1341, 1361-62, 74 Cal.Rptr.2d 663 (1998); *Jackson v. Johnson,* 5 Cal.App.4th 1350, 1354-55, 7 Cal.Rptr.2d 482 (1992). Conspiracy cannot serve as an independent basis for punitive damages. *See Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510, 28 Cal.Rptr.2d 475 (1994). California CIVIL CODE §1921(b) sets forth the allowable damages and relief for a violation; punitive damages are not specified. Finally, a claim for punitive damages under BUSINESS AND PROFESSIONS CODE §17200 must be stricken. Monetary damages, including punitive damages, are not available under BUSINESS AND PROFESSIONS CODE §17200. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1148, 131 Cal.Rptr.2d 29 (2003);

Bus. and Prof. Code §§17203, 17204, 17206; *Czechowski v. Tandy Corp.*, 731 F.Supp. 406, 410 (N.D. Cal. 1990); *Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F.Supp. 805, 810 (N.D. Cal. 1990); *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 179, 83 Cal.Rptr.2d 548 (1999); *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 950, 119 Cal.Rptr.2d 296 (2002).

Even if a request for punitive damages was legally allowed on all of her state law claims, Plaintiff has not alleged sufficient facts to support such a request. California law disfavors punitive damages and such claims are carefully scrutinized. *G.D. Searle and Co. v. Superior Court,* 49 Cal.App.3d 22, 122 Cal.Rptr. 218 (1974). Under California Civil Code §3294(a), a plaintiff can only receive punitive or exemplary damages if she proves by "clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Specific facts must be alleged from which malice can be inferred to support a claim for punitive damages. *G.D. Searle*, 49 Cal.App.3d at 32-33; *Grieves v. Superior Court*, 157 Cal.App.3d 159, 166-167, 203 Cal.Rptr. 556 (1984); *Dawes v. Superior Court*, 111 Cal.App.3d 82, 85 (1980). Plaintiff has failed to allege specific facts showing malice, fraud or oppression. Thus, punitive damages are not available to Plaintiff under the facts she has alleged in their complaint.

## IV. CONCLUSION

The court finds that the following sentences and phrases are improperly alleged and must be stricken under Federal Rule of Civil Procedure Rule 12(f):

1. ¶37; and
2. Prayer ¶9.

///
///
///
///
///

These two paragraphs must be stricken in their entirety because Plaintiffs have failed to properly request exemplary and punitive damages.

IT IS SO ORDERED.

DATED:

_____
United States District Court Judge

Submitted By  /s/ Frederick A. Haist
E. Scott Palmer, Esq., SBN 155376
Frederick A. Haist, Esq. SBN 211322
PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017
Phone: (213) 688-0430
Fax: (213) 688-0440

Attorneys for Defendant Homecomings Financial, LLC