Philip R. Weltin, Esq. SBN 46141
Brian E. Kerss, Esq. SBN 87522
Daniel R. Weltin, Esq. SBN 226600
Kevin P. McLaughlin, Esq. SBN 251477
WELTIN LAW OFFICE, P.C.
1432 Martin Luther King Jr. Way
Oakland, California 94612
Telephone (510) 251-6060
Facsimile  (510) 251-6040

Attorneys for Plaintiffs
Rosa Galindo; Maria Galindo

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rosa Galindo; Maria Galindo, | Case No. 3:07-cv-3991 MJJ |
| Plaintiffs, | |
| v. | **OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OF DEFENDANTS FINANCO FINANCIAL, INC., AHMED YAMA ASEFI AND AAROON SADAT** |
| Financo Financial, Inc.; Patrick Patchin; Ahmed Yama Asefi, Aaroon Sadat and Nazia Nawabzada; Countrywide Bank, N.A.; Countrywide Financial Corp.; Homecomings Financial Network; Commonwealth Land Title Company; Joseph Esquivel, Pamela Spikes, and Does 1-100, | Date: February 26, 2008<br>Time: 9:30 a.m.<br>Court: 11<br>Floor: 19 |
| Defendants. | |

# I. INTRODUCTION

## A.  Statement of Facts.

Plaintiffs' claims arise out of a series of mortgage loan transactions brokered by

defendant Patrick Patchin.  Plaintiffs were induced to enter into the subject loans by a

number of fraudulent representations and concealments of fact made by Patchin, and

1

1

2

3

4

were not provided with a number of disclosures and documents required by state and

federal law.  At the time of the refinancing, Patchin was employed by defendants Financo

Financial, Inc. ("Financo"), Ahmed Yama Asefi and Aaroon Sadat.

**B.  Statement of Issues to be Decided.**

5

6

7

8

Defendants Financo, Asefi and Sadat have brought the instant motion to dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendants argue that the following

causes of action fail to state a claim:

9

10

11

12

1.  Plaintiffs' third cause of action for violation of TILA against Financo.

2.  Plaintiffs' fourth cause of action for violation of RESPA against Financo, Asefi

and Sadat.

13

14

15

16

3.  Plaintiffs' fifth, sixth and seventh causes of action for intentional

misrepresentation, concealment and negligent misrepresentation, respectively, against

Financo, Asefi and Sadat.

17

4.  All causes of action against Asefi and Sadat based on an alter ego theory.

18

19

5.  Plaintiffs' ninth cause of action for violation of the CLRA against Financo, Asefi

and Sadat.

20

21

22

6.  Plaintiffs' twelfth cause of action for civil conspiracy against Financo, Asefi and

Sadat.

23

24

7.  Plaintiffs' thirteenth cause of action for violation of California Civil Code section

1632 against Financo, Asefi and Sadat.

25

26

**II.  LEGAL STANDARD**

27

28

In ruling on a Rule 12(b)(6) motion, allegations of material fact are taken as true

and construed in the light most favorable to the nonmoving party.  *Cahill v. Liberty Mut.*

2

*Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not, however, accept as true allegations that are conclusory or are unwarranted deductions of fact. See *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Because Rule 12(b)(6) focuses on the legal sufficiency of a claim, and not the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  "[T]he motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted."  *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986) (quotation and citation omitted).

## III. DISCUSSION

### A. Plaintiffs Withdraw the Third Cause of Action Against Defendant Financo Financial, Inc.

Plaintiffs hereby withdraw without prejudice the third cause of action against Financo Financial, Inc. for violation of TILA.

### B. Plaintiffs' RESPA Claim Against Financo Financial, Inc. States a Valid Claim.

Plaintiffs' fourth cause of action alleges a claim of violation of the Real Estate Settlement Procedures Act (RESPA) by Countrywide, Homecomings and Financo. Plaintiffs allege that Financo received fees from the lenders that were "unlawful, excessive, unearned, duplicative and not reasonably related to the services performed by Defendants as required by RESPA." SAC at ¶ 40.  The receipt of such fees is a violation of RESPA.  12 U.S.C. § 2607.  Plaintiffs' claims against Financo for violation of RESPA, taken as a whole, state a viable cause of action.

3

1  Defendant does not make any claim to the contrary.  Rather, defendant limits its

2  argument to an attack on paragraph 43 of plaintiffs' complaint, which simply states the fact

3  that Countrywide, Homecomings and Financo failed to provide the disclosures required by

4  RESPA.  See Def.'s Mem. P. & A. at 6.  Apparently defendant seeks to have paragraph 43

5  stricken from plaintiffs' fourth cause of action, but defendant has not moved to strike that

6  allegation.  In addition, the facts stated in paragraph 43 form the basis for a portion of

7  plaintiffs' sixteenth cause of action for violation of California's Unfair Competition Act.  SAC

8  ¶ 118(h).  Plaintiffs' fourth cause of action states a valid claim under RESPA and there is

9  no basis to dismiss this cause of action.

10  **C.  Plaintiffs Have Pled Facts Sufficient to Establish Liability for Fraud on the Part of**

11  **Defendants Asefi and Sadat.**

12  Plaintiffs have alleged that the Broker Defendants - Patchin, Sadat, Asefi and

13  Financo - are liable for intentional misrepresentations, negligent misrepresentations and

14  concealment of material facts made by defendant Patchin to plaintiffs.  SAC ¶ 45-73.

15  Plaintiffs have alleged that defendants Sadat and Asefi were officers or agents of Financo,

16  and that the real estate broker license of Mr. Asefi was used by Financo so that Financo

17  could engage in the business of a real estate mortgage broker.  SAC ¶ 5-6.  Plaintiffs have

18  also alleged that defendants Sadat and Asefi negligently hired, trained and failed to

19  supervise defendant Patchin, SAC ¶ 27, thereby allowing Mr. Patchin to perpetrate the

20  fraudulent conduct set forth in greater detail elsewhere in the complaint.  SAC ¶ 13-16.

21  Further, plaintiffs have alleged that defendants Sadat and Asefi failed to follow various

22  corporate formalities, and that as a result, the separateness between Financo, Mr. Sadat

23  and Mr. Asefi should not be recognized.  SAC ¶ 6.

4

Galindo, et al. v. Financo, et al. 3:07-cv-3991
Opposition to Motion to Dismiss for Failure to State a Claim by Defendants Financo Financial, Inc., Ahmed Yama Asefi
and Aaroon Sadat

"Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotations, citations and brackets omitted). It is well-established that a principal may be held liable for the tortious acts of its agent, even if fraudulent or intentional. See, e.g., *Mary M. v. City of L.A.*, 54 Cal.3d 202, 208-09 (1991); *Acosta v. Glenfed Dev. Corp.*, 128 Cal.App.4th 1278, 1300-01 (2005). Allegations of facts underlying the fraud may be pled on information and belief where the plaintiffs "cannot be expected to have personal knowledge of all the facts constituting the fraud" and the facts underlying the plaintiffs' belief are stated. Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PROC. BEFORE TRIAL (The Rutter Group 2007) at 8:139.

Plaintiffs have identified the fraudulent acts committed by defendant Patchin in significant factual detail. SAC ¶ 13-16. Defendant does not argue that plaintiffs have insufficiently pled claims of fraud against defendant Patchin. Plaintiffs have identified the roles of defendants Asefi and Sadat and why Asefi and Sadat should be held liable for that fraud. Defendants Asefi and Sadat have been fully apprised "of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge . . ." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). Plaintiffs' claims against defendants Asefi and

Sadat for intentional misrepresentation, negligent misrepresentation and concealment have been pled with sufficient particularity and should not be dismissed.

**D. Plaintiffs' "Alter Ego" Claims are not Conclusory.**

An "alter ego" theory of individual liability for corporate wrongs involves two prongs: a unity of interest between a corporation and its individual owners or officers, and injustice resulting from continuing to recognize the separate corporate form. See, e.g., *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp.2d 1101, 1115 (C.D. Cal. 2003). Both elements, along with supporting facts, must be pled. *Id.* at 1116.

Plaintiffs have alleged, on information and belief, that defendants Asefi and Sadat commingled assets with Financo, allowed Financo to be inadequately capitalized, and failed to recognize corporate formalities. SAC ¶ 6. Plaintiffs have also alleged, on information and belief, that defendants Asefi and Sadat were officers of Financo. These are facts which, if proven, will show a unity of interest between corporation and defendants Asefi and Sadat. Should Financo have insufficient funds to pay any judgment against it, continued recognition of the separate corporate form will plainly work an injustice on plaintiffs. These allegations are not conclusory but state facts (albeit on information and belief) sufficient to support plaintiffs' allegations of "alter ego" liability.

**E. Plaintiffs have viable CLRA claims.**

1. Plaintiffs request leave to amend to correct the notice language in the Second Amended Complaint.

The Second Amended Complaint states that:

> Plaintiffs concurrently with the filing of this Complaint have served Financo, Countrywide Bank, N.A., Countrywide Financial Corporation and Homecomings Financial Corporation a Consumers Legal Remedies Act notification and demand letter via certified, return receipt requested U.S. Mail.

6

SAC ¶ 88.  This statement was also contained in plaintiffs' prior complaints, and was kept in the Second Amended Complaint solely as a result of clerical error.  Plaintiffs actually served a CLRA notification and demand letter on October 1, 2007.  This letter substantially complied in all respects with the statutory requirements of Cal. Civ. Code section 1782, and was delivered to defendant thirty days prior to the filing of the Second Amended Complaint.  Financo never accepted service or appeared in this case prior to the filing of the Second Amended Complaint.  Plaintiffs' CLRA notification and demand letter was timely, and plaintiffs request leave to amend the complaint to correct the inaccurate statement that the CLRA notification and demand letter was mailed concurrently with the filing of the Second Amended Complaint.

2.   The loans to plaintiffs involve the provision of financial services.

Federal courts considering the matter have repeatedly decided that the CLRA may apply to the financial services associated with mortgage loans.  *Knox v. Ameriquest Mortg. Co.*, 2005 U.S. Dist. LEXIS 40709 at 12-13 (N.D. Cal. 2005) (Conti, J.) (the CLRA covers mortgages); *Jefferson v. Chase Home Finance, LLC*, 2007 U.S. Dist. LEXIS 36298 at 4-11 (N.D. Cal. 2007) (Henderson, J.) (denying judgment on the pleadings on CLRA claim arising from mortgage); *Hernandez v. Hilltop Fin. Mortg., Inc.*, 2007 U.S. Dist. LEXIS 80867 at 14-21 (N.D. Cal. 2007) (Illston, J.) (denying Rule 12(b)(6) motion on CLRA claim arising from mortgage); *In re Ameriquest Mortg. Co. Morg. Lending Practices Lit.*, 2007 U.S. Dist. LEXIS 29641 at 16-20 (N.D. Ill. 2007) (same).

The question of whether the CLRA applies to the financial services associated with mortgage loans has been addressed in only one published decision of a California court. In *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457 (2006), the Court of Appeal

7

stated in a cursory two-paragraph analysis that the transaction at issue involved the sale

of real property, and therefore did not involve the sale of goods or services. *Id.* at 1488.

Plaintiffs' loans in the instant case were refinancing loans and did not involve the sale of

real property. More importantly, the *McKell* decision ignores the substantial services

involved in a mortgage transaction.

The *Jefferson* and *Hernandez* decisions applied the principle that federal courts are

to apply "California law as we believe the California Supreme Court would apply it." *K F

Dairies, Inc. & Affiliates v. Fireman's Fund Ins. Co.*, 224 F.3d 922, 924 (9th Cir. 2000). In

so doing, those courts found the decisions of *Berry v. American Express Publishing, Inc.*,

147 Cal. App. 4th 224 (2007) and *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th

1457 (2006) cited by defendant distinguishable and unpersuasive. The *McKell* decision

was dismissed as completely lacking in analysis or persuasion. See, e.g., *Hernandez,*

2007 U.S. Dist. LEXIS 80867 at 18-20. And "unlike in *Berry*, the situation in the present

case involves more than the mere extension of a credit line. Instead, the circumstances

here deal not just with the mortgage loan itself, but also with the services involved in

developing, securing and maintaining plaintiffs' loan." *Hernandez*, 2007 U.S. Dist. LEXIS

80867 at 20. The same pertains in this case, and as in *Hernandez*, plaintiffs paid

significant fees to both the broker and to Commonwealth Land Title Company for their

services in connection with the subject loans. SAC ¶ 14-15. Brokers advise those seeking

loans and help manage the lending process, for a fee - this is the very nature of selling a

service. Due to the substantial services involved in plaintiffs' mortgages, the CLRA applies

to these mortgage loan transactions.

8

Galindo, et al. v. Financo, et al. 3:07-cv-3991
Opposition to Motion to Dismiss for Failure to State a Claim by Defendants Financo Financial, Inc., Ahmed Yama Asefi
and Aaroon Sadat

**F.  Plaintiffs Request Leave to Amend the Civil Conspiracy Cause of Action.**

Plaintiffs' twelfth cause of action for civil conspiracy fails, as defendant notes, to allege that defendants Sadat, Asefi or Financo had knowledge of defendant Patchin's planned fraud or intended to aid in its commission.  Def.'s Mem. P. & A. at 11.  Plaintiffs need not plead the knowledge or intent of these defendants with particularity; "condition of mind of a person may be averred generally."  Fed. R. Civ. Proc. 9(b).  Plaintiffs hereby request leave to amend the twelfth cause of action to state that, based on information and belief, defendants Sadat, Asefi and Financo had knowledge of defendant Patchin's planned fraud and intended to aid in its commission.

**G.  Plaintiffs Request Leave to Amend the Civil Code Section 1632 Cause of Action.**

Plaintiffs' thirteenth cause of action for violation of California Civil Code section 1632 does not clearly specify from whom relief is sought.  The relief sought, pursuant to section 1632(k), is rescission of the loans at issue.  While the brokers of those loans violated section 1632(b) by failing to provide translations of the mortgage contracts at issues, rescission of the subject loans may only be obtained through the lenders of those loans.  In effect, the brokers were acting as agents of the lenders for purposes of Civil Code section 1632.  See, e.g., *Plata v. Long Beach Mortg. Co.*, 2005 U.S. Dist. LEXIS 38807 at 24-26 (N.D. Cal. 2005) (Fogel, J.); *Ruiz v. Decision One Mortg. Co., LLC,* 2006 U.S. Dist. LEXIS 54571, at 12-15 (N.D. Cal. 2006) (Lloyd, M.J.).  Plaintiffs request leave to amend the thirteenth cause of action to specify that the relief of rescission is sought from the lenders of the subject mortgage loans.

Galindo, et al. v. Financo, et al. 3:07-cv-3991
Opposition to Motion to Dismiss for Failure to State a Claim by Defendants Financo Financial, Inc., Ahmed Yama Asefi and Aaroon Sadat

## H. Plaintiffs Request Leave to Amend as Necessary.

The Federal Rules of Civil Procedure provide that leave to amend be "freely given when justice so requires." Fed. R. Civ. Pro 15(a). Rule 15(a) is construed broadly, requiring that leave to amend be granted with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). In determining whether it should grant leave to amend a complaint, the court must consider (1) the plaintiff's bad faith; (2) undue delay; (3) prejudice to the defendant; (4) futility of amendment; and (5) whether the plaintiff has previously amended his or her pleadings. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Plaintiffs have previously amended their complaint on their own initiative to add defendants and to add and clarify causes of action. To the extent the court is inclined to grant defendants' motion to dismiss any of plaintiffs' claims, plaintiffs respectfully request that leave be given to amend plaintiffs' complaint.

### IV. CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that leave be given to amend certain causes of action and that defendants' motion be denied as to the remaining causes of action. To the extent the court is inclined to grant defendants' motion, plaintiffs respectfully request that leave be given to amend plaintiffs' complaint.

Dated: February 5, 2008

WELTIN LAW OFFICE, P.C.

Philip R. Weltin
Brian E. Kerss
Daniel R. Weltin
Kevin P. McLaughlin
Attorneys for Plaintiffs

10