Philip R. Weltin, Esq. SBN 46141
Brian E. Kerss, Esq. SBN 87522
Daniel R. Weltin, Esq. SBN 226600
Kevin P. McLaughlin, Esq. SBN 251477
WELTIN LAW OFFICE, P.C.
1432 Martin Luther King Jr. Way
Oakland, California 94612
Telephone (510) 251-6060
Facsimile  (510) 251-6040

Attorneys for Plaintiffs
Rosa Galindo; Maria Galindo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rosa Galindo; Maria Galindo,<br><br>Plaintiffs,<br><br>v.<br><br>Financo Financial, Inc.; Patrick Patchin; Ahmed Yama Asefi, Aaroon Sadat and Nazia Nawabzada; Countrywide Bank, N.A.; Countrywide Financial Corp.; Homecomings Financial Network; Commonwealth Land Title Company; Joseph Esquivel, Pamela Spikes, and Does 1-100,<br><br>Defendants. | Case No. 3:07-cv-3991 MJJ<br><br>**OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE OF DEFENDANT HOMECOMINGS FINANCIAL, LLC**<br><br>Date:   February 26, 2008<br>Time:   9:30 a.m.<br>Court:  11<br>Floor:  19 |

## I. INTRODUCTION

**A. Statement of Facts.**

Plaintiffs' claims arise out of a series of mortgage loan transactions brokered by defendant Patrick Patchin. Plaintiffs were induced to enter into the subject loans by a number of fraudulent representations and concealments of fact made by Patchin, and were not provided with a number of disclosures and documents required by state and

1

Galindo, et al. v. Financo, et al. 3:07-cv-3991
Opposition to Motion to Dismiss for Failure to State a Claim and Motion to Strike by Defendant Homecomings Financial, LLC

federal law. Two of the subject loans were issued by defendant Homecomings Financial, LLC, formerly known as Homecomings Financial Network.

**B. Statement of Issues to be Decided.**

Defendant Homecomings has brought the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant argues that the following causes of action fail to state a claim:

1. Plaintiffs' second cause of action for negligence.
2. Plaintiffs' third cause of action for violation of TILA.
3. Plaintiffs' fourth cause of action for violation of RESPA.
4. Plaintiffs' ninth cause of action for violation of the CLRA.
5. Plaintiffs' twelfth cause of action for civil conspiracy.

Defendant also argues in a concurrent motion to strike that plaintiffs' claim for punitive damages in paragraph 37 of the complaint, relating to plaintiffs' TILA cause of action, and plaintiffs' prayer for punitive damages in paragraph 9 of the prayer should be stricken from the complaint.

## II. LEGAL STANDARD

In ruling on a Rule 12(b)(6) motion, allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not, however, accept as true allegations that are conclusory or are unwarranted deductions of fact. See *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the legal sufficiency of a claim, and not the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." *Van*

2

*Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). "[T]he motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986) (quotation and citation omitted).

"A court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). Motions to strike are generally disfavored, and "[b]efore a motion to strike is granted the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp.2d 556, 561 (C.D. Cal. 2005) (citation omitted).

## III. DISCUSSION

### A. Plaintiff has Stated a Claim of Negligence Against Homecomings.

In assessing negligence, "[t]he basic question is whether the risk of danger to others outweighs the utility of the act or the manner in which it is done; if so, the risk is unreasonable and the act is negligent." B.E. Witkin, Summary of California Law 10th ed., Torts § 868 (West 2005). "[T]he concept of "foreseeability" enters into both the willingness of the court to recognize the existence of a duty, the breach of which permits an action for damages, and into the determination by a trier of fact whether the specific injury in issue was foreseeable." *Thing v. LaChusa*, 48 Cal.3d 644, 654 n.3 (1989).

Though a contractual relationship exists between plaintiff and defendant, this is not, as defendant argues, a claim of negligence based in a breach of contract. Def.'s Mem. P. & A. at 5. Nor is plaintiff's negligence claim premised on any fiduciary relationship

3

Galindo, et al. v. Financo, et al. 3:07-cv-3991
Opposition to Motion to Dismiss for Failure to State a Claim and Motion to Strike by Defendant Homecomings Financial, LLC

between Homecomings as lender and plaintiff as borrower. *Id.* at 5-6. Defendant's citation of the economic loss rule is inapposite; that rule only applies in the context of defective products. See *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988-89 (2004).

Rather, plaintiff's claim of negligence against Homecomings is premised on the fundamental idea that Homecomings could foresee that maintaining and marketing abusive lending practices, and failing to verify the name and license of the brokers who sold loan products to plaintiff, would injure plaintiff. SAC ¶ 28. Based on the foreseeability of harm to plaintiff, Homecomings had a duty to avoid causing harm to plaintiff. Homecomings breached that duty and caused plaintiff harm. Plaintiff does not claim that defendant owes it any heightened standard of care, but only the ordinary standard of using "reasonable care to prevent harm to oneself or to others." CACI No. 401 (Negligence - Basic Standard of Care). Plaintiff has stated a claim of negligence against defendant regardless of any contractual or special relationship between plaintiff and defendant, and defendant's motion to dismiss plaintiff's claim of negligence should be denied.

**B. Defendant has no Evidence of the Purpose of Plaintiff's Loans, and Plaintiff's TILA Claims are not Time-Barred.**

1. Equitable tolling applies to plaintiff's TILA claims against Homecomings.

With certain exceptions not applicable here, the statute of limitations for a TILA claim is one year. 15 U.S.C. § 1640(e). The one-year period begins running when the transaction is consummated - here, May 23, 2006 - but the doctrine of equitable tolling may "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."

4

Galindo, et al. v. Financo, et al. 3:07-cv-3991
Opposition to Motion to Dismiss for Failure to State a Claim and Motion to Strike by Defendant Homecomings Financial, LLC

*King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). The "basic inquiry is whether tolling the statute in certain situations will effectuate the congressional purpose of the Truth-in-Lending Act[,]" which is a remedial statute "interpreted liberally for the consumer." *Id.*

Plaintiff signed her loan documents with the understanding that she would have a fixed rate of between 1.5-2.0% for the first five years of the new mortgage. SAC ¶ 13-14. Plaintiff did not discover that her loan was actually an adjustable rate loan with a one-month "teaser" rate until the rate began to increase in July of 2006. Plaintiff filed suit on June 29, 2007. Plaintiff cannot be faulted for not knowing at closing which among the legion of required documents and disclosures were not provided to her and were fraudulently concealed from her through defendant Patchin's misrepresentations and non-disclosures. See *Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1454 (D. Haw. 1996) (requiring fraudulent concealment for plaintiff to invoke equitable tolling in TILA context). The non-disclosure of required documents and disclosures effectively conceals the non-disclosure to a layperson involved in a mortgage transaction. Plaintiff did not "suspect any violations" of TILA until the rates of the subject loans began to jump in a manner contrary to the representations of defendant Patchin. *King*, 784 F.2d at 914.

2. The subject loans were not for a commercial purpose.

The case that defendant cites to state that credit extended for rental properties does not fall within the purview of TILA itself holds that " the *purpose* of the transaction or extension of credit is controlling, not the property on which the security interest is retained." *Sapenter v. Dreyco, Inc.*, 326 F. Supp. 871, 874 (D. La. 1971) (emphasis in original). In that case, the court found the loan at issue to be for a business purpose *despite the fact* that it was secured by a mortgage on the plaintiffs' residence. *Id.* The fact

5

that the subject loans were loans secured by rental properties is of no moment; it is plaintiff's purpose in obtaining these loans that counts. To drive home the point that the purpose of the thing securing the transaction is irrelevant, the Official Staff Commentary to Regulation Z published by the Federal Reserve Board offers the example that "a loan secured by a mechanic's tools to pay a child's tuition" is considered a consumer (i.e. personal) purpose. Official Staff Commentary to Regulation Z, § 226.3(a)(2).

A case-by-case analysis is required as to the purpose of any loan within the meaning of TILA. See *Thorns v. Sundance Properties*, 726 F.2d 1417 (9th Cir. 1984) (noting that even a loan for investment in a limited partnership can be for personal purposes); see also *Tower v. Moss*, 625 F.2d 1161, 1166 n.4 (5th Cir. 1980) ("the nature of the credit transaction is ultimately determined by the entire surrounding factual circumstances."). While plaintiff states that she transferred certain of the funds obtained through the subject loans to defendant Patchin to purchase property, SAC ¶ 16, and that "she contacted her bank about refinancing some of her houses to obtain money to build a house in Tracy[,]" SAC ¶ 13, plaintiff's purpose in obtaining the subject loans is not plainly stated in the complaint. Neither of these statements set forth whether plaintiff had a personal or commercial purpose in obtaining the subject loans, particularly given the level of factual analysis required to determine the purpose of a loan. Defendant's claim that the subject loans were for a business or commercial purpose is unfounded and speculative, and defendant's motion to dismiss plaintiff's TILA claim should be denied.

### C. Plaintiff's Loans Were not for a Commercial Purpose Within the Meaning of RESPA.

Like TILA, RESPA does, as defendant asserts, exempt loans that are "primarily for business, commercial, or agricultural purposes." 12 U.S.C. § 2606(a). In making the determination of the purpose of the loan, courts are to apply the same standards as are used under TILA. *Id.* at § 2606(b). As discussed above, defendant has pointed to no evidence in plaintiff's complaint that the purpose of the subject loans was "business, commercial, or agricultural" in nature. Instead, defendant has concluded that because the loans were secured by rental properties, the loans were for a commercial purpose. Defendant is speculating as to plaintiff's purpose in obtaining the subject loans. As such, defendant's motion to dismiss plaintiff's RESPA claim is ill-founded and should be denied.

### D. Plaintiff has a viable CLRA claim.

Federal courts considering the matter have repeatedly decided that the CLRA may apply to the financial services associated with mortgage loans. *Knox v. Ameriquest Mortg. Co.*, 2005 U.S. Dist. LEXIS 40709 at 12-13 (N.D. Cal. 2005) (Conti, J.) (the CLRA covers mortgages); *Jefferson v. Chase Home Finance, LLC*, 2007 U.S. Dist. LEXIS 36298 at 4-11 (N.D. Cal. 2007) (Henderson, J.) (denying judgment on the pleadings on CLRA claim arising from mortgage); *Hernandez v. Hilltop Fin. Mortg., Inc.*, 2007 U.S. Dist. LEXIS 80867 at 14-21 (N.D. Cal. 2007) (Illston, J.) (denying Rule 12(b)(6) motion on CLRA claim arising from mortgage); *In re Ameriquest Mortg. Co. Morg. Lending Practices Lit.*, 2007 U.S. Dist. LEXIS 29641 at 16-20 (N.D. Ill. 2007) (same).

The question of whether the CLRA applies to the financial services associated with mortgage loans has been addressed in only one published decision of a California court.

7

Galindo, et al. v. Financo, et al. 3:07-cv-3991
Opposition to Motion to Dismiss for Failure to State a Claim and Motion to Strike by Defendant Homecomings Financial, LLC

In *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457 (2006), the Court of Appeal stated in a cursory two-paragraph analysis that the transaction at issue involved the sale of real property, and therefore did not involve the sale of goods or services. *Id.* at 1488. Plaintiffs' loans in the instant case were refinancing loans and did not involve the sale of real property. More importantly, the *McKell* decision ignores the substantial services involved in a mortgage transaction.

The *Jefferson* and *Hernandez* decisions applied the principle that federal courts are to apply "California law as we believe the California Supreme Court would apply it." *K F Dairies, Inc. & Affiliates v. Fireman's Fund Ins. Co.*, 224 F.3d 922, 924 (9th Cir. 2000). In so doing, those courts found the decisions of *Berry v. American Express Publishing, Inc.*, 147 Cal. App. 4th 224 (2007) and *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457 (2006) cited by defendant distinguishable and unpersuasive. The *McKell* decision was dismissed as completely lacking in analysis or persuasion. See, e.g., *Hernandez*, 2007 U.S. Dist. LEXIS 80867 at 18-20. And "unlike in *Berry*, the situation in the present case involves more than the mere extension of a credit line. Instead, the circumstances here deal not just with the mortgage loan itself, but also with the services involved in developing, securing and maintaining plaintiffs' loan." *Hernandez*, 2007 U.S. Dist. LEXIS 80867 at 20. The same pertains in this case, and as in *Hernandez*, plaintiff paid significant fees to both the broker and to Commonwealth Land Title Company for their services in connection with the subject loans. SAC ¶ 14-15. Brokers advise those seeking loans and help manage the lending process, for a fee - this is the very nature of selling a service. Due to the substantial services involved in plaintiff's mortgages, the CLRA applies to these mortgage loan transactions.

8

Defendant again engages in the erroneous assumption that because the subject loans were on properties that plaintiff rents out, the loans were not for "personal, family, or household *purposes*." Cal. Civ. Code § 1761(d) (emphasis added). The nature of the underlying properties is irrelevant to plaintiff's purpose in obtaining the loans. Further, defendant cites no authority for the proposition that a personal investment is not a personal purpose within the meaning of the CLRA. Defendant's conclusions notwithstanding, plaintiff's complaint does not intimate the nature of plaintiff's purpose in obtaining the subject loans.

Finally, it is plain that the services of a broker, title company, and others involved in a mortgage loan are services that are sold to the mortgagor within the meaning of the CLRA. Services are provided, and they are paid for; this is the fundamental exchange involved in selling any service. Defendant's motion to dismiss plaintiff's CLRA claim should be denied.

### E.  Plaintiff Withdraws the Twelfth Cause of Action Against Homecomings.

Plaintiff hereby withdraws without prejudice the twelfth cause of action against Homecomings Financial, LLC for civil conspiracy.

### F.  Plaintiffs' Prayer for Punitive Damages is Proper; Plaintiffs Withdraw Paragraph 37 From the Complaint.

A prayer for punitive damages does not constitute "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). Further, plaintiffs' prayer for punitive damages, found in paragraph 9 of the prayer, is based on plaintiffs' claims of fraud. Willful and fraudulent conduct may entitle a plaintiff to punitive damages. Cal. Civ. Code § 3294. Plaintiffs have alleged significant facts demonstrating fraudulent conduct.

9

Galindo, et al. v. Financo, et al. 3:07-cv-3991
Opposition to Motion to Dismiss for Failure to State a Claim and Motion to Strike by Defendant Homecomings Financial, LLC

Plaintiffs' individual causes of action make plain which claims seek punitive damages, and towards which defendants those claims are directed. There is no basis for striking paragraph 9 from plaintiffs' prayer.

Plaintiffs hereby withdraw paragraph 37 from the Second Amended Complaint.

### G. Plaintiff Requests Leave to Amend as Necessary.

The Federal Rules of Civil Procedure provide that leave to amend be "freely given when justice so requires." Fed. R. Civ. Pro 15(a). Rule 15(a) is construed broadly, requiring that leave to amend be granted with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). In determining whether it should grant leave to amend a complaint, the court must consider (1) the plaintiff's bad faith; (2) undue delay; (3) prejudice to the defendant; (4) futility of amendment; and (5) whether the plaintiff has previously amended his or her pleadings. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Plaintiff has previously amended her complaint on her own initiative to add defendants and to add and clarify causes of action. To the extent the court is inclined to grant defendants' motion to dismiss or strike any of plaintiff's claims, plaintiff respectfully requests that leave be given to amend plaintiffs' complaint.

## IV. CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that defendant's motions be denied. To the extent the court is inclined to grant defendant's motions, plaintiff respectfully requests that leave be given to amend plaintiffs' complaint.

Dated: February 5, 2008                    WELTIN LAW OFFICE, P.C.

                                           _____
                                           Philip R. Weltin
                                           Brian E. Kerss
                                           Daniel R. Weltin
                                           Kevin P. McLaughlin
                                           Attorneys for Plaintiffs

11

Galindo, et al. v. Financo, et al. 3:07-cv-3991
Opposition to Motion to Dismiss for Failure to State a Claim and Motion to Strike by Defendant Homecomings Financial, LLC