E. Scott Palmer, Esq., SBN 155376
Email: spalmer@pldlawyers.com
Frederick A. Haist, Esq., SBN 211322
Email: fhaist@pldlawyers.com
PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017
Phone: (213) 688-0430
Fax: (213) 688-0440

Attorneys for Defendant Homecomings Financial, LLC erroneously sued as Homecomings Financial Network

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rosa Galindo; Maria Galindo,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>Financo Financial, Inc.; Patrick Patchin; Ahmed Yama Asefi; Aaroon Sadat and Nazia Nawabzada; Countrywide Bank, N.A.; Countrywide Financial Corp.; Homecomings Financial Network; Commonwealth Land Title Company; Joseph Esquivel; Pamela Spikes; and Does 1-100,<br><br>　　　　Defendants. | Case No. 3:07-CV-3991 MJJ<br><br>**DEFENDANT HOMECOMINGS FINANCIAL, LLC'S REPLY TO ROSA GALINDO'S OPPOSITION TO THE MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS CLAIMS FROM PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>[RULE 12(b)(6)]<br><br>DATE:　　February 26, 2008<br>TIME:　　9:30 a.m.<br>PLACE:　Courtroom 11 |

## I. INTRODUCTION

Plaintiff Rosa Galindo[1] attempts to turn the applicable law on its head in her opposition. Despite the loan contract between her and Defendant Homecomings Financial, LLC ("Homecomings"), she argues that if a harm is alleged to be foreseeable, she can state a tort claim. Her argument would impermissibly merge

---

[1] In the Opposition, Plaintiff Maria Galindo has not disputed that she did not sue Defendant Homecomings Financial, LLC.

- 1 -

HOMECOMINGS' REPLY TO PLAINTIFF ROSA
GALINDO'S OPPOSITION TO MOTION TO DISMISS – 3:07-cv-3991 MJJ

tort and contractual claims; case law conclusively prevents such merging. Rosa Galindo also argues that her Truth In Lending Act ("TILA") claim is not barred under the tolling doctrine. She admits she signed the loan contract, so there can be no tolling because she supposedly did not know the terms of the loan contract. Conceding that the loans were on investment properties in respect to her TILA and Real Estate Settlement Procedures Act ("RESPA") claims, she argues her claims are valid because she failed to allege the purpose of the loan funds—an essential element of her claims. Tellingly, she does not deny that she used the loan funds to build an investment property in Tracy. She also relies on unpublished opinions to argue that the California Consumers Legal Remedies Act ("CLRA") encompasses mortgage loans; the published cases indicate that it does not apply to mortgage loans. Finally, Rosa Galindo has withdrawn her 12th Claim for Civil Conspiracy. Rosa Galindo's 1) Second Claim for Negligence; 2) Third Claim for violation of TILA; 3) Fourth Claim for violation of RESPA; 4) Ninth Claim for Violation of the CLRA; and 5) Twelfth Claim for Civil Conspiracy should be dismissed without leave to amend.

## II. THE 12TH CLAIM FOR CIVIL CONSPIRACY SHOULD BE SUMMARILY DISMISSED

Rosa Galindo withdrew her 12th claim for Civil Conspiracy and has not indicated that she can allege new facts to state a claim. Opp. p. 9:17-19. Thus, Homecomings' motion as to this claim should be summarily granted without leave to amend.

## III. PLAINTIFF HAS NOT OFFERED COMPELLING REASONS WHY HER NEGLIGENCE, CLRA, RESPA AND TILA CLAIMS ARE VALID

### A. Foreseeability Does Not Provide a Basis for Rosa Galindo's Negligence Claim when Her Claim Arises from a Contractual Relationship

Rosa Galindo, disregarding the plethora of California law (including

///

1  California Supreme Court decisions[2]), argues that her negligence tort claim is not
2  barred because it is foreseeable that using certain brokers would harm her. She
3  simply ignores *Freeman & Mills, Foley, Erlich, Robinson Helicopter* and *Brown*,
4  and fails to show why they do not apply to her contract with Homecomings.

5  Essentially, Rosa Galindo argues that it was foreseeable that the Broker
6  Defendants would negotiate a different loan from what Homecomings offered to
7  her. Rosa Galindo's position would render *Freeman & Mills, Foley, Erlich,*
8  *Robinson Helicopter* and *Brown* meaningless. Every contract dispute would
9  suddenly become a tort claim, since, under Rosa Galindo's theory, a dispute about
10 contract terms can be a tort if the dispute is foreseeable. Rosa Galindo's argument is
11 based on a fundamental misconception that foreseeability is the sole basis for
12 imposing a tort duty on a party. The *Erlich* court provided a succinct explanation as
13 to why Rosa Galindo is wrong: "foreseeability alone is not sufficient to create an
14 independent tort duty . . . In short, foreseeability is not synonymous with duty; nor is
15 it a substitute." *Erlich*, 21 Cal.4th at 552. Since there is a contract between Rosa
16 Galindo and Homecomings, she cannot state a negligence claim.

17 Even disregarding *Freeman & Mills, Foley, Erlich, Robinson Helicopter* and
18 *Brown*, Rosa Galindo's allegations and admissions show there is no foreseeable
19 harm here that would subject a lender to a tort claim. Rosa Galindo admits she
20 signed the loan documents. Opp. p. 5:5. Presumably, she knew the terms of the
21 loan because she read it. It is not foreseeable to a lender that she would sign loan
22 papers for a loan with allegedly incorrect terms. A failure to read the loan contract
23 does not change the analysis: "Reasonable diligence requires the reading of a

---

[2] *Freeman & Mills v. Belcher Oil Company,* 11 Cal.4th 85, 44 Cal.Rptr.2d 420 (1995); *Foley v. Interactive Data Corp,* 47 Cal.3d 654, 254 Cal.Rptr. 211 (1998); *Erlich v. Menezes,* 21 Cal.4th 543, 551, 87 Cal.Rptr.2d 886 (1999); *Robinson Helicopter Co., Inc.,* 34 Cal.4th 979, 988, 22 Cal.Rptr.3d 352 (2004); *see also Brown v. California Pension Administration & Consultants, Inc.,* 45 Cal.App.4th 333, 346, 52 Cal.Rptr.2d 788 (1996).

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

- 3 -

HOMECOMINGS' REPLY TO PLAINTIFF ROSA
GALINDO'S OPPOSITION TO MOTION TO DISMISS – 3:07-cv-3991 MJJ

contract before signing it." *24 Hour Fitness, Inc. v. Superior Court,* 66 Cal.App.4th 1199, 1215, 78 Cal.Rptr.2d 533 (1998). Rosa Galindo simply cannot transform what is essentially a contract claim into a negligence tort claim.

### B. Rosa Galindo Cannot State a Valid, Non-Barred TILA Claim

#### 1. Rosa Galindo Has Not Offered Any Basis for Tolling Her TILA Claim

Rosa Galindo has not pointed to any facts that show her TILA claim is subject to equitable tolling. She admits the limitations period began when the transaction was consummated on May 23, 2006. Opp. p. 4:24-25; *see also King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). She completely disregards *King*—the statute began on May 23, 2006 and she failed to file her complaint a year later.

Rosa Galindo argues that the statute should be tolled because she only discovered the allegedly different terms of the loan months later when the interest rate adjusted. This argument fails for two reasons. First, she failed to allege this new "fact" in her complaint. She never alleged that the terms of the loan were not in the papers she signed or that she only learned of the rate when it adjusted. Second, her own admission undermines her argument—she admits she signed the loan papers. "For equitable tolling to apply, it is necessary that 'despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim.'" *Valeriano v. Gonzales*, 474 F.3d 669, 673 (9th Cir. 2007). Rosa Galindo's ignorance from apparently not reading the contract was under her control so there can be no equitable tolling. *Valeriano*, 474 F.3d at 673. Finally, her argument that tolling applies because she could not know what disclosures were allegedly missing is disingenuous. The required disclosures are all set forth in statutes and her failure to compare what she received to the statutory requirements does not operate to toll the statute. *See, e.g.*, 15 U.S.C. §1631; 12 C.F.R. §§226.17 and 226.18; *Hubbard v. Fidelity Federal Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (argument that TILA was tolled until plaintiff discovered disclosure

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

anomalies disregarded because "nothing prevented [plaintiff] from comparing the loan contract, [lender's] initial disclosures, and TILA's statutory and regulatory requirements"). Rosa Galindo has no basis for tolling so her TILA claim should be dismissed.

### 2. Rosa Galindo Admits She Failed to Allege an Essential Element of a TILA Claim and that the Funds Were Used for a Business Purpose

Strangely, Rosa Galindo attempts to salvage her TILA claim by flat-out admitting she failed to allege a crucial element of the claim—that the loan funds were used for a personal purpose. "[P]laintiff's purpose in obtaining the subject loans is not plainly stated in the complaint." Opp. p. 6:18-22. To allege a TILA claim, Rosa Galindo must allege that she is a "consumer" subject to the Act. 15 U.S.C. §§1601 *et seq*. The definition of "consumer" requires that the loan funds be used for a personal purpose. 15 U.S.C. §1602(h). By her own admission, she failed to make such an allegation, so the claim should be dismissed.

Rosa Galindo should not be given leave to amend. Rosa Galindo has the burden of showing that the proceeds of the loan were for personal and not business purposes. *Gombosi v. Carteret Mortg. Corp.*, 894 F.Supp. 176, 180 (E.D. Penn. 1995) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 751 (3rd Cir. 1974)). Looking at the complaint, it is obvious that she took out the loans on the two rental properties to build a third investment property in Tracy. She failed to deny that the Tracy property was to be used for her personal use. In fact, she refuses to clarify its status and instead tries to obfuscate her own allegations by arguing that she never said whether it was for business or personal use. The reason Rosa Galindo cannot state that the funds were utilized for personal use is clear—the Tracy property was an investment property.

///

///

- 5 -

### C. Rosa Galindo's RESPA Claim Fails Because the Loan Funds Were Used for a Business Purpose

As set forth in the moving papers, RESPA does not apply to loans used for business purposes. 12 U.S.C. §2606(a). For the same reason Rosa Galindo has failed to show that the business purpose exception does not apply to her TILA claim, she has not done so in respect to her RESPA claim.

### D. Rosa Galindo Offers No Compelling Reason Indicating She Has Alleged a Valid CLRA Claim

In arguing that she has stated a CLRA claim, Rosa Galindo cites numerous unpublished decisions. While she has violated no rule in doing so, an unpublished case is of limited value and can only be used to identify general policy considerations. *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983). The published cases indicate a strong trend that a mortgage loan (i.e., credit) is not covered by the CLRA. *See, e.g., Berry v. American Exp. Publishing, Inc.*, 147 Cal.App.4th 224, 228, 54 Cal.Rptr.3d 91 (2007); *McKell v. Washington Mut., Inc.*, 142 Cal.App.4th 1457, 1488, 49 Cal.Rptr.3d 227 (2006); *Van Slyke v. Capital One Bank*, 503 F.Supp.2d 1353, 1359 (N.D. Cal. 2007); *Estate of Migliaccio v. Midland Nat'l. Life Ins. Co.*, 436 F.Supp.2d 1095, 1108-1109 (C.D. Cal. 2006); *Augustine v. FIA Card Services, N.A.*, 485 F.Supp.2d 1172, 1175 (E.D. Cal. 2007).

Moreover, Rosa Galindo's unpublished cases generally rely on a shaky conclusion that the California Supreme Court would not follow *Berry* and *McKell* largely based on two cases[3] in which the courts failed to specifically consider whether the CLRA covered the claims at issue. In California, cases are not

---

[3] *Corbett v. Hayward Dodge, Inc.*, 119 Cal.App.4th 915, 14 Cal.Rptr.3d 741 (2004) and *Kagan v. Gibraltar Savings and Loan Ass'n*, 35 Cal.3d 582, 200 Cal.Rptr. 38 (1984).

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

1  precedential authority for propositions not considered. *People v. Gilbert,* 1 Cal.3d
2  475, 482, fn. 7, 82 Cal.Rptr. 724 (1969); *Canales v. City of Alviso,* 3 Cal.3d 118,
3  127-128, fn. 2, 89 Cal.Rptr. 601 (1970). The California Supreme Court has held
4  that insurance is not covered under the CLRA; it is likely it would rely on its own
5  dicta and affirm *McKell* and *Berry*. *See Civil Service Employees Ins. Co. v.*
6  *Superior Court*, 22 Cal.3d 362, 376, 149 Cal.Rptr. 360 (1978). California Supreme
7  Court dictum is extremely persuasive in California law and should not be
8  disregarded. *See Howard Jarvis Taxpayers Ass'n v. City of Fresno*, 127 Cal.App.4th
9  914, 925, 26 Cal.Rptr.3d 153, 161 (2005).

Rosa Galindo also makes a specious argument that Homecomings is liable under the CLRA because the loans were for a refinancing and not for a sale of real property. Opp. p. 8:4-5. There must be a sale of a good or service from Homecomings before the CLRA applies. Cal. CIV. CODE §1770(a). Since Rosa Galindo admits this was a refinance, there is no sale of anything and she failed to allege otherwise. Even if the refinancing proceeds were used to purchase something (which is not alleged), it must be purchased from Homecomings before the CLRA will apply. *See Van Slyke*, 503 F.Supp.2d at 1359 ("Of course, plaintiffs bought goods and services with their credit cards. But not from defendants . . . In short, this case deals only with the extension of credit . . . not with the sale or lease of goods or services"). Because there was no sale by Homecomings, the CLRA cannot apply.

Rosa Galindo further argues that the loan funds were bundled with a service so her transaction is not covered under *Berry* and *McKell*. This argument fails for two reasons. First, she failed to allege in her Second Amended Complaint that Homecomings provided any service in connection with the loan. Second, her Opposition only argues that the title company and brokers provided her with services—she does not show that the lender Homecomings provided a service in addition to money. Opp. pp. 8:22-28, 9:11-14.

///

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

Finally, Rosa Galindo fails to show that the transaction was for a consumer use. Cal. CIV. CODE §1761(d). Again, she admits that she failed to plead the true purpose for the loan funds. Opp. pp. 6:18-22, 9:7-10.

## IV. <u>CONCLUSION</u>

Rosa Galindo's Opposition fails to shed any light on why her supposed negligence, TILA, RESPA and CLRA claims have been validly alleged. In fact, her Opposition contains admissions showing that she **failed** to allege valid claims. Most importantly, she admits she did not allege that the loan funds were utilized for personal uses. That failure alone subjects her TILA, RESPA and CLRA to dismissal. She also fails to offer any plausible reason why *Freeman & Mills, Foley, Erlich, Robinson Helicopter* and *Brown* do not bar her negligence claim. She has not offered any persuasive arguments or controlling authority showing that the CLRA applies to mortgage loans. Finally, Rosa Galindo voluntarily withdrew her conspiracy claim. Based upon her admissions and the case law, these claims against Homecomings should be dismissed and no leave to amend given.

DATED: February <u>12</u>, 2008

By /s/ Frederick A. Haist
E. SCOTT PALMER
FREDERICK A. HAIST
PALMER, LOMBARDI & DONOHUE LLP
Attorneys for Homecomings Financial, LLC erroneously sued as Homecomings Financial Network

- 8 -
HOMECOMINGS' REPLY TO PLAINTIFF ROSA
GALINDO'S OPPOSITION TO MOTION TO DISMISS – 3:07-cv-3991 MJJ