SCOTT HAMMEL, ESQ. (SBN: 114911)
LITIGATION ADVOCATES GROUP
1990 N. California Blvd., Suite 830
Walnut Creek, CA 94596
Telephone: (925) 932-7038
Facsimile: (925) 932-8043

Attorneys for Defendants
FINANCO FINANCIAL, INC.,
AHMED YAMA ASEFI, and
AAROON SADAT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA GALINDO, MARIA GALINDO,<br><br>    Plaintiffs,<br>vs.<br><br>FINANCO FINANCIAL, INC.; PATRICK PATCHIN; AHMED YAMA ASEFI; AAROON SADAT; NAZIA NAWABZADA; COUNTRYWIDE BANK, N.A.; COUNTRYWIDE FINANCIAL CORP.; HOMECOMINGS FINANCIAL NETWORK; COMMONWEALTH LAND TITLE COMPANY; JOSEPH ESQUIVEL; PAMELA SPIKES; and DOES 1-100;<br><br>    Defendants. | Case No. 3:07-cv-3991-MJJ<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>DATE:    February 26, 2008<br>TIME:    9:30 a.m.<br>COURT:  Courtroom 11, 19th Floor<br>              450 Golden Gate Ave.<br>              San Francisco, CA |

Defendants FINANCO FINANCIAL, INC. ("Financo"), AHMED YAMA ASEFI ("Asefi"), and AAROON SADAT ("Sadat") (collectively, "Defendants") submit this reply to Plaintiffs' opposition to Defendants' Rule 12(b)(6) motion to dismiss certain of Plaintiffs' claims in the Second Amended Complaint ("SAC") for failure to state a claim.

    **A.    THE COURT SHOULD DISMISS THE THIRD CAUSE OF ACTION FOR ALLEGED VIOLATION OF TILA BECAUSE PLAINTIFFS APPARENTLY CONCEDE THAT THEY HAVE FAILED TO STATE ANY SUCH CLAIM AGAINST FINANCO**

Plaintiffs have not opposed Defendants' motion to dismiss the third cause of action against Financo for alleged violation of TILA. Indeed, Plaintiffs' sole response to Defendants' motion is

**REPLY TO OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

that "Plaintiffs hereby withdraw without prejudice the third cause of action against Financo Financial, Inc. for violation of TILA." Thus, the Court should dismiss this claim against Financo.

    **B. THE COURT SHOULD DISMISS PLAINTIFFS' CLAIM BASED ON ALLEGED FAILURE TO PROVIDE DISCLOSURES TO PLAINTIFFS BECAUSE PLAINTIFFS HAVE CITED NO LEGAL AUTHORITY SHOWING THAT A PRIVATE RIGHT OF ACTION EXISTS UNDER SECTION 4 OF RESPA**

Plaintiffs have not cited any legal authority in opposition to Defendants' motion to dismiss their RESPA claim based on Defendants' alleged failure to provide disclosures to Plaintiffs. Plaintiffs practically concede that no such claim exists under Section 4 of RESPA (12 U.S.C. § 2603). However, Plaintiffs argue that they have stated a claim under Section 8 of RESPA (12 U.S.C. § 2603) even though Defendants' motion is not directed at that claim. The ground for Defendants' motion to dismiss regarding the fourth cause of action is that Plaintiffs have alleged a violation of RESPA for which there is no private right of action. *See Bloom v. Martin*, 865 F. Supp. 1377, 1385 (N.D. Cal. 1994) ("[T]here is no private right of action under 12 U.S.C. § 2603.") Because Plaintiffs have not cited any legal authority to the contrary, the Court should dismiss Plaintiffs' fourth cause of action to the extent it is based upon Section 4 of RESPA.

    **C. THE COURT SHOULD DISMISS THE FRAUD CAUSES OF ACTION AGAINST SADAT AND ASEFI BECAUSE PLAINTIFFS HAVE FAILED TO ALLEGE ANY SPECIFIC CONDUCT BY SADAT OR ASEFI IN PATCHIN'S ALLEGED FRAUDULENT SCHEME**

The Second Amended Complaint fails to set forth any allegations of specific misconduct by Sadat or Asefi in the alleged fraud. Instead, Plaintiffs rely on general allegations of agency and alter ego based on information and belief in an attempt to hold Sadat and Asefi personally liable for Patchin's alleged fraud. Given that Plaintiffs are required by Federal Rule of Civil Procedure 9(b) to allege fraud with particularity, Plaintiffs' claims of fraud against Sadat and Asefi are inadequate and must be dismissed.

Plaintiffs have cited California cases in an attempt to hold Sadat and Asefi liable for Patchin's alleged fraud under a theory of respondeat superior. "Under the doctrine of respondeat superior, an employer may be held vicariously liable for torts committed by an employee within the

**REPLY TO OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**    2

scope of employment." *Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, 208 (1991). Here, Plaintiffs have alleged that Patchin was employed by Financo, not by Sadat or Asefi. *See* SAC ¶ 46 ("Defendant Patrick Patchin, acting the course and scope of his employment with Financo, . . . .") Thus, only Financo, not Sadat or Asefi, could be held liable under a theory of respondeat superior. Moreover, Plaintiffs have not alleged any specific facts showing that Patchin was an agent of Sadat or Asefi (as opposed to Financo) when Patchin allegedly defrauded Plaintiffs.

As for Plaintiffs' general allegations of alter ego based on information and belief, Plaintiffs have failed to set forth any facts supporting their belief that Sadat and Asefi "failed to follow various corporate formalities." Instead, Plaintiffs have made only conclusory allegations of an alter ego theory with no factual support. This is inadequate for alleging fraud. *See In re Worlds of Wonder Sec. Litig.*, 694 F. Supp. 1427, 1432-33 (N.D. Cal. 1988) ("Allegations based on 'information and belief' do not satisfy the particularity requirement of Fed. R. Civ. P. 9(b) unless the complaint sets forth the facts on which the belief is founded. The requirement that supporting facts be pleaded applies even when the fraud relates to matters peculiarly within the knowledge of the opposing party.") (citations omitted).

Because Plaintiffs have failed to allege with particularity any wrongful conduct by Sadat or Asefi in Patchin's allegedly fraudulent scheme, the Court should grant their motion to dismiss Plaintiffs' fifth, sixth and seventh causes of action against them for fraud.

**D. THE COURT SHOULD ALSO DISMISS ALL CLAIMS AGAINST SADAT AND ASEFI UNDER PLAINTIFFS' ALTER EGO THEORY BECAUSE PLAINTIFFS HAVE FAILED TO ALLEGE ALTER EGO WITH SUPPORTING FACTS**

As Plaintiffs correctly point out, "a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003) (dismissing alter ego claim with prejudice for plaintiffs' failure to sufficiently allege second element of alter ego theory with supporting facts).

Here, as in *Neilson*, Plaintiffs have failed to allege the second element of alter ego with any specific supporting facts, *i.e.*, that an inequitable result will follow if the acts in question are treated as those of the corporation alone. *Id.* at 1115. In the Second Amended Complaint, Plaintiffs allege

**REPLY TO OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**    3

only the conclusion that "adherence to the fiction of the separation between these corporate or partnership Defendants and their officer and/or shareholder Defendants could lead to an abuse of corporate privilege, sanction fraud, and promote injustice." *See* SAC ¶ 6. Plaintiffs have failed to allege any specific facts supporting this statement.

In their opposition brief, however, Plaintiffs argue that "[s]hould Financo have insufficient funds to pay any judgment against it, continued recognition of the separate corporate form will plainly work an injustice on plaintiffs." Plaintiffs' Opposition at 6. Plaintiffs do not allege this in the Second Amended Complaint. Even if they did, this "factual" statement is insufficient to apply the alter ego doctrine. *Neilson*, 290 F. Supp. 2d at 1117 ("California courts have rejected the view that the potential difficulty a plaintiff faces collecting a judgment is an inequitable result that warrants application of the alter ego doctrine.") Rather, California courts generally require some evidence of bad faith conduct on the part of defendants before concluding that an inequitable result justifies an alter ego finding. *Id.* Here, Plaintiffs have not alleged that Sadat or Asefi engaged in any bad faith conduct in their management of Financo, such as inadequate initial capitalization of Financo, or the draining of Financo's assets after initial capitalization. *Id.* at 1117-18. Instead, Plaintiffs have taken the position that Financo may not presently have sufficient funds to pay a money judgment in this case. Because this is not adequate under California law to allege that an inequitable result will follow if the corporate veil is not pierced, the Court should dismiss all claims against Sadat and Asefi based on an alter ego theory.

 **E. THE COURT SHOULD DISMISS PLAINTIFFS' NINTH CAUSE OF ACTION FOR ALLEGED VIOLATION OF THE CLRA FOR FAILURE TO STATE A VALID CLAIM**

  **1. The Court Should Dismiss Plaintiffs' Claim under the CLRA Because Plaintiffs Did Not Comply with the Strict Pre-litigation Notice Requirements of the CLRA**

In their opposition brief, Plaintiffs admit that their CLRA notice letter was served on October 1, 2007. Plaintiffs also argue that because the letter was sent at least thirty days prior to the filing of the Second Amended Complaint, it was timely under the CLRA. This is much too late, however, to comply with the strict pre-litigation notice requirements of the CLRA.

**REPLY TO OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** 4

California Civil Code Section 1782(a) requires that notice be given "thirty days or more prior to the commencement of an action . . . ." Plaintiffs' action was commenced on June 29, 2007, by filing their original complaint in Alameda County Superior Court. Thus, Plaintiffs would have had to serve their CLRA notice letter before May 30, 2007, to be timely under the CLRA. Moreover, serving the CLRA notice letter after commencing this action but before the filing of the Second Amended Complaint fails to satisfy the pre-litigation notice requirements of the CLRA. *See Von Grabe v. Sprint* 312 F. Supp. 2d 1285, 1304 (S.D. Cal. 2003) (dismissing CLRA claim with prejudice where plaintiff did not send notice prior to commencing lawsuit, but later sent a notice letter just prior to filing a first amended complaint). Accordingly, the Court should dismiss Plaintiffs' ninth cause of action under the CLRA for failure to state a valid claim.

### 2. The Court Should Dismiss Plaintiffs' Claim under the CLRA Because the CLRA Does Not Apply to Mortgage Loan Transactions

Plaintiffs have cited several unpublished and non-binding federal district court decisions in support of their argument that the CLRA covers mortgage loan transactions because some services are involved in obtaining a mortgage loan. These decisions, however, are inconsistent with recent opinions by California state appellate courts holding that the CLRA does not apply to credit and mortgage loan transactions. See, e.g., *Berry v. Am. Exp. Pub., Inc.*, 147 Cal. App. 4th 224 (2007), *review denied* (May 16, 2007) (holding that the CLRA does not apply to a credit transaction unless it is intended to result in sale or lease of goods or services to a consumer); *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1488 (2006) (holding that the CLRA does not apply to mortgage loan transactions). These state court decisions provide a strong indication to how the California Supreme Court would determine this issue.

Plaintiffs argue that the CLRA applies to the financial services associated with mortgage loans. However, Plaintiffs have not alleged this in their CLRA claim. Plaintiffs have instead alleged that the loans themselves constitute a service under the CLRA. *See* SAC ¶ 83 ("The loans at issue constitute a service sold to Plaintiffs primarily for personal, family or household purposes pursuant to California Civil Code § 1761(b).") Even if Plaintiffs had alleged that Defendants performed services associated with the loan in their CLRA claim, those "services" would not be covered by the

**REPLY TO OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**                    5

1  CLRA because they were not separate from, but integral to and part of the loan transactions.
2  Obviously, acquiring a loan always involves some services, such as document preparation,
3  processing, obtaining a credit report, communication between the principals, etc. These services,
4  however, are not the objective of the transaction. Every act by a mortgage loan broker is performed
5  with the ultimate aim of acquiring the loan for the borrower. Thus, Defendants' "services" are not
6  true services under the meaning of the CLRA, but services that were incidental to and part of the
7  overall loan transaction. Defendants never provided services to Plaintiffs that were separate and
8  distinct from the loan transaction. Specifically, Plaintiffs did not go to Defendants solely to purchase
9  a credit report, nor did Plaintiffs go to Defendants only to have a loan application form prepared for
10 them. These kinds of "services" are not performed in isolation. Without the loan, they would serve
11 no purpose. As such, Defendants' "services" were incidental to the loan transaction and did not
12 change the nature of Plaintiffs' loan transaction to a purchase of services from Defendants.
13 Furthermore, as a mortgage loan broker, Defendants would not have been paid anything for their
14 "services" if the loans were not made to Plaintiffs. Defendants' "services" did not stand alone, but
15 were an integral part of a loan transaction.

16     Because the CLRA does not apply to loan transactions and the "services" incidental to the
17 loan transactions, Plaintiffs' claim for alleged violation of the CLRA against Defendants fails to state
18 a valid claim.

19 **F.  PLAINTIFFS' CIVIL CONSPIRACY CLAIM SHOULD BE DISMISSED
20     BECAUSE PLAINTIFFS HAVE FAILED TO ALLEGE ESSENTIAL
    ELEMENTS OF CIVIL CONSPIRACY**
21
22     Plaintiffs request leave to amend their civil conspiracy claim to allege essential elements of
23 knowledge and intent. This constitutes an admission that Plaintiffs' civil conspiracy claim fails to
24 state a valid claim. The Court should, therefore, dismiss Plaintiffs' civil conspiracy claim.

25 **G.  THE COURT SHOULD DISMISS THE THIRTEENTH CAUSE OF ACTION
    AGAINST THE BROKER DEFENDANTS FOR ALLEGED VIOLATION OF
26     CALIFORNIA CIVIL CODE SECTION 1632**

27     Plaintiffs have requested leave to amend their cause of action for violation of California Civil
28 Code section 1632 to specify that Plaintiffs are seeking only rescission of the mortgage loans against

REPLY TO OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM     6

the lender defendants. Because Plaintiffs admit that they are not seeking any relief against Defendants, the Court should dismiss the thirteenth cause of action against Financo, Sadat and Asefi.

**H.     CONCLUSION**

For the reasons set forth herein, Defendants request the Court to grant their motion to dismiss and enter an order dismissing the causes of action against them as identified in their notice of motion to dismiss.

Dated: February 12, 2008           LITIGATION ADVOCATES GROUP


By: _____
      SCOTT HAMMEL, ESQ.

Attorneys for Defendants
FINANCO FINANCIAL, INC.,
AHMED YAMA ASEFI, and
AAROON SADAT

**REPLY TO OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**           7