Philip R. Weltin, Esq. SBN 46141
Brian E. Kerss, Esq. SBN 87522
Daniel R. Weltin, Esq. SBN 226600
Kevin P. McLaughlin, Esq. SBN 251477
WELTIN LAW OFFICE, P.C.
1432 Martin Luther King Jr. Way
Oakland, California  94612
Telephone (510) 251-6060
Facsimile   (510) 251-6040

Attorneys for Plaintiffs
Rosa Galindo; Maria Galindo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rosa Galindo; Maria Galindo,<br><br>Plaintiffs,<br><br>v.<br><br>Financo Financial, Inc.; Patrick Patchin; Ahmed Yama Asefi, Aaroon Sadat and Nazia Nawabzada; Countrywide Bank, N.A.; Countrywide Financial Corp.; Homecomings Financial Network; Commonwealth Land Title Company; Joseph Esquivel, Pamela Spikes, and Does 1-100,<br><br>Defendants. | Case No. 3:07-cv-3991 SC<br><br>**PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY TO DEFENDANT FINANCO FINANCIAL, INC.**<br><br>Date:  September 5, 2008<br>Time:  10:00 a.m.<br>To be referred to Magistrate Judge |

To Defendants and Their Respective Attorneys of Record:

Please take notice that on September 5, 2008, at 10:00 a.m. or as soon thereafter as the matter may be heard in the above entitled court, plaintiffs will, and hereby, do move this Court for an order compelling further responses to Rosa Galindo's Request for Production of Documents, Sets One and Two and Maria Galindo's Request for Production

1

of Documents, Set One propounded on defendant Financo Financial, Inc. Plaintiffs also seek to compel defendant Financo Financial, Inc. to provide verifications to Rosa Galindo's Special Interrogatories, Set One and Maria Galindo's Special Interrogatories, Set One.

## I. INTRODUCTION

Plaintiff Rosa Galindo has propounded one set of special interrogatories and two sets of document requests on defendant Financo Financial, Inc. Plaintiff Maria Galindo has propounded one set of special interrogatories and one set of document requests on defendant Financo Financial, Inc. ("Financo" or "defendant"). Financo has provided evasive and incomplete responses to much of this discovery, has waived all objections to one set of document requests but persists in asserting objections, and has failed to verify its special interrogatory responses. Plaintiffs have conferred with defendant several times regarding these issues, without resolution.

## II. DISCUSSION

**A. Defendant has provided evasive and incomplete responses to written discovery.**

A party may move for an order compelling an answer to discovery where the responding party fails to answer an interrogatory or permit inspection of documents. F.R.C.P. 37(a)(3)(B). An evasive or incomplete response is treated as a failure to respond. *Id.* at 37(a)(4). Defendant has provided incomplete or evasive responses to several document requests and interrogatories propounded by plaintiffs.

Plaintiffs have sought all web pages used, maintained or operated by Financo in the past five years. Financo has responded by stating that it did not retain "hard copies" of its website and that the information plaintiffs seek is available through an "internet search." Defendant's website is directly relevant to the manner in which defendant held itself out to

2

the public as a trusted real estate mortgage broker and advisor. Defendant's website has been shut down and is not available to plaintiff. Electronic versions of defendant's website are plainly discoverable and should be produced as kept "in the usual course of business." F.R.C.P. 34(b)(2)(E)(i). If defendant has any web pages of its former website, in any form, they should be produced to plaintiffs.

Plaintiffs have sought all documents related to defendant's California Department of Real Estate (DRE) license. Defendant has responded by stating that the subject loans were brokered under defendant's California Finance Lender (CFL) license, and thus any inquiry into defendant's DRE license is irrelevant. Documents pertaining to defendant's DRE license are in fact relevant to the claims made by plaintiffs. F.R.C.P. 26(b)(1) (scope of discovery extends to matters relevant to any party's claim or defense). Certainly any complaints, audits or disciplinary action the DRE has imposed on defendant is relevant to plaintiffs' claims of fraud, negligence, and breach of fiduciary duty in the brokering of the subject loans. Defendant undeniably held itself out as a mortgage loan broker, and information regarding its brokering licenses should be produced. Further, it is plaintiffs' contention that the loans in question were in fact DRE loans. Defendant's unilateral assertion that no DRE license was involved in the subject loans does not, of itself, preclude discovery of information regarding defendant's DRE license(s).

Defendant has refused to produce any background check of defendant Patrick Patchin. As plaintiffs' claims are premised, in part, on the negligent hiring of Patrick Patchin by Financo, these documents are directly relevant and must be produced. If defendant has no responsive documents, it must state as much.

3

Plaintiffs have requested all documents regarding or relating to defendants Ahmed Yama Asefi's and Aaroon Sadat's respective relationships with Financo. The relationship of these two individuals with Financo is directly relevant, particularly given plaintiffs' allegations that these defendants failed to follow corporate formalities and that they should be held individually liable based on an "alter ego" theory. Defendant responds to these requests with a litany of objections, and states that it will produce certain "responsive" documents. Plaintiffs are left to guess what documents are being produced and whether this represents all documents responsive to plaintiffs' requests. Defendant must provide full and complete responses to these requests.

Defendant has adopted a similar approach in responding to document requests seeking all documents regarding meetings of Financo's Board of Directors, meetings of Financo's shareholders, and the issuance of stock certificates by Financo. Financo responds to each of these requests with essentially boilerplace objections of ambiguity and overbreadth. Defendant goes on to state that it has "already produced responsive documents" but fails to state that it has produced *all* responsive documents, or to identify other documents that are being withheld based on any objection. Full responses that comport with Rule 34 are required.

Defendant has refused to provide any substantive response to plaintiffs' request for documents evidencing loans made by Financo, and loans made to Financo. This information is directly relevant to plaintiffs' alter ego allegations. Defendant objects that these documents are irrelevant, the requests ambiguous and overbroad, and intrusive of defendant's constitutional right to privacy. Defendant points to no particular ambiguity or overbreadth; the requests are quite clear, and as defendant only existed for a couple

4

years, it is unlikely that any substantial burden pertains. Defendant, a corporation, has no particular constitutional right of privacy, and defendant offers no rationale for refusing to produce these documents where they are directly relevant to plaintiffs' claims in this action.

In sum, defendant has engaged in a pattern of evasive and incomplete responses to discovery propounded by plaintiffs. Defendant should be compelled to provide complete and direct responses to the discovery propounded by plaintiffs.

**B. Defendant has waived all objections to Rosa Galindo's Request for Production of Documents, Set Two.**

Defendant previously sought an extension of time to respond to plaintiff Rosa Galindo's Request for Production of Documents, Set Two. Plaintiff's counsel confirmed an extension until April 16, 2008. Defendant did not provide any responses until April 21, 2008. As a result, defendant waived all objections to this set of document requests. See, e.g., *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (citation omitted). Defendant persists in including objections in its responses, despite having waived those objections, and defendant should be compelled to provide full responses to this set of document requests without objection.

**C. Defendant refuses to produce information in electronic form, as requested.**

A party must produce documents as they are kept in the usual course of business. F.R.C.P. 34(b)(2)(E)(i). This pertains to electronically stored information. *Id.* Plaintiff Maria Galindo explicitly sought production of all documents in her Request for Production of Documents, Set One in native electronic form, with metadata. Defendant provided

5

certain documents in paper form, but produced no documents or information in any electronic form. Defendant did not object to the requested form nor argue that such production was burdensome, but simply did not provide any responsive documents in native electronic form. No metadata has been produced. Where production of documents in native electronic format is requested and no valid objection is raised, those documents should be produced in the format requested. *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 n.6 (S.D.N.Y. 2000). Defendant should be compelled to produce all documents responsive to this set of document requests in native electronic form, with metadata, as requested by plaintiffs.

### D. Defendant has not produced a privilege log.

Defendant has asserted various privileges throughout its discovery responses. Defendant has not identified documents withheld on the basis of privilege with any particularity and, despite plaintiff's repeated requests, has not produced a privilege log. Defendant must be compelled to identify those documents withheld on the basis of privilege. See F.R.C.P. 26(b)(5); *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999).

### E. Defendant has not verified its special interrogatory responses.

Interrogatory responses must be answered "under oath." F.R.C.P. 33(b)(3). Defendant has failed to verify its interrogatory responses under oath, and should be compelled to verify its interrogatory responses.

## III. CONCLUSION

Plaintiffs seek information directly relevant to plaintiffs' claims. Defendant's refusal to provide full and complete responses to plaintiffs' discovery will cause plaintiffs significant prejudice at trial. Defendant should be compelled to provide full and complete responses to the discovery propounded by plaintiffs, including those non-privileged documents sought by plaintiffs, and to produce a privilege log identifying those documents withheld on the basis of privilege.

Dated: July 29, 2008                                WELTIN LAW OFFICE, P.C.

 

_____
Philip R. Weltin
Brian E. Kerss
Daniel R. Weltin
Kevin P. McLaughlin
Attorneys for Plaintiffs

7

Galindo v. Financo 3:07-cv-3991
Plaintiffs' Motion to Compel Further Responses to Discovery to Defendant Financo Financial, Inc.