Philip R. Weltin, Esq. SBN 46141
Brian E. Kerss, Esq. SBN 87522
Daniel R. Weltin, Esq. SBN 226600
Kevin P. McLaughlin, Esq. SBN 251477
WELTIN LAW OFFICE, P.C.
1432 Martin Luther King Jr. Way
Oakland, California 94612
Telephone (510) 251-6060
Facsimile (510) 251-6040

Attorneys for Plaintiffs
Rosa Galindo; Maria Galindo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rosa Galindo; Maria Galindo,<br><br>Plaintiffs,<br><br>v.<br><br>Financo Financial, Inc.; Patrick Patchin; Ahmed Yama Asefi, Aaroon Sadat and Nazia Nawabzada; Countrywide Bank, N.A.; Countrywide Financial Corp.; Homecomings Financial Network; Commonwealth Land Title Company; Joseph Esquivel, Pamela Spikes, and Does 1-100,<br><br>Defendants. | Case No. 3:07-cv-3991 SC<br><br>**DECLARATION OF KEVIN P. MCLAUGHLIN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY TO DEFENDANT FINANCO FINANCIAL, INC.**<br><br>Date:   September 5, 2008<br>Time:  10:00 a.m.<br>To be referred to Magistrate Judge |

I, Kevin P. McLaughlin, hereby declare:

1.    I am an attorney duly licensed to practice law in the State of California and am an attorney in the Weltin Law Office, P.C., attorneys of record for plaintiffs Rosa Galindo and Maria Galindo.

1

2.      On November 12, 2007, plaintiff Rosa Galindo served Request for Production of Documents, Set One, on defendant Financo Financial, Inc.  Attached as Exhibit A is a true and correct copy of those document requests.

3.      On February 27, 2008, plaintiff Rosa Galindo served Request for Production of Documents, Set Two, on defendant Financo Financial, Inc.  Attached as Exhibit B is a true and correct copy of those document requests.

4.      On March 3, 2008, plaintiff Rosa Galindo served Special Interrogatories, Set One, on defendant Financo Financial, Inc.  Attached as Exhibit C is a true and correct copy of those interrogatories.

5.      On June 3, 2008, plaintiff Maria Galindo served Request for Production of Documents, Set One and Special Interrogatories, Set One on defendant Financo Financial, Inc.  Attached as Exhibit D are true and correct copies of those document requests and interrogatories.

6.      On March 20, 2008, Financo Financial, Inc. served responses to plaintiff Rosa Galindo's Request for Production of Documents, Set One.  On June 6, 2008, Financo Financial, Inc. served further responses to plaintiff Rosa Galindo's Request for Production of Documents, Set One.  Attached as Exhibit E is a true and correct copy of those responses.

7.      On April 21, 2008, Financo Financial, Inc. served responses to plaintiff Rosa Galindo's Request for Production of Documents, Set Two and Special Interrogatories, Set One.  On June 6, 2008, Financo Financial, Inc. served further responses to plaintiff Rosa Galindo's Request for Production of Documents, Set Two and Special Interrogatories, Set One.  Attached as Exhibit F is a true and correct copy of those responses.

2

Galindo v. Financo 3:07-cv-3991
Plaintiffs' Motion to Compel Further Responses to Discovery to Defendant Financial, Inc.

8.   On July 1, 2008, Financo Financial, Inc. served responses to plaintiff Maria Galindo's Request for Production of Documents, Set One and Special Interrogatories, Set One. Attached as Exhibit G is a true and correct copy of those responses.

9.   On March 26, 2008, our office sent a meet-and-confer letter to counsel for Financo Financial, Inc., addressing plaintiff's concerns with defendant's response to Rosa Galindo's Request for Production of Documents, Set One and agreeing to an extension for defendant to response to Rosa Galindo's Request for Production of Documents, Set Two and Special Interrogatories, Set One until April 16, 2008.   Attached as Exhibit H is a true and correct copy of that letter.

10.   On March 26, 2008, counsel for defendant sent a "preliminary" meet-and-confer letter in response.  Attached as Exhibit I is a true and correct copy of that letter.

11.   On May 7, 2008, our office sent a second meet-and-confer letter to counsel for Financo Financial, Inc., delineating plaintiff's concerns with defendant's responses to Rosa Galindo's Request for Production of Documents, Sets One and two and Special Interrogatories, Set One.  Attached as Exhibit J is a true and correct copy of that letter.

12.   On July 1, 2008, our office sent a third meet-and-confer letter to counsel for Financo Financial, Inc., following receipt of Financo's further responses to Rosa Galindo's Request for Production of Documents, Sets One and two and Special Interrogatories, Set One.  Attached as Exhibit K is a true and correct copy of that letter.  Our office has received no substantive response to this letter.

13.   On July 10, 2008, our office sent a meet-and-confer letter to counsel for Financo Financial, Inc. regarding Financo's responses to Maria Galindo's Request for Production of

3

1    Documents, Set One and Special Interrogatories, Set One. Attached as Exhibit L is a true

2    and correct copy of that letter. Our office has received no response to this letter.

3        Prior to filing this motion, I made a reasonable and good faith attempt to resolve this

4    matter informally, as evidenced by the chain of letters referenced above between myself

5

6    and counsel for defendant.

7        I declare under penalty of perjury the above is true and correct and that this

8    declaration was executed in the County of Alameda.

9

10   Dated: July 29, 2008        WELTIN LAW OFFICE, P.C.

11

12

13                                Kevin F. McLaughlin
                                  Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Galindo v. Financo 3:07-cv-3991
Plaintiffs' Motion to Compel Further Responses to Discovery to Defendant Financo Financial, Inc.

1  Philip R. Weltin, Esq. SBN 46141
2  Daniel R. Weltin, Esq. SBN 226600
   WELTIN LAW OFFICE, P.C.
3  1432 Martin Luther King Jr. Way
   Oakland, California 94612
4  Telephone (510) 251-6060
   Facsimile  (510) 251-6040
5
   Attorneys for Plaintiffs
6  Rosa Galindo; Maria Galindo
7
8              UNITED STATES DISTRICT COURT
9            NORTHERN DISTRICT OF CALIFORNIA
10
11  Rosa Galindo; Maria Galindo,              Case No. 3:07-cv-3991 EMC
12                      Plaintiffs,           **REQUEST FOR PRODUCTION OF**
                                              **DOCUMENTS, SET ONE**
13           v.
14  Financo Financial, Inc.; Patrick Patchin;
15  Ahmed Yama Asefi, Aaroon Sadat and
    Nazia Nawabzada; Countrywide Bank,
16  N.A.; Countrywide Financial Corp.;
    Homecomings Financial Network;
17  Commonwealth Land Title Company;
18  Joseph Esquivel, Pamela Spikes, and
    Does 1-100,
19
20                      Defendants.
21
22  PROPOUNDING PARTY:    **Plaintiff Rosa Galindo**
23  RESPONDING PARTY:     **Defendant Financo Financial, Inc.**
24  SET NUMBER:           **One**
25     TO Defendant Financo Financial, Inc., and its Attorney of Record:
26     Pursuant to Federal Rule of Civil Procedure 34, plaintiff ROSA GALINDO hereby
27
28  requests that defendant identify, produce and permit the inspection and copying of the

                                                                                    1

Plaintiff's Request for Production of Documents, Set One

1  documents described herein below, which are in the actual or constructive possession,

2  custody or control of defendant or its agents, representatives or attorneys.  The document

3  production shall take place at the Weltin Law Office, located at 1432 Martin Luther King, Jr.

4  Way, Oakland, California, within thirty (30) days after service hereof, or at such time and

5  place as may be mutually agreed upon, and shall continue from day to day thereafter at the

6  same location until completed.  Documents shall be produced in the file or files in which

7  they are located, or if that is not possible, in the same order as they are stored within each

8  file, with a clear indication of the name or title of the file in which the documents are

9  located.

10  

11  

## DEFINITIONS

12  

13  1.    The term "document" or "documents" as used herein includes, without limitation, the

14  original and all non-identical copies of, and all drafts and preliminary sketches or renderings

15  prepared in connection with, any kind of written, typewritten, printed, recorded, graphic or

16  photographic materials and tapes, records or other devices however produced and

17  maintained, including but not limited to any email, text message, letter, correspondence, file

18  jacket, telegram, report, memorandum, diary, check, contract, agreement, note, invoice,

19  purchase order, receipt, workpaper, calendar, paper, tape recording or any other recording

20  of conversation, by telephone or otherwise, of meetings or conferences, information

21  received from computers, pictures, microfilm, diagrams, drawings, account statements or

22  any other writing, however prepared, produced or reproduced, which is in your actual or

23  constructive possession, custody or control or that of your agents, representatives or

24  attorneys, and whether prepared, published or released by you or by any other person or

25  entity.

26  

27  

28

1    2.    The words "you" and "your" as used herein refer not only to the responding party but

2    also to the responding party's respective predecessors in interest, divisions, subsidiaries,

3    affiliates, directors, officers, employees, attorneys, agents, servants and representatives,

4    and any and all other persons or entities acting or purporting to act for or on the responding

5    party's behalf.

6    3.    The term "file" means, if applicable, each and every version of the file requested, i.e.,

7    local file, regional file, home office file.

8

9                                **PRIVILEGED DOCUMENTS**

10

11    If the responding party objects to the production of a document pursuant to a claim

12    of privilege, the responding party shall identify each document to which that party claims

13    privilege, by separately stating the following matters concerning each document:

14

15        a.    Its date;

16

17        b.    Its author(s);

18

19        c.    The business title and position of its author(s);

20

21        d.    Its recipient(s);

22

23        e.    The business title and position of its recipient(s);

24

25        f.    A general description of its subject matter sufficient to identify the document; and

26

27        g.    The privilege claimed and the basis for the claim of privilege.

28

## DOCUMENTS TO BE PRODUCED

**Request No. 1:**

Any and all insurance policies through which Financo Financial, Inc. might be insured for the conduct and damages alleged in plaintiff's complaint.

**Request No. 2:**

The entire personnel file of Patrick Patchin.

**Request No. 3:**

Any and all documents regarding or relating to Patrick Patchin.

**Request No. 4:**

Any and all documents, including e-mails, evidencing communications between Financo Financial, Inc. and its agents and Countrywide Financial Corp. and its agents and subsidiaries.

**Request No. 5:**

Any and all documents, including e-mails, evidencing communications between Financo Financial, Inc. and its agents and Homecomings Financial Network and its agents.

**Request No. 6:**

Any and all documents, including e-mails, evidencing communications between Financo Financial, Inc. and its agents and Commonwealth Land Title Company and its agents.

**Request No. 7:**

1    All lending guidelines provided to Financo Financial, Inc. by Countrywide Financial

2  Corp. and its subsidiaries and agents.

3

4  **Request No. 8:**

5    All lending guidelines provided to Financo Financial, Inc. by Homecomings

6  Financial Corp. and its agents.

7

8  **Request No. 9:**

9    All documents provided by Financo Financial, Inc. to plaintiffs in Spanish.

10 **Request No. 10:**

11   All web pages of any website maintained, used or operated by Financo Financial,

12 Inc. during the past five years.

13

14 **Request No. 11:**

15   All business cards used by Patrick Patchin.

16

17 **Request No. 12:**

18   A mirror image of any personal computer used by Patrick Patchin, where said

19 personal computer is within the possession or control of Financo Financial, Inc.

20

21 **Request No. 13:**

22   All documents regarding, relating to or pertaining to Financo Financial, Inc.'s license

23 with the California Department of Real Estate, including but not limited to applications,

24 licenses, audits, correspondence, complaints and citations.

25

26 **Request No. 14:**

27   All documents regarding, relating to or pertaining to training of brokers and agents

28 employed by Financo Financial, Inc.

1

2    **Request No. 15:**

3         All documents regarding, relating to or pertaining to background checks of Financo

4    Financial, Inc. employees, including Patrick Patchin.

5    **Request No. 16:**

6         All payment records from Countrywide Financial Corp. and its subsidiaries and/or

7    agents relating to the subject mortgage loan.

8

9    **Request No. 17:**

10        All payment records from Homecomings Financial Network and its agents relating

11   to the subject mortgage loans.

12

13

14   Dated: November 12, 2007

15

16                                    WELTIN LAW OFFICE, P.C.

17

18

19                                    Daniel R. Weltin
                                      Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

1

2  I, Shontia Franklin, certify that I am employed in the City of Oakland, County of Alameda,

3  State of California; I am over the age of eighteen years and am not a party to the within action;
   my business address is 1432 Martin Luther King, Jr. Way, Oakland, California 94612.  On

4  November 12, 2007, I served the following document(s):

5  **REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

6  on the parties to this action, through their attorneys of record listed below:

7

8  Scott Hammel, Esq.
   Litigation Advocates Group

9  1990 North California Blvd., Suite 830
   Walnut Creek, CA 94596

10 Tel (925) 932-7038  Fax (925) 932-8043
   *Financo Financial, Inc.; Ahmed Yama Asefi; Aaroon Sadat*

11

12 John W. Amberg, Esq.
   Bryan Cave

13 120 Broadway, Suite 300
   Santa Monica, CA 90401-2386

14 (310) 576-2100  Fax (310) 576-2200
   *Countrywide Bank, N.A.; Countrywide Financial Corp.*

15

16

17  X___  <u>By First Class Mail:</u>  I am readily familiar with the firm's practice for collection and

18  processing of correspondence for mailing.  Under that practice, the correspondence is
    deposited with the U.S. Postal Service on the same day as collected, with first-class

19  postage thereon fully prepaid, in Oakland, California, for mailing to the office of the
    addressee following ordinary business practices.

20

21  I declare under penalty of perjury that the foregoing is true and correct and that this

22  declaration was executed, November 12, 2007, in Oakland, California.

23

24

25  _____
    Shontia Franklin

26

27

28

Proof of Service

Philip R. Weltin, Esq. SBN 46141
Daniel R. Weltin, Esq. SBN 226600
WELTIN LAW OFFICE, P.C.
1432 Martin Luther King Jr. Way
Oakland, California 94612
Telephone (510) 251-6060
Facsimile  (510) 251-6040

Attorneys for Plaintiffs
Rosa Galindo; Maria Galindo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Rosa Galindo; Maria Galindo,

Plaintiffs,

v.

Financo Financial, Inc.; Patrick Patchin;
Ahmed Yama Asefi, Aaroon Sadat and
Nazia Nawabzada; Countrywide Bank,
N.A.; Countrywide Financial Corp.;
Homecomings Financial Network;
Commonwealth Land Title Company;
Joseph Esquivel, Pamela Spikes, and
Does 1-100,

Defendants.

Case No. C 07-03991 MHP

**REQUEST FOR PRODUCTION OF
DOCUMENTS, SET TWO**

PROPOUNDING PARTY:    **Plaintiff Rosa Galindo**

RESPONDING PARTY:    **Defendant Financo Financial, Inc.**

SET NUMBER:    **Two**

TO Defendant Financo Financial, Inc., and its Attorney of Record:

Pursuant to Federal Rule of Civil Procedure 34, plaintiff ROSA GALINDO hereby

requests that defendant identify, produce and permit the inspection and copying of the

1  documents described herein below, which are in the actual or constructive possession,

2  custody or control of defendant or its agents, representatives or attorneys.  The document

3  production shall take place at the Weltin Law Office, located at 1432 Martin Luther King, Jr.

4  Way, Oakland, California, within thirty (30) days after service hereof, or at such time and

5  place as may be mutually agreed upon, and shall continue from day to day thereafter at the

6  same location until completed.  Documents shall be produced in the file or files in which

7  they are located, or if that is not possible, in the same order as they are stored within each

8  file, with a clear indication of the name or title of the file in which the documents are

9  located.

10

11

12  **DEFINITIONS**

13  1.     The term "document" or "documents" as used herein includes, without limitation, the

14  original and all non-identical copies of, and all drafts and preliminary sketches or renderings

15  prepared in connection with, any kind of written, typewritten, printed, recorded, graphic or

16  photographic materials and tapes, records or other devices however produced and

17  maintained, including but not limited to any email, text message, letter, correspondence, file

18  jacket, telegram, report, memorandum, diary, check, contract, agreement, note, invoice,

19  purchase order, receipt, workpaper, calendar, paper, tape recording or any other recording

20  of conversation, by telephone or otherwise, of meetings or conferences, information

21  received from computers, pictures, microfilm, diagrams, drawings, account statements or

22  any other writing, however prepared, produced or reproduced, which is in your actual or

23  constructive possession, custody or control or that of your agents, representatives or

24  attorneys, and whether prepared, published or released by you or by any other person or

25  entity.

1   2.     The words "you" and "your" as used herein refer not only to the responding party but

2   also to the responding party's respective predecessors in interest, divisions, subsidiaries,

3   affiliates, directors, officers, employees, attorneys, agents, servants and representatives,

4   and any and all other persons or entities acting or purporting to act for or on the responding

5   party's behalf.

6

7   3.     The term "file" means, if applicable, each and every version of the file requested, i.e.

8   local file, regional file, home office file.

9

10  **PRIVILEGED DOCUMENTS**

11

12         If the responding party objects to the production of a document pursuant to a claim

13  of privilege, the responding party shall identify each document to which that party claims

14  privilege, by separately stating the following matters concerning each document:

15         a.   Its date;

16

17         b.   Its author(s);

18

19         c.   The business title and position of its author(s);

20

21         d.   Its recipient(s);

22

23         e.   The business title and position of its recipient(s);

24

25         f.   A general description of its subject matter sufficient to identify the document; and

26

27         g.   The privilege claimed and the basis for the claim of privilege.

28

## DOCUMENTS TO BE PRODUCED

**Request No. 1:**

Any and all applicable insurance policies, including but not limited to the entire insurance policy, including declarations page, for Policy No. PHSD183618 issued by Philadelphia Indemnity Insurance Co.

**Request No. 2:**

Any and all correspondence between Financo Financial Inc. ("Financo") and/or its agents with the California Dept. of Corporations regarding or relating to any CFL licenses.

**Request No. 3:**

Any and all documents regarding or relating to Ahmad Asefi's ("Asefi") relationship with Financo.

**Request No. 4:**

Any and all contracts between Financo Financial, Inc. and its agents and Countrywide Financial Corp. and its agents and subsidiaries.

**Request No. 5:**

Any and all contracts between Financo Financial, Inc. and its agents and Homecomings Financial Network and its agents.

**Request No. 6:**

Any and all contracts between Financo Financial, Inc. and its agents and Commonwealth Land Title Company and its agents.

**Request No. 7:**

4

1    All corporate documents and records including articles of incorporation, by-laws,

2    stock certificates, minutes of board meetings, minutes of shareholder meetings, corporate

3    resolutions and similar types of corporate records.

4    **Request No. 8:**

5

6    Any and all documents that support your contention that Asefi was not an agent of

7    Financo.

8

9    **Request No. 10:**

10    Any and all documents that reflect communications between Aaron Sadat ("Sadat")

11    and Patrick Patchin ("Patchin").

12

13    **Request No. 11:**

14    Any and all documents that reflect the last known names, addresses and telephone

15    numbers of Financo's employees during the time Patchin worked for Financo.

16    **Request No. 12:**

17

18    Any and all documents that support your contention that Sadat does not owe a duty

19    to Plaintiffs.

20    **Request No. 13:**

21

22    Any and all documents that support your contention that Asefi does not owe a duty

23    to Plaintiffs.

24    **Request No. 14:**

25    Any and all documents regarding or relating to Sadat's relationship with Financo.

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Request No. 15:**

Any and all documents regarding or relating to Sam Fakiri's relationship with

Financo.

Dated: February 27, 2008

WELTIN LAW OFFICE, P.C.

Daniel R. Weltin
Attorneys for Plaintiffs

## PROOF OF SERVICE

1

2  I, Jill K. Park, certify that I am employed in the City of Oakland, County of Alameda, State of
3  California; I am over the age of eighteen years and am not a party to the within action; my
   business address is 1432 Martin Luther King, Jr. Way, Oakland, California 94612.  On February
4  27, 2008, I served the following document(s):

5  **REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**

6  on the parties to this action, through their attorneys of record listed below:

7

8  Scott Hammel, Esq.                          John W. Amberg, Esq.
9  Litigation Advocates Group                  Bryan Cave
   1990 North California Blvd., Suite 830       120 Broadway, Suite 300
   Walnut Creek, CA 94596                       Santa Monica, CA 90401-2386
10 Tel (925) 932-7038  Fax (925) 932-8043      (310) 576-2100  Fax (310) 576-2200
   *Financo Financial, Inc.; Ahmed Yama Asefi;* *Countrywide Bank, N.A.; Nazia Nawabzada*
11 *Aaroon Sadat*

12
   Frederick A. Haist                          Helen V. Powers, Esq.
13 PALMER LOMBARDI & DONOHUE LLP               Bardellini, Straw, Cavin & Bupp, LLP
   888 W. 6th St, 12th Floor                    2000 Crow Canyon Place, Suite 330
14 Los Angeles, CA 90017                        San Ramon, CA 94583
   Tel (213) 688-0430  Fax (213) 688-0440      Tel (925) 277-3580 Fax (925) 277-3591
15 *Homecomings Financial Network*             *Commonwealth Land Title Company*

16
17 Joseph Esquivel
   6618 Seventh Street
18 Riverbank, CA 95367

19

20 X   By First Class Mail:  I am readily familiar with the firm's practice for collection and
21     processing of correspondence for mailing.  Under that practice, the correspondence is
       deposited with the U.S. Postal Service on the same day as collected, with first-class
22     postage thereon fully prepaid, in Oakland, California, for mailing to the office of the
       addressee following ordinary business practices.
23

24 I declare under penalty of perjury that the foregoing is true and correct and that this declaration
   was executed, February 27, 2008, in Oakland, California.
25

26

27 _____
   Jill K. Park

28

Proof of Service

1  Philip R. Weltin, Esq. SBN 46141
2  Brian E. Kerss, Esq. SBN 85722
3  Daniel R. Weltin, Esq. SBN 226600
   Kevin P. McLaughlin, Esq. SBN 251477
   WELTIN LAW OFFICE, P.C.
4  1432 Martin Luther King Jr. Way
5  Oakland, California 94612
   Telephone (510) 251-6060
6  Facsimile  (510) 251-6040

7  Attorneys for Plaintiffs
   Rosa Galindo; Maria Galindo

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11

12  Rosa Galindo; Maria Galindo,          Case No. 3:07-cv-3991 MHP

13                    Plaintiffs,          **SPECIAL INTERROGATORIES, SET
                                           ONE**
14        v.

15  Financo Financial, Inc.; Patrick Patchin;
16  Ahmed Yama Asefi, Aaroon Sadat and
    Nazia Nawabzada; Countrywide Bank,
17  N.A.; Countrywide Financial Corp.;
18  Homecomings Financial Network;
    Commonwealth Land Title Company;
19  Joseph Esquivel, Pamela Spikes, and
    Does 1-100,
20

21                    Defendants.

22

23  **PROPOUNDING PARTY:**   **Plaintiff Rosa Galindo**

24  **RESPONDING PARTY:**    **Defendant Financo Financial, Inc.**

25  **SET NUMBER:**          **One**

26

27        TO Defendant Financo Financial, Inc., and its Attorney of Record:

28

---
Plaintiff's Special Interrogatories, Set One                                    1

1      Plaintiff ROSA GALINDO requests that Defendant answer the following Special

2  Interrogatories within thirty (30) days after service hereof, pursuant to Federal Rule of Civil

3  Procedure 33. If the following interrogatories cannot be answered in full, please answer to

4  the extent possible, specifying the reason for your inability to complete your answer and

5  stating whatever information or knowledge you have concerning the unanswered portion.

6

7  **Special Interrogatory No. 1:**

8      Please set forth the last known address, phone number and email address for

9

10  James Psarakis.

11  **Special Interrogatory No. 2:**

12      Please set forth the last known address, phone number and email address for

13

14  Wazhma Rahimi.

15  **Special Interrogatory No. 3:**

16      Please set forth the last known address, phone number and email address for

17

18  Patrick Patchin.

19  **Special Interrogatory No. 4:**

20      Please set forth the last known address, phone number and email address for Sam

21

22  Fakiri.

23  Dated: March 3, 2008

24

25  WELTIN LAW OFFICE, P.C.

26

27  Philip R. Weltin
   Brian E. Kerss
   Daniel R. Weltin
   Kevin P. McLaughlin
   Attorneys for Plaintiffs

28

2

Plaintiff's Special Interrogatories, Set One

1

## PROOF OF SERVICE

2  I, Shontia Franklin, certify that I am employed in the City of Oakland, County of Alameda,
3  State of California; I am over the age of eighteen years and am not a party to the within action;
   my business address is 1432 Martin Luther King, Jr. Way, Oakland, California 94612.  On
4  March 3, 2008, I served the following document(s):

5  **SPECIAL INTERROGATORIES, SET ONE**

6
7  on the parties to this action, through their attorneys of record listed below:

8  Scott Hammel, Esq.                        John W. Amberg, Esq.
   Litigation Advocates Group               Bryan Cave
9  1990 North California Blvd., Suite 830    120 Broadway, Suite 300
   Walnut Creek, CA 94596                    Santa Monica, CA 90401-2386
10 Tel (925) 932-7038  Fax (925) 932-8043    (310) 576-2100  Fax (310) 576-2200
   *Financo Financial, Inc.; Ahmed Yama Asefi;*  *Countrywide Bank, N.A.; Nazia Nawabzada*
11 *Aaroon Sadat*

12 Frederick A. Haist                        Helen V. Powers, Esq.
   PALMER LOMBARDI & DONOHUE LLP             Bardellini, Straw, Cavin & Bupp, LLP
13 888 W. 6th St, 12th Floor                 2000 Crow Canyon Place, Suite 330
   Los Angeles, CA 90017                     San Ramon, CA 94583
14 Tel (213) 688-0430  Fax (213) 688-0440    Tel (925) 277-3580 Fax (925) 277-3591
15 *Homecomings Financial Network*           *Commonwealth Land Title Company*

16
17 Joseph Esquivel
   6618 Seventh Street
18 Riverbank, CA 95367

19
20 _X_    <u>By First Class Mail</u>:  I am readily familiar with the firm's practice for collection and
          processing of correspondence for mailing.  Under that practice, the correspondence is
21        deposited with the U.S. Postal Service on the same day as collected, with first-class
          postage thereon fully prepaid, in Oakland, California, for mailing to the office of the
22        addressee following ordinary business practices.

23
24 I declare under penalty of perjury that the foregoing is true and correct and that this
   declaration was executed, March 3, 2008, in Oakland, California.
25

26  _____
    Shontia Franklin
27

28  Proof of Service

Philip R. Weltin, Esq. SBN 46141
Brian E. Kerss, Esq. SBN 85722
Daniel R. Weltin, Esq. SBN 226600
Kevin P. McLaughlin, Esq. SBN 251477
WELTIN LAW OFFICE, P.C.
1432 Martin Luther King Jr. Way
Oakland, California 94612
Telephone (510) 251-6060
Facsimile (510) 251-6040

Attorneys for Plaintiffs
Rosa Galindo; Maria Galindo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Rosa Galindo; Maria Galindo,

      Plaintiffs,

v.

Financo Financial, Inc.; Patrick Patchin;
Ahmed Yama Asefi, Aaroon Sadat and
Nazia Nawabzada; Countrywide Bank,
N.A.; Countrywide Financial Corp.;
Homecomings Financial Network;
Commonwealth Land Title Company;
Joseph Esquivel, Pamela Spikes, and
Does 1-100,

      Defendants.

Case No. 3:07-cv-3991 SC

**REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE**

**PROPOUNDING PARTY:**   **Plaintiff Maria Galindo**

**RESPONDING PARTY:**   **Defendant Financo Financial, Inc.**

**SET NUMBER:**   **One**

TO Defendant Financo Financial, Inc., and its Attorney of Record:

1

Pursuant to Federal Rule of Civil Procedure 34, plaintiff MARIA GALINDO hereby requests that defendant identify, produce and permit the inspection and copying of the documents described herein below, which are in the actual or constructive possession, custody or control of defendant or its agents, representatives or attorneys.   The document production shall take place at the Weltin Law Office, located at 1432 Martin Luther King, Jr. Way, Oakland, California, within thirty (30) days after service hereof, or at such time and place as may be mutually agreed upon, and shall continue from day to day thereafter at the same location until completed.   Documents shall be produced in the file or files in which they are located, or if that is not possible, in the same order as they are stored within each file, with a clear indication of the name or title of the file in which the documents are located.

## DEFINITIONS

1.     The term "document" or "documents" as used herein includes, without limitation, the original and all non-identical copies of, and all drafts and preliminary sketches or renderings prepared in connection with, any kind of written, typewritten, printed, recorded, graphic or photographic materials and tapes, records or other devices however produced and maintained, including but not limited to any email, text message, letter, correspondence, file jacket, telegram, report, memorandum, diary, check, contract, agreement, note, invoice, purchase order, receipt, workpaper, calendar, paper, tape recording or any other recording of conversation, by telephone or otherwise, of meetings or conferences, information received from computers, pictures, microfilm, diagrams, drawings, account statements or any other writing, however prepared, produced or reproduced, which is in your actual or constructive possession, custody or control or that of your agents, representatives or

2

attorneys, and whether prepared, published or released by you or by any other person or entity.

2.    The words "you" and "your" as used herein refer not only to the responding party but also to the responding party's respective predecessors in interest, divisions, subsidiaries, affiliates, directors, officers, employees, attorneys, agents, servants and representatives, and any and all other persons or entities acting or purporting to act for or on the responding party's behalf.

3.    The term "file" means, if applicable, each and every version of the file requested, i.e. local file, regional file, home office file.

4.    All documents sought herein that are available in electronic form are requested to be produced in native electronic form, including metadata.

## PRIVILEGED DOCUMENTS

If the responding party objects to the production of a document pursuant to a claim of privilege, the responding party shall identify each document to which that party claims privilege, by separately stating the following matters concerning each document:

a.  Its date;

b.  Its author(s);

c.  The business title and position of its author(s);

d.  Its recipient(s);

e.  The business title and position of its recipient(s);

f.  A general description of its subject matter sufficient to identify the document; and

3

Plaintiff's Request for Production of Documents, Set One

1

2

3    g. The privilege claimed and the basis for the claim of privilege.

4    **DOCUMENTS TO BE PRODUCED**

5    **Request No. 1:**

6    The articles of incorporation of Financo Financial, Inc. and any amendments thereto.

7

8    **Request No. 2:**

9    The bylaws of Financo Financial, Inc. and any amendments thereto.

10   **Request No. 3:**

11   The Certificate of Incorporation from the Secretary of State evidencing the corporate

12   existence of Financo Financial, Inc.

13   **Request No. 4:**

14   The Notice of Incorporation of Financo Financial, Inc. as it appeared when first

15   published.

16

17   **Request No. 5:**

18   All DOCUMENTS regarding or relating to meetings of shareholders of Financo

19   Financial, Inc.

20

21   **Request No. 6:**

22   All DOCUMENTS regarding or relating to meetings of the Board of Directors of

23   Financo Financial, Inc.

24

25   **Request No. 7:**

26   All DOCUMENTS evidencing loans from any individual to Financo Financial, Inc.

27   **Request No. 8:**

28   All DOCUMENTS evidencing loans by Financo Financial, Inc. to any individual.

1

2    **Request No. 9:**

3        All DOCUMENTS regarding or relating to the issuance of stock certificates at any

4    time since the incorporation of Financo Financial, Inc., including date of issuance, amount

5    of issuance and to whom the certificates were issued.

6    **Request No. 10:**

7        All DOCUMENTS regarding or relating to the payment of dividends to any

8    shareholder since the incorporation of Financo Financial, Inc., including to whom the

9    dividends were paid, the amounts paid, and the dates of payment.

10

11   Dated: June 3, 2008              WELTIN LAW OFFICE, P.C.

12

13

14                                   _____
                                     Daniel B. Weltin
15                                   Kevin P. McLaughlin
                                     Attorneys for Plaintiffs
16

17

18

19

20

21

22

23

24

25

26

27

28

5

## PROOF OF SERVICE

1

2   I, Shontia Franklin, certify that I am employed in the City of Oakland, County of Alameda, State

3   of California; I am over the age of eighteen years and am not a party to the within action; my

    business address is 1432 Martin Luther King, Jr. Way, Oakland, California 94612.  On June 3,

4   2008, I served the following document(s):

5   **REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

6

7   on the parties to this action, through their attorneys of record listed below:

8   Scott Hammel, Esq.                          John W. Amberg, Esq.
    Litigation Advocates Group                  Bryan Cave
9   1990 North California Blvd., Suite 830       120 Broadway, Suite 300
    Walnut Creek, CA 94596                       Santa Monica, CA 90401-2386
10                                               (310) 576-2100  Fax (310) 576-2200
11  Tel (925) 932-7038  Fax (925) 932-8043       *Countrywide Bank, N.A.; Nazia Nawabzada*
    *Financo Financial, Inc.; Ahmed Yama Asefi;*
12  *Aaroon Sadat*

13  Frederick A. Haist                           Helen V. Powers, Esq.
    PALMER LOMBARDI & DONOHUE LLP                Bardellini, Straw, Cavin & Bupp, LLP
14  888 W. 6th St, 12th Floor                    2000 Crow Canyon Place, Suite 330
    Los Angeles, CA 90017                        San Ramon, CA 94583
15  Tel (213) 688-0430  Fax (213) 688-0440       Tel (925) 277-3580 Fax (925) 277-3591
16  *Homecomings Financial Network*              *Commonwealth Land Title Company*

17  Joseph Esquivel
18  6618 Seventh Street
    Riverbank, CA 95367
19

20

21  X    By First Class Mail:  I am readily familiar with the firm's practice for collection and
         processing of correspondence for mailing.  Under that practice, the correspondence is
22       deposited with the U.S. Postal Service on the same day as collected, with first-class
         postage thereon fully prepaid, in Oakland, California, for mailing to the office of the
23       addressee following ordinary business practices.

24  I declare under penalty of perjury that the foregoing is true and correct and that this declaration

25  was executed, June 3, 2008, in Oakland, California.

26

27  _____
    Shontia Franklin
28

    Proof of Service

1   Philip R. Weltin, Esq. SBN 46141
2   Brian E. Kerss, Esq. SBN 85722
3   Daniel R. Weltin, Esq. SBN 226600
    Kevin P. McLaughlin, Esq. SBN 251477
4   WELTIN LAW OFFICE, P.C.
    1432 Martin Luther King Jr. Way
5   Oakland, California 94612
    Telephone (510) 251-6060
6   Facsimile  (510) 251-6040

7   Attorneys for Plaintiffs
    Rosa Galindo; Maria Galindo

8

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12  Rosa Galindo; Maria Galindo,              Case No. 3:07-cv-3991 SC

13                       Plaintiffs,
                                              **SPECIAL INTERROGATORIES, SET
14         v.                                 ONE**

15  Financo Financial, Inc;; Patrick Patchin;
16  Ahmed Yama Asefi, Aaroon Sadat and
    Nazia Nawabzada; Countrywide Bank,
17  N.A.; Countrywide Financial Corp.;
18  Homecomings Financial Network;
    Commonwealth Land Title Company;
19  Joseph Esquivel, Pamela Spikes, and
20  Does 1-100,

21                       Defendants.

22

23  **PROPOUNDING PARTY:      Plaintiff Maria Galindo**

24

25  **RESPONDING PARTY:       Defendant Financo Financial, Inc.**

26  **SET NUMBER:      One**

27         TO Defendant Financo Financial, Inc., and its Attorney of Record:

28

1      Plaintiff MARIA GALINDO requests that Defendant answer the following Special

2 Interrogatories within thirty (30) days after service hereof, pursuant to Federal Rule of Civil

3 Procedure 33. If the following interrogatories cannot be answered in full, please answer to

4 the extent possible, specifying the reason for your inability to complete your answer and

5 stating whatever information or knowledge you have concerning the unanswered portion.

6

7 **INTERROGATORY NO. 1:**

8      Identify all of YOUR shareholders. As used in these interrogatories, "YOU" and

9 "YOUR" refer to Financo Financial, Inc.

10

11 **INTERROGATORY NO. 2:**

12      Identify all of YOUR officers, including position.

13

14 **INTERROGATORY NO. 3:**

15      Identify all of YOUR directors.

16

17 **INTERROGATORY NO. 4:**

18      Identify YOUR state of incorporation.

19

20 **INTERROGATORY NO. 5:**

21      Identify YOUR date of incorporation.

22

23 **INTERROGATORY NO. 6:**

24      Identify all board meetings held by YOU in the last 10 years by date, place and

25 attendees.

26

27 **INTERROGATORY NO. 7:**

28      Identify all issuances of stock made by YOU by date, number of shares, and recipient.

2

1

## INTERROGATORY NO. 8:

2

3    Identify all consideration given for shares of stock issued by YOU.

4

## INTERROGATORY NO. 9:

5

6    Identify all personal debts paid by YOU with corporate funds.

7

## INTERROGATORY NO. 10:

8

9    Identify all cash advances to YOU from any individuals in the last 10 years.

10

11    Dated: June 3, 2008                    WELTIN LAW OFFICE, P.C.

12

13

14    _____
      Philip R. Weltin
      Brian E. Kerss
      Daniel R. Weltin
      Kevin P. McLaughlin
      Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

## PROOF OF SERVICE

1

2   I, Shontia Franklin, certify that I am employed in the City of Oakland, County of Alameda, State

3   of California; I am over the age of eighteen years and am not a party to the within action; my

    business address is 1432 Martin Luther King, Jr. Way, Oakland, California 94612.  On June 3,

4   2008, I served the following document(s):

5   **SPECIAL INTERROGATORIES, SET ONE**

6

7   on the parties to this action, through their attorneys of record listed below:

8   Scott Hammel, Esq.                          John W. Amberg, Esq.

9   Litigation Advocates Group                  Bryan Cave
    1990 North California Blvd., Suite 830       120 Broadway, Suite 300
    Walnut Creek, CA 94596                       Santa Monica, CA 90401-2386

10                                              (310) 576-2100 Fax (310) 576-2200

11  Tel (925) 932-7038  Fax (925) 932-8043      *Countrywide Bank, N.A.; Nazia Nawabzada*
    *Financo Financial, Inc.; Ahmed Yama Asefi;*

12  *Aaroon Sadat*

13  Frederick A. Haist                          Helen V. Powers, Esq.

14  PALMER LOMBARDI & DONOHUE LLP               Bardellini, Straw, Cavin & Bupp, LLP
    888 W. 6th St, 12th Floor                   2000 Crow Canyon Place, Suite 330

15  Los Angeles, CA 90017                       San Ramon, CA 94583

16  Tel (213) 688-0430  Fax (213) 688-0440      Tel (925) 277-3580 Fax (925) 277-3591
    *Homecomings Financial Network*             *Commonwealth Land Title Company*

17

18  Joseph Esquivel
    6618 Seventh Street

19  Riverbank, CA 95367

20

21  X    By First Class Mail: I am readily familiar with the firm's practice for collection and
         processing of correspondence for mailing.  Under that practice, the correspondence is

22       deposited with the U.S. Postal Service on the same day as collected, with first-class
         postage thereon fully prepaid, in Oakland, California, for mailing to the office of the

23       addressee following ordinary business practices.

24  I declare under penalty of perjury that the foregoing is true and correct and that this declaration

25  was executed, June 3, 2008, in Oakland, California.

26

27  *[signature]*
    Shontia Franklin

28  Proof of Service

1  SCOTT HAMMEL, ESQ. (SBN: 114911)
   LITIGATION ADVOCATES GROUP
2  1990 N. California Blvd., Suite 830
   Walnut Creek, CA 94596
3  Telephone: (925) 932-7038
   Facsimile: (925) 932-8043
4
   Attorneys for Defendants
5  FINANCO FINANCIAL, INC.,
   AHMED YAMA ASEFI, and
6  AAROON SADAT

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  ROSA GALINDO, MARIA GALINDO,        Case No. 3:07-cv-3991-SC

12             Plaintiffs,              DEFENDANT FINANCO
                                        FINANCIAL, INC.'S RESPONSES
13        vs.                           TO PLAINTIFF ROSA GALINDO'S
                                        REQUESTS FOR PRODUCTION OF
14  FINANCO FINANCIAL, INC.; PATRICK    DOCUMENTS, SET ONE
    PATCHIN; AHMED YAMA ASEFI;
15  AAROON SADAT: NAZIA
    NAWABZADA; COUNTRYWIDE BANK,
16  N.A.; COUNTRYWIDE FINANCIAL
    CORP.: HOMECOMINGS FINANCIAL
17  NETWORK; COMMONWEALTH LAND
    TITLE COMPANY; JOSEPH ESQUIVEL;
18  PAMELA SPIKES; and DOES 1-100;

19             Defendants.

20

21  PROPOUNDING PARTY:  Plaintiff ROSA GALINDO

22  RESPONDING PARTY:   Defendant FINANCO FINANCIAL, INC.

23  SET NO.:            ONE

24

25        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant FINANCO

26  FINANCIAL, INC. ("Defendant") provides the following responses and objections to the first set

27  of requests for production of documents propounded by plaintiff ROSA GALINDO ("Plaintiff").

28
    DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF
    ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1

2    **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

3    **REQUEST NO. 1:**

4        Any and all insurance policies through which Financo Financial, Inc. might be insured for

5    the conduct and damages alleged in plaintiff's complaint.

6    **RESPONSE TO REQUEST NO. 1:**

7        Defendant will produce a copy of the insurance policy applicable to the claims asserted by

8    Plaintiff in this action.

9    **REQUEST NO. 2:**

10        The entire personnel file of Patrick Patchin.

11    **RESPONSE TO REQUEST NO. 2:**

12        Defendant objects to this request on the ground that it requests documents which are

13    protected from disclosure by the constitutional rights of privacy of Patrick Patchin. Any documents

14    that may be contained in Mr. Patchin's "personnel file" are not subject to production absent Mr.

15    Patchin's express consent to the release and production of those documents.

16    **REQUEST NO. 3:**

17        Any and all documents regarding or relating to Patrick Patchin.

18    **RESPONSE TO REQUEST NO. 3:**

19        Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad,

20    and on the further ground that it purports to request the production of documents which are not

21    relevant or reasonably calculated to lead to the discovery of admissible evidence.

22    **REQUEST NO. 4:**

23        Any and all document, including e-mails, evidencing communications between Financo

24    Financial, Inc. and its agents and Countrywide Financial Corp. and its agents and subsidiaries.

25    **RESPONSE TO REQUEST NO. 4:**

26        Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad,

27    and on the further ground that it purports to request the production of documents which are not

28    relevant or reasonably calculated to lead to the discovery of admissible evidence. Without waiving

    any of said objections, Defendant will produce responsive documents relating to the mortgage loans

1    which are the subject of this action.

2    **REQUEST NO. 5:**

3        Any and all document, including e-mails, evidencing communications between Financo

4    Financial, Inc. and its agents and Homecomings Financial Network and its agents.

5    **RESPONSE TO REQUEST NO. 5**

6        Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad

7    and on the further ground that it purports to request the production of documents which are not

8    relevant or reasonably calculated to lead to the discovery of admissible evidence.  Without waiving

9    any of said objections, Defendant will produce responsive documents relating to the mortgage loan

10    which are the subject of this action.

11    **REQUEST NO. 6:**

12        Any and all document, including e-mails, evidencing communications between Financo

13    Financial, Inc. and its agents and Commonwealth Land Title Company and its agents.

14    **RESPONSE TO REQUEST NO. 6:**

15        Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad,

16    and on the further ground that it purports to request the production of documents which are not

17    relevant or reasonably calculated to lead to the discovery of admissible evidence.  Without waiving

18    any of said objections, Defendant will produce responsive documents relating to the mortgage loans

19    which are the subject of this action.

20    **REQUEST NO. 7:**

21        All lending guidelines provided to Financo Financial, Inc. by Countrywide Financial Corp.

22    and its subsidiaries and agents.

23    **RESPONSE TO REQUEST NO. 7:**

24        Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad,

25    and on the further ground that it purports to request the production of documents which are not

26    relevant or reasonably calculated to lead to the discovery of admissible evidence.

27    **REQUEST NO. 8:**

28        All lending guidelines provided to Financo Financial, Inc. by Homecomings Financial Corp.

**DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF
ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

3

1   and its agents.

2   **RESPONSE TO REQUEST NO. 8:**

3      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad,

4   and on the further ground that it purports to request the production of documents which are not

5   relevant or reasonably calculated to lead to the discovery of admissible evidence.

6   **REQUEST NO. 9:**

7      All documents provided by Financo Financial, Inc. to plaintiffs in Spanish.

8   **RESPONSE TO REQUEST NO. 9:**

9      After a diligent search and reasonable inquiry to locate such documents, Defendant is unable

10   to comply with this request because Defendant is unaware of any such responsive documents, though

11   Patrick Patchin may have provided such documents to Plaintiff (but Defendant has not been able to

12   locate any such documents in its possession, custody or control).

13   **REQUEST NO. 10:**

14      All web pages of any website maintained, used or operated by Financo Financial, Inc. during

15   the past five years.

16   **RESPONSE TO REQUEST NO. 10:**

17      Defendant objects to this request on the ground that such documents are equally available

18   to Plaintiff by an internet search.

19   **REQUEST NO. 11:**

20      All business cards used by Patrick Patchin.

21   **RESPONSE TO REQUEST NO. 11:**

22      Defendant will produce any such documents it may have in its possession, custody or control

23   **REQUEST NO. 12:**

24      A mirror image of any personal computer used by Patrick Patchin, where said personal

25   computer is within the possession or control of Financial Financial, Inc.

26   **RESPONSE TO REQUEST NO. 12:**

27      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad,

28   (particularly with respect to the phrase "mirror image of any personal computer"), Defendant further

**DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF
ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

4

1 objections to this request on the ground that it purports to request the production of documents which

2 are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

3 **REQUEST NO. 13:**

4     All documents regarding, relating to or pertaining to Financo Financial, Inc.'s license with

5 the California Department of Real Estate, including but not limited to applications, licenses, audits,

6 correspondence, complaints and citations.

7 **RESPONSE TO REQUEST NO. 13:**

8     Defendant objects to this request on the grounds that it is overly broad and purports to request

9 documents which are not relevant or reasonably calculated to lead to the discovery of admissible

10 evidence. Without waiving any of said objections, Defendant will produce copies of its licenses

11 issued by the California Department of Real Estate and the California Department of Corporations.

12 **REQUEST NO. 14:**

13     All documents regarding, relating to or pertaining to training of brokers and agents employed

14 by Financo Financial, Inc.

15 **RESPONSE TO REQUEST NO. 14:**

16     Defendant objects to this request on the ground that it seeks documents which might be

17 considered confidential and proprietary business information. Without waiving any of said

18 objections, Defendant will produce copies of its Training/Guidelines Manuals provided Plaintiff

19 agrees that these materials are protected from public disclosure pursuant to a stipulated protective

20 order.

21 **REQUEST NO. 15:**

22     All documents regarding, relating to or pertaining to background checks of Financo

23 Financial, Inc. employees, including Patrick Patchin.

24 **RESPONSE TO REQUEST NO. 15:**

25     Defendant objects to this request on the ground that it requests documents which are

26 protected from disclosure by the constitutional rights of privacy of Patrick Patchin. Any documents

27 that may be contained in Mr. Patchin's "personnel file" are not subject to production absent Mr.

28 Patchin's express consent to the release and production of those documents. Defendant further

1  objects to this request as overly broad, and on the further ground that it requests documents which

2  are not relevant or reasonably calculated to lead to the discovery of admissible evidence (e.g.

3  documents relating to Defendant's personnel other than Patrick Patchin). Defendant further objects

4  to this request on the grounds that the term "employees" it is vague and ambiguous, as used in the

5  context of the request, since Mr. Patchin was not an "employee" of Defendant, but rather an

6  "independent contractor."

7  **REQUEST NO. 16:**

8      All payment records from Countrywide Financial Corp. and its subsidiaries and/or agents

9  relating to the subject mortgage loan.

10  **RESPONSE TO REQUEST NO. 16:**

11      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

12  Defendant does not understand what Plaintiff is referring to as "all payment records from

13  Countrywide.

14  **REQUEST NO. 17:**

15      All payment records from Homecomings Financial Network and its agents relating to the

16  subject mortgage loans.

17  **RESPONSE TO REQUEST NO. 17:**

18      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

19  Defendant does not understand what Plaintiff is referring to as "all payment records from

20  Homecomings.

21

22  Dated: March 20, 2008          LITIGATION ADVOCATES GROUP

23

24                                By:  _____
                                       SCOTT J. HAMMEL, ESQ.

25

26                                Attorneys for Defendants
                                  FINANCO FINANCIAL, INC.,
27                                AHMED YAMA ASEFI, and
                                  AAROON SADAT

28

**PROOF OF SERVICE**

I am employed in the County of Contra Costa, State of California. I am over the age of 18 and not a party to the within action. My business address is 1990 N. California Blvd, Suite 830, Walnut Creek, CA 94596

On March 20, 2008, I served the following document(s), described as:

1.  DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Walnut Creek, California in the ordinary course of business.

Daniel R. Weltin, Esq.
Philip R. Weltin, Esq.
WELTIN LAW OFFICE, P.C.
1432 Martin Luther King, Jr. Way
Oakland, CA 94612
*Attorneys for Plaintiffs MARIA GALINDO and ROSA GALINDO*

Helen V. Powers, Esq.
John V. Cavin, Esq.
BARDELLINI, STRAW, CAVIN & BUPP, LLP
2000 Crow Canon Place, Suite 330
San Ramon, CA 94583
*Attorneys for Defendant COMMONWELTH LAND TITLE COMPANY*

John W. Amberg, Esq.
Heather S. Orr, Esq.
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
*Attorneys for Defendants COUNTRYWIDE BANK, FSB and COUNTRYWIDE FINANCIAL CORP.*

Frederick Haist, Esq.
PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, CA 90017
*Attorneys for Defendant HOMECOMINGS FINANCIAL, LLC*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 20, 2008

SCOTT HAMMEL

DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE



1  SCOTT HAMMEL, ESQ. (SBN: 114911)
2  LITIGATION ADVOCATES GROUP
   1990 N. California Blvd., Suite 830
3  Walnut Creek, CA 94596
   Telephone: (925) 932-7038
4  Facsimile: (925) 932-8043

5  Attorneys for Defendants
   FINANCO FINANCIAL, INC.,
6  AHMED YAMA ASEFI, and
   AAROON SADAT

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  ROSA GALINDO, MARIA GALINDO,           Case No. 3:07-cv-3991-SC

12                      Plaintiffs,        DEFENDANT FINANCO
                                           FINANCIAL, INC.'S FURTHER
13        vs.                              RESPONSES TO PLAINTIFF ROSA
                                           GALINDO'S REQUESTS FOR
14  FINANCO FINANCIAL, INC.; PATRICK       PRODUCTION OF DOCUMENTS,
    PATCHIN; AHMED YAMA ASEFI;             SET ONE
15  AAROON SADAT; NAZIA
    NAWABZADA; COUNTRYWIDE BANK,
16  N.A.; COUNTRYWIDE FINANCIAL
    CORP.; HOMECOMINGS FINANCIAL
17  NETWORK; COMMONWEALTH LAND
    TITLE COMPANY; JOSEPH ESQUIVEL;
18  PAMELA SPIKES; and DOES 1-100;

19                      Defendants.

20

21  PROPOUNDING PARTY:  Plaintiff ROSA GALINDO

22  RESPONDING PARTY:   Defendant FINANCO FINANCIAL, INC.

23  SET NO.:            ONE

24

25        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant FINANCO

26  FINANCIAL, INC. ("Defendant") provides the following further responses and objections to the first

27  set of requests for production of documents propounded by plaintiff ROSA GALINDO ("Plaintiff").

28

DEFENDANT FINANCO FINANCIAL, INC.'S FURTHER RESPONSES TO PLAINTIFF
ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

Any and all insurance policies through which Financo Financial, Inc. might be insured for the conduct and damages alleged in plaintiff's complaint.

**RESPONSE TO REQUEST NO. 1:**

Defendant has previously produced these documents.

**REQUEST NO. 2:**

The entire personnel file of Patrick Patchin.

**RESPONSE TO REQUEST NO. 2:**

Defendant objects to this request on the ground that it requests documents which are protected from disclosure by the constitutional rights of privacy of Patrick Patchin. Without waiving any of said objections, Defendant will produce certain documents relating to Mr. Patchin's employment with Defendant, including Confidential Loan Officer Pay Plan, contact information sheet, Report of New Hire, W-4 form (social security number redacted), California driver's license (license number redacted), social security card (social security number redacted), Non-Compete and Nondisclosure Agreement, Acknowledgement, Comprehensive Agreement - Employment At-Will and Arbitration, Salary Draw Agreement, Employment Eligibility Verification (social security number and driver's license number redacted), Addendum re commission rates, referral certification and employee information. Defendant is not producing correspondence regarding Mr. Patchin's child support obligations and withholding information, as these documents are not relevant to any of the issues in this case and, obviously, would be considered confidential and private documents relating to Mr. Patchin.

**REQUEST NO. 3:**

Any and all documents regarding or relating to Patrick Patchin.

**RESPONSE TO REQUEST NO. 3:**

Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad, and on the further ground that it purports to request the production of documents which are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Without waiving

DEFENDANT FINANCO FINANCIAL, INC.'S FURTHER RESPONSES TO PLAINTIFF
ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

2

1    any of said objections, see documents referenced in Response to Request No. 3, above.

2    **REQUEST NO. 4:**

3        Any and all document, including e-mails, evidencing communications between Financo

4    Financial, Inc. and its agents and Countrywide Financial Corp. and its agents and subsidiaries.

5    **RESPONSE TO REQUEST NO. 4:**

6        Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad,

7    and on the further ground that it purports to request the production of documents which are not

8    relevant or reasonably calculated to lead to the discovery of admissible evidence. Without waiving

9    any of said objections, Defendant has produced all documents in its possession, custody or control

10   that would be responsive to this request.

11   **REQUEST NO. 5:**

12       Any and all document, including e-mails, evidencing communications between Financo

13   Financial, Inc. and its agents and Homecomings Financial Network and its agents.

14   **RESPONSE TO REQUEST NO. 5**

15       Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad,

16   and on the further ground that it purports to request the production of documents which are not

17   relevant or reasonably calculated to lead to the discovery of admissible evidence. Without waiving

18   any of said objections, Defendant has produced all documents in its possession, custody or control

19   that would be responsive to this request.

20   **REQUEST NO. 6:**

21       Any and all document, including e-mails, evidencing communications between Financo

22   Financial, Inc. and its agents and Commonwealth Land Title Company and its agents.

23   **RESPONSE TO REQUEST NO. 6:**

24       Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad,

25   and on the further ground that it purports to request the production of documents which are not

26   relevant or reasonably calculated to lead to the discovery of admissible evidence. Without waiving

27   any of said objections, Defendant has produced all documents in its possession, custody or control

28   that would be responsive to this request.

DEFENDANT FINANCO FINANCIAL, INC.'S FURTHER RESPONSES TO PLAINTIFF
ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

3

1   **REQUEST NO. 7:**

2       All lending guidelines provided to Financo Financial, Inc. by Countrywide Financial Corp.

3   and its subsidiaries and agents.

4   **RESPONSE TO REQUEST NO. 7:**

5       Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad,

6   and on the further ground that it purports to request the production of documents which are not

7   relevant or reasonably calculated to lead to the discovery of admissible evidence.  Without waiving

8   any of said objections, Defendant responds that it does not have possession, custody or control of

9   any such responsive documents.  Lender guidelines for mortgage loans were accessed through the

10  lenders' websites when originating and processing mortgage loan applications, and printed copies

11  of those guidelines were not retained by Defendant.

12  **REQUEST NO. 8:**

13      All lending guidelines provided to Financo Financial, Inc. by Homecomings Financial Corp.

14  and its agents.

15  **RESPONSE TO REQUEST NO. 8:**

16      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad,

17  and on the further ground that it purports to request the production of documents which are not

18  relevant or reasonably calculated to lead to the discovery of admissible evidence.  Without waiving

19  any of said objections, Defendant responds that it does not have possession, custody or control of

20  any such responsive documents.  Lender guidelines for mortgage loans were accessed through the

21  lenders' websites when originating and processing mortgage loan applications, and printed copies

22  of those guidelines were not retained by Defendant.

23  **REQUEST NO. 9:**

24      All documents provided by Financo Financial, Inc. to plaintiffs in Spanish.

25  **RESPONSE TO REQUEST NO. 9:**

26      After a diligent search and reasonable inquiry to locate such documents, Defendant is unable

27  to comply with this request because Defendant is unaware of any such responsive documents, though

28  Patrick Patchin may have provided such documents to Plaintiff (but Defendant has not been able to

**DEFENDANT FINANCO FINANCIAL, INC.'S FURTHER RESPONSES TO PLAINTIFF
ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

4

1    locate any such documents in its possession, custody or control).

2    **REQUEST NO. 10:**

3        All web pages of any website maintained, used or operated by Financo Financial, Inc. during

4    the past five years.

5    **RESPONSE TO REQUEST NO. 10:**

6        Defendant objects to this request on the ground that such documents are equally available

7    to Plaintiff by an internet search.  Defendant did not retain hard copies of the prior website

8    information when it went out of business last year.

9    **REQUEST NO. 11:**

10        All business cards used by Patrick Patchin.

11    **RESPONSE TO REQUEST NO. 11:**

12        Defendant does not have any such documents in its possession, custody or control.

13    **REQUEST NO. 12:**

14        A mirror image of any personal computer used by Patrick Patchin, where said personal

15    computer is within the possession or control of Financial Financial, Inc.

16    **RESPONSE TO REQUEST NO. 12:**

17        Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad

18    (particularly with respect to the phrase "mirror image of any personal computer"). Defendant further

19    objections to this request on the ground that it purports to request the production of documents which

20    are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Without

21    waiving any of said objections, Defendant responds that it does not have possession, custody or

22    control of any such computer.  While working for Defendant, Patrick Patchin did not have a

23    computer for his specific use; rather, he used a computer that was generally available to all staff at

24    Defendant's office, the computer was sold to a third party when Defendant went out of business last

25    year, and Defendant did not retain the hard drive or any copy of the hard drive or other storage

26    devices, which were intact with the computer when it was sold to a third party.

27    **REQUEST NO. 13:**

28        All documents regarding, relating to or pertaining to Financo Financial, Inc.'s license with

**DEFENDANT FINANCO FINANCIAL, INC.'S FURTHER RESPONSES TO PLAINTIFF
ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

5

1   the California Department of Real Estate, including but not limited to applications, licenses, audits,

2   correspondence, complaints and citations.

3   **RESPONSE TO REQUEST NO. 13:**

4       Defendant objects to this request on the grounds that it is overly broad and purports to request

5   documents which are not relevant or reasonably calculated to lead to the discovery of admissible

6   evidence. Without waiving any of said objections, Defendant has already produced copies of its

7   (CFL) license issued by the California Department of Corporations. Defendant's CFL license was

8   used in connection with the origination of the mortgage loans which are the subject of this action

9   not any DRE licenses that may have been in effect at the time.

10  **REQUEST NO. 14:**

11      All documents regarding, relating to or pertaining to training of brokers and agents employed

12  by Financo Financial, Inc.

13  **RESPONSE TO REQUEST NO. 14:**

14      Defendant objects to this request on the ground that it seeks documents which might be

15  considered confidential and proprietary business information. Without waiving any of said

16  objections, Defendant has already produced copies of its Training/Guidelines Manuals. Defendant

17  has also located a prior version of those training manuals and those documents will be produced with

18  Defendant's further responses.

19  **REQUEST NO. 15:**

20      All documents regarding, relating to or pertaining to background checks of Financo

21  Financial, Inc. employees, including Patrick Patchin.

22  **RESPONSE TO REQUEST NO. 15:**

23      Defendant objects to this request on the ground that it requests documents which are

24  protected from disclosure by the constitutional rights of privacy of Patrick Patchin. Any documents

25  that may be contained in Mr. Patchin's "personnel file" are not subject to production absent Mr.

26  Patchin's express consent to the release and production of those documents. Defendant further

27  objects to this request as overly broad, and on the further ground that it requests documents which

28  are not relevant or reasonably calculated to lead to the discovery of admissible evidence (e.g.

**DEFENDANT FINANCO FINANCIAL, INC.'S FURTHER RESPONSES TO PLAINTIFF
ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

6

1    documents relating to Defendant's personnel other than Patrick Patchin). Defendant further objects

2    to this request on the grounds that the term "employees" it is vague and ambiguous, as used in the

3    context of the request, since Mr. Patchin was not an "employee" of Defendant, but rather an

4    "independent contractor." Without waiving any of said objections, see documents identified in

5    response to Request No. 2, above. These documents are being produced with Defendant's further

6    responses.

7    **REQUEST NO. 16:**

8        All payment records from Countrywide Financial Corp. and its subsidiaries and/or agents

9    relating to the subject mortgage loan.

10   **RESPONSE TO REQUEST NO. 16:**

11       Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad

12   Defendant does not understand what Plaintiff is referring to as "all payment records from"

13   Countrywide. Without waiving any of said objections, Defendant has already produced the loan files

14   for the subject mortgage loans and these loan files contain documents relating to Countrywide.

15   Defendant is also producing additional responsive documents with its further responses. Also,

16   Defendant typically received payments directly from the title/escrow companies handling mortgage

17   loan transactions - not from the lenders.

18   **REQUEST NO. 17:**

19       All payment records from Homecomings Financial Network and its agents relating to the

20   subject mortgage loans.

21   **RESPONSE TO REQUEST NO. 17:**

22       Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad

23   Defendant does not understand what Plaintiff is referring to as "all payment records from"

24   Homecomings. Without waiving any of said objections, Defendant has already produced the loan

25   files for the subject mortgage loans and these loan files contain documents relating to Countrywide.

26   Defendant is also producing additional responsive documents with its further responses. Also,

27   Defendant typically received payments directly from the title/escrow companies handling mortgage

28   loan transactions - not from the lenders.

**DEFENDANT FINANCO FINANCIAL, INC.'S FURTHER RESPONSES TO PLAINTIFF
ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

7

8

1

2   AS TO OBJECTIONS ONLY:

3   Dated: June 6, 2008                    LITIGATION ADVOCATES GROUP

4

5                                          By: 
                                               SCOTT HAMMEL, ESQ.
6

7                                          Attorneys for Defendants
                                           FINANCO FINANCIAL, INC.,
8                                          AHMED YAMA ASEFI, and
                                           AAROON SADAT
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT FINANCO FINANCIAL, INC.'S FURTHER RESPONSES TO PLAINTIFF
ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1  SCOTT HAMMEL, ESQ. (SBN: 114911)
   LITIGATION ADVOCATES GROUP
2  1990 N. California Blvd., Suite 830
   Walnut Creek, CA 94596
3  Telephone: (925) 932-7038
   Facsimile: (925) 932-8043
4
5  Attorneys for Defendants
   FINANCO FINANCIAL, INC.,
6  AHMED YAMA ASEFI, and
   AAROON SADAT
7
8
9
10
                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

11
   ROSA GALINDO, MARIA GALINDO,           Case No. 3:07-cv-3991-SC
12
              Plaintiffs,                  DEFENDANT FINANCO
13                                         FINANCIAL, INC.'S RESPONSES
        vs.                                TO PLAINTIFF ROSA GALINDO'S
14                                         REQUESTS FOR PRODUCTION OF
   FINANCO FINANCIAL, INC.; PATRICK        DOCUMENTS, SET TWO
15 PATCHIN; AHMED YAMA ASEFI;
   AAROON SADAT; NAZIA
16 NAWABZADA; COUNTRYWIDE BANK,
   N.A.; COUNTRYWIDE FINANCIAL
17 CORP.; HOMECOMINGS FINANCIAL
   NETWORK; COMMONWEALTH LAND
18 TITLE COMPANY; JOSEPH ESQUIVEL;
   PAMELA SPIKES; and DOES 1-100;
19
              Defendants.
20

21  PROPOUNDING PARTY:   Plaintiff ROSA GALINDO

22  RESPONDING PARTY:    Defendant FINANCO FINANCIAL, INC.

23  SET NO.:      TWO

24

25      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant FINANCO

26  FINANCIAL, INC. ("Defendant") provides the following responses and objections to the second set

27  of requests for production of documents propounded by plaintiff ROSA GALINDO ("Plaintiff").

28
    DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF
    ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

Any and all applicable insurance policies, including but not limited to the entire insurance policy, including declarations page, for Policy No. PHSD183618 issued by Philadelphia Indemnity Insurance Co.

### RESPONSE TO REQUEST NO. 1:

Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad, particularly with respect to the term "applicable," as used in the context of this request. Without waiving any of said objections, Defendant will produce a copy of the errors and omissions insurance policy issued by Philadelphia Indemnity Co.

### REQUEST NO. 2:

Any and all correspondence between Financo Financial Inc. ("Financo") and/or its agents with the California Dept. of Corporations regarding or relating to any CFL licenses.

### RESPONSE TO REQUEST NO. 2:

Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad. Defendant further objects to this request on the grounds that it is phrased in the conjunctive and/or the disjunctive. Defendant further objects to this request to the extent it requests documents which are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of said objections, Defendant will produce a copy of its CFL license issued by the California Department of Corporations.

### REQUEST NO. 3:

Any and all documents regarding or relating to Ahmad Asefi's ("Asefi") relationship with Financo.

### RESPONSE TO REQUEST NO. 3:

Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad. Defendant further objects to this request on the grounds that it is phrased in the conjunctive and in the disjunctive. Defendant further objects to this request to the extent it requests documents which are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF**
**ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

2

**REQUEST NO. 4:**

Any and all contracts between Financo Financial, Inc. and its agents and Countrywide Financial Corp. and its agents and subsidiaries.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad. Defendant further objects to this request on the ground that it is phrased in the conjunctive. Defendant further objects to this request to the extent that it requests documents which are confidential and protected by the constitutional rights of privacy of third parties. Defendant further objects to this request to the extent it requests documents which are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 5:**

Any and all contracts between Financo Financial, Inc. and its agents and Homecomings Financial Network. and its agents.

**RESPONSE TO REQUEST NO. 5**

Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad. Defendant further objects to this request on the ground that it is phrased in the conjunctive. Defendant further objects to this request to the extent that it requests documents which are confidential and protected by the constitutional rights of privacy of third parties. Defendant further objects to this request to the extent it requests documents which are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 6:**

Any and all contracts between Financo Financial, Inc. and its agents and Commonwealth Land Title Company and its agents.

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad. Defendant further objects to this request on the ground that it is phrased in the conjunctive. Defendant further objects to this request to the extent that it requests documents which are confidential and protected by the constitutional rights of privacy of third parties. Defendant.

**DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

3

1  Defendant further objects to this request to the extent it requests documents which are irrelevant

2  and/or not reasonably calculated to lead to the discovery of admissible evidence.

3  **REQUEST NO. 7:**

4      All corporate documents and records including articles of incorporation, by-laws, stock

5  certificates, minutes of board meetings, minutes of shareholder meetings, corporate resolutions and

6  similar type of corporate records.

7  **RESPONSE TO REQUEST NO. 7:**

8      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

9  Defendant further objects to this request on the ground that it is phrased in the conjunctive.

10  Defendant further objects to this request to the extent that it requests documents which are

11  confidential and protected by the constitutional rights of privacy of third parties. Defendant further

12  objects to this request to the extent it requests documents which are irrelevant and/or not reasonably

13  calculated to lead to the discovery of admissible evidence.

14  **REQUEST NO. 8:**

15      Any and all documents that support your contention that Asefi was not an agent of Financo.

16  **RESPONSE TO REQUEST NO. 8:**

17      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad

18  particularly as to subject matter and time frame for the alleged agency. Defendant has not made the

19  "contention" framed by this request.

20  **REQUEST NO. 9:**

21      [No request.]

22  **RESPONSE TO REQUEST NO. 9:**

23      [No response.]

24  **REQUEST NO. 10:**

25      Any and all documents that reflect communications between Aaron Sadat ("Sadat") and

26  Patrick Patchin ("Patchin").

27  **RESPONSE TO REQUEST NO. 10:**

28      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad,

1  particularly as to subject matter and time frame.

2  **REQUEST NO. 11:**

3      Any and all documents that reflect the last known names, addresses and telephone numbers

4  of Financo's employees during the time Patchin worked for Financo.

5  **RESPONSE TO REQUEST NO. 11:**

6      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad,

7  Defendant further objects to this request to the extent that it requests documents which are

8  confidential and protected by the constitutional rights of privacy of third parties.

9  **REQUEST NO. 12:**

10      Any and all documents that support your contention that Sadat does not owe a duty to

11  Plaintiffs.

12  **RESPONSE TO REQUEST NO. 12:**

13      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad,

14  particularly as to subject matter and time frame.  Defendant has not made the "contention" framed

15  by this request.

16  **REQUEST NO. 13:**

17      Any and all documents that support your contention that Asefi does not owe a duty to

18  Plaintiffs.

19  **RESPONSE TO REQUEST NO. 13:**

20      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad,

21  particularly as to subject matter and time frame.  Defendant has not made the "contention" framed

22  by this request.

23  **REQUEST NO. 14:**

24      Any and all documents regarding or relating to Sadat's relationship with Financo.

25  **RESPONSE TO REQUEST NO. 14:**

26      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

27  Defendant further objects to this request on the ground that it is phrased in the conjunctive.

28  Defendant further objects to this request to the extent that it requests documents which are

**DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF**
**ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

5

1  confidential and protected by the constitutional rights of privacy of third parties.  Defendant further

2  objects to this request to the extent it requests documents which are irrelevant and/or not reasonably

3  calculated to lead to the discovery of admissible evidence.

4  **REQUEST NO. 15:**

5      Any and all documents regarding or relating to Sam Fakiri's relationship with Financo.

6  **RESPONSE TO REQUEST NO. 15:**

7      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

8  Defendant further objects to this request on the ground that it is phrased in the conjunctive.

9  Defendant further objects to this request to the extent that it requests documents which are

10  confidential and protected by the constitutional rights of privacy of third parties.  Defendant further

11  objects to this request to the extent it requests documents which are irrelevant and/or not reasonably

12  calculated to lead to the discovery of admissible evidence.

13  AS TO OBJECTIONS ONLY:

14

15  Dated: April 21, 2008        LITIGATION ADVOCATES GROUP

16

17                        By:                                
18                                     SCOTT HAMMEL, ESQ.

19                          Attorneys for Defendants

20                          FINANCO FINANCIAL, INC.,
                        AHMED YAMA ASEFI, and
                        AAROON SADAT

21

22

23

24

25

26

27

28

**DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF
ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

7

## PROOF OF SERVICE

I am employed in the County of Contra Costa, State of California. I am over the age of 18 and not a party to the within action. My business address is 1990 N. California Blvd., Suite 830, Walnut Creek, CA 94596

On April 21, 2008, I served the following document(s), described as:

1. DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Walnut Creek, California in the ordinary course of business.

Daniel R. Weltin, Esq.
Philip R. Weltin, Esq.
WELTIN LAW OFFICE, P.C.
1432 Martin Luther King, Jr. Way
Oakland, CA 94612
*Attorneys for Plaintiffs MARIA GALINDO and ROSA GALINDO*

John W. Amberg, Esq.
Heather S. Orr, Esq.
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
*Attorneys for Defendants COUNTRYWIDE BANK, FSB and COUNTRYWIDE FINANCIAL CORP.*

Helen V. Powers, Esq.
John V. Cavin, Esq.
BARDELLINI, STRAW, CAVIN & BUPP, LLP
2000 Crow Canon Place, Suite 330
San Ramon, CA 94583
*Attorneys for Defendant COMMONWELTH LAND TITLE COMPANY*

Frederick Haist, Esq.
PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, CA 90017
*Attorneys for Defendant HOMECOMINGS FINANCIAL, LLC*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 21, 2008

_____
SCOTT HAMMEL

DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF
ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO



1  SCOTT HAMMEL, ESQ. (SBN: 114911)
   LITIGATION ADVOCATES GROUP
2  1990 N. California Blvd., Suite 830
   Walnut Creek, CA 94596
3  Telephone: (925) 932-7038
   Facsimile: (925) 932-8043
4

5  Attorneys for Defendants
   FINANCO FINANCIAL, INC.,
6  AHMED YAMA ASEFI, and
   AAROON SADAT

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  ROSA GALINDO, MARIA GALINDO,        Case No. 3:07-cv-3991-SC

12              Plaintiffs,              DEFENDANT FINANCO
                                         FINANCIAL, INC.'S RESPONSES
13      vs.                              TO PLAINTIFF ROSA GALINDO'S
                                         SPECIAL INTERROGATORIES,
14  FINANCO FINANCIAL, INC.; PATRICK     SET ONE
    PATCHIN; AHMED YAMA ASEFI;
15  AAROON SADAT; NAZIA
    NAWABZADA; COUNTRYWIDE BANK,
16  N.A.; COUNTRYWIDE FINANCIAL
    CORP.; HOMECOMINGS FINANCIAL
17  NETWORK; COMMONWEALTH LAND
    TITLE COMPANY; JOSEPH ESQUIVEL;
18  PAMELA SPIKES; and DOES 1-100;

19              Defendants.

20

21  PROPOUNDING PARTY:  Plaintiff ROSA GALINDO

22  RESPONDING PARTY:   Defendant FINANCO FINANCIAL, INC.

23  SET NO.:            ONE

24

25      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant FINANCO

26  FINANCIAL, INC. ("Defendant") provides the following responses to the first set of special

27  interrogatories propounded by plaintiff ROSA GALINDO ("Plaintiff").

28

DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF
ROSA GALINDO'S SPECIAL INTERROGATORIES, SET ONE

2

## RESPONSES TO SPECIAL INTERROGATORIES

**INTERROGATORY NO. 1:**

Please set forth the last known address, phone number and email address for James Psarakis.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant will provide the requested information.

**INTERROGATORY NO. 2:**

Please set forth the last known address, phone number and email address for Wazhma Rahimi.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant will provide the requested information.

**INTERROGATORY NO. 3:**

Please set forth the last known address, phone number and email address for Patrick Patchin.

**RESPONSE TO INTERROGATORY NO. 3:**

1730 Lacassie Avenue, #15, Walnut Creek, California, telephone numbers: (925) 979-1172 and (925) 212-5616.

**INTERROGATORY NO. 4:**

Please set forth the last known address, phone number and email address for Sam Fakiri.

**RESPONSE TO INTERROGATORY NO. 4:**

Sam Fakiri is an officer of Financo Financial, Inc. and can be contacted through counsel for Financo Financial, Inc., a defendant in this action.

Dated: April 21, 2008            LITIGATION ADVOCATES GROUP

By: _____
SCOTT HAMMEL, ESQ.

Attorneys for Defendants
FINANCO FINANCIAL, INC.,
AHMED YAMA ASEFI, and
AAROON SADAT

DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF
ROSA GALINDO'S SPECIAL INTERROGATORIES, SET ONE

## PROOF OF SERVICE

I am employed in the County of Contra Costa, State of California. I am over the age of 18 and not a party to the within action. My business address is 1990 N. California Blvd., Suite 830, Walnut Creek, CA 94596.

On April 21, 2008, I served the following document(s), described as:

1.  DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF ROSA GALINDO'S SPECIAL INTERROGATORIES, SET ONE

on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Walnut Creek, California in the ordinary course of business.

| | |
|---|---|
| Daniel R. Weltin, Esq.<br>Philip R. Weltin, Esq.<br>WELTIN LAW OFFICE, P.C.<br>1432 Martin Luther King, Jr. Way<br>Oakland, CA 94612<br>*Attorneys for Plaintiffs MARIA GALINDO<br>and ROSA GALINDO* | John W. Amberg, Esq.<br>Heather S. Orr, Esq.<br>BRYAN CAVE LLP<br>120 Broadway, Suite 300<br>Santa Monica, CA 90401-2386<br>*Attorneys for Defendants COUNTRYWIDE<br>BANK, FSB and COUNTRYWIDE FINANCIAL<br>CORP.* |
| Helen V. Powers, Esq.<br>John V. Cavin, Esq.<br>BARDELLINI, STRAW, CAVIN & BUPP,<br>LLP<br>2000 Crow Canon Place, Suite 330<br>San Ramon, CA 94583<br>*Attorneys for Defendant COMMONWEALTH<br>LAND TITLE COMPANY* | Frederick Haist, Esq.<br>PALMER, LOMBARDI & DONOHUE LLP<br>888 West 6th Street, 12th Floor<br>Los Angeles, CA 90017<br>*Attorneys for Defendant HOMECOMINGS<br>FINANCIAL, LLC* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 21, 2008

_____
SCOTT HAMMEL

DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF
ROSA GALINDO'S SPECIAL INTERROGATORIES, SET ONE

SCOTT HAMMEL, ESQ. (SBN: 114911)
LITIGATION ADVOCATES GROUP
1990 N. California Blvd., Suite 830
Walnut Creek, CA 94596
Telephone: (925) 932-7038
Facsimile: (925) 932-8043

Attorneys for Defendants
FINANCO FINANCIAL, INC.,
AHMED YAMA ASEFI, and
AAROON SADAT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

ROSA GALINDO, MARIA GALINDO,

Plaintiffs,

vs.

FINANCO FINANCIAL, INC.; PATRICK
PATCHIN; AHMED YAMA ASEFI;
AAROON SADAT; NAZIA
NAWABZADA; COUNTRYWIDE BANK,
N.A.; COUNTRYWIDE FINANCIAL
CORP.; HOMECOMINGS FINANCIAL
NETWORK; COMMONWEALTH LAND
TITLE COMPANY; JOSEPH ESQUIVEL;
PAMELA SPIKES; and DOES 1-100;

Defendants.

Case No. 3:07-cv-3991-SC

**DEFENDANT FINANCO
FINANCIAL, INC.'S FURTHER
RESPONSES TO PLAINTIFF ROSA
GALINDO'S REQUESTS FOR
PRODUCTION OF DOCUMENTS,
SET TWO**

**PROPOUNDING PARTY:  Plaintiff ROSA GALINDO**

**RESPONDING PARTY:    Defendant FINANCO FINANCIAL, INC.**

**SET NO.:              TWO**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant FINANCO

FINANCIAL, INC. ("Defendant") provides the following further responses and objections to the

second set of requests for production of documents propounded by plaintiff ROSA GALINDO

("Plaintiff").

DEFENDANT FINANCO FINANCIAL, INC.'S FURTHER RESPONSES TO PLAINTIFF
ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

1

2        **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

3      **REQUEST NO. 1:**

4          Any and all applicable insurance policies, including but not limited to the entire insurance

5   policy, including declarations page, for Policy No. PHSD183618 issued by Philadelphia Indemnity

6   Insurance Co.

7      **RESPONSE TO REQUEST NO. 1:**

8          Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad

9   particularly with respect to the term "applicable," as used in the context of this request.   Without

10   waiving any of said objections, Defendant has already produced a copy of the errors and omission

11   insurance policy issued by Philadelphia Indemnity Co.

12      **REQUEST NO. 2:**

13          Any and all correspondence between Financo Financial Inc. ("Financo") and/or its agents

14   with the California Dept. of Corporations regarding or relating to any CFL licenses.

15      **RESPONSE TO REQUEST NO. 2:**

16          Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad

17   Defendant further objects to this request on the grounds that it is phrased in the conjunctive and in

18   the disjunctive.  Defendant further objects to this request to the extent it requests documents which

19   are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

20   Without waiving any of said objections, Defendant has produced a copy of its CFL license issued

21   by the California Department of Corporations.

22      **REQUEST NO. 3:**

23          Any and all documents regarding or relating to Ahmad Asefi's ("Asefi") relationship with

24   Financo.

25      **RESPONSE TO REQUEST NO. 3:**

26          Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

27   Defendant further objects to this request on the grounds that it is phrased in the conjunctive and in

28   the disjunctive.  Defendant further objects to this request to the extent it requests documents which

    are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANT FINANCO FINANCIAL, INC.'S FURTHER RESPONSES TO PLAINTIFF
ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

2

1  Without waiving any of said objections, Defendant responds that it will produce copies of responsive

2  documents with these further responses.

3  **REQUEST NO. 4:**

4      Any and all contracts between Financo Financial, Inc. and its agents and Countrywide

5  Financial Corp. and its agents and subsidiaries.

6  **RESPONSE TO REQUEST NO. 4:**

7      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

8  Defendant further objects to this request on the ground that it is phrased in the conjunctive.

9  Defendant further objects to this request to the extent that it requests documents which are

10  confidential and protected by the constitutional rights of privacy of third parties.    Defendant.

11  Defendant further objects to this request to the extent it requests documents which are irrelevant

12  and/or not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving

13  any of said objections, Defendant responds that it does not have possession, custody or control of

14  any such responsive documents.

15  **REQUEST NO. 5:**

16      Any and all contracts between Financo Financial, Inc. and its agents and Homecomings

17  Financial Network. and its agents.

18  **RESPONSE TO REQUEST NO. 5**

19      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

20  Defendant further objects to this request on the ground that it is phrased in the conjunctive.

21  Defendant further objects to this request to the extent that it requests documents which are

22  confidential and protected by the constitutional rights of privacy of third parties.    Defendant.

23  Defendant further objects to this request to the extent it requests documents which are irrelevant

24  and/or not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving

25  any of said objections, Defendant responds that it does not have possession, custody or control of

26  any such responsive documents.

27  **REQUEST NO. 6:**

28      Any and all contracts between Financo Financial, Inc. and its agents and Commonwealth

DEFENDANT FINANCO FINANCIAL, INC.'S FURTHER RESPONSES TO PLAINTIFF
ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

3

1  Land Title Company and its agents.

2  RESPONSE TO REQUEST NO. 6:

3     Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

4  Defendant further objects to this request on the ground that it is phrased in the conjunctive.

5  Defendant further objects to this request to the extent that it requests documents which are

6  confidential and protected by the constitutional rights of privacy of third parties.    Defendant.

7  Defendant further objects to this request to the extent it requests documents which are irrelevant

8  and/or not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving

9  any of said objections, Defendant responds that it does not have possession, custody or control of

10  any such responsive documents.

11  REQUEST NO. 7:

12     All corporate documents and records including articles of incorporation, by-laws, stock

13  certificates, minutes of board meetings, minutes of shareholder meetings, corporate resolutions and

14  similar type of corporate records.

15  RESPONSE TO REQUEST NO. 7:

16     Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

17  Defendant further objects to this request on the ground that it is phrased in the conjunctive.

18  Defendant further objects to this request to the extent that it requests documents which are

19  confidential and protected by the constitutional rights of privacy of third parties.   Defendant further

20  objects to this request to the extent it requests documents which are irrelevant and/or not reasonably

21  calculated to lead to the discovery of admissible evidence.   Without waiving any of said objections,

22  Defendant responds that it will produce the following documents responsive to this request: Articles

23  of Incorporation, By-Laws, Statement of Information (Domestic Stock Corporation), Domestic Stock

24  Corporation Certificate of Dissolution, Election by a Small Business Corporation, Application for

25  Employer Identification Number, notices of meetings of shareholders and board of directors, minutes

26  of meetings of shareholders and  board of directors, stock certificates, and financial statements

27  (redacted).

28

**DEFENDANT FINANCO FINANCIAL, INC.'S FURTHER RESPONSES TO PLAINTIFF
ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

4

1  **REQUEST NO. 8:**

2      Any and all documents that support your contention that Asefi was not an agent of Financo.

3  **RESPONSE TO REQUEST NO. 8:**

4      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad,

5  particularly as to subject matter and time frame for the alleged agency. Defendant has not made the

6  "contention" framed by this request.

7  **REQUEST NO. 9:**

8      [No request.]

9  **RESPONSE TO REQUEST NO. 9:**

10     [No response.]

11 **REQUEST NO. 10:**

12     Any and all documents that reflect communications between Aaron Sadat ("Sadat") and

13 Patrick Patchin ("Patchin").

14 **RESPONSE TO REQUEST NO. 10:**

15     Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad,

16 particularly as to subject matter and time frame. As Defendant understands this request, Defendant

17 does not have possession, custody or control of any such responsive documents.

18 **REQUEST NO. 11:**

19     Any and all documents that reflect the last known names, addresses and telephone numbers

20 of Financo's employees during the time Patchin worked for Financo.

21 **RESPONSE TO REQUEST NO. 11:**

22     Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad,

23 Defendant further objects to this request to the extent that it requests documents which are

24 confidential and protected by the constitutional rights of privacy of third parties.

25 **REQUEST NO. 12:**

26     Any and all documents that support your contention that Sadat does not owe a duty to

27 Plaintiffs.

28

**DEFENDANT FINANCO FINANCIAL, INC.'S FURTHER RESPONSES TO PLAINTIFF ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

5

**RESPONSE TO REQUEST NO. 12:**

Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad, particularly as to subject matter and time frame. Defendant has not made the "contention" framed by this request.

**REQUEST NO. 13:**

Any and all documents that support your contention that Asefi does not owe a duty to Plaintiffs.

**RESPONSE TO REQUEST NO. 13:**

Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad, particularly as to subject matter and time frame. Defendant has not made the "contention" framed by this request.

**REQUEST NO. 14:**

Any and all documents regarding or relating to Sadat's relationship with Financo.

**RESPONSE TO REQUEST NO. 14:**

Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad on the ground that it is phrased in the conjunctive. Defendant further objects to this request to the extent that it requests documents which are confidential and protected by the constitutional rights of privacy of third parties. Defendant further objects to this request to the extent it requests documents which are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of said objections, Defendant responds that it has produced documents that show Sadat's relationship with Defendant (e.g. stock certificate, minutes of shareholder and board meetings, articles of incorporation and by-laws). Sadat did not have a written employment or similar type of agreement with Defendant.

**REQUEST NO. 15:**

Any and all documents regarding or relating to Sam Fakiri's relationship with Financo.

**RESPONSE TO REQUEST NO. 15:**

Defendant further objects to this request on the ground that it is vague, ambiguous and overly broad on the ground that it is phrased in the conjunctive.

**DEFENDANT FINANCO FINANCIAL, INC.'S FURTHER RESPONSES TO PLAINTIFF ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

6

1   Defendant further objects to this request to the extent that it requests documents which are
2   confidential and protected by the constitutional rights of privacy of third parties. Defendant further
3   objects to this request to the extent it requests documents which are irrelevant and/or not reasonably
4   calculated to lead to the discovery of admissible evidence. Without waiving any of said objections,
5   Defendant responds that it has produced documents that show Fakiri's relationship with Defendant
6   (e.g. stock certificate, minutes of shareholder and board meetings, articles of incorporation and by
7   laws). Fakiri did not have a written employment or similar type of agreement with Defendant

8   AS TO OBJECTIONS ONLY:

9

10  Dated: June 6, 2008                    LITIGATION ADVOCATES GROUP

11

12                                         By: _____
                                                SCOTT J. HAMMEL, ESQ.
13

14                                         Attorneys for Defendants
                                           FINANCO FINANCIAL, INC.,
15                                         AHMED YAMA ASEFI, and
                                           AAROON SADAT

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT FINANCO FINANCIAL, INC.'S FURTHER RESPONSES TO PLAINTIFF**
**ROSA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

1  SCOTT HAMMEL, ESQ. (SBN: 114911)
   LITIGATION ADVOCATES GROUP
2  1990 N. California Blvd., Suite 830
   Walnut Creek, CA 94596
3  Telephone: (925) 932-7038
   Facsimile: (925) 932-8043
4
5  Attorneys for Defendants
   FINANCO FINANCIAL, INC.,
6  AHMED YAMA ASEFI, and
   AAROON SADAT
7
8              UNITED STATES DISTRICT COURT
9           NORTHERN DISTRICT OF CALIFORNIA
10
11 ROSA GALINDO, MARIA GALINDO,      Case No. 3:07-cv-3991-SC
12          Plaintiffs,              DEFENDANT FINANCO
                                     FINANCIAL, INC.'S FURTHER
13    vs.                            RESPONSES TO PLAINTIFF ROSA
                                     GALINDO'S SPECIAL
14 FINANCO FINANCIAL, INC.; PATRICK  INTERROGATORIES, SET ONE
   PATCHIN; AHMED YAMA ASEFI;
15 AAROON SADAT; NAZIA
   NAWABZADA; COUNTRYWIDE BANK,
16 N.A.; COUNTRYWIDE FINANCIAL
   CORP.; HOMECOMINGS FINANCIAL
17 NETWORK; COMMONWEALTH LAND
   TITLE COMPANY; JOSEPH ESQUIVEL;
18 PAMELA SPIKES; and DOES 1-100;
19          Defendants.
20
21 PROPOUNDING PARTY:  Plaintiff ROSA GALINDO
22 RESPONDING PARTY:   Defendant FINANCO FINANCIAL, INC.
23 SET NO.:            ONE
24
25    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant FINANCO
26 FINANCIAL, INC. ("Defendant") provides the following further responses to the first set of special
27 interrogatories propounded by plaintiff ROSA GALINDO ("Plaintiff").
28

DEFENDANT FINANCO FINANCIAL, INC.'S FURTHER RESPONSES TO PLAINTIFF
ROSA GALINDO'S SPECIAL INTERROGATORIES, SET ONE

1

## RESPONSES TO SPECIAL INTERROGATORIES

2   **INTERROGATORY NO. 1:**

3     Please set forth the last known address, phone number and email address for James Psarakis.

4   **RESPONSE TO INTERROGATORY NO. 1:**

5     Defendant does not know this person and has no information on his whereabouts.

6   **INTERROGATORY NO. 2:**

7     Please set forth the last known address, phone number and email address for Wazhman

8 Rahimi.

9   **RESPONSE TO INTERROGATORY NO. 2:**

10     15919 Paseo Largavista, San Lorenzo, CA, (510) 481-5796 (no e-mail).

11   **INTERROGATORY NO. 3:**

12     Please set forth the last known address, phone number and email address for Patrick Patchin.

13   **RESPONSE TO INTERROGATORY NO. 3:**

14     1730 Lacassie Avenue, #15, Walnut Creek, California, telephone numbers: (925) 979-1129

15 and (925) 212-5616.

16   **INTERROGATORY NO. 4:**

17     Please set forth the last known address, phone number and email address for Sam Fakiri.

18   **RESPONSE TO INTERROGATORY NO. 4:**

19     Sam Fakiri is an officer of Financo Financial, Inc. and can be contacted through counsel for

20 Financo Financial, Inc., a defendant in this action.

21

22 Dated: June 6, 2008           LITIGATION ADVOCATES GROUP

23

24               By: _____

25                    SCOTT HAMMEL, ESQ.

26                Attorneys for Defendants
                  FINANCO FINANCIAL, INC.,

27                   AHMED YAMA ASEFI, and
                  AAROON SADAT

28

**DEFENDANT FINANCO FINANCIAL, INC.'S FURTHER RESPONSES TO PLAINTIFF ROSA GALINDO'S SPECIAL INTERROGATORIES, SET ONE**

2

SCOTT HAMMEL, ESQ. (SBN: 114911)
LITIGATION ADVOCATES GROUP
1990 N. California Blvd., Suite 830
Walnut Creek, CA 94596
Telephone: (925) 932-7038
Facsimile: (925) 932-8043

Attorneys for Defendants
FINANCO FINANCIAL, INC.,
AHMED YAMA ASEFI, and
AAROON SADAT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSA GALINDO, MARIA GALINDO,

Plaintiffs,

vs.

FINANCO FINANCIAL, INC.; PATRICK
PATCHIN; AHMED YAMA ASEFI;
AAROON SADAT; NAZIA
NAWABZADA; COUNTRYWIDE BANK,
N.A.; COUNTRYWIDE FINANCIAL
CORP.; HOMECOMINGS FINANCIAL
NETWORK; COMMONWEALTH LAND
TITLE COMPANY; JOSEPH ESQUIVEL;
PAMELA SPIKES; and DOES 1-100;

Defendants.

Case No.:3:07-cv-3991-SC

DEFENDANT FINANCO
FINANCIAL, INC.'S RESPONSES
TO PLAINTIFF MARIA GALINDO'S
REQUESTS FOR PRODUCTION OF
DOCUMENTS, SET ONE

PROPOUNDING PARTY:  Plaintiff MARIA GALINDO

RESPONDING PARTY:   Defendant FINANCO FINANCIAL, INC.

SET NO.:        ONE

    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant FINANCO
FINANCIAL, INC. ("Defendant") provides the following responses and objections to the first set
of requests for production of documents propounded by plaintiff MARIA GALINDO ("Plaintiff").

DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF
MARIA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1

2  **REQUEST NO. 1:**

3    The articles of incorporation of Financo Financial, Inc. and any amendments thereto.

4  **RESPONSE TO REQUEST NO. 1:**

5    Defendant has already produced these documents in response to plaintiff Rosa Galindo's

6  requests for production of documents.

7  **REQUEST NO. 2:**

8    The bylaws of Financo Financial, Inc. and any amendments thereto.

9  **RESPONSE TO REQUEST NO. 2:**

10    Defendant has already produced these documents in response to plaintiff Rosa Galindo's

11  requests for production of documents.

12  **REQUEST NO. 3:**

13    The Certificate of Incorporation from the Secretary of State evidencing the corporate

14  existence of Financo Financial, Inc.

15  **RESPONSE TO REQUEST NO. 3:**

16    Defendant has already produced these documents in response to plaintiff Rosa Galindo's

17  requests for production of documents.

18  **REQUEST NO. 4:**

19    The Notice of Incorporation of Financo Financial, Inc. as it appeared when first published.

20  **RESPONSE TO REQUEST NO. 4:**

21    Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad,

22  particularly with respect to the phrase "Notice of Incorporation."

23  **REQUEST NO. 5:**

24    All DOCUMENTS regarding or relating to meetings of shareholders of Financo Financial,

25  Inc.

26  **RESPONSE TO REQUEST NO. 5**

27    Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

28  Without waiving any of said objections, Defendant responds that it has already produced responsive

DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF
MARIA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

2

1  documents in response to plaintiff Rosa Galindo's requests for production of documents.

2  **REQUEST NO. 6:**

3      All DOCUMENTS regarding or relating to meetings of the Board of Directors of Financo

4  Financial, Inc.

5  **RESPONSE TO REQUEST NO. 6:**

6      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

7  Without waiving any of said objections, Defendant responds that it has already produced responsive

8  documents in response to plaintiff Rosa Galindo's requests for production of documents.

9  **REQUEST NO. 7:**

10      All DOCUMENTS evidencing loans from any individual to Financo Financial, Inc.

11  **RESPONSE TO REQUEST NO. 7:**

12      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

13  Defendant further objects to this request to the extent it requests documents which are irrelevant

14  and/or not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further

15  objects to this request to the extent that it requests documents which are confidential and protected

16  by Defendant's constitutional rights of privacy.

17  **REQUEST NO. 8:**

18      All DOCUMENTS evidencing loans by Financo Financial, Inc. to any individual.

19  **RESPONSE TO REQUEST NO. 8:**

20      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

21  Defendant further objects to this request to the extent it requests documents which are irrelevant

22  and/or not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further

23  objects to this request to the extent that it requests documents which are confidential and protected

24  by Defendant's constitutional rights of privacy.

25  **REQUEST NO. 9:**

26      All DOCUMENTS regarding or relating to the issuance of stock certificates at any time since

27  the incorporation of Financo Financial, Inc., including date of issuance, amount of issuance and to

28  whom the certificates were issued.

**DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF**
**MARIA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

3

1   **RESPONSE TO REQUEST NO. 9:**

2        Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

3   Defendant further objects to this request to the extent it requests documents which are irrelevant

4   and/or not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further

5   objects to this request to the extent that it requests documents which are confidential and protected

6   by Defendant's constitutional rights of privacy.  Without waiving any of said objections, Defendant

7   responds that it has already produced responsive documents in response to plaintiff Rosa Galindo's

8   requests for production of documents.

9   **REQUEST NO. 10:**

10       All DOCUMENTS regarding or relating to the payment of dividends to any shareholder since

11  the incorporation of Financo Financial, Inc., including to whom the dividends were paid, the amounts

12  paid, and the dates of payment.

13  **RESPONSE TO REQUEST NO. 10:**

14       Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

15  Defendant further objects to this request to the extent it requests documents which are irrelevant

16  and/or not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further

17  objects to this request to the extent that it requests documents which are confidential and protected

18  by Defendant's constitutional rights of privacy.

19

20  AS TO OBJECTIONS ONLY:

21

22  Dated: June 30, 2008                 LITIGATION ADVOCATES GROUP

23

24                                  By: _____

25                                          SCOTT HAMMEL, ESQ.

26                                      Attorneys for Defendants
                                        FINANCO FINANCIAL, INC.,
27                                      AHMED YAMA ASEFI, and
                                        AAROON SADAT

28

**DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF
MARIA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

4

## PROOF OF SERVICE

I am employed in the County of Contra Costa, State of California, I am over the age of 18 and not a party to the within action. My business address is 1990 N. California Blvd., Suite 830, Walnut Creek, CA 94596

On July 1, 2008, I served the following document(s), described as:

1.    DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF MARIA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope, addressed as set forth below. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Walnut Creek, California in the ordinary course of business.

Daniel R. Weltin, Esq.
Philip R. Weltin, Esq.
WELTIN LAW OFFICE, P.C.
1432 Martin Luther King, Jr. Way
Oakland, CA 94612
*Attorneys for Plaintiffs MARIA GALINDO and ROSA GALINDO*

John W. Amberg, Esq.
Heather S. Orr, Esq.
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
*Attorneys for Defendants COUNTRYWIDE BANK, FSB and COUNTRYWIDE FINANCIAL CORP.*

Helen V. Powers, Esq.
John V. Cavin, Esq.
BARDELLINI, STRAW, CAVIN & BUPP, LLP
2000 Crow Canon Place, Suite 330
San Ramon, CA 94583
*Attorneys for Defendant COMMONWEALTH LAND TITLE COMPANY*

Frederick Haist, Esq.
PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, CA 90017
*Attorneys for Defendant HOMECOMINGS FINANCIAL, LLC*

I declare under penalty of perjury under the laws of the State of California and the laws of the United States that the foregoing is true and correct.

Dated: July 1, 2008

_____
SCOTT HAMMEL

**DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF MARIA GALINDO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

5

1  SCOTT HAMMEL, ESQ. (SBN: 114911)
LITIGATION ADVOCATES GROUP
2  1990 N. California Blvd., Suite 830
Walnut Creek, CA 94596
3  Telephone: (925) 932-7038
Facsimile: (925) 932-8043
4

5  Attorneys for Defendants
FINANCO FINANCIAL, INC.,
6  AHMED YAMA ASEFI, and
AAROON SADAT

7

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11  ROSA GALINDO, MARIA GALINDO,        Case No. 3:07-cv-3991-SC

12            Plaintiffs,                DEFENDANT FINANCO
                                         FINANCIAL, INC.'S RESPONSES
13       vs.                             TO PLAINTIFF MARIA GALINDO'S
                                         SPECIAL INTERROGATORIES,
14  FINANCO FINANCIAL, INC.; PATRICK     SET ONE
    PATCHIN; AHMED YAMA ASEFI;
15  AAROON SADAT; NAZIA
    NAWABZADA; COUNTRYWIDE BANK,
16  N.A.; COUNTRYWIDE FINANCIAL
    CORP.; HOMECOMINGS FINANCIAL
17  NETWORK; COMMONWEALTH LAND
    TITLE COMPANY; JOSEPH ESQUIVEL;
18  PAMELA SPIKES; and DOES 1-100;

19            Defendants.

20

21  PROPOUNDING PARTY:  Plaintiff MARIA GALINDO

22  RESPONDING PARTY:   Defendant FINANCO FINANCIAL, INC.

23  SET NO.:            ONE

24

25       Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant FINANCO

26  FINANCIAL, INC. ("Defendant") provides the following responses and objections to the first set

27  of special interrogatories propounded by plaintiff MARIA GALINDO ("Plaintiff").

28

DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF
MARIA GALINDO'S SPECIAL INTERROGATORIES, SET ONE

1

## RESPONSES TO SPECIAL INTERROGATORIES

2 **INTERROGATORY NO. 1:**

3    Identify all of YOUR shareholders. As used in these interrogatories, "YOU" and "YOUR"

4 refer to Financo Financial, Inc..

5 **RESPONSE TO INTERROGATORY NO. 1:**

6    This information may be obtained from Defendant's business records already produced to

7 plaintiffs in response to plaintiff Rosa Galindo's requests for production of documents. These

8 documents include stock certificates issued to Defendant's shareholders.

9 **INTERROGATORY NO. 2:**

10    Identify all of YOUR officers, including position.

11 **RESPONSE TO INTERROGATORY NO. 2:**

12    This information may be obtained from Defendant's business records already produced to

13 plaintiffs in response to plaintiff Rosa Galindo's requests for production of documents. These

14 documents include Defendant's articles of incorporation, documents filed with the California

15 Secretary of State's Office, statements of officers and directors, minutes of board of directors

16 meetings, and other corporate business records reflecting the names and positions of Defendant's

17 (former) officers.

18 **INTERROGATORY NO. 3:**

19    Identify all of YOUR directors.

20 **RESPONSE TO INTERROGATORY NO. 3:**

21    This information may be obtained from Defendant's business records already produced to

22 plaintiffs in response to plaintiff Rosa Galindo's requests for production of documents. These

23 documents include Defendant's articles of incorporation, documents filed with the California

24 Secretary of State's Office, statements of officers and directors, minutes of board of directors

25 meetings, and other corporate business records reflecting the names and positions of Defendant's

26 (former) directors.

27 **INTERROGATORY NO. 4:**

28    Identify YOUR state of incorporation.

**DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF MARIA GALINDO'S SPECIAL INTERROGATORIES, SET ONE**

2

1  **RESPONSE TO INTERROGATORY NO. 4:**

2      California.

3  **INTERROGATORY NO. 5:**

4      Identify YOUR date of incorporation.

5  **RESPONSE TO INTERROGATORY NO. 5**

6      This information may be obtained from Defendant's business records already produced to

7  plaintiffs in response to plaintiff Rosa Galindo's requests for production of documents. These

8  documents include Defendant's articles of incorporation, documents filed with the California

9  Secretary of State's Office, and other corporate business records reflecting the date of incorporation.

10  **INTERROGATORY NO. 6:**

11      Identify all board meetings held by YOU in the last 10 years by date, place and attendees.

12  **RESPONSE TO INTERROGATORY NO. 6:**

13      This information may be obtained from Defendant's business records already produced to

14  plaintiffs in response to plaintiff Rosa Galindo's requests for production of documents. These

15  documents include Defendant's minutes of board of directors' meetings, and other corporate

16  business records reflecting the dates, places and attendees of Defendant's board meetings.

17  **INTERROGATORY NO. 7:**

18      Identify all issuances of stock made by YOU by date, number of shares, and recipient.

19  **RESPONSE TO INTERROGATORY NO. 7:**

20      This information may be obtained from Defendant's business records already produced to

21  plaintiffs in response to plaintiff Rosa Galindo's requests for production of documents. These

22  documents include stock certificates issued to Defendant's shareholders, and other business records

23  previously produced to plaintiffs.

24  **INTERROGATORY NO. 8:**

25      Identify all consideration given for shares of stock issued by YOU.

26  **RESPONSE TO INTERROGATORY NO. 8:**

27      This information may be obtained from Defendant's business records already produced to

28  plaintiffs in response to plaintiff Rosa Galindo's requests for production of documents. These

**DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF**
**MARIA GALINDO'S SPECIAL INTERROGATORIES, SET ONE**

3

1  documents include stock certificates issued to Defendant's shareholders, and other business records

2  previously produced to plaintiffs.

3  **INTERROGATORY NO. 9:**

4      Identify all personal debts paid by YOU with corporate funds.

5  **RESPONSE TO INTERROGATORY NO. 9:**

6      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

7  **INTERROGATORY NO. 10:**

8      Identify all cash advances by YOU from any individuals in the last 10 years.

9  **RESPONSE TO INTERROGATORY NO. 10:**

10      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad

11

12  AS TO OBJECTIONS ONLY:

13

14  Dated: June 30, 2008             LITIGATION ADVOCATES GROUP

15

16                          By: _____
                                    SCOTT HAMMEL, ESQ.

17

18                          Attorneys for Defendants
                            FINANCO FINANCIAL, INC.,
19                          AHMED YAMA ASEFI, and
                            AAROON SADAT

20

21

22

23

24

25

26

27

28

**DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF
MARIA GALINDO'S SPECIAL INTERROGATORIES, SET ONE**

4

1

## PROOF OF SERVICE

2

3   I am employed in the County of Contra Costa, State of California. I am over the age of 18
and not a party to the within action. My business address is 1990 N. California Blvd., Suite 830,
4   Walnut Creek, CA 94596

5   On July 1, 2008, I served the following document(s), described as:

6   1.   DEFENDANT FINANCO FINANCIAL, INC.'S RESPONSES TO PLAINTIFF
MARIA GALINDO'S SPECIAL INTERROGATORIES, SET ONE

7   on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope
addressed as set forth below. I am "readily familiar" with the firm's practice of collection and
8   processing correspondence for mailing. Under that practice it would be deposited with the U.S.
Postal Service on the same day with postage thereon fully prepaid at Walnut Creek, California in the
9   ordinary course of business.

10  Daniel R. Weltin, Esq.                    John W. Amberg, Esq.
    Philip R. Weltin, Esq.                    Heather S. Orr, Esq.
11  WELTIN LAW OFFICE, P.C.                    BRYAN CAVE LLP
    1432 Martin Luther King, Jr. Way           120 Broadway, Suite 300
12  Oakland, CA 94612                          Santa Monica, CA 90401-2386
    *Attorneys for Plaintiffs MARIA GALINDO*   *Attorneys for Defendants COUNTRYWIDE*
13  *and ROSA GALINDO*                          *BANK, FSB and COUNTRYWIDE FINANCIAL*
                                               *CORP.*
14  Helen V. Powers, Esq.
    John V. Cavin, Esq.                        Frederick Haist, Esq.
15  BARDELLINI, STRAW, CAVIN & BUPP,           PALMER, LOMBARDI & DONOHUE LLP
    LLP                                        888 West 6th Street, 12th Floor
16  2000 Crow Canon Place, Suite 330           Los Angeles, CA 90017
    San Ramon, CA 94583                        *Attorneys for Defendant HOMECOMINGS*
17  *Attorneys for Defendant COMMONWELTH*      *FINANCIAL, LLC*
18  *LAND TITLE COMPANY*

19  I declare under penalty of perjury under the laws of the State of California and the laws of
    the United States that the foregoing is true and correct.
20

21

22  Dated: July 1, 2008

23                                          _____
                                                    SCOTT HAMMEL
24

25

26

27

28

# WELTIN LAW OFFICE, P.C.

PHILIP R. WELTIN
BRIAN E. KERSS
PATRICK B. STREB
DANIEL R. WELTIN
KEVIN P. MCLAUGHLIN

1432 MARTIN LUTHER KING JR. WAY • OAKLAND, CA 94612
TEL (510) 251-6060 • FAX (510) 251-6040

March 26, 2008

## VIA FACSIMILE (925) 932-8043 AND U.S. MAIL

Scott Hammel, Esq.
Byron Done, Esq.
Litigation Advocates Group
1990 N. California Blvd., Ste. 830
Walnut Creek, CA 94596

Re:   Galindo, et al. v. Financo Financial Inc., et al.

Dear Gentlemen:

This letter is to meet and confer regarding defendant Financo Financial, Inc.'s recent response to plaintiff Rosa Galindo's Request for Production of Documents, Set One. Your responses amount to non-responses and appear to be done in bad faith.

Financo Financial has been apprised of this case for many months. The subject document request was propounded in November of 2007. Having been aware of this request for over four months, and having agreed to a mutual exchange of responses on March 19, 2008, defendant certainly should have produced the documents referenced in response. As it is, despite defendant's promise of production on March 19, 2008, plaintiffs remain without a single responsive document a week later. This is discovery abuse. Further, defendant responded a day later than agreed, thereby waiving all objections. The responses plaintiff received are unverified. Please immediately provide plaintiffs with verification of defendant's response, the documents that defendant indicated it would produce, and the remaining requested documents.

Defendant has refused to produce a number of highly relevant documents. Patrick Patchin is a defendant in this action, and was acting as an employee of Financo at the time of the wrongs complained of. Documents regarding Mr. Patchin's work, including his computer hard drive, e-mails authored by Mr. Patchin, his personnel file, and any background checks conducted where plaintiffs have alleged negligent hiring are directly relevant to plaintiffs' claims. Defendant's relevance objections are without merit, and the privacy objection is likewise without merit where the records sought pertain directly to an individual

WELTIN LAW OFFICE, P.C.

March 26, 2008
Page 2

defendant. Those objections to Request Nos. 2, 3, 12 and 15 should be removed and full responses, including documents, provided to plaintiffs. Regarding a mirror image of Mr. Patchin's work computer, simply make the computer available for inspection and plaintiffs will copy it.

Lending guidelines provided by the lender defendants to Financo are also relevant in a case where the lending and brokering practices of the lenders, Financo, and Financo's brokers are directly in issue. Defendant's relevance objection to Request Nos. 7 & 8 provides no tenable basis to refuse to produce these documents. In addition, as asked for by plaintiffs, all e-mails between Financo and its agents and the lenders and Commonwealth regarding the subject loans should be produced; it is unclear from defendant's responses to Request Nos. 4, 5 & 6 whether such e-mails will in fact be produced.

As you should be aware, the website of Financo Financial, Inc. is shut down. The pages of that website over the past five years are in no way equally available to plaintiffs, and should be produced forthwith. Further, to the extent any changes have been made to the website over the past five years, those changes are unavailable to plaintiffs. The manner in which Financo represented itself and Patrick Patchin to the public is directly in issue in this case.

Regarding documents relating to training of brokers and agents (Request No. 14), it is defendant's obligation to move for a protective order. Plaintiffs do not believe a protective order is appropriate, particularly as Financo Financial is no longer in business. Training documents are routinely provided in all manner of cases and should certainly be produced here.

Please provide all the documents by April 10, 2008 so that we may avoid filing a motion to compel further responses. Alternately, we can arrange a conference call with Judge Conti. Please be advised that if forced to bring a motion to compel, plaintiffs will seek sanctions. My services are billed at the rate of $250 per hour.

Although the contact information of ex-Financo employees is basic discovery information, plaintiffs hereby grant defendant an extension to respond Special Interrogatories, Set One and Request for Production of Documents, Set Two until April 16, 2008. The policy is burning and time is of the essence.

Very truly yours,

Kevin P. McLaughlin

# LITIGATION ADVOCATES GROUP
## ATTORNEYS AT LAW

1990 NORTH CALIFORNIA BLVD., SUITE 830
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE: (925) 932-7038
FACSIMILE: (925) 932-8043

SCOTT HAMMEL, ESQ.
E-mail: shammel@eastound.net

March 26, 2008

*By Facsimile - (510)251-6040*

Kevin P. McLaughlin, Esq.
WELTIN LAW OFFICE, P.C.
1432 Martin Luther King Jr. Way
Oakland, CA 94612

Re:    **Rosa and Maria Galindo v. Financo Financial, Inc.**
       **U.S. District Court Case No. 3:07-CV-3991 MJJ**

Dear Mr. McLaughlin:

This is a preliminary response to your letter of today's date regarding Financo Financial, Inc.'s responses to plaintiff Rosa Galindo's first set of requests for production of documents.

First, the March 19, 2008 date was not agreed upon. Rather, Dan Weltin and I had agreed on March 20, 2008, yet his confirming letter erroneously indicated the response deadline as March 19, 2008 (we had agreed on February 29, 2008 to exchange discovery responses in 20 days - which would be March 20, 2008 - not March 19, 2008). Thus, Financo did not waive any objections to the document requests, as asserted in your letter.

Second, your request for a verification of Financo's responses to plaintiff's document requests is misplaced. Under the federal rules of civil procedure, responses to document requests need not be verified. See FRCP Rule 26.

Third, although plaintiffs are alleging claims against Patrick Patchin, and a negligent hiring claim against Financo, we do not believe that this overrides Mr. Patchin's right of privacy regarding his personnel file. In considering whether to produce any such documents in light of your comments, we are requesting you to provide us with any legal authority you may have that requires an "employer" to produce a personnel file and documents containing private, confidential and financial information without the consent of the third party whose records are being sought.

Fourth, as indicated in my e-mail to Dan Weltin yesterday, and our telephone conversation earlier today, I will be out of town all next week and will not be able to make any commitments to provide any further responses to plaintiff's discovery requests until I have returned and discussed these issues with my clients. In the meantime, I trust that you and Mr. Weltin will discuss how you intend to respond to my letter sent to you earlier today regarding plaintiffs' improper, inadequate and incompetent verifications and responses to defendants' discovery requests, and the potential

Kevin P. McLaughlin, Esq.
March 26, 2008
Page Two

necessity of Spanish translations of discovery requests to plaintiffs and plaintiffs' responses to those discovery requests.

I trust that we can work through these discovery issues without the intervention of the court but, perhaps certain issues may need to be resolved by the court, in light of good faith arguments raised by both sides (e.g. Mr. Patchin's personnel file, the need for translated discovery requests and responses). I look forward to working with your office to resolve these and other issues that arise during the discovery phase of this case.

Very truly yours,

LITIGATION ADVOCATES GROUP

Scott Hammel, Esq.

SH:llh

**WELTIN LAW OFFICE, P.C.**

PHILIP R. WELTIN
BRIAN E. KERSS
PATRICK B. STREB
DANIEL R. WELTIN
KEVIN P. MCLAUGHLIN

1432 MARTIN LUTHER KING JR. WAY • OAKLAND, CA 94612
TEL (510) 251-6060 • FAX (510) 251-6040

May 7, 2008

**VIA FACSIMILE (925) 932-8043 AND U.S. MAIL**

Scott Hammel, Esq.
Litigation Advocates Group
1990 N. California Blvd., Ste. 830
Walnut Creek, CA 94596

**Re:    Galindo, et al. v. Financo Financial Inc., et al.**

Dear Mr. Hammel:

While defendants appear to have a meticulous approach where responses to their discovery is concerned, it also appears that Financo Financial, Inc. has a disregard for that same attention to detail where its responses to plaintiff's discovery is concerned. This letter is to meet and confer regarding Financo's responses to the discovery propounded by plaintiffs thus far.

**REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

Our office sent a meet and confer letter previously on March 26, 2008 regarding Financo's response to plaintiff's first set of document requests. Plaintiff received a "preliminary response" the same day that addressed few of plaintiff's concerns. Plaintiff reiterates those concerns below in part.

Defendant has refused to produce a number of highly relevant documents. Contrary to your assertion, Mr. Patchin is not a "third party" – he is a defendant in this action, and acted as an employee of Financo. Documents regarding Mr. Patchin's work, including his computer hard drive, e-mails, his personnel file, and any background checks conducted where plaintiffs have alleged negligent hiring are directly relevant to plaintiffs' claims. Defendant's relevance objections are without merit, and the privacy objection is likewise without merit where the records sought pertain directly to an individual defendant. Personnel files are not considered privileged in federal question cases, *Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987), and federal privilege law applies in "mixed" actions such as this one. Regardless, personnel files are also discoverable under state law where directly relevant and unavailable from any other source. Defendant's objections to Request Nos. 2, 3, 12 and 15 should be

WELTIN LAW OFFICE, P.C.

May 7, 2008
Page 2

removed and full responses, including documents, provided to plaintiffs. Regarding a mirror image of Mr. Patchin's work computer, simply make the computer available for inspection and plaintiffs will copy it. Please confirm whether you will produce these records by May 16, 2008, or whether plaintiff will be forced to make a motion to compel.

Lending guidelines provided by the lender defendants to Financo are also relevant in a case where the lending and brokering practices of the lenders, Financo, and Financo's brokers are directly in issue. Defendant's relevance objection to Request Nos. 7 & 8 provides no tenable basis to refuse to produce these documents. In addition, as asked for by plaintiffs, all e-mails between Financo and its agents and the lenders and Commonwealth regarding the subject loans should be produced; it is unclear from defendant's responses to Request Nos. 4, 5 & 6 whether such e-mails will in fact be produced. Thus far they have not been produced. Absent some indication from defendant as to whether amended responses and further production of documents will be forthcoming by May 16, 2008, plaintiffs will be forced to move to compel further responses.

As you should be aware, the website of Financo Financial, Inc. is shut down. The pages of that website over the past five years are in no way equally available to plaintiffs, and should be produced forthwith. Further, to the extent any changes have been made to the website over the past five years, those changes are unavailable to plaintiffs. The manner in which Financo represented itself and Patrick Patchin to the public is directly in issue in this case. Please produce these documents by May 16, 2008.

Regarding documents relating to training of brokers and agents (Request No. 14), it is defendant's obligation to move for a protective order. Plaintiffs do not believe a protective order is appropriate, particularly as Financo Financial is no longer in business. Training documents are routinely provided in all manner of cases and should certainly be produced here. Plaintiff is aware of no authority supporting the assertion of the "trade secret" privilege by a defunct corporation.

It should also be noted that defendant has failed to either state "that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." F.R.C.P. 34(b). Defendant has failed to state that it will produce all documents not subject to a valid objection. Amended responses stating as much are required. Additionally, defendant has not identified with specificity those documents to which a claim of privilege applies. Please provide our office with a log of privileged documents that are being withheld by May 16, 2008. See *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999).

WELTIN LAW OFFICE, P.C.

May 7, 2008
Page 3

## SPECIAL INTERROGATORIES

As was previously confirmed in writing by plaintiffs on March 26, 2008, defendant was given an extension until April 16, 2008 to provide responses to plaintiff's Special Interrogatories, Set One and Request for Production of Documents, Set Two.  Defendant did not provide responses until April 21, 2008.

Obviously, defendant provided no information in response to Special Interrogatory Nos. 1 & 2.  Please provide this information by May 16, 2008 or we will be forced to make a motion to compel.  Financo Financial, Inc. has been dissolved as a corporation according to the California Secretary of State; please detail how Sam Fakiri can presently be an officer of a corporation that is dissolved, or otherwise provide his contact information.

## REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

As was previously confirmed in writing by plaintiffs, defendant was given an extension until April 16, 2008 to provide responses to plaintiff's Special Interrogatories, Set One and Request for Production of Documents, Set Two. Defendant did not provide responses until April 21, 2008.  Defendant's objections to this set of document requests have been waived.

Request Nos. 3 and 14 pertain directly to Asefi and Sadat's relationship with Financo.  As you are aware, plaintiffs have alleged that Asefi and Sadat should be held personally liable for the liabilities of Financo. This information could not be more relevant, and defendant's boilerplate objections are of no moment. *Burlington N. & Santa Fe Railway Co. v. U.S.D.C.*, 408 F.3d 1142, 1148 (9th Cir. 2005).  If defendants intend to stand by these frivolous objections, plaintiff will be forced to make a motion to compel further responses.

Contracts between Financo and Countrywide, Homecomings and Commonwealth (Request Nos. 4, 5 & 6) are contracts between corporations that do not impinge on any constitutional privacy rights.  These documents are directly relevant to this case.  Again, if defendants intend to stand by these frivolous objections, plaintiff will be forced to make a motion to compel further responses.

Plaintiff has alleged that Financo failed to follow corporate formalities.  The records sought in Request No. 7 are absolutely relevant and discoverable. Please provide the requested documents by May 16, 2008 or plaintiff will be forced to make a motion to compel.

WELTIN LAW OFFICE, P.C.

May 7, 2008
Page 4

Communications between Sadat and Patchin are relevant both to plaintiffs' negligent hiring claim and to plaintiffs' claims of fraud and conspiracy. Plaintiffs are willing to limit this request to the past five years. Please provide these documents by May 16, 2008 or plaintiff will be forced to make a motion to compel.

It should also be noted that defendant has failed to either state "that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." F.R.C.P. 34(b). Defendant has failed to state that it will produce all documents not subject to a valid objection. Amended responses stating as much are required. Additionally, defendant has not identified with specificity those documents to which a claim of privilege applies. Further, as defendant has waived objections by its tardy response, all of those documents considered privileged as "private" must be produced and defendant's objections must be deleted from defendant's responses.

Please provide further responses, with documents, as outlined above by May 16, 2008. Otherwise, we will bring this matter to the attention of Judge Conti and seek an order compelling further responses.

Very truly yours,

Kevin P. McLaughlin

WELTIN LAW OFFICE, P.C.

PHILIP R. WELTIN
BRIAN E. KERSS
PATRICK B. STREB
DANIEL R. WELTIN
KEVIN P. MCLAUGHLIN
DAVID B. WELTIN

1432 MARTIN LUTHER KING JR. WAY • OAKLAND, CA 94612
TEL (510) 251-6060 • FAX (510) 251-6040

July 1, 2008

**VIA E-MAIL (shammel@astound.net) AND U.S. MAIL**

Scott Hammel, Esq.
Litigation Advocates Group
1990 N. California Blvd., Ste. 830
Walnut Creek, CA 94596

**Re:  Galindo, et al. v. Financo Financial Inc., et al.**

Dear Mr. Hammel:

This letter is to meet and confer regarding Financo Financial, Inc.'s further responses to plaintiff's Request for Production of Documents, Sets One and Two, and Special Interrogatories, Set One.

**REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

Request Nos. 4, 5 & 6 seek all correspondence between Financo and Countrywide, Homecomings and Commonwealth, respectively. Defendant asserts various objections, but then responds by saying that all documents "responsive to this request" have been produced. It is far from apparent that all documents responsive to these requests have been produced. While closing documents for the subject loans have been produced, no correspondence between Financo and the entities requested has been produced. If there is no correspondence between Financo and those entities, that much must be stated. Further, correspondence between Financo and those entities regarding other loans would fall within the ambit of plaintiff's requests – any such correspondence has not been produced, despite defendant's assertion that all documents "responsive to this request" have been produced. Please produce all such correspondence, and if none exists, clearly state as much in defendant's responses.

Request Nos. 7 & 8 seek lending guidelines provided to Financo by Countrywide and Homecomings. Defendant responds by stating that printed versions of those guidelines were not retained by Financo. If defendant has access to electronic versions of these guidelines, those versions must be produced. See F.R.C.P. 34(a)(1)(A) (allowing discovery of electronic information stored in any medium

WELTIN LAW OFFICE, P.C.

July 1, 2008
Page 2

from which information can be obtained). If defendant does not have access to electronic versions of those guidelines, that much must be stated. Lending guidelines used by Financo are plainly relevant in this case.

Request No. 10 seeks web pages of Financo's website. Defendant asserts that this information is equally available to plaintiff. As Financo's website no longer exists, it is not apparent how this information is equally available to plaintiff. Plaintiff did not request "hard copies of the prior website," whatever that term means. Web pages typically exist in electronic form, and plaintiff requires the production of all web pages in Financo's possession.

Regarding Request No. 11, defendant does not state that a diligent search and reasonable inquiry has been conducted. Plaintiff requires such a response.

Regarding Request No. 13, it may be defendant's position that the subject loans were brokered under Financo's CFL license. Defendant's argument in this regard does not unilaterally cut off discovery regarding defendant's DRE license. A full response regarding defendant's DRE license is required.

To the extend documents are withheld on the basis of privilege, including defendant's multiple assertions of privacy, plaintiffs require the production of a privilege log. See *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999). Additionally, defendant has failed to state that it will produce all documents not subject to a valid objection. See F.R.C.P. 34(b). Plaintiffs require amended responses that comply with the Federal Rules.

**REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**

As was previously confirmed in writing by plaintiffs, defendant was given an extension until April 16, 2008 to provide responses to plaintiff's Special Interrogatories, Set One and Request for Production of Documents, Set Two. Defendant did not provide responses until April 21, 2008. Defendant's objections to this set of document requests have been waived. Defendant persists in its further responses in asserting objections to this set of document requests. Plaintiff will not address various other insufficiencies in specific responses further until defendant removes all objections from its responses. If defendant persists in asserting these objections, plaintiff will have no choice but to seek an order compelling further responses. The law regarding waiver of objections by late response is clear.

It should also be noted that defendant has failed to either state "that inspection and related activities will be permitted as requested or state an objection to the

WELTIN LAW OFFICE, P.C.

July 1, 2008
Page 3

request, including the reasons." F.R.C.P. 34(b).  Defendant has failed to state
that it will produce all documents not subject to a "valid" objection.  Amended
responses stating as much are required.  Additionally, defendant has not
identified with specificity those documents to which a claim of privilege applies.

**SPECIAL INTERROGATORIES, SET ONE**

Plaintiffs require a verification of defendant's response.

Please provide further responses, with documents, as outlined above by
Tuesday, July 8, 2008.  Otherwise, we will bring this matter to the attention of
Judge Conti and seek an order compelling further responses.

Very truly yours,

Kevin P. McLaughlin

WELTIN LAW OFFICE, P.C.

PHILIP R. WELTIN
BRIAN E. KERSS
PATRICK B. STREB
DANIEL R. WELTIN
KEVIN P. MCLAUGHLIN
DAVID B. WELTIN

1432 MARTIN LUTHER KING JR. WAY • OAKLAND, CA 94612
TEL (510) 251-6060 • FAX (510) 251-6040

July 10, 2008

## VIA FACSIMILE (925) 932-8043 AND U.S. MAIL

Scott Hammel, Esq.
Litigation Advocates Group
1990 N. California Blvd., Ste. 830
Walnut Creek, CA 94596

Re:  **Galindo, et al. v. Financo Financial Inc., et al.**

Dear Mr. Hammel:

On July 1, 2008, plaintiffs sent a meet-and-confer letter to defendant Financo Financial, Inc. regarding defects in Financo's further responses to plaintiff Rosa Galindo's Request for Production of Documents, Sets One and Two, and Special Interrogatories, Set One. Plaintiffs have heard no response, other than that a response of some sort will be forthcoming this week. This letter is to meet-and-confer regarding Financo's responses to plaintiff Maria Galindo's Request for Production of Documents, Set One and Special Interrogatories, Set One.

## REQUEST FOR PRDODUCTION OF DOCUMENTS, SET ONE

Plaintiff has requested production of these documents in native electronic form, including metadata. Defendant has failed to produce these documents in native electronic form, and has produced no metadata. See F.R.C.P. 34(b)(2)(E). These documents must be produced in the requested form.

To those document requests where defendant does not respond only with objection, defendant does not state that inspection and related activities will be permitted as requested, as required by F.R.C.P. 34(b)(2)(B).

For those responses where defendant states that "defendant has already produced these documents," it is unclear whether defendant has produced all responsive documents. Defendant must state that all responsive documents have been produced. Particularly in response to Request Nos. 5, 6 & 9, defendant states only that it has already produced "responsive" documents, which clearly infers that other responsive documents exist.

WELTIN LAW OFFICE, P.C.

July 10, 2008
Page 2

Loans made by Financo or made by any individual to Financo (Request Nos. 7 & 8) will provide direct evidence of commingling of corporate and personal funds, undercapitalization, and a lack of separate corporate records. Defendant, a corporation, has no constitutional privacy right, and these documents are plainly relevant to plaintiffs' allegations. These documents must be produced.

Issuance of stock certificates and payment of dividends are also directly relevant to plaintiffs' alter ego claims. Again, defendant has no such constitutional privacy right. All responsive documents must be produced.

To the extent defendant asserts any responsive documents are privileged, defendant must produce a privilege log. *See Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999).

**SPECIAL INTERROGATORIES**

In response to Interrogatory Nos. 1, 2, 3, 6, 7 & 8, defendant refers plaintiff to documents pursuant to F.R.C.P. 33(d). However, defendant's responses leave it unclear whether all responsive documents have been produced. For example, it is not clear whether all consideration given for shares of stock is found within the documents defendant has produced, or whether all directors or officers are identified in those documents. Defendant must state as much.

Interrogatory Nos. 9 and 10 seek all personal debts paid with corporate funds, and all cash advances to the corporation from individuals. Defendant refuses to respond, and objects based on alleged ambiguity and overbreadth. The alleged ambiguity is not identified; these interrogatories are not difficult to comprehend. The overbreadth objection is unsupported, and a corporation that existed for only a handful of years likely has few such transactions to describe. Plaintiff requires a further response to these interrogatories.

Plaintiffs also require verification of defendant's response.

Please provide amended responses by July 18, 2008 or plaintiffs will be forced to raise these issues with Judge Conti and seek an order compelling further responses.

Very truly yours,

Kevin P. McLaughlin