1  Philip R. Weltin, Esq. SBN 46141
   Brian E. Kerss, Esq. SBN 87522
2  Daniel R. Weltin, Esq. SBN 226600
   Kevin P. McLaughlin, Esq. SBN 251477
3  WELTIN LAW OFFICE, P.C.
   1432 Martin Luther King Jr. Way
4  Oakland, California  94612
5  Telephone (510) 251-6060
   Facsimile   (510) 251-6040
6
   Attorneys for Plaintiffs
7  Rosa Galindo; Maria Galindo

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 Rosa Galindo; Maria Galindo,          Case No. 3:07-cv-3991 SC

12              Plaintiffs,

13                                        **SEPARATE STATEMENT IN SUPPORT
                                          OF PLAINTIFFS' MOTION TO COMPEL**
14        v.                              **FURTHER RESPONSES TO
                                          DISCOVERY TO DEFENDANT FINANCO**
15 Financo Financial, Inc.; Patrick Patchin;   **FINANCIAL, INC.**
   Ahmed Yama Asefi, Aaroon Sadat and
16 Nazia Nawabzada; Countrywide Bank,
   N.A.; Countrywide Financial Corp.;
17 Homecomings Financial Network;
   Commonwealth Land Title Company;
18 Joseph Esquivel, Pamela Spikes, and    Date:   September 5, 2008
   Does 1-100,                            Time:  10:00 a.m.
19                                        To be referred to Magistrate Judge
20
              Defendants.
21

22

23        Plaintiffs hereby submit a separate statement in support of Plaintiffs' Motion to

24 Compel Further Responses to Discovery to Defendant Financo Financial, Inc.  Following

25
   are the document requests at issue verbatim, the responses received verbatim, and the
26
   reasons why further responses to said requests should be compelled.
27

28

                                          1

1    **ROSA GALINDO'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

2    <u>Request No. 10:</u>

3
         All web pages of any website maintained, used or operated by Financo Financial,
4
     Inc. during the past five years.
5
6        **Defendant's response:**

7        Defendant objects to this request on the ground that such documents are equally

8    available to Plaintiff by an internet search.

9        **Defendant's further response:**
10
11       Defendant objects to this request on the ground that such documents are equally

12   available to Plaintiff by an internet search.  Defendant did not retain hard copies of the prior

13   website information when it went out of business last year.

14       **Reason why response should be compelled:**
15
16       Defendant's website is directly relevant to the manner in which defendant held itself

17   out to the public as a trusted real estate mortgage broker and advisor.  Defendant's

18   website has been shut down and is not available to plaintiff.  Plaintiff is not aware of any

19   manner in which plaintiff can access defendant's former website.  If defendant has any
20
     web pages of its former website, in any form (including electronic form), they should be
21
22   produced to plaintiffs.

23   <u>Request No. 13:</u>

24       All documents regarding, relating or pertaining to Financo Financial, Inc.'s license

25   with the California Department of Real Estate, including but not limited to applications,
26
     licenses, audits, correspondence, complaints and citations.
27

28

                                            2

**Defendant's response:**

Defendant objects to this request on the grounds that it is overly broad and purports to request documents which are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any of said objections, Defendant will produce copies of its licenses issued by the California Department of Real Estate and the California Department of Corporations.

**Defendant's further response:**

Defendant objects to this request on the grounds that it is overly broad and purports to request documents which are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any of said objections, Defendant has already produced copies of its (CFL) license issued by the California Department of Corporations.  Defendant's CFL license was used in connection with the origination of the mortgage loans which are the subject of this action – not any DRE licenses that may have been in effect at that time.

**Reason why response should be compelled:**

Defendant first stated that its DRE license would be produced in response to this request, and then reversed course and stated that its DRE license would not be produced. Regardless, documents pertaining to defendant's DRE license are in fact relevant to the claims made by plaintiffs.  F.R.C.P. 26(b)(1) (scope of discovery extends to matters relevant to any party's claim or defense).  Certainly any complaints, audits or disciplinary action the DRE has imposed on defendant is relevant to plaintiffs' claims of fraud, negligence, and breach of fiduciary duty in the brokering of the subject loans.  Defendant undeniably held itself out as a mortgage loan broker, and information regarding its

3

brokering licenses should be produced.  Further, it is plaintiffs' contention that the loans in question were in fact DRE loans.  Defendant's unilateral assertion that no DRE license was involved in the subject loans does not, of itself, preclude discovery of information regarding defendant's DRE license(s).

**Request No. 15:**

All documents regarding, relating to or pertaining to background checks of Financo Financial, Inc. employees, including Patrick Patchin.

**Defendant's response:**

Defendant objects to this request on the ground that it requests documents which are protected from disclosure by the constitutional rights of privacy of Patrick Patchin.  Any documents that may be contained in Mr. Patchin's "personnel file" are not subject to production absent Mr. Patchin's express consent to the release and production of those documents.  Defendant further objects to this request as overly broad, and on the further ground that it requests documents which are not relevant or reasonably calculated to lead to the discovery of admissible evidence (e.g. documents relating to Defendant's personnel other than Patrick Patchin).  Defendant further objects to this request on the grounds that the term "employees" it is vague and ambiguous, as used in the context of this request, since Mr. Patchin was not an "employee" of Defendant, but rather an "independent contractor."

**Defendant's further response:**

Defendant objects to this request on the ground that it requests documents which are protected from disclosure by the constitutional rights of privacy of Patrick Patchin.  Any documents that may be contained in Mr. Patchin's "personnel file" are not subject to

4

production absent Mr. Patchin's express consent to the release and production of those documents. Defendant further objects to this request as overly broad, and on the further ground that it requests documents which are not relevant or reasonably calculated to lead to the discovery of admissible evidence (e.g. documents relating to Defendant's personnel other than Patrick Patchin). Defendant further objects to this request on the grounds that the term "employees" it is vague and ambiguous, as used in the context of this request, since Mr. Patchin was not an "employee" of Defendant, but rather an "independent contractor." Without waiving said objections, see documents identified in response to Request No. 2, above. These documents are being produced with Defendant's further responses.

**Reason why response should be compelled:**

Defendant has refused to produce any background check of defendant Patrick Patchin. The term "employee" is not so ambiguous as to preclude a meaningful response, as plaintiff has specifically identified Patrick Patchin as an individual whose records plaintiff seeks. Defendant has not identified any allegedly privileged documents. As plaintiffs' claims are premised, in part, on the negligent hiring of Patrick Patchin by Financo, these documents are directly relevant and must be produced. If defendant has no responsive documents, it must state as much.

**ROSA GALINDO'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**

**Request No. 3:**

Any and all documents regarding or relating to Ahmed Yama Asefi's relationship with Financo.

5

**Defendant's response:**

Defendant objects to this request on the ground that it is vague, ambiguous and overly broad. Defendant further objects to this request on the grounds that it is phrased in the conjunctive and in the disjunctive. Defendant further objects to this request to the extent it requests documents which are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

**Defendant's further response:**

Defendant objects to this request on the ground that it is vague, ambiguous and overly broad. Defendant further objects to this request on the grounds that it is phrased in the conjunctive and in the disjunctive. Defendant further objects to this request to the extent it requests documents which are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of said objections, Defendant responds that it will produce copies of responsive documents with these further responses.

**Reason why response should be compelled:**

Defendant's response to this document request was late. As a result, all objections have been waived. See, e.g., *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Defendant must provide plaintiff with a full response, without objections.

Further, the relationship of Mr. Asefi with Financo is directly relevant, particularly given plaintiffs' allegations that Mr. Asefi failed to follow corporate formalities and that he should be held individually liable based on an "alter ego" theory. Defendant responds to these requests with a litany of objections, and states that it will produce certain

6

"responsive" documents. Defendant identifies no particular burden of producing these documents, and identifies no purported ambiguity. Plaintiffs are left to guess what documents are being produced and whether this represents all documents responsive to plaintiffs' requests. Defendant must provide full and complete responses to these requests.

**Request No. 14:**

Any and all documents regarding or relating to Aaroon Sadat's relationship with Financo.

**Defendant's response:**

Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad. Defendant further objects to this request on the ground that it is phrased in the conjunctive. Defendant further objects to this request to the extent that it requests documents which are confidential and protected by the constitutional rights of privacy of third parties. Defendant further objects to this request to the extent it requests documents which are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

**Defendant's further response:**

Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad. Defendant further objects to this request on the ground that it is phrased in the conjunctive. Defendant further objects to this request to the extent that it requests documents which are confidential and protected by the constitutional rights of privacy of third parties. Defendant further objects to this request to the extent it requests documents which are irrelevant and/or not reasonably calculated to lead to the discovery of admissible

7

evidence.  Without waiving any of said objections, Defendant responds that it has

produced documents that show Sadat's relationship with Defendant (e.g. stock certificate,

minutes of shareholder and board meetings, articles of incorporation and by-laws).  Sadat

did not have a written employment or similar type of agreement with Defendant.

**Reason why response should be compelled:**

Defendant's response to this document request was late.  As a result, all objections

have been waived.  See, e.g., *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d

1468, 1473 (9th Cir. 1992).  Defendant must provide plaintiff with a full response, without

objections.

Further, the relationship of Mr. Sadat with Financo is directly relevant, particularly

given plaintiffs' allegations that Mr. Sadat failed to follow corporate formalities and that he

should be held individually liable based on an "alter ego" theory.  Defendant responds to

these requests with a litany of objections, and states that it will produce certain

"responsive" documents.  Defendant identifies no particular burden of producing these

documents, and identifies no purported ambiguity.  Any allegedly privileged documents are

not identified.  Plaintiffs are left to guess what documents are being produced and whether

this represents all documents responsive to plaintiffs' requests.  Defendant must provide

full and complete responses to these requests.

**MARIA GALINDO'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

**Request No. 5:**

All DOCUMENTS regarding or relating to meetings of shareholders of Financo

Financial, Inc.

8

**Defendant's response:**

Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.  Without waiving any of said objections, Defendant responds that it has already produced responsive documents in response to plaintiff Rosa Galindo's requests for production of documents.

**Reason why response should be compelled:**

Defendant does not identify any purported ambiguity or overbreadth.  While defendant states that it has "already produced responsive documents," the phrasing of defendant's response leaves plaintiff to wonder whether all responsive documents have been produced.  Defendant must provide a response that confirms that all responsive documents have been produced.

In addition, plaintiff explicitly requested that these documents be produced in native electronic format, with metadata.  Defendant has not provided any documents in native electronic format, and has produced no metadata.  Such information must be produced. See *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 n.6 (S.D.N.Y. 2000).

**Request No. 6:**

All DOCUMENTS regarding or relating to meetings of the Board of Directors of Financo Financial, Inc.

**Defendant's response:**

Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.  Without waiving any of said objections, Defendant responds that it has already produced responsive documents in response to plaintiff Rosa Galindo's requests for production of documents.

9

**Reason why response should be compelled:**

Defendant does not identify any purported ambiguity or overbreadth. While defendant states that it has "already produced responsive documents," the phrasing of defendant's response leaves plaintiff to wonder whether all responsive documents have been produced. Defendant must provide a response that confirms that all responsive documents have been produced.

In addition, plaintiff explicitly requested that these documents be produced in native electronic format, with metadata. Defendant has not provided any documents in native electronic format, and has produced no metadata. Such information must be produced. See *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 n.6 (S.D.N.Y. 2000).

**Request No. 7:**

All DOCUMENTS evidencing loans from any individual to Financo Financial, Inc.

**Defendant's response:**

Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad. Defendant further objects to this request to the extent it requests documents which are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent that it requests documents which are confidential and protected by Defendant's constitutional rights of privacy.

**Reason why response should be compelled:**

Defendant does not identify any purported ambiguity or overbreadth. These documents are directly relevant to plaintiffs' claims of "alter ego" liability. Defendant, as a

10

corporation, has no constitutional right of privacy. Defendant must provide plaintiff with a full and complete response, including all responsive documents.

In addition, plaintiff explicitly requested that these documents be produced in native electronic format, with metadata. Defendant has not provided any documents in native electronic format, and has produced no metadata. Such information must be produced. See *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 n.6 (S.D.N.Y. 2000).

**Request No. 8:**

All DOCUMENTS evidencing loans by Financo Financial, Inc. to any individual.

**Defendant's response:**

Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad. Defendant further objects to this request to the extent it requests documents which are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent that it requests documents which are confidential and protected by Defendant's constitutional rights of privacy.

**Reason why response should be compelled:**

Defendant does not identify any purported ambiguity or overbreadth. These documents are directly relevant to plaintiffs' claims of "alter ego" liability. Defendant, as a corporation, has no constitutional right of privacy. Defendant must provide plaintiff with a full and complete response, including all responsive documents.

In addition, plaintiff explicitly requested that these documents be produced in native electronic format, with metadata. Defendant has not provided any documents in native

11

electronic format, and has produced no metadata.  Such information must be produced.

See *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 n.6 (S.D.N.Y. 2000).

**Request No. 9:**

All DOCUMENTS regarding or relating to the issuance of stock certificates at any time since the incorporation of Financo Financial, Inc., including date of issuance, amount of issuance and to whom the certificates were issued.

**Defendant's response:**

Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.  Defendant further objects to this request to the extent it requests documents which are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request to the extent that it requests documents which are confidential and protected by Defendant's constitutional rights of privacy.  Without waiving any of said objections, Defendant responds that it has already produced responsive documents in response to plaintiff Rosa Galindo's requests for production of documents.

**Reason why response should be compelled:**

Defendant does not identify any purported ambiguity or overbreadth.  These documents are directly relevant to plaintiffs' claims of "alter ego" liability.  Defendant, as a corporation, has no constitutional right of privacy.  While defendant states that it has "already produced responsive documents," the phrasing of defendant's response leaves plaintiff to wonder whether all responsive documents have been produced.  Defendant must provide a response that confirms that all responsive documents have been produced.

12

In addition, plaintiff explicitly requested that these documents be produced in native electronic format, with metadata. Defendant has not provided any documents in native electronic format, and has produced no metadata. Such information must be produced. See *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 n.6 (S.D.N.Y. 2000).

**Request No. 10:**

All DOCUMENTS regarding or relating to the payment of dividends to any shareholder since the incorporation of Financo Financial, Inc., including to whom the dividends were paid, the amounts paid, and the dates of payment.

**Defendant's response:**

Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad. Defendant further objects to this request to the extent it requests documents which are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent that it requests documents which are confidential and protected by Defendant's constitutional rights of privacy.

**Reason why response should be compelled:**

Defendant does not identify any purported ambiguity or overbreadth. These documents are directly relevant to plaintiffs' claims of "alter ego" liability. Defendant, as a corporation, has no constitutional right of privacy. Defendant must provide plaintiff with a full and complete response, including all responsive documents.

In addition, plaintiff explicitly requested that these documents be produced in native electronic format, with metadata. Defendant has not provided any documents in native

13

1  electronic format, and has produced no metadata.  Such information must be produced.

2  See *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 n.6 (S.D.N.Y. 2000).

3  Dated: July 29, 2008                                    WELTIN LAW OFFICE, P.C.

4

5

6                                                    _____
                                                    Philip R. Weltin
7                                                    Brian E. Kerss
                                                    Daniel R. Weltin
8                                                    Kevin P. McLaughlin
                                                    Attorneys for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    14