HELEN V. POWERS, ESQ. (SB# 175164)
JOHN F. CAVIN, ESQ. (SB# 88946)
**BARDELLINI, STRAW, CAVIN & BUPP, LLP**
2000 Crow Canyon Place, Suite 330
San Ramon, California 94583
Telephone: (925) 277-3580
Facsimile: (925) 277-3591

Attorneys for Defendant
COMMONWEALTH LAND TITLE COMPANY,

a California Corporation

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA GALINDO, MARIA GALINDO, | **Case No. 3:07-cv-03991-SC** |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| FINANCO FINANCIAL, INC.; PATRICK PATCHIN; AHMED YAMA ASEFI, AAROON SADAT AND NAZIA NAWABZADA; COUNTRYWIDE BANK, N.A.; COUNTRYWIDE FINANCIAL CORP.; HOMECOMINGS FINANCIAL,LLC; COMMONWEALTH LAND TITLE COMPANY; JOSEPH ESQUIVEL, PAMELA SPIKES, AND DOES 1-100, | Date: August 15, 2008<br>Time: 10:00 a.m.<br>Judge: Hon. Samuel Conti<br>Courtroom: 1 |
| Defendants. | |

The parties to the above-entitled case submit this Joint Case Management Statement.

### 1.    Jurisdiction and Service

Jurisdiction is based upon alleged federal questions and the state law claims are brought under the Court's supplemental jurisdiction. Service has been effected upon defendants Countrywide Bank, N.A., Countrywide Financial Corp., Nazia Nawabzada,

1

Financo Financial, Inc., Aaroon Sadat, Ahmed Yama Asefi, Homecomings Financial, LLC, Commonwealth Land Title Company, and Joseph Esquivel. Plaintiffs initially located Pamela Spikes but have since been unable to locate her, and anticipate seeking to serve Pamela Spikes by publication. Plaintiffs have engaged in extensive efforts to locate Patrick Patchin and have been unable to do so. Plaintiffs anticipate seeking to serve Patrick Patchin by publication. Plaintiffs have dismissed Nazia Nawabzada without prejudice.

### 2. A brief description of the facts underlying the action:

The Plaintiffs in this action are Rosa Galindo and Maria Galindo. Rosa Galindo owns both a fourplex at 464-466 Sheppard Avenue and a rental house on 27590 Manon Avenue in Hayward, California; she refinanced both properties in May 2006, extracting nearly $500,000. Maria and Rosa Galindo refinanced a property located at 27935 Mandarin Avenue, Hayward, California in May 2006. Maria and Rosa Galindo allege that the mortgage broker fraudulently induced them into signing refinancing papers, misrepresenting and failing to discuss the true terms of the loans. Plaintiffs allege that Patrick Patchin, working in the course and scope of his employment as a mortgage loan broker, defrauded Rosa Galindo of $150,000 in the sale of a non-existent property in Colusa County and defrauded Rosa Galindo of an additional $70,000.

Defendant Financo Financial, Inc. was the mortgage loan broker who brokered the subject mortgages for Plaintiffs in 2006. Defendants Patrick Patchin, Ahmed Yama Asefi and Aaroon Sadat were affiliated with Defendant Financo Financial, Inc.

Defendants Countrywide Bank, N.A. was the lender on the loan on the Mandarin property.

Defendant Commonwealth Land Title Company was the escrow agent for the loans.

Defendants Pamela Spikes and Joseph Esquivel were the notaries for the loans.

Defendant Homecomings Financial, LLC was the refinance mortgage lender and mortgage servicer on the Sheppard and Manon Avenue properties (those loans have been

refinanced).  Homecomings did not negotiate the loans with Rosa Galindo.
Homecomings also did not directly communicate with Plaintiffs.

**The principal factual issues which the parties dispute:**

      **a.**     Whether misrepresentations were made to Plaintiffs regarding the terms and conditions of the loans;

      **b.**     The benefits received by Plaintiffs under the refinanced loans;

      **c.**     The relative culpability of the various Defendants (i.e., as between the loan broker, lender and loan servicer, etc.);

      **d.**     Whether Defendants acted in a negligent manner;

      **e.**     Whether any fees paid during the closing of the loans were excessive, unlawful, unearned or otherwise not proper;

      **f.**     Whether the loan disclosures required by law were provided to Plaintiffs when their loans closed;

      **g.**     Whether, if Plaintiffs are entitled to rescission, they can make a tender of the funds they received when the refinanced loans closed;

      **h.**     Whether Plaintiffs' loans were primarily negotiated in Spanish;

      **i.**     Whether the broker Defendants: used high pressure sales tactics; failed to inform Plaintiffs of the loan products available to them; failed to explain the effects of the fees on the interest rate available to them; misrepresented the terms of the loans; misrepresented the character of the fees; engaged in self-dealing by charging loan origination fees and yield spread premiums; misrepresented Plaintiffs' ability to service their debt; failed to provide required disclosures in an accurate and timely manner; sold Plaintiffs loans with unconscionable terms; and breached their fiduciary duties to Plaintiffs;

      **j.**     Whether Plaintiffs received a copy of the Federal Reserve Board's "Consumer Handbook on Adjustable Rate Mortgages" and whether such a disclosure was mandated;

      **k.**     Whether Patrick Patchin was acting within the course and scope of

his employment with Financo at the time of his involvement with the real estate and loan transactions;

   **l.**  Whether Financo, Asefi and/or Sadat knew of Patrick Patchin's involvement in the real estate and loan transactions;

   **m.**  Whether Asefi and/or Sadat had any involvement in the real estate and loan transactions;

   **n.**  Whether Asefi and/or Sadat made any misrepresentations (or any representations) to plaintiffs in connection with the real estate and loan transactions;

   **o.**  Whether Countrywide and/or Homecomings followed their own lending guidelines in approving the loans to plaintiffs;

   **p.**  Whether Countrywide and/or Homecomings justifiably and/or reasonably relied on any incorrect or false information in plaintiffs' loan applications in issuing the loans;

   **q.**  Whether there is any factual bases for plaintiffs' alter ego allegations against Financo, Asefi and Sadat;

   **r.**  Whether the mortgage loans were originated under Financo's CFL or DRE licenses; and

   **s.**  Whether plaintiffs provided adequate (or any) "pre-litigation" notice to the Financo defendants, Homecomings and Countrywide under the mandatory requirements of the Consumers Legal Remedies Act.

   **3.**  **The principal legal issues which the parties dispute:**

   **a.**  Whether Defendants violated the Real Estate Settlement Procedures Act, 12 U.S.C. §2602. See *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986);

   **b.**  Whether Defendants violated the Truth In Lending Act, 15 U.S.C. §1639. *Valeriano v. Gonzales*, 474 F.3d 669, 673 (9th Cir. 2007); *Hubbard v. Fidelity Federal Bank*, 91 F.3d 75, 79 (9th Cir. 1996); *Poe v. First Nat. Bank of DeKalb County*, 597 F.2d 895, 896 (5th Cir. 1979); *Gombosi v. Carteret Mortg. Corp.*, 894 F.Supp. 176,

180 (E.D. Penn. 1995); *Sapenter v. Dreyco, Inc.*, 326 F.Supp. 871, 873 -874 (D. La. 1971);

     **c.**     Whether Defendants Financo, Patchin, Asefi and Sadat engaged in fraud;

     **d.**     Whether Defendants Financo, Patchin, Asefi and Sadat breached their fiduciary duties;

     **e.**     Whether Defendants were negligent in providing the loans to Plaintiffs. *See Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 254 Cal.Rptr. 211 (1998); *Robinson Helicopter Co., Inc.*, 34 Cal.4th 979, 988, 22 Cal.Rptr.3d 352 (2004); *Erlich v. Menezes*, 21 Cal.4th 543, 551, 87 Cal.Rptr.2d 886 (1999); *Brown v. California Pension Administration & Consultants, Inc.,* 45 Cal.App.4th 333, 346, 52 Cal.Rptr.2d 788 (1996); *Freeman & Mills v. Belcher Oil Company*, 11 Cal.4th 85, 44 Cal.Rptr.2d 42 (1995); *Nymark v. Hart Federal Savings & Loan Assoc.*, 231 Cal.App.3d 1089, 1092, n.1 (1991); *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (1989);

     **f.**     Whether Defendants Financo, Patchin, Asefi and Sadat breached a contract with Plaintiffs;

     **g.**     Whether Defendants violated California CIVIL CODE §1761. *Berry v. American Exp. Publishing, Inc.*, 147 Cal.App.4th 224, 228, 54 Cal.Rptr.3d 91 (2007); *McKell v. Washington Mut., Inc.*, 142 Cal.App.4th 1457, 1488, 49 Cal.Rptr.3d 227 (2006); *Van Slyke v. Capital One Bank*, 503 F.Supp.2d 1353, 1359 (N.D. Cal. 2007); *Estate of Migliaccio v. Midland Nat'l. Life Ins. Co.*, 436 F.Supp.2d 1095, 1108-1109 (C.D. Cal. 2006); *Augustine v. FIA Card Services, N.A.*, 485 F.Supp.2d 1172, 1175 (E.D. Cal. 2007); *Lupertino v. Carbahal*, 35 Cal. App.3d 742, 747-748, 111 Cal.Rptr. 112 (1973); *Monterey S. Partnership v. W.L. Bangham, Inc.*, 49 Cal.3d 454, 460, 261 Cal. Rptr. 587 (1989); *Santa Monica Rent Control Bd. v. Bluvshtein*, 230 Cal.App. 3d 308, 316, 281 Cal.Rptr. 298 (1991); *U.S. v. Investors Diversified Services*, 102 F.Supp. 645, 647 (D.C. Minn. 1952);

     **h.**     Whether Defendants Spikes and Esquivel were negligent;

**i.**    Whether Defendant Commonwealth breached a contract with Plaintiffs. *Blackburn v. McCoy* (1934) 1 Cal.App.2d 648, 654-655; *Schaefer v. Manufacturers Bank* (1980) 104 Cal.App.3d 70, 77-78; *Hannon v. Western Title Insurance Company* (1989) 211 Cal.App.3d 1122, 1127; *Cunningham v. Security Title Insurance Company* (1966) 241 Cal.App.2d 626, 630-631; *Claussen v. First American Title Guaranty Co.* (1986) 186 Cal.App.3d 429, 435-436.

**j.**    Whether Defendants Financo, Patchin, Asefi and Sadat violated California CIVIL CODE §1632;

**k.**    Whether Defendants violated California BUSINESS AND PROFESSIONS CODE §§17200 *et seq. See Walker v. Countrywide Home Loans, Inc.*, 98 Cal.App.4th 1158, 1169-1170, 121 Cal.Rptr.2d 79 (2002); *Mangini v. Aerojet-General Corp.*, 230 Cal.App.3d 1125, 1156, 281 Cal.Rptr. 827 (1991); *Berryman v. Merit Property Management, Inc.*, 152 Cal.App.4th 1544, 1554, 62 Cal.Rptr.3d 177 (2007); *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708 (1993); *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 938-939, 943-944, 134 Cal.Rptr.2d 101 (2003); *Byars v. SCME Mortgage Bankers, Inc.*, 109 Cal.App.4th 1134, 1146, 135 Cal.Rptr.2d 796 (2003); *Shadoan v. World Savings & Loan Assn.*, 219 Cal.App.3d 97, 103, 106, 268 Cal.Rptr. 207 (1990); *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal.App.4th 861, 879-880, 85 Cal.Rptr.2d 301 (1999);

**l.**    Whether Defendants Financo, Patchin, Asefi and Sadat violated the Fair Housing Act, 42 U.S.C. §§3601 *et seq.*;

**m.**    Whether Defendants Financo, Patchin, Asefi and Sadat violated the Fair Employment and Housing Act, Government Code §§12955 *et seq.*;

**n.**    Whether Defendants Homecomings and Countrywide violated California CIVIL CODE §1921;

**o.**    Whether Plaintiffs are entitled to rescission of the loan transaction. *See Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003); *Worthy v. World Wide Fin. Servs.*, 347 F.Supp.2d 502 (E.D. Mich. 2004);

**p.**    Whether Plaintiff Rosa Galindo is entitled to any relief against Defendant Homecomings since she has refinanced the loans with it;

**q.**    Whether Plaintiff Rosa Galindo is entitled to any relief against Defendant Homecomings as a loan servicer (15 U.S.C. §1641(f)) or as a loan servicer for an assignee lender (15 U.S.C. §§ 1635(b), 1635(c), 1635(h), 1640(b), 1640(c), 1641(a), 1641(b), 1641(e));

**r.**    Whether Countrywide and/or Homecomings can establish that they justifiably and reasonably relied on any incorrect and/or false information in plaintiffs' loan applications;

**s.**    Whether plaintiffs can prove any fraud claims against Asefi or Sadat;

**t.**    Whether the Financo and Homecomings defendants can be held liable as "creditors" under the Truth in Lending Act (TILA);

**u.**    Whether the Financo and Homecomings defendants can be held liable for plaintiffs' claim based on alleged violations of the Real Estate Procedures and Settlement Act (RESPA);

**v.**    Whether plaintiffs' claims against the Financo and Homecomings defendants are limited by reason of Financo's origination of the loans under its CFL license (not its DRE license);

**w.**    Whether the Financo and Homecomings defendants can be held liable for plaintiffs' claim under the Consumers Legal Remedies Act (CLRA);

**x.**    Whether plaintiffs may be liable for the attorneys' fees incurred by the Financo and Homecomings defendants in defending against plaintiffs' CLRA claim;

**y.**    Whether the Financo and Homecomings defendants can be held liable for alleged violations of Section 1632 of the California Civil Code; and

**z.**    Whether Plaintiffs' transactions involved the lease or sale of goods or services that are covered under the California Consumers Legal Remedies Act.

**4.    Motions:**

Presently pending are motions to dismiss pursuant to FRCP 12(b)(6) by defendants Homecomings Financial, LLC and by Financo Financial, Inc., Aaroon Sadat and Ahmed Yama Asefi. Also pending is a motion to strike by defendant Homecomings Financial, LLC.

Defendant Homecomings Financial, LLC anticipates filing a motion for summary judgment and motions in limine and may file a second motion to dismiss. After discovery is complete, Defendant Commonwealth will determine whether it will file a motion for summary judgment. Countrywide has no motions pending.

Plaintiffs have met and conferred extensively with Countrywide Bank, N.A. regarding Countrywide's discovery responses. Countrywide has provided several supplemental responses. Countrywide has indicated that it will only produce certain training-related documents pursuant to a protective order. Plaintiffs are willing to enter into a protective order regarding production of these documents, but the parties have been unable to agree on the terms of a protective order. As a result, Countrywide may be forced to file a motion for a protective order with the Court.

Plaintiffs have filed a motion to compel further responses to discovery against Financo Financial, Inc. That motion has been referred to Magistrate Judge James Larson and is currently set for hearing on October 8, 2008 at 9:30 a.m.

The Financo defendants are contemplating a Rule 11 motion based on plaintiffs' false assertion of claims against Ahmed Asefi and Aaroon Sadat, including plaintiffs' claims based on alter ego theories.

### 5.    Amendment of the Pleadings:

Plaintiffs filed a Second Amended Complaint on November 1, 2007. Countrywide Bank, N.A., Countrywide Financial Corp. and Commonwealth Land Title Company have answered plaintiffs' Second Amended Complaint. Defendants Financo Financial, Inc., Aaroon Sadat, Ahmed Yama Asefi and Homecomings Financial, LLC have filed motions to dismiss plaintiffs' complaint and have not answered the complaint. Defendant Joseph Esquivel has not answered plaintiffs' complaint.

Defendant Homecomings does not anticipate adding any parties, unless Plaintiffs amend their complaint. The parties reserve the right to add additional parties as discovery is conducted.

### 6.    Evidence Preservation

Plaintiff has taken steps to preserve evidence reasonably relevant to the issues in this case. Plaintiffs believe that issues may exist pertaining to preservation of evidence by Financo Financial, Inc. Defendant Homecomings Financial, LLC has taken steps to preserve evidence reasonably relevant to the issues in this case.

### 7.    Disclosures

Plaintiffs served amended initial disclosures on or about February 20, 2008. Defendants Financo Financial, Ahmed Asefi and Aaroon Sadat served initial disclosures on January 24, 2008. Defendant Commonwealth served initial disclosures on or about February 14, 2008. Homecomings Financial, LLC served initial disclosures on or about June 6, 2008. Joseph Esquivel, who has not answered plaintiffs' complaint, has not served initial disclosures.

### 8.    Discovery

The parties agree to conduct necessary discovery as set forth in the FEDERAL RULES OF CIVIL PROCEDURE and the Local Rules. The parties agree to meet and confer concerning any modifications to discovery.

Plaintiffs have propounded limited written discovery on defendants Countrywide Bank, N.A., Financo Financial, Inc., Commonwealth Land Title Company and Homecomings Financial LLC. Plaintiffs have provided responses to discovery propounded by Defendants Financo Financial, Ahmed Asefi and Aaroon Sadat including special interrogatories, requests for production of documents, and requests for admissions. Plaintiffs provided responses to discovery propounded by Countrywide including requests for production of documents and special interrogatories.

Countrywide has served discovery on plaintiffs and has received responses to all discovery served to date. Countrywide has responded to discovery served by plaintiffs,

with the exception of discovery which may be the subject of a stipulated protective order which is currently being negotiated between plaintiffs and Countrywide.

Defendant Commonwealth provided documents consisting of the escrow files for each of the loans in response to Plaintiffs' request for production of documents to Commonwealth. Defendant Commonwealth intends to propound discovery on Plaintiffs including special interrogatories, requests for documents and requests for admissions.

Defendant Financo Financial provided responses to Plaintiff Rosa Galindo's special interrogatories, set one, and request for production of documents, sets one and two. Defendant Financo Financial has also provided responses to Plaintiff Maria Galindo's special interrogatories, set one and request for production of documents, set one.

Defendant Homecomings has provided responses to Plaintiff Rosa Galindo's request for production of documents, set one. Due to the pending motion to dismiss, Homecomings has not propounded any discovery since the motion may limit the issues in the action if it is granted.

The Financo defendants believe it may be necessary to bring discovery motions against plaintiffs to compel plaintiffs to provide further responses to discovery requests, including interrogatories, document requests and requests for admissions. Financo has requested plaintiffs to provide further responses to multiple sets of discovery requests, and the parties are meeting and conferring on these issues to avoid the filing of discovery motions. Other discovery issues which may require court involvement include (1) whether, based on plaintiffs' limited English abilities , it will be necessary for translations of discovery requests propounded on plaintiffs and responses provided by plaintiffs (from English into Spanish and from Spanish back into English), to ensure the admissibility of plaintiffs' discovery responses as evidence in pre-trial proceedings and trial; and (2) whether it may also be necessary for interpreters/translators to be attend plaintiffs' depositions to translate questions and answers. It is plaintiffs' position that plaintiffs' discovery responses will be verified and therefore will be admissible at trial.

Plaintiffs anticipate that there will be numerous e-discovery issues in this case. Defendant Financo Financial, Inc. has sold Patrick Patchin's computer, and has thus far not produced any e-mail communications regarding the subject loans as requested by plaintiffs. The website of defendant Financo Financial, Inc. has been taken down, and Financo Financial, Inc. has thus far not produced any previous versions of the website to plaintiffs as requested. This is among the issues addressed in Plaintiffs' motion to compel further responses to Financo Financial, Inc. It also appears that Financo Financial, Inc. sold Patrick Patchin's computer after receiving notice of this lawsuit. Counsel for Financo Financial, Inc. is making an inquiry into the existence of electronic copies of the minutes of board and shareholder meetings and has agreed to produce them if they exist. Defendant Countrywide Bank has produced certain e-mail communications, but it is not clear to plaintiffs that all e-mail communications regarding the subject loans have been produced by Countrywide. Plaintiffs will continue to pursue all of their rights to electronic discovery under the Federal Rules of Civil Procedure, including the production of metadata regarding certain requested documents.

Plaintiffs, Countrywide Bank, N.A. and Countrywide Financial Corp. had agreed in the Rule 26(f) report to a factual discovery cut-off date of July 30, 2008. Because this case has experienced several delays due to judicial re-assignment, plaintiffs believe that a factual discovery cut-off date of December 31, 2008 is realistic.

### 9.    Class Action

Not applicable.

### 10.    Related Cases

Not applicable.

### 11.    Relief

Plaintiffs seek recovery of actual damages, rescission of the subject loans, recovery of costs and attorneys' fees, an order enjoining the practices complained of, and punitive damages. Plaintiffs' investigation into this matter is incomplete and further, given plaintiffs' ongoing loan payments and ongoing adjustments in the rates of plaintiffs'

loans, plaintiffs' damages cannot be presently ascertained with precision.  Plaintiffs' damages are estimated based upon the incomplete loan documents plaintiffs possess. Plaintiffs' costs, attorneys' fees, any punitive damages, and the cost of rescission of each of the three loans at issue are inherently speculative at present.  Based on plaintiffs' knowledge, plaintiffs estimate their damages as follows:

| | |
|---|---|
| Total settlement fees for Mandarin Ave. property: | $18,106.90 |
| Total settlement fees for Manon Ave. property: | $12,323.18 |
| Total settlement fees for Shepherd Ave. property: | $15,691.73 |
| Prepayment penalties for Mandarin Ave. property: | $13,381.78 |
| Payment for non-existent Colusa property: | $150,000.00 |
| Additional payments to defendant Patrick Patchin: | $70,000.00 |

Plaintiffs also seek to recover for the interest paid on the subject loans, the amount of which changes daily.  Plaintiffs have also suffered damages, and continue to suffer damages, in that plaintiffs had three loans at reasonable rates, and now have three loans that continue to adjust upwards towards a maximum rate of 9.95%.  Plaintiffs' investigation and discovery continues.

Defendant Homecomings requests that Plaintiffs take nothing by way of their complaint and that their damages be based on the benefits they received versus the alleged detriment.

The Financo defendants will seek to recover attorneys' fees against plaintiffs, including fees incurred in defending against plaintiffs' CLRA claims.

### 12.  Settlement and ADR

Plaintiffs and defendants Countrywide Bank, N.A., Countrywide Financial Corp., Financo Financial, Inc., Ahmed Yama Asefi, Aaroon Sadat, Commonwealth Land Title Company and Homecomings Financial Network LLC have agreed to mediation. Plaintiffs and Commonwealth Land Title Company have agreed to use Judge Ellen James (Ret.) as a mediator, but other parties have not yet agreed to Judge James.  The parties anticipate engaging in further written discovery and several depositions prior to

mediation.  The Homecomings and Financo defendants believe that the court's ruling on the pending dismissal motions will be necessary to conduct a meaningful mediation. Plaintiffs have had limited settlement discussions with defendants Countrywide Bank, N.A., Countrywide Financial Corp., Financo Financial, Inc., Aaroon Sadat, Ahmed Yama Asefi, and Homecomings Financial, LLC.

### 13.    Consent to Magistrate Judge for All Purposes

Defendant Homecomings did not and does not consent to having the case heard by a magistrate.

### 14.    Other References

The parties do not consent to a binding arbitration and do not believe that any other type of reference is necessary at this time.

### 15.    Narrowing of Issues

Discovery involving Homecomings Financial, LLC has not occurred, so at this time, Homecomings cannot agree to narrow any issues.

Plaintiffs' allegations against Commonwealth can be narrowed to whether Commonwealth breached the escrow instructions given to it by Plaintiffs.

Certain issues may be narrowed by the motions to dismiss filed by defendants Financo Financial, Inc., Aaroon Sadat, Ahmed Yama Asefi, and Homecomings.

### 16.    Expedited Schedule

This case likely cannot be handled on an expedited schedule.  However, discovery may uncover facts that could change this determination.

### 17.    Scheduling

The parties agree to the following schedule:

    **a.**    Deadline for serving responses to written discovery and completing non-expert depositions: 30 days before trial.

    **b.**    Expert disclosures and reports due 75 days before trial.

    **c.**    Rebuttal Expert disclosures and reports due 60 days before trial.

    **d.**    Expert depositions to be completed 30 days before trial.

    **e.**    Last day for hearing on motions: 30 days before trial.

    **f.**    Pretrial Conference: 15 days before trial.

    **g.**    Trial: no trial date is set.

## 18.  Trial

Defendants Homecomings and Commonwealth request a bench trial.  Defendants Homecomings and Commonwealth estimate that trial will take 7 days.  Plaintiffs have demanded a jury trial.

The Financo defendants and Homecomings Financial, LLC believe trial should not be conducted any earlier than September 2009.  Plaintiffs propose an October 2009 trial date.

## 19.  Disclosure of Non-party Interested Entities or Persons

Plaintiffs have filed a Certification of Interested Entities or Persons.  Plaintiffs certify that as of this date, other than the named plaintiffs, there is no such interest to report.

Defendant Homecomings has filed a certificate of interested parties.  Homecomings again certifies, pursuant to Civil L.R. 3-16, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

    **a.**    Homecomings Financial, LLC.  Defendant.

    **b.**    Financo Financial, Inc.  Defendant.

    **c.**    Patrick Patchin.  Defendant.

    **d.**    Ahmed Yama Asefi.  Defendant.

    **e.**    Aaroon Sadat.  Defendant.

    **f.**    Nazia Nawabzada.  Defendant

    **g.**    Countrywide Bank, N.A.  Defendant.

**h.**    Countrywide Financial Corp. Defendant.

**i.**    Commonwealth Land Title Company. Defendant.

**j.**    Joseph Esquivel. Defendant.

**k.**    Pamela Spikes. Defendant.

**l.**    Residential Funding Company, LLC. Homecomings Financial, LLC is a wholly owned subsidiary of Residential Funding Company, LLC.

**m.**    Residential Capital, LLC. Homecomings Financial, LLC is an indirect subsidiary of Residential Capital, LLC.

**n.**    General Motors Corporation. Homecomings Financial, LLC is an indirect subsidiary of General Motors Corporation, a publicly traded corporation.

Defendant Commonwealth will file a Certification of Interested Entities or Persons by June13, 2008. Defendant Commonwealth has no disclosure to make pursuant to Local Rule 3-16 (b)(1). Commonwealth knows of no such interest other than that of

the named parties to the action.

Defendant Countrywide filed a Certification of Interested Entities or Persons.

**20.    Other Matters**

There are no other matters at this time.

Dated: _Aug 8_, 2008                    WELTIN LAW OFFICE, P.C.


_/s/_                                By:

                                    Daniel R. Weltin, Esq.
                                    Kevin P. McLaughlin, Esq.
                                    Attorneys for Plaintiffs
                                    ROSA and MARIA GALINDO


                                    Respectfully submitted,

Dated: _____, 2008            LITIGATION ADVOCATES
                                    GROUP

510-251-6040

Attn - Kevin
    McLaughlin

By: _____

Scott Hammel, Esq.
Attorneys for Defendants
FINANCO FINANCIAL, INC.,
AHMED YAMA ASEFI and
AAROON SADAT

Respectfully submitted,

Dated: August 8, 2008

BRYAN CAVE LLP

By: _____

Marc H. Phelps, Esq.
John W. Amberg, Esq.
Attorneys for Defendant
COUNTRYWIDE BANK, N.A.
Respectfully submitted,

Dated: _____, 2008

PALMER, LOMBARDI &
DONOHUE LLP

By: _____

Frederick A. Haist, Esq.
Attorneys for Defendant
HOMECOMINGS FINANCIAL,
LLC

Respectfully submitted,

Dated: _____, 2008

BARDELLINI, STRAW, CAVIN &
BUPP, LLP

By: _____

Helen V. Powers, Esq.
John F. Cavin, Esq.
Attorneys for Defendant
COMMONWEALTH LAND TITLE
COMPANY

16

By: _____

Scott Hammel, Esq.
Attorneys for Defendants
FINANCO FINANCIAL, INC.,
AHMED YAMA ASEFI and
AAROON SADAT

Respectfully submitted,

Dated: _____, 2008          BRYAN CAVE LLP

By: _____

Heather S. Orr, Esq.
John W. Amberg, Esq.
Attorneys for Defendant
COUNTRYWIDE BANK, N.A.
Respectfully submitted,

Dated: 8 – 8, 2008          PALMER, LOMBARDI &
                           DONOHUE LLP

By: _____

Frederick A. Haist, Esq.
Attorneys for Defendant
HOMECOMINGS FINANCIAL,
LLC

Respectfully submitted,

Dated: _____, 2008          BARDELLINI, STRAW, CAVIN &
                           BUPP, LLP

By: _____

Helen V. Powers, Esq.
John F. Cavin, Esq.
Attorneys for Defendant
COMMONWEALTH LAND TITLE
COMPANY

16

By: _____
    Scott Hammel, Esq.
    Attorneys for Defendants
    FINANCO FINANCIAL, INC.,
    AHMED YAMA ASEFI and
    AAROON SADAT

    Respectfully submitted,

    BRYAN CAVE LLP

Dated: _____, 2008

By: _____
    Heather S. Orr, Esq.
    John W. Amberg, Esq.
    Attorneys for Defendant
    COUNTRYWIDE BANK, N.A.
    Respectfully submitted,

    PALMER, LOMBARDI &
    DONOHUE LLP

Dated: _____, 2008

By: _____
    Frederick A. Haist, Esq.
    Attorneys for Defendant
    HOMECOMINGS FINANCIAL,
    LLC

    Respectfully submitted,

    BARDELLINI, STRAW, CAVIN &
    BUPP, LLP

Dated: _8/8_, 2008

By: _____
    Helen V. Powers, Esq.
    Lee P. Bardellini, Esq.
    James T. Straw, Esq.
    John F. Cavin, Esq.
    Attorneys for Defendant
    COMMONWEALTH LAND TITLE
    COMPANY

16