**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA GALINDO, MARIA GALINDO, | No. C 07-03991 WHA |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |
| FINANCO FINANCIAL, INC.; PATRICK PATCHIN; AHMED YAMA ASEFI; AAROON SADAT; NAZIA NAWABZADA; COUNTRYWIDE BANK, N.A.; COUNTRYWIDE FINANCIAL CORP.; HOMECOMINGS FINANCIAL NETWORK; COMMONWEALTH LAND TITLE COMPANY; JOSEPH ESQUIVEL; PAMELA SPIKES; and DOES 1-100, | |
| Defendants. | |

**INTRODUCTION**

In this predatory lending action, plaintiffs move for leave to file a third amended complaint. For the reasons stated below, plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

All well-pled allegations in the complaint are taken as true. Plaintiff Rosa Galindo had no formal education and was unable to read. She owned a fourplex investment property and a home in Hayward. In April or May of 2006, Galindo contacted her bank about refinancing the two properties to obtain additional funds to build a new home in Tracy. She then received

several calls from various brokers and agents, including defendant Patrick Patchin who told her that he worked for Financo and could obtain a loan with fixed rates between 1.5% to 2.0% for the first five years. On May 16, Patchin came to Galindo's house with defendant Joseph Esquivel, a notary, and with the appropriate lending documents for the refinancing. Patchin told Galindo that Esquivel had to leave soon and rushed her into signing the documents without providing her with any copies. Patchin gave no explanation of the fees and charges being assessed and did not inform Galindo that the loan papers stated that Galindo earned $18,000 a month. The loan papers then went into escrow and were closed on May 23. In connection with the refinance, Financo received $18,262 in loan origination fees, $2,630 in administrative and processing fees, and $24,187.59 from the lender, Homecomings, as a "broker fee." Contrary to Patchin's assertions, the new loans did not have an initial period of five years at a fixed rate, but were adjustable balloon loans with an initial "teaser" rate of 1.75% which could be adjusted on a monthly basis beginning July 1, 2006, up to a maximum rate of 9.95%.

    Believing that she had received a favorable loan from Patchin, Galindo introduced Patchin to her daughter, plaintiff Maria Galindo, who resided in a separate property in Hayward. Galindo and her daughter then entered into a separate loan transaction to refinance Maria's Hayward home. Financo received $6,888 in loan origination fees and $1,300 in administrative and processing fees. Galindo was also forced to pay a prepayment penalty fee for her prior loan. Galindo was not given copies of the loan documents until three weeks after the transaction.

    In a separate incident, Galindo was directed by Patchin to a property for sale in Petaluma. Galindo then transferred $150,000 to Patchin for the purchase. Patchin informed Galindo, however, that the property was no longer available and instead had Galindo sign papers to purchase an alleged forty-acre parcel in Colusa. That parcel never existed.

    Defendants Aaroon Sadat and Shuieb "Sam" Fakiri are officers or agents of Financo. They are alleged to have undercapitalized Financo and commingled its assets with their own.

    Plaintiffs filed the instant action in state court on June 29, 2007, and it was removed on August 2, 2007. A second amended complaint was filed on November 1, 2007. In an October

3, 2008 order, plaintiffs' negligence claim and claims under TILA, RESPA, civil conspiracy, and Civil Code Section 1632 were dismissed. The October 3 order stated that plaintiffs may move for leave to amend by October 23, 2008 and the motion must explain why the problems with the dismissed claims are overcome by the proposed pleading. The case management order provided that leave to add any new parties or pleading amendments must be sought by October 30, 2008. Plaintiffs filed a motion for leave to amend on October 23, 2008.

**ANALYSIS**

**1. LEGAL STANDARD.**

Because the motion for leave to amend was filed prior to the deadline set in the case management order the Rule 15 standard applies. Leave to amend a complaint "shall be freely given when justice so requires" under Rule 15(a). This standard is applied liberally. "In the absence of any apparent or declared reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Leave to amend need not be granted when an amendment would be futile." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002).

**2. TILA CLAIM.**

"The Truth-in-Lending Act specifically exempts from its scope extensions of credit for business or commercial purposes." *Poe v. First Nat. Bank of DeKalb County*, 597 F.2d 895, 896 (5th Cir 1979), *citing* 15 U.S.C. 1603(1) and 12 C.F.R. 226.3(a).

*A. Consumer vs. Personal Loan.*

Homecomings argues that it would be futile to allow Galindo to amend her TILA and RESPA claims. A district court does not abuse its discretion in denying leave to amend where amendment would be "futile." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

Homecomings contends that Galindo's third amended complaint still does not adequately allege the loan was for consumer purposes under TILA. Galindo's TILA claim in

3

her second amended complaint was dismissed because she did not allege whether the loan was for business or personal purposes. The October 3 order to dismiss concluded that "[w]ithout any such allegations detailing the purposes of the loan, Galindo has stated no claim." In response to defendants' motion to dismiss, Galindo conceded that there was no way to tell the purpose of the loan. Thus, Galindo's TILA claim was dismissed. Galindo has amended her complaint in an effort to cure this defect and she has alleged:

> The Lender Defendants made loans to Plaintiffs for consumer purposes. Plaintiff Rosa Galindo obtained mortgage refinancing loans on the Shepherd and Manon properties for the purpose of purchasing property on which she could build a home to live in.

Homecomings contends that these two sentences do not satisfy Galindo's burden.

The first sentence of Galindo's third amended complaint alleges that the lenders made the loans for consumer purposes. Even if true, the lenders' motivation is not relevant. The relevant inquiry focuses on the borrower's purpose rather than the lenders' purpose. *See Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992) ("The fact that . . . the lender may have loaned the money for personal reasons does not make it a personal loan").

The second sentence of Galindo's amendment alleges she obtained the loan "for the purpose of purchasing property on which she could build a home to live in." Homecomings argues that Galindo merely alleges that she obtained the loan so she "could" build a home rather than because she "actually did" build a home. Homecomings cites to summary judgment cases to support its proposition that Galindo must allege and show that the overall purpose of the transaction was for personal purposes. *See Gombosi v. Carteret Mortg. Corp.*, 894 F. Supp. 176 (E.D. Penn. 1995) (granting summary judgment because TILA did not apply to loan for business purposes); *Quinn v. A.I. Credit Corp.*, 615 F. Supp. 151 (E.D. Penn. 1985) (granting summary judgment because TILA did not apply to loan for business purposes). The cited summary judgment cases, however, do not hold that a plaintiff must *plead* facts beyond those required for notice pleading to allege a consumer purpose for a TILA claim. Galindo has alleged that she obtained the loan to buy property to build a home, a purpose which is sufficient to allege a consumer purpose. The parties may later establish a record that proves otherwise, but Galindo's allegation is sufficient for notice pleading under Rule 8(a). *See In re Currency*

4

*Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 423 (S.D.N.Y. 2003) (concluding that "claims for a violation of TILA are not subject to a heightened pleading standard, and thus the specificity that defendants argue is lacking is not required").

### *B. Recission*.

TILA provides borrowers two remedies for disclosure violations: (1) rescission, 15 U.S.C. 1635; and (2) damages, 15 U.S.C. 1640. Defendants argue that Galindo's TILA claim is futile because Galindo is not entitled to rescission. Defendants assert that Galindo cannot rescind because she has refinanced her loans. Defendants acknowledge that Galindo has not pled these facts. In support, defendants cite two deeds of trust.[1] Galindo does not dispute that she refinanced. While the Ninth Circuit has held that a borrower cannot rescind a loan under TILA when the borrower has refinanced the loan, Galindo is not foreclosed from obtaining a remedy. *King v. California,* 784 F.2d 910, 913 (9th Cir. 1986) (finding that a refinanced loan "cannot be rescinded, because there is nothing to rescind"). Galindo may still possibly recover statutory and actual damages. 15 U.S.C. 1640. Thus, a remedy is still available for Galindo under her TILA claim. Accordingly, denial of plaintiff's motion to amend her TILA claim is unwarranted on this basis. Plaintiff's motion for leave to amend her TILA claim is **GRANTED**.

### 3. RESPA CLAIM.

Like TILA, RESPA "does not apply to credit transactions involving extensions of credit . . . primarily for business, commercial, or agricultural purposes . . . ." 12 U.S.C. 2606(a). The same standard used under TILA to determine whether a loan was primarily for business purposes is used for the inquiry under RESPA. *See* 12 U.S.C. 2606(b). Accordingly, for the same reasons set forth above, plaintiff's motion for leave to amend her RESPA claim is **GRANTED**.

---

[1] Homecomings requests judicial notice of two deeds of trust obtained from the Alameda County Recorder's Office. Galindo does not dispute the content of the deeds of trust. While materials outside the complaint are generally not considered, a court may take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted).

#### 4. CIVIL CODE SECTION 1632 CLAIM.

Homecomings also alleges that the addition of Homecomings as a defendant in her Civil Code Section 1632 claim is prejudicial and rescission is not allowed. As noted in the October 3 order, Galindo admitted that she had not adequately alleged a violation of Section 1632 in her second amended complaint. In her second amended complaint, Galindo alleged that the "Broker Defendants failed to provide any disclosures in the Spanish language" and that "said Defendants must allow plaintiffs to rescind such loans." Galindo has amended her allegation to state that "the Lender Defendants [*i.e.,* Homecomings] must allow Plaintiffs to rescind such loans." As discussed above, because Galindo has refinanced the loans, there is nothing to rescind. Because this amendment would be futile, there is no need to address whether the amendment would also be prejudicial. Plaintiff's request for leave to amend her Civil Code Section 1632 claim is **DENIED**, and thus her Section 1632 claim is **DISMISSED**.

#### 5. SCOPE OF ORDER GRANTING DISMISSAL.

Defendants Financo contend that plaintiffs' motion for leave to amend should be denied because plaintiffs' amendments are beyond the scope of the earlier order granting defendants' Rule 12(b)(6) motions. Plaintiffs were not limited to seeking leave to amend based on the scope of the issues addressed in the motions to dismiss. The order granting defendants' motion to dismiss stated (Dkt 83):

> Many of the cited troubles with the second amended complaint may be cured. Plaintiffs may move by October 23, 2008 for leave to amend. Any such motion should be accompanied by a proposed pleading and the motion should explain why the foregoing problems are overcome by the proposed pleading. Plaintiffs must plead her best case. Failing such a motion, all inadequately pled claims will be dismissed with prejudice.

The order did not preclude plaintiffs from seeking leave for amendments regarding issues not subject to the motions to dismiss. While the order provided that plaintiffs must cure the inadequately pled claims subject to dismissal by October 23, the case management order further provided that plaintiffs may seek "leave to add any new parties or pleading amendments" by October 30. Thus, the case management order more broadly permits the parties to seek leave to amend. Plaintiffs moved for leave to amend on October 23, and therefore their motion falls

6

within the aforementioned deadlines.  Accordingly, denial of plaintiffs' motion for leave to amend on this basis is unwarranted.

**6. DISMISSAL OF DEFENDANTS ASEFI AND SADAT.**

In their third amended complaint, plaintiffs deleted all allegations against defendants Asefi and Sadat in the fifth, sixth, seventh causes of action for fraud, eighth cause of action for breach of contract, and twelfth and thirteenth causes of action for discrimination.  Plaintiffs assert, however, that defendant Sadat may still be liable for these claims based on an alter-ego theory, because these claims are asserted against Financo.  Plaintiffs concede that where a defendant is no longer charged with a cause of action defendant is effectively dismissed from that cause of action.  As Asefi is no longer charged, the fifth, sixth, seventh, eighth, twelfth and thirteenth causes of action against defendant Asefi are **DISMISSED**.

**7. AMENDMENT TO ADD DEFENDANT FAKIRI.**

Plaintiffs seek to add Shuieb Fakiri as a defendant.  Defendants do not oppose this amendment.  Accordingly, in the absence of any apparent or declared reason for denial, plaintiffs' motion for leave to amend to add Fakiri as a defendant is **GRANTED**.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for leave to amend is **GRANTED IN PART AND DENIED IN PART**.  As modified above, the pleading is allowed and shall be the operative pleading.  An answer to the surviving claims must be filed by December 31, 2008.  There will be no further Rule 12 practice directed at the pleading.

**IT IS SO ORDERED.**

Dated: December 9, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE